```
 1 │ YITAI HU (SBN 248085) yhu@akingump.com
   │ STEVEN D. HEMMINGER (SBN 110665) shemminger@akingump.com
 2 │ SEAN DEBRUINE (SBN 168071) sdebruine@akingump.com
   │ SANG HUI MICHAEL KIM (SBN 203491) mkim@akingump.com
 3 │ AKIN GUMP STRAUSS HAUER & FELD LLP
   │ Two Palo Alto Square
 4 │ 3000 El Camino Real, Suite 400
   │ Palo Alto, CA  94306
 5 │ Telephone:    650.838.2000
   │ Facsimile:    650.838.2001
 6 │
   │ Attorneys for Plaintiff
 7 │ EPISTAR CORPORATION
```

E-FILING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

**C07 05194**

EPISTAR CORPORATION,

        Plaintiff,

  v.

PHILIPS LUMILEDS LIGHTING COMPANY, LLC,

        Defendant.

Case No.

**COMPLAINT FOR FEDERAL UNFAIR COMPETITION; BREACH OF CONTRACT; INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; STATE UNFAIR COMPETITION AND DECLARATORY RELIEF**

**JURY TRIAL DEMANDED**

COMPLAINT

Plaintiff, Epistar Corporation, ("Epistar") avers against defendant, Philips Lumileds Lighting Company, LLC ("Lumileds") as follows:

1. This case arises from Lumileds' unfair competition in violation of the Lanham Act; Lumileds' breach of the settlement agreement with Epistar; Lumileds' intentional interference with Epistar's existing and prospective economic relations; Lumileds' unfair competition under California Business and Professions Code Section 17200, and Lumileds' insistence after the merger of Epistar and United Epitaxy Company Ltd. ("UEC") and dissolution of UEC that the patent license between UEC and Lumileds ("UEC/Lumileds Patent License Agreement") extends to products covered by the settlement agreement between Epistar and Lumileds ("the Epistar/Lumileds Settlement Agreement").

2. This Complaint seeks an injunction against Lumileds to prevent further irreparable harm, as well as compensatory and exemplary damages to redress and deter the ongoing injury to Epistar being caused by Lumileds' illegal practices and a declaration that the UEC/Lumileds Patent License became void after the merger of Epistar and UEC and dissolution of UEC in that it does not apply to products made and sold by Epistar, that the Epistar/Lumileds Settlement Agreement is in full force and effect, and that Epistar's current absorbing-substrate products are covered by the Epistar/Lumileds Settlement Agreement.

## PARTIES

3. Epistar is, and at all times mentioned herein has been, a corporation organized under the laws of Taiwan, with its principal place of business in Hsinchu, Taiwan.

4. On information and belief, Lumileds is a corporation organized under the laws of Delaware, with its principal place of business in San Jose, California.

## JURISDICTION AND VENUE

5. This is an action arising under the laws of the United States, including 15 U.S.C. § 1051 *et seq*; and the laws of California. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(b), 1367, 2201 and 2202. There is complete diversity of citizenship between the parties, as this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. All of the claims are so related to each other that they form part of the same case or controversy under Article III of the U.S. Constitution.

6. This Court has personal jurisdiction over Lumileds because Lumileds has its principal place of business in California and because the claims asserted herein arise in substantial part from events that took place and are taking place in the State of California.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because, *inter alia*, a substantial part of the events giving rise to the claims occurred in this district, Lumileds markets, offers and/or sells products and services to customers who reside in, or may be found in, this district, and because Lumileds resides and is headquartered in Santa Clara County and in this district.

## BACKGROUND

8. In September 1999, UEC filed suit against Lumileds, Hewlett-Packard Co. and Agilent Technologies, Inc. seeking *inter alia,* a declaratory judgment that UEC's products did not infringe U.S. Patent No. 5,008,718 ("the '718 patent") and that the '718 patent was invalid and Lumileds *et al.*, counterclaimed for *inter alia* infringement of the '718 patent in a case styled *United Epitaxy Co., Ltd. v. Hewlett-Packard Co., Agilent Technologies, Inc, and Lumileds Lighting US., LLC,* No. C 00-2518 CW (PVT) (N.D. Cal. 1999). Lumileds, et al. and UEC settled the litigation on August 30, 2001 and entered into two separate agreements: a Settlement Agreement and Mutual Release ("the UEC/Lumileds Settlement Agreement"), and a Patent License Agreement ("the UEC/Lumileds Patent License Agreement"). The UEC/Lumileds Patent License

Agreement required UEC to pay to Lumileds royalties under certain circumstances on certain absorbing substrate LED products. Only the UEC/Lumileds Patent License agreement is at issue here.

