MORGAN, LEWIS & BOCKIUS LLP
Michael J. Lyons (State Bar No. 202284)
Andrew J. Wu (State Bar No. 214442)
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: 650.843.4000
Fax: 650.843.4001
mlyons@morganlewis.com
awu@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Daniel Johnson, Jr. (State Bar No. 57409)
Amy M. Spicer (State Bar No. 188399)
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
djjohnson@morganlewis.com
aspicer@morganlewis.com

Attorneys for Defendant
PHILIPS LUMILEDS LIGHTING COMPANY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPISTAR CORPORATION,<br><br>        Plaintiff,<br><br>    vs.<br><br>PHILIPS LUMILEDS LIGHTING COMPANY, LLC,<br><br>        Defendant. | Case No. C 07-5194 JF<br><br>**DEFENDANT PHILIPS LUMILEDS LIGHTING COMPANY'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**FILED IN THE EARLIEST FILED CASES (CASE NOS. C 00-2518 CW, C 02-5077 CW, AND C 03-1130 CW) AND LODGED IN THE LATER FILED CASES (CASE NOS. C 07-5194 JF & 05-4521 RMW)**<br><br>[Civ. L.R. 3-12] |

Pursuant to Civil Local Rules 3-12 and 7-11, defendant Philips Lumileds Lighting Company, LLC ("Lumileds") respectfully submits this Administrative Motion to Consider Whether Cases Should Be Related. The above-captioned case, *Epistar v. Philips Lumileds*, Case

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ADMIN. MOTION RE: RELATED CASES
C 07-5194 JF

1-SF/7631585.1

No. 07-5194 JF ("Epistar IV Related Case") is related, as defined by Civil Local Rule 3-12(a), to several earlier-filed cases assigned to Judge Wilken. The related actions include:

- *United Epitaxy Co., Ltd. v. Hewlett-Packard Co., et al.*, Case No. C 00-2518 CW (N.D. Cal. filed Sept. 7, 1999);
- *Lumileds Lighting U.S., LLC v. Citizen Electronics Co., Ltd., et al.*, Case No. C 02-5077 CW (N.D. Cal. filed Oct. 18, 2002) ("Epistar I Related Case");
- *Epistar Corp. v. Lumileds Lighting U.S., LLC*, No. C 03-1130 CW (N.D. Cal. transferred from C.D. Cal. March 17, 2003) ("Epistar II Related Case").

One additional related case exists in this District and should be re-assigned to Judge Wilken concurrently with this matter. That case, *Lumileds Lighting U.S., LLC v. Epistar Corp. & United Epitaxy Co., Ltd.*, Case No. 05-4521 RMW (filed Nov. 4, 2005) ("Epistar III Related Case"), is currently stayed pending the final determination of an International Trade Commission investigation. An unresolved notice of related cases is pending in that case.

**I.    BACKGROUND AND PREVIOUSLY FILED RELATED CASES**

In September 1999, United Epitaxy Co. ("UEC") filed suit against Lumileds,[1] Hewlett-Packard, and Agilent Technologies seeking, among other things, a declaratory judgment that UEC's products did not infringe U.S. Patent No. 5,008,718 ("the '718 patent") and that the '718 patent was invalid. *See United Epitaxy Co., Ltd. v. Hewlett-Packard Co., et al.*, Case No. C 00-2518 CW (N.D. Cal. filed Sept. 7, 1999). The case was assigned to Judge Wilken.

After Lumileds obtained overwhelmingly favorable rulings on claim construction and summary judgment, UEC and Lumileds settled the litigation and entered into three separate agreements: a Settlement Agreement and Mutual Release (the "UEC/Lumileds Settlement Agreement"), a Patent License Agreement (the "UEC/Lumileds Patent License Agreement"), and a Stipulated Consent Judgment. Pursuant to the UEC/Lumileds Patent License Agreement, UEC is required to pay Lumileds royalties on certain absorbing substrate LED products. The UEC/Lumileds Patent License Agreement is attached to the Stipulated Consent Judgment as Exhibit A.

In the Stipulated Consent Judgment, the parties agreed and the court approved that Judge

---

[1] Philips Lumileds was originally a division of Hewlett-Packard Company, was spun off as a joint venture between Philips and Agilent, and is now a subsidiary of Philips Lighting based in San Jose.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2    ADMIN. MOTION RE: RELATED CASES
C 07-5194 JF

1-SF/7631585.1

Wilken would retain jurisdiction for purposes of enforcing the Consent Judgment. Both the UEC/Lumileds Patent License Agreement and the Consent Judgment are the subject of the newly filed complaint. *See* Epistar IV Related Case.

On October 18, 2002, Lumileds filed suit against Citizen Electronics Co. and Cecol, Inc. alleging infringement of the '718 patent as a result of their use of infringing Epistar products. *See* Epistar I Related Case. Before either party responded to the complaint, Epistar moved to intervene for the purposes of staying or transferring the case. Lumileds amended its pending complaint to add Epistar as a defendant and to add allegations of infringement of the '718 patent against Epistar. Days later, Judge Wilken deemed this action related to the UEC/Lumileds action and ordered the Court Clerk to reassign the case to her.

On January 6, 2003, Epistar filed suit in the Central District of California against Lumileds seeking a declaratory judgment that Epistar's products did not infringe the '718 patent and that the '718 patent was invalid. *See* Epistar II Related Case. The Central District transferred the case to the Northern District, at which point Judge Wilken related it to both the earlier UEC/Lumileds action and the Epistar I Related Case. The Epistar I & II Related Cases were consolidated and litigated until 2004. Again, the parties eventually settled the litigation and entered into a Settlement Agreement (the "Epistar/Lumileds Settlement Agreement"). The Epistar/Lumileds Settlement Agreement is also the subject of the newly filed Epistar IV Related Action.