9. On January 6, 2003, Epistar filed suit against Lumileds for declaratory judgment that Epistar's products did not infringe the '718 patent and that the '718 patent was not valid in a case styled *Epistar Corp. v Lumileds Lighting US, LLC*, Civil Action No. CA 03-0084 ABC (JWJx) (C.D. Cal. 2003). On February 3, 2003, Lumileds amended its pending action against Citizen Electronic Co., Ltd. and Cecol, Inc., styled *Lumileds Lighting U.S. LLC v. Citizen Electronic Co., Ltd.*, No. C 02-5077 JW (N.D. Cal. 2002), to add Epistar as a defendant and include allegations of infringement of the '718 patent against Epistar. The original declaratory judgment action filed by Epistar was ultimately transferred to the Northern District of California and consolidated with the *Lumileds v. Citizen* action, styled *Lumileds Lighting U.S. LLC v. Epistar Corporation*, Nos. C 02-5077 and C 03-1130 CW (PVT) (N.D. Cal.). On June 30, 2004, Epistar and Lumileds entered into a Settlement Agreement settling that litigation ("Epistar/Lumileds Settlement Agreement"). The Epistar/Lumileds Settlement Agreement includes a covenant by Lumileds not to sue Epistar for infringement of, *inter alia,* the '718 patent based on specific Epistar Omnidirectional Mirror Adhesive ("OMA") products and a license to Epistar under *inter alia* the '718 patent to make, sell, use, offer to sell and import AlGaInP absorbing-substrate LEDs.

10. On August 16, 2005, Epistar and UEC finalized a merger agreement wherein Epistar would acquire all of UEC's assets and operations. That merger took effect on December 30, 2005, and as such, on December 30, 2005, UEC was dissolved and ceased to exist. The UEC/Lumileds Patent License Agreement expressly states that the license and agreement are not assignable or transferable whether by contract or by operation of law. Since UEC ceased to and no longer exists, and its license was not transferable to Epistar, the UEC/Lumileds Patent License Agreement is and was null and void as of December 30, 2005 and *inter alia*, the obligations, conditions and

3
COMPLAINT

3
COMPLAINT

1  requirements for the reporting and payment of royalties and the right of Lumileds to
2  conduct an audit for activities subsequent to the dissolution of UEC ceased to exist.
3  Because Epistar has a license covering all absorbing substrate products regardless of
4  when Epistar began making them, the UEC products are now covered under the Epistar
5  license.
6       11.   On November 4, 2005, Lumileds filed a complaint with the International
7  Trade Commission ("ITC") asserting a violation of Section 337 of the Tariff Act of 1930
8  as a result of the importation of certain LED products that allegedly infringed certain
9  patents owned by Lumileds, including the '718 patent. Epistar was named as one of the
10 respondents. The ITC instituted an investigation styled *In the Matter of Certain High-*
11 *Brightness Light Emitting Diodes and Products Containing Same*, Investigation No.
12 337-TA-556. During the course of that investigation, Lumileds alleged, *inter alia*,
13 Epistar's OMA products infringed the '718 patent. The ITC entered a Final
14 Determination, which is currently on appeal, finding that Epistar's OMA products
15 infringed the '718 patent and entered a limited exclusion order precluding Epistar from,
16 *inter alia*, importing its OMA LEDs into the United States.
17      12.   After the entry of the Final Determination in the ITC, Lumileds began,
18 among other things, sending letters that are misleading and, hence false about the scope
19 of the Final Determination and the limited exclusion order, to Epistar's existing
20 customers and potential customers. The letters that Lumileds distributed and
21 disseminated to Epistar's customers and potential customers mislead the customers and
22 potential customers into, *inter alia,* believing that the ITC has determined that all of
23 Epistar's products infringe all of the patents that were at issue in the ITC, when in fact
24 the ITC found that Epistar did not infringe two of the patents at issue and only six of
25 Epistar's products were even considered by the ITC in the investigation. Hence,
26 Lumileds' statements falsely suggest that Epistar is barred from importing any products
27 into the United States and that the six products at issue infringe two patents they were
28 expressly found not to infringe.

13. Because UEC ceased to exist on December 30, 2005, and because its license was not transferable, it has not and, in fact, could not have made, sold, offered for sale or imported any absorbing-substrate LEDs since December 30, 2005. Since Epistar did not acquire the UEC/Lumileds Patent License rights and obligations, which are not transferable, in the merger, its product sales are not covered by the license and hence, no royalties can be due. Notwithstanding this fact, Lumileds has insisted that royalties and late payment penalties are due under the UEC/Lumileds Patent License Agreement based on absorbing-substrate products made by Epistar and that it is entitled to audit Epistar for Epistar's activities since December 30, 2005 under the UEC/Lumileds Patent License Agreement. Further, Lumileds has taken the erroneous position that the Epistar/Lumileds Settlement Agreement has been superseded by the UEC/Lumileds Patent License Agreement even though that agreement expressly states that this is not so and that LED products made by Epistar are not covered by the license in the Epistar/Lumileds Settlement Agreement.