On November 4, 2005, Lumileds filed suit against Epistar and UEC asserting, among other things, infringement of the '718 patent.[2] *See* Epistar III Related Case. The case was assigned to Judge Whyte, who issued an order staying the case pending the outcome of a substantially similar International Trade Commission ("ITC") investigation pursuant to 28 U.S.C. § 1659. The ITC recently issued a determination in favor of Lumileds, finding, among other things, that Epistar assumed the UEC/Lumileds Patent License Agreement through its merger with UEC, and that Epistar's products infringe the '718 patent. The ITC further issued an exclusion order barring importation of the infringing products as well as certain downstream

---

[2] Epistar and UEC merged, effective December 31, 2005.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3                    ADMIN. MOTION RE: RELATED CASES
                                      C 07-5194 JF

1-SF/7631585.1

products. The case in this District remains stayed pending the appeal of the ITC determination to the Federal Circuit. An unresolved notice of related cases is pending in the case. Because the case involves the same parties (Lumileds, Epistar, and UEC), the same property (the '718 patent), and substantially the same events as the previously filed related cases reassigned to Judge Wilken, it is ripe to be deemed related and likewise reassigned. *See* Civ. L.R. 3-12(a)(1).

**III.     THE PRESENT ACTION**

On October 10, 2007, Epistar filed a complaint against Lumileds asserting claims for unfair competition under the Lanham Act, breach of the settlement agreement between the parties, intentional interference with prospective economic advantage, and unfair competition pursuant to California Business and Professions Code section 17200. The Complaint additionally seeks a declaratory judgment regarding whether Epistar is bound by the UEC/Lumileds Patent License Agreement.

**IV.     THE PRESENT ACTION IS RELATED TO THE PREVIOUS ACTIONS BEFORE JUDGE WILKEN**

As the Complaint in the recently filed Epistar IV Related Case acknowledges, the action arises from the UEC/Lumileds Patent License Agreement, the Epistar/Lumileds Settlement Agreement, and the Stipulated Consent Judgment in the UEC/Lumileds case. Reassignment of the case to Judge Wilken, who presided over all of the other related cases, will conserve judicial resources and promote an efficient resolution of the dispute. Judge Wilken is already familiar with the history of litigation between the parties and with many of the complex issues regarding the underlying cases and Agreements.

Indeed, all of the cases are related. For example, Epistar's breach of contract claim alleges that Lumileds' assertion of the '718 patent against Epistar in the Epistar III Related Case was a breach of the Epistar/Lumileds Settlement Agreement. That defense was raised by Epistar during the ITC counterpart to the Epistar III Related Case, but then <u>abandoned</u> by Epistar during the trial before the Administrative Law Judge. Epistar's attempt to resurrect the defense in its complaint in the Epistar IV Related Case is not only meritless, but barred by *res judicata*. In addition, Judge Wilken's Stipulated Consent Judgment expressly states that it constitutes *res judicata* and will have issue- and claim-preclusive effect with respect to the issue of validity of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

ADMIN. MOTION RE: RELATED CASES
C 07-5194 JF

1-SF/7631585.1

the '718 Patent. *See* Stipulated Consent Judgment, Paragraph 6. Since Epistar has disregarded this Consent Judgment by alleging invalidity of the '718 Patent as a defense in the Epistar III Related Case, Judge Wilken's Stipulated Consent Judgment from the UEC/Lumileds action will necessarily be interpreted and applied in the Epistar III Related Case.

The Epistar IV Complaint also seeks a declaration that Epistar is not obligated to pay royalties under the UEC/Lumileds Patent License Agreement because, according to Epistar's Complaint, "Epistar did not acquire the UEC/Lumileds Patent License rights and obligations." Epistar IV Complaint ¶¶ 13, 45. That issue is not only related to the Epistar III Related Case, it was expressly resolved by the ITC in the counterpart to the Epistar III Related Case. After Epistar sought to challenge validity of the '718 patent, Lumileds moved for summary determination that Epistar was precluded from challenging validity by virtue of its merger with UEC and assumption of the UEC/Lumileds Patent License and Settlement Agreements. The ITC ruled that Epistar was bound by the UEC/Lumileds Agreements. Thus, the ITC case that is a counterpart to the Epistar III Related Case has already resolved at least certain of the claims in the latest related case. Moreover, consistent with the ITC Determination, Lumileds expects to bring counterclaims against Epistar for breach of the UEC/Lumileds Patent License Agreement based on Epistar's failure to pay royalties under that agreement, and for unfair competition. These claims are also related to the earlier Related Actions.

## IV.   CONCLUSION

Lumileds therefore respectfully requests that both the newly filed Epistar IV Related Case (*Epistar v. Philips Lumileds*, Case No. 07-5194 JF) and the Epistar III Related Case (*Lumileds Lighting U.S., LLC v. Epistar Corp. & United Epitaxy Co., Ltd.*, Case No. 05-4521 RMW) be deemed "related" and assigned to Judge Wilken.

Dated: November 16, 2007                                     Respectfully submitted,

                                                             By:   /s/ Michael J. Lyons
                                                                   Michael J. Lyons
                                                                   Attorneys for Defendant
                                                                   PHILIPS LUMILEDS LIGHTING
                                                                   COMPANY, LLC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5                    ADMIN. MOTION RE: RELATED CASES
                                         C 07-5194 JF

1-SF/7631585.1