## FIRST CAUSE OF ACTION

### Unfair Competition under the Lanham Act

14. Epistar re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 13, above.

15. Epistar and Lumileds are competitors in the business of manufacturing and selling LED products.

16. As alleged herein, Lumileds has distributed and disseminated letters to Epistar customers and potential customers that, *inter alia,* mislead the customers and potential customers into believing that the ITC has determined that all of Epistar's products infringe all of the patents that were at issue in the ITC when in fact the ITC found that only six of Epistar's products infringed one patent and that these six did not infringe the other two.

17. Lumileds engaged in the letter writing campaign to dissuade Epistar's customers and potential customers from purchasing products from Epistar and divert

those sales to Lumileds. Lumileds knows that its letters are misleading and has sent the letters in bad faith.

18. Such conduct alleged herein constitutes false descriptions of the nature, characteristics and/or qualities of Epistar's products under 15 U.S.C. § 1125(a).

19. As a direct and proximate result of Lumileds' unfair competition and described conduct, acts, and omissions, Epistar has begun to suffer and continues to suffer damages, including but not limited to the following: loss of reputation, loss of customers and vendors, and loss of revenues and profits.

20. As a direct and proximate result of Lumileds' actions, Epistar has suffered or will suffer irreparable and unquantifiable damages. Epistar has no adequate remedy at law against future wrongful interference. The conduct of Lumileds has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Epistar and to its business. Epistar is entitled to a preliminary and permanent injunction against Lumileds' wrongful conduct.

## SECOND CAUSE OF ACTION
### Breach of Contract

21. Epistar re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 20, above.

22. As alleged herein, the Epistar/Lumileds Settlement Agreement includes a covenant not sue Epistar for infringement of, *inter alia,* the '718 patent based on specific Epistar OMA products.

23. As alleged herein Epistar has complied with all the terms of the Epistar/Lumileds Settlement Agreement and fulfilled all of its obligations. The Epistar/Lumileds Settlement Agreement is in full force and effect.

24. As alleged herein, Lumileds filed a complaint with the ITC naming Epistar as a respondent and alleged Epistar's OMA products, including those covered by the covenant not to sue in the Epistar/Lumileds Settlement Agreement, infringed the '718 patent. The ITC eventually entered a limited exclusion order precluding Epistar from,

*inter alia*, importing its OMA LEDs into the United States for infringement of the '718 patent.

25. Lumileds breached the Epistar/Lumileds Settlement Agreement by, *inter alia,* suing Epistar for infringement of the OMA LEDs listed in the Epistar/Lumileds Settlement Agreement.

26. Lumileds' breach was not only to the express terms of the agreement but also the implied covenant of good faith and fair dealing.

27. As a direct and proximate cause of Lumileds' breach, Epistar has been injured, is being injured, and will continue to be injured in the future.

28. Epistar has no adequate remedy at law against future breaches. The conduct of Lumileds has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Epistar and to its business. Epistar is entitled to a preliminary and permanent injunction against Lumileds' wrongful conduct.

### THIRD CAUSE OF ACTION
**Intentional Interference with Prospective Economic Advantage**

29. Epistar re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 28, above.

30. As alleged herein, Lumileds has distributed and disseminated letters to Epistar customers and potential customers that, *inter alia,* mislead the customers and potential customers into believing that the ITC has determined that all of Epistar's products infringe all of the patents that were at issue in the ITC when in fact only six of Epistar's products were at issue in the ITC and the ITC found that Epistar did not infringe two of the patents at issue.

31. Epistar had existing and prospective business relationships with numerous customers.

32. There was a reasonable probability of future economic benefit from Epistar's existing and prospective business relationships with these customers.

Lumileds knew of the existing and prospective business relationships that Epistar had with these customers.

33. Lumileds sent out the letters with the design to unfairly compete with Epistar and interfere with Epistar's existing and prospective business relationships with these existing and potential customers.

34. Lumileds' wrongful conduct as hereinabove described falls outside the boundaries of fair competition and in fact interfered with Epistar's existing and prospective business relationships with these customers.

35. Lumileds, engaging in the conduct alleged herein, has acted intentionally, willfully, and maliciously, and in conscious disregard of Epistar's rights and interests, and with the purpose of injuring Epistar. As a result, Epistar is entitled to an award of punitive damages.

36. As a direct and proximate cause of Lumileds misconduct, Epistar has been injured, is being injured, and will continue to be injured in the future.

37. Epistar has no adequate remedy at law against Lumileds' future wrongful interference. The conduct of Lumileds has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Epistar and to its business. Epistar is entitled to a preliminary and permanent injunction against Lumileds' wrongful conduct.

## FOURTH CAUSE OF ACTION
### Unfair Competition Cal. Bus. & P. Code §17200

38. Epistar re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 37, above.

39. As alleged herein, Lumileds engaged in a scheme to unfairly profit to the detriment of Epistar by unfairly competing with and interfering with Epistar's existing and prospective advantages. Such conduct alleged herein constitutes unfair, unlawful, and/or fraudulent business practices within the meaning of California Business and Professions Code section 17200.

40. As a direct and proximate result of Lumileds' above described conduct, acts, and omissions, Epistar has suffered injury in fact and has lost money or property as a result of such unfair competition and continues to suffer numerous harms, including but not limited to the following: substantial damage to the operation of Epistar, loss of reputation, loss of customers and vendors, and loss of revenues and profits.

41. As a direct and proximate result of Lumileds' actions, Epistar has suffered or will suffer irreparable and unquantifiable damages. Epistar has no adequate remedy at law against Lumileds' future wrongful interference. The conduct of Lumileds has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Epistar and to its business. Epistar is entitled to a preliminary and permanent injunction against Lumileds' wrongful conduct.

## FIFTH CAUSE OF ACTION
### Declaratory Relief

42. Epistar re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 41, above.

43. As alleged herein, on August 30, 2001 UEC and Lumileds entered into the UEC/Lumileds Patent License Agreement which by its terms is not assignable or transferable. Upon the completion of the merger between UEC and Epistar on December 30, 2005, UEC ceased to exist. As such, the UEC/Lumileds Patent License Agreement is and was null and void as of December 30, 2005 and *inter alia*, the obligations, conditions and requirements for the reporting and payment of royalties and the right of Lumileds to conduct an audit subsequent to the merger date no longer exist.

44. Even to the extent that Epistar makes AlGaInP absorbing substrate LED products that might fall within the scope of the claims of the '718 patent regardless of whether they were designed by UEC or Epistar, those products are covered by the Epistar/Lumileds Settlement Agreement.

45. Lumileds has asserted that Epistar is obligated to pay royalties, make semi-annual royalty reports, make late payments and submit to audits pursuant to the UEC/Lumileds Patent License Agreement for absorbing substrate LED products that Epistar makes and sells. As such, there is a case of actual controversy with regard to whether or not after the merger the UEC/Lumileds Patent License is null and void, and hence whether Epistar is required to pay royalties, make semi-annual royalty reports, make late payments and submit to an audit pursuant to the UEC/Lumileds Patent License Agreement for products that Epistar makes and sells which are covered by the license in the Epistar/Lumileds Settlement Agreement. Further, there is an actual case of controversy concerning whether the Epistar/Lumileds Settlement Agreement is in full force and effect or whether it was superseded by the UEC/Lumileds Patent License Agreement.

46. As such a judicial determination regarding whether or not the UEC/Lumileds Patent License is still in full force and effect or null and void after UEC ceased to exist; whether Epistar has an obligation to submit royalty reports, pay royalties, make late payments and submit to audits for products Epistar makes while the Epistar/Lumileds Settlement Agreement is still in force is necessary and appropriate; and whether the UEC/Lumileds Patent License supersedes the Epistar/Lumileds Settlement Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Epistar prays for judgment as follows:

1. For preliminary injunctive and permanent injunctive relief from Lumileds' wrongful acts;
2. For damages in an amount to be determined at trial;
3. For costs and attorney fees;
4. For punitive and exemplary damages;
5. For interest on its damages at the legal interest rate;

6.    For a declaration that the UEC/Lumileds Patent License is null and void as of December 5, 2005, that Epistar has no obligation under the UEC/Lumileds Patent License Agreement to submit and prepare royalty reports, make royalty payments, make late payments or submit to audits for products Epistar has made after December 5, 2005;

7.    For a declaration that the Epistar/Lumileds Settlement Agreement is not superseded by the UEC/Lumileds Patent License Agreement; that Epistar/Lumileds Settlement Agreement is still in full force and effect; and that any absorbing substrate AlGaInP LED products that Epistar makes, sells, offers for sale and/or imports are covered by the Epistar/Lumileds Settlement Agreement license; and

8.    For such other and further relief as this Court may deem appropriate.

Dated: October 10, 2007

AKIN GUMP STRAUSS HAUER & FELD LLP

By _____
Yitai Hu

Attorneys for Plaintiff
EPISTAR CORPORATION

## JURY DEMAND

Plaintiff Epistar Corporation hereby demands a trial by jury.

Dated: October 10, 2007

AKIN GUMP STRAUSS HAUER & FELD LLP

By _____
         Yitai Hu

Attorneys for Plaintiff
EPISTAR CORPORATION