MORGAN, LEWIS & BOCKIUS LLP
Michael J. Lyons (State Bar No. 202284)
Andrew J. Wu (State Bar No. 214442)
David V. Sanker (State Bar No. 251260)
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306-2122
Tel:  650.843.4000
Fax:  650.843.4001
mlyons@morganlewis.com
awu@morganlewis.com
dsanker@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Daniel Johnson, Jr. (State Bar No. 57409)
Amy M. Spicer (State Bar No. 188399)
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  415.442.1001
djjohnson@morganlewis.com
aspicer@morganlewis.com

Attorneys for Defendant
PHILIPS LUMILEDS LIGHTING COMPANY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPISTAR CORPORATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>PHILIPS LUMILEDS LIGHTING<br>COMPANY, LLC,<br><br>                    Defendant. | Case No. C 07-5194 CW<br><br>**PHILIPS LUMILEDS LIGHTING<br>COMPANY LLC'S ANSWER AND<br>COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

          Defendant Philips Lumileds Lighting Company, LLC ("Lumileds") answers the complaint

of plaintiff Epistar Corporation ("Epistar") as follows:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

LUMILEDS' ANSWER AND
COUNTERCLAIMS
C 07-5194 CW

1    Lumileds denies each and every allegation contained in the complaint, except as

2    specifically admitted or explained herein.

3        1.    In response to paragraph 1 of the complaint, Lumileds denies each and every

4    allegation contained in paragraph 1.

5        2.    In response to paragraph 2 of the complaint, Lumileds admits that the complaint

6    seeks an injunction and damages.  Lumileds denies any and all remaining allegations in paragraph

7    2.

8    **PARTIES**

9        3.    Lumileds lacks sufficient knowledge or information to admit or deny the

10    allegations in paragraph 3.

11        4.    In response to paragraph 4 of the complaint, Lumileds admits that it is a

12    corporation duly incorporated in the State of Delaware with its principal place of business in San

13    Jose, California.

14    **JURISDICTION AND VENUE**

15        5.    In response to paragraph 5 of the complaint, Lumileds denies that Epistar has any

16    cause of action against Lumileds, under the laws of the United States or the laws of California.

17    Lumileds admits that Epistar purports to state a cause of action arising under the laws of the

18    United States, including 15 U.S.C. § 1051 *et seq*., and under the laws of California.  Lumileds

19    denies that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C.

20    § 1338(b), or 28 U.S.C. § 1367.  Lumileds admits that complete diversity of citizenship exists

21    between the parties, but lacks sufficient knowledge or information to admit or deny that the

22    amount in controversy relating to Epistar's claims exceeds $75,000, exclusive of interest and

23    costs, and on that basis, denies that the Court has subject matter jurisdiction pursuant to 28 U.S.C.

24    § 1332, 28 U.S.C. § 2201, or 28 U.S.C. § 2202.  Lumileds denies any and all remaining

25    allegations of paragraph 5 of the complaint.

26        6.    In response to paragraph 6 of the complaint, Lumileds admits, for the purpose of

27    this action only, that the Court has personal jurisdiction over Lumileds.  Lumileds denies any and

28    all remaining allegations of paragraph 6 of the complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3680896.2

2

LUMILEDS' ANSWER AND
COUNTERCLAIMS
C 07-5194 CW

7.      In response to paragraph 7 of the complaint, Lumileds admits, for the purpose of this action only, that venue is proper in this judicial district.  Lumileds admits that it markets, offers for sale, and/or sells products and services to customers who reside in or may be found in this judicial district.  Lumileds admits that it resides in and has headquarters in Santa Clara County and in this judicial district.  Lumileds denies any and all remaining allegations in paragraph 7 of the complaint.

## **BACKGROUND**

8.      In response to paragraph 8 of the complaint, Lumileds admits that United Epitaxy Company ("UEC") filed suit against Lumileds, Hewlett-Packard Co., and Agilent Technologies, Inc. in September 1999, seeking a declaratory judgment that UEC's products did not infringe U.S. Patent No. 5,008,718 ("the '718 patent") and that the '718 patent was invalid.  Lumileds admits that it counterclaimed against UEC for infringement of the '718 patent.  Lumileds admits that the case, together with the counterclaims, was styled *United Epitaxy Co.*, *Ltd. v. Hewlett-Packard Co.*, *Agilent Technologies*, *Inc.*, *and Lumileds Lighting US*, *LLC,* No. C 00-2518 CW (PVT) (N.D. Cal. 1999).  Lumileds admits that Lumileds and UEC settled the litigation on August 30, 2001.  Lumileds admits that when the litigation settled, there were three agreements:  a Stipulated Consent Judgment, a Settlement Agreement and Mutual Release ("the UEC/Lumileds Settlement Agreement"), and a Patent License Agreement ("the UEC/Lumileds Patent License Agreement").  Lumileds admits that the UEC/Lumileds Patent License Agreement required UEC to pay royalties to Lumileds under certain circumstances on certain absorbing substrate LED products.  Lumileds denies any and all remaining allegations in paragraph 8 of the complaint.

9.      In response to paragraph 9 of the complaint, Lumileds admits that on January 6, 2003, in response to a lawsuit filed by Lumileds, Epistar filed a complaint against Lumileds seeking a declaratory judgment that Epistar's products did not infringe the '718 patent and that the '718 patent was invalid.  Lumileds admits that the case was styled *Epistar Corp. v. Lumileds Lighting US, LLC*, No. CV 03-0084 ABC (JWJx) (C.D. Cal. 2003).  Lumileds admits that on February 3, 2003, Lumileds amended its pending suit against Citizen Electronics Co., Ltd. and Cecol, Inc., styled *Lumileds Lighting US*, *LLC v. Citizen Electronics Co.*, *Ltd.*, No. C 02-5077 JW

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3680896.2

3

LUMILEDS' ANSWER AND
COUNTERCLAIMS
C 07-5194 CW

1  (N.D. Cal. 2002), to add Epistar as a defendant and include allegations that Epistar was infringing

2  the '718 patent. Lumileds admits that Epistar's declaratory judgment action filed in the Central

3  District of California was transferred to the Northern District of California and consolidated with

4  Case No. C 02-5077 filed by Lumileds. Lumileds admits that the after the consolidation of the

5  two cases, the consolidated case was styled *Lumileds Lighting US, LLC v. Epistar Corporation*,

6  Nos. C 02-5077 and C 03-1130 CW (PVT) (N.D. Cal.). Lumileds admits that on June 30, 2004,

7  Epistar and Lumileds entered into a Settlement Agreement settling that litigation

8  ("Epistar/Lumileds Settlement Agreement"). Lumileds admits that the Epistar/Lumileds

9  Settlement Agreement includes a covenant not to sue Epistar for infringement of the '718 patent

10  based on specific Epistar Omnidirectional Mirror Adhesive ("OMA") products, namely products

11  that have product numbers ES-SAYL812, ES-SAHR812, ES-SASO812, ES-SAYL814, ES-

12  SAHR814, ES-SASO814, ES-SAYL822, ES-SAHR822, ES-SASO822, ES-SAYL830, ES-

13  SAHR830, ES-SASO830, ES-SAYL840, ES-SAHR840 and ES-SASO840; however, the

14  covenant does not apply, expressly, by implication, estoppel, or otherwise, to any new Epistar

15  OMA product that is colorably different from these OMA Products regardless of whether such

16  different OMA product is referred to by a product number or designation included in those listed

17  above. Lumileds admits that the Epistar/Lumileds Settlement Agreement includes a license to

18  Epistar under the '718 patent to make, sell, use, offer for sale, and import AlGaInP absorbing-

19  substrate LEDs. Lumileds denies any and all remaining allegations in paragraph 9 of the

20  complaint.

21        10.     In response to paragraph 10 of the complaint, Lumileds admits that Epistar and

22  UEC entered into a merger agreement; however, Lumileds lacks sufficient knowledge or

23  information regarding the merger to admit or deny the allegations in paragraph 10. Lumileds

24  denies any and all remaining allegations in paragraph 10 of the complaint.

25        11.     In response to paragraph 11 of the complaint, Lumileds admits that on November

26  4, 2005, Lumileds filed a complaint with the International Trade Commission ("ITC") asserting

27  that Epistar and UEC were in violation of Section 337 of the Tariff Act of 1930 "by importing

28  into the United States, selling for importation, or selling within the United States after importation

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

LUMILEDS' ANSWER AND
COUNTERCLAIMS
C 07-5194 CW

1-PA/3680896.2

1  certain high-brightness light-emitting diodes ("LEDs") and products containing same that infringe

2  one or more of the claims of Lumileds' U.S. Patent Nos. 5,008,718 ("the '718 patent"), 5,376,580

3  ("the '580 patent"), and 5,502,316 ("the '316 patent")." Lumileds admits that Epistar was one of

4  the respondents in the ITC complaint filed by Lumileds. Lumileds admits that the ITC instituted

5  an investigation styled *In the Matter of Certain High-Brightness Light Emitting Diodes and*

6  *Products Containing Same*, Investigation No. 337-TA-556. Lumileds admits that during the ITC

7  investigation Lumileds alleged that the specific Epistar products designated as OMA I and OMA

8  II infringed the '718 patent. Lumileds admits that the ITC entered a Final Determination, finding

9  that Epistar's OMA I and OMA II (as well as its MB I, MB II, GB I, and GB II) products infringe

10  the '718 patent and entered a limited exclusion order precluding Epistar from importing its OMA

11  I and OMA II LEDs into the United States. Lumileds admits that the Final Determination of the

12  ITC is currently on appeal. Lumileds denies any and all remaining allegations in paragraph 11 of

13  the complaint.

14      12.    Lumileds denies each and every allegation contained in paragraph 12 of the

15  complaint.

16      13.    In response to paragraph 13 of the complaint, Lumileds admits that it has asserted

17  that royalties and late payment penalties are due under the UEC/Lumileds Patent License

18  Agreement based on absorbing-substrate products made by Epistar and that it is entitled to audit

19  Epistar for Epistar's activities since December 30, 2005, under the UEC/Lumileds Patent License

20  Agreement. Lumileds denies any and all remaining allegations in paragraph 13 of the complaint.

21                          **FIRST CAUSE OF ACTION**

22                    **(Unfair Competition under the Lanham Act)**

23      14.    In response to paragraph 14 of the complaint, Lumileds realleges and incorporates

24  by reference the answers stated in paragraphs 1 through 13 above.

25      15.    In response to paragraph 15 of the complaint, Lumileds admits that Epistar and

26  Lumileds are competitors in the business of manufacturing and selling LED products.

27      16.    Lumileds denies each and every allegation contained in paragraph 16 of the

28  complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3680896.2

5

LUMILEDS' ANSWER AND
COUNTERCLAIMS
C 07-5194 CW

17.     Lumileds denies each and every allegation contained in paragraph 17.

18.     Lumileds denies each and every allegation contained in paragraph 18.

19.     Lumileds denies each and every allegation contained in paragraph 19.

20.     Lumileds denies each and every allegation contained in paragraph 20.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

21.     In response to paragraph 21 of the complaint, Lumileds realleges and incorporates by reference the answers stated in paragraphs 1 through 20 above.

22.     In response to paragraph 22 of the complaint, Lumileds admits that the Epistar/Lumileds Settlement Agreement includes a covenant not to sue Epistar for infringement of the specific OMA products with product numbers ES-SAYL812, ES-SAHR812, ES-SASO812, ES-SAYL814, ES-SAHR814, ES-SASO814, ES-SAYL822, ES-SAHR822, ES-SASO822, ES-SAYL830, ES-SAHR830, ES-SASO830, ES-SAYL840, ES-SAHR840 and ES-SASO840; however, the covenant does not apply, expressly, by implication, estoppel, or otherwise, to any new Epistar OMA product that is colorably different from these OMA Products regardless of whether such different OMA product is referred to by a product number or designation included in those listed above.  Lumileds denies any and all remaining allegations in paragraph 22 of the complaint.

23.     Lumileds denies each and every allegation contained in paragraph 23.

24.     In response to paragraph 24 of the complaint, Lumileds admits that it filed a complaint with the ITC and named Epistar as a respondent.  Lumileds admits that in the ITC complaint, Lumileds alleged that Epistar's OMA products infringed certain Lumileds' patents. Lumileds denies that Epistar's current OMA products are covered by the covenant not to sue in the Epistar/Lumileds Settlement Agreement.  Lumileds admits that the ITC entered a limited exclusion order precluding Epistar from importing its OMA I or OMA II LEDs into the United States.  Lumileds admits that the ITC found that Epistar's OMA I and OMA II products infringe the '718 patent.  Lumileds denies any and all remaining allegations in paragraph 24 of the complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

LUMILEDS' ANSWER AND
COUNTERCLAIMS
C 07-5194 CW

1-PA/3680896.2

1    25.    Lumileds denies each and every allegation contained in paragraph 25.

2    26.    Lumileds denies each and every allegation contained in paragraph 26.

3    27.    Lumileds denies each and every allegation contained in paragraph 27.

4    28.    Lumileds denies each and every allegation contained in paragraph 28.

5    **THIRD CAUSE OF ACTION**

6    **(Intentional Interference with Prospective Economic Advantage)**

7    29.    In response to paragraph 29 of the complaint, Lumileds realleges and incorporates
8    by reference the answers stated in paragraphs 1 through 28 above.

9    30.    Lumileds denies each and every allegation contained in paragraph 30.

10    31.    In response to paragraph 31 of the complaint, Lumileds lacks sufficient knowledge
11    or information to admit or deny that Epistar had existing and prospective business relationships
12    with numerous customers.  Lumileds denies any and all remaining allegations in paragraph 31 of
13    the complaint.

14    32.    In response to paragraph 32 of the complaint, Lumileds lacks sufficient knowledge
15    or information to admit or deny that there was a reasonable probability of future economic benefit
16    from Epistar's existing and prospective business relationships with these customers.  Lumileds
17    denies any and all remaining allegations in paragraph 32 of the complaint.

18    33.    Lumileds denies each and every allegation contained in paragraph 33.

19    34.    Lumileds denies each and every allegation contained in paragraph 34.

20    35.    Lumileds denies each and every allegation contained in paragraph 35.

21    36.    Lumileds denies each and every allegation contained in paragraph 36.

22    37.    Lumileds denies each and every allegation contained in paragraph 37.

23    **FOURTH CAUSE OF ACTION**

24    **(Unfair Competition Cal. Bus. & Prof. Code § 17200)**

25    38.    In response to paragraph 38 of the complaint, Lumileds realleges and incorporates
26    by reference the answers stated in paragraphs 1 through 37 above.

27    39.    Lumileds denies each and every allegation contained in paragraph 39.

28    40.    Lumileds denies each and every allegation contained in paragraph 40.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

1    41.    Lumileds denies each and every allegation contained in paragraph 41.

2    **FIFTH CAUSE OF ACTION**

3    **(Declaratory Relief)**

4    42.    In response to paragraph 42 of the complaint, Lumileds realleges and incorporates

5    by reference the answers stated in paragraphs 1 through 41 above.

6    43.    In response to paragraph 43 of the complaint, Lumileds admits that on August 30,

7    2001, UEC and Lumileds entered into the UEC/Lumileds Patent License Agreement.  Lumileds

8    admits UEC and Epistar merged in December 2005, and that Epistar assumed UEC's contractual

9    obligations through the merger.  Lumileds denies any and all remaining allegations in paragraph

10    43 of the complaint.

11    44.    In response to paragraph 44 of the complaint, Lumileds admits that Epistar is

12    subject to the Epistar/Lumileds Settlement Agreement as well as the UEC/Lumileds Patent

13    License Agreement.  Lumileds denies any and all remaining allegations in paragraph 44 of the

14    complaint.

15    45.    In response to paragraph 45 of the complaint, Lumileds admits that it has asserted

16    that Epistar is obligated to pay royalties, make semi-annual royalty reports, make late payments,

17    and submit to audits pursuant to the UEC/Lumileds Patent License Agreement for absorbing

18    substrate LED products that Epistar makes and sells.  Lumileds admits that an actual and

19    justiciable case or controversy exists between Plaintiff on the one hand and Lumileds on the

20    other.

21    46.    Lumileds denies each and every allegation contained in paragraph 46.

22    **AFFIRMATIVE AND OTHER DEFENSES**

23    Further answering the complaint, Lumileds asserts the following defenses.  Lumileds

24    reserves the right to amend its answer with additional defenses as further information is obtained.

25    **FIRST AFFIRMATIVE DEFENSE**

26    **(Failure to State a Claim)**

27    47.    Epistar's complaint fails to state a claim against Lumileds upon which relief may

28    be granted.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

LUMILEDS' ANSWER AND
COUNTERCLAIMS
C 07-5194 CW

1-PA/3680896.2

1

## SECOND AFFIRMATIVE DEFENSE

2

### (Unjust Enrichment)

3    48.    Epistar's claims are barred in whole or in part because Epistar would be unjustly

4    enriched if allowed to benefit from its conduct and thus recover any of the relief sought in its

5    claim for damages.

6

## THIRD AFFIRMATIVE DEFENSE

7

### (Unclean Hands)

8    49.    Epistar's claims are barred in whole or in part by the doctrine of unclean hands

9    because Epistar engaged in unfair, deceptive, and injurious conduct relating to matters alleged in

10    Epistar's complaint.

11

## FOURTH AFFIRMATIVE DEFENSE

12

### (Laches)

13    50.    Epistar's complaint is barred in whole or in part by the doctrine of laches.

14

## FIFTH AFFIRMATIVE DEFENSE

15

### (Waiver)

16    51.    Epistar has, by its conduct and inaction, and both expressly and impliedly, waived

17    and abandoned any and all claims it now purports to assert against Lumileds in Epistar's

18    complaint.

19

## SIXTH AFFIRMATIVE DEFENSE

20

### (Estoppel)

21    52.    By virtue of Epistar's acts, conduct, and/or omissions, Epistar is estopped from

22    asserting that it is entitled to any recovery with respect to any of the purported claims alleged in

23    Epistar's complaint.

24

## SEVENTH AFFIRMATIVE DEFENSE

25

### (Judicial Estoppel)

26    53.    By virtue of admissions and statements made by Epistar before this Court and the

27    ITC, by virtue of rulings issued by this Court and the ITC, Epistar is estopped from asserting that

28    it is entitled to any recovery with respect to any of the purported claims alleged in Epistar's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

LUMILEDS' ANSWER AND
COUNTERCLAIMS
C 07-5194 CW

1-PA/3680896.2

1    complaint.

2    ## EIGHTH AFFIRMATIVE DEFENSE

3    ### (Res Judicata / Collateral Estoppel)

4        54.    Epistar's claims are barred in whole or in part by the doctrines of res judicata

5    and/or collateral estoppel.

6    ## NINTH AFFIRMATIVE DEFENSE

7    ### (Full Performance of Obligations by Lumileds / Failure of Performance by Epistar)

8        55.    Epistar's claims are barred in whole or in part because Lumileds duly performed,

9    satisfied, and/or discharged all duties and obligations it may have owed to Epistar arising out of

10   any contract between Epistar and Lumileds.  Alternatively, the actions of Epistar, including its

11   breach of contract, prevented and excused performance by Lumileds.

12   ## TENTH AFFIRMATIVE DEFENSE

13   ### (Excuse)

14       56.    At all times and places alleged in Epistar's complaint, Lumileds performed and

15   discharged each and every obligation owed to Epistar, if any, except such obligations as Lumileds

16   was excused from performing as a result of Epistar's conduct and failure to properly perform its

17   obligations.

18   ## ELEVENTH AFFIRMATIVE DEFENSE

19   ### (Lack of Causation)

20       57.    Epistar's complaint is barred in whole or in part because the alleged damage to

21   Epistar was not proximately caused by the alleged wrongful acts of Lumileds.

22   ## TWELFTH AFFIRMATIVE DEFENSE

23   ### (License and Authorization)

24       58.    To the extent that any authorization is required from Lumileds to assign or transfer

25   the rights, duties, and obligations contained in the UEC/Lumileds Patent License Agreement from

26   UEC to Epistar following the merger of UEC and Epistar, authorization was provided based on

27   the conduct of the parties, including admissions and statements made before the ITC, and such

28   authorization continues on an on-going basis.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

LUMILEDS' ANSWER AND
COUNTERCLAIMS
C 07-5194 CW

1-PA/3680896.2

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

### (Epistar's Bad Faith)

3      59.      As a separate and additional affirmative defense to Epistar's complaint, and each

4  and every cause of action alleged therein, Lumileds asserts that Epistar's complaint is barred in

5  whole or in part because Epistar is prosecuting its claims in bad faith and for an improper

6  purpose. Epistar's claims are frivolous and entitle Lumileds to an award of attorneys' fees and

7  costs.

8

## FOURTEENTH AFFIRMATIVE DEFENSE

9

### (Lack of Injury/Damages)

10      60.      Each cause of action is barred in whole or in part because Epistar has not suffered

11  any injury or damage as a result of any action taken by Lumileds, and thus Epistar is barred from

12  asserting any causes of action against Lumileds.

13

## FIFTEENTH AFFIRMATIVE DEFENSE

14

### (Adequate Remedy at Law)

15      61.      Epistar is not entitled to equitable relief because the injury or damage suffered by

16  Epistar, if any, would be adequately compensated in an action for law or damages.

17

## COUNTERCLAIMS

18

### PARTIES

19      1.      Lumileds is a Delaware corporation in good standing with its principal place of

20  business at 370 West Trimble Road, San Jose, California, 95131.

21      2.      Epistar is a foreign corporation organized under the laws of Taiwan with its

22  principal place of business in Hsinchu, Taiwan.

23

### JURISDICTION AND VENUE

24      3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete

25  diversity of citizenship between the Lumileds and Epistar and the amount in controversy exceeds

26  the sum of $75,000, exclusive of interest and costs.

27      4.      This Court has personal jurisdiction over Epistar because Epistar has availed itself

28  of the jurisdiction of this Court by filing its complaint. This Court additionally has personal

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

LUMILEDS' ANSWER AND
COUNTERCLAIMS
C 07-5194 CW

1-PA/3680896.2

1  jurisdiction over Epistar because Epistar has engaged in sufficient contacts with the State of

2  California to satisfy both the requirements of due process and Rule 4(k)(2) of the Federal Rules of

3  Civil Procedure, including by participating in previous lawsuits in this judicial district before this

4  Court, and by conducting business within this State.

5       5.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(a) & (c)

6  because a substantial part of the events giving rise to the claims for relief and the conduct that

7  created the controversy between the parties occurred in this district and/or had an effect within

8  this Court's judicial district.

9  **INTRADISTRICT ASSIGNMENT**

10       6.     Under Local Rule 3-2(c), a substantial part of the events that give rise to the claims

11  alleged herein occurred in Santa Clara County, in the San Jose Division of this Court. The

12  present action is currently assigned to the San Francisco division.

13  **FIRST COUNTERCLAIM**

14  (Breach of Contract)

15       7.     Lumileds realleges and incorporates by reference the allegations stated in

16  paragraphs 1 through 6 of its Counterclaims.

17       8.     On September 1, 2001, United Epitaxy Co. ("UEC") and Lumileds entered into a

18  Patent License Agreement (the "UEC/Lumileds Patent License Agreement").

19       9.     Pursuant to the UEC/Lumileds Patent License Agreement, UEC promised to pay

20  Lumileds royalties on certain absorbing substrate LED products and promised to submit to an

21  audit upon request by Lumileds in exchange for a license to specified Lumileds intellectual

22  property.

23       10.     In December 2005, UEC and Epistar merged. The resulting entity assumed all of

24  the obligations, duties, and benefits of the UEC/Lumileds Patent License Agreement.

25       11.     On July 6, 2007, Epistar expressly acknowledged its continuing obligation to pay

26  royalties pursuant to the UEC/Lumileds Patent License Agreement, and certified the royalty due

27  for the period of November 2005 through April 2007. Epistar changed its position regarding this

28  obligation in a letter dated October 10, 2007.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

LUMILEDS' ANSWER AND
COUNTERCLAIMS
C 07-5194 CW

1-PA/3680896.2

12.     Lumileds has complied with all of the terms under the UEC/Lumileds Patent License Agreement and has fulfilled all of its obligations.

13.     Epistar has materially breached its continuing obligation and duties under the UEC/Lumileds Patent License Agreement by, *intra alia*, failing to pay the royalties required to date and by failing to allow Lumileds to perform an audit as expressly provided for in the UEC/Lumileds Patent License Agreement.

14.     Epistar has breached the express terms of the UEC/Lumileds Patent License Agreement as well as the implied covenant of good faith and fair dealing.

15.     As a direct and proximate result of Epstar's breach, Lumileds has been and continues to be injured.

## SECOND COUNTERCLAIM

(Unfair Competition Under Cal. Bus. & Prof. Code § 17200 *et seq.*)

16.     Lumileds realleges and incorporates by reference the allegations stated in paragraphs 1 through 15 of its Counterclaims.

17.     On November 4, 2005, Lumileds filed a complaint with the International Trade Commission ("ITC") asserting a violation of Section 337 of the Tariff Act of 1930 as a result of the importation of certain LED products that infringement Lumileds' patents, including U.S. Patent No. 5,008,718 (the "'718 patent"). Lumileds named Epistar as a respondent. The ITC instituted an investigation styled *In the Matter of Certain High-Brightness Light Emitting Diodes and Products Containing Same*, Investigation No. 337-TA-556. On January 8, 2007, the Administrative Law Judge ("ALJ") of the ITC entered an Initial Determination finding that certain of Epistar's products infringed the '718. The ITC issued an exclusion order, *intra alia*, precluding Epistar from importing its MB and MB II products into the United States.

18.     On January 23, 2007, Epistar issued a press release containing several misleading, false, and deceptive material statements regarding the actions taken by the ITC. Included in these misrepresentations are Epistar's statements that "only the older version of [its] MB products" were found to have infringed two claims of the '718 patent – when in actuality, the ALJ found that *both* Epistar's previous MB I design *and* its current MB II design infringe the '718 patent –

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

LUMILEDS' ANSWER AND
COUNTERCLAIMS
C 07-5194 CW

1-PA/3680896.2

1   and that a customer may sidestep an exclusion order on its MB products simply "by stating [in a

2   certification] their understanding that the LEDs do not infringe the '718 Patent."

3        19.    Although Lumileds pointed out these inaccuracies to Epistar, Epistar never

4   retracted its January 23, 2007 press release.

5        20.    On September 29, 2007, Epistar again issued a press release containing several

6   misleading, false, and deceptive material statements regarding the actions taken by the ITC.  Once

7   again, Epistar falsely stated that a customer may sidestep an exclusion order on its MB products

8   simply "by stating [in a certification] their understanding that the LEDs do not infringe the 718

9   Patent."  In addition, Epistar falsely stated that "the U.S. Customs and Border Protection has ruled

10  that [Epistar's] new Phoenix and Aquarius lines of ultra-bright AlGaInP LEDs are not subject to

11  the Limited Exclusion Order (LEO) issued by the International Trade Commission (ITC)."  In

12  actuality, no such ruling had been issued.

13       21.    Lumileds again pointed out these inaccuracies on October 5, 2007 and October 11,

14  2007.

15       22.    Epistar has never retracted its September 29, 2007 press release, although it did

16  eventually remove the press release from its website.

17       23.    By engaging in the above-described acts and practices, Epistar has committed one

18  or more acts of unfair competition within the meaning of California Business & Professions Code

19  § 17200 *et seq.*

20       24.    As a direct and proximate result of Epistar's above-described conduct, acts, and

21  omissions, Lumileds has suffered injury in fact and has lost money or property as a result of such

22  unfair competition and continues to suffer harms, including, but not limited to damage to

23  Lumileds' business, loss of customers and vendors, and loss of revenues and profits.

24       25.    Unless Epistar is enjoined from continuing to engage in the unfair, untrue, and

25  deceptive business acts and practices as described herein, Lumileds will continue to be damaged.

26       26.    So as not to be unjustly enriched by its own wrongful conduct, Epistar should be

27  required to provide restitution in the amount of all monies wrongfully obtained by Epistar as a

28  result of its unfair competition.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

LUMILEDS' ANSWER AND
COUNTERCLAIMS
C 07-5194 CW

1-PA/3680896.2

1        27.     As a direct and proximate result of Epistar's actions, Lumileds has suffered and

2   will continue to suffer irreparable damage to its rights and to its business.  Lumileds has no

3   adequate remedy at law against Epistar's wrongful conduct.  Epistar has widely disseminated its

4   false, misleading, and deceptive statements, including publication on the World Wide Web.

5   Epistar should be ordered retract its false and misleading statements and should be ordered to

6   issue a court-approved corrective press release.  Lumileds is entitled to a preliminary and

7   permanent injunction against Epistar's wrongful and unfair conduct.

8   **PRAYER FOR RELIEF**

9        WHEREFORE, Lumileds prays for the entry of judgment in its favor and against Epistar

10  as follows:

11       A.     Dismissing with prejudice any and all claims of Epistar's complaint and ordering

12  that Epistar take nothing as a result of the complaint;

13       B.     A judgment that Epistar has breached the parties' agreement and award of

14  damages arising from Epistar's breach;

15       C.     For injunctive relief from Epistar's wrongful acts;

16       D.     For damages in an amount to be determined at trial;

17       E.     For interest on its damages at the legal interest rate;

18       F.     Awarding Lumileds its reasonable attorneys' fees, expenses and costs incurred in

19  this action;

20       G.     Granting Lumileds such other action and further relief as this Court may deem just

21  and proper, or that Lumileds may be entitled to as a matter of law or equity.

22

23  Dated: December 21, 2007            MORGAN, LEWIS & BOCKIUS LLP

24

25                 By   /s/ Michael J. Lyons
                       Michael J. Lyons

26                     Attorneys for Defendant
                       PHILIPS LUMILEDS LIGHTING
                       COMPANY, LLC

27

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

1-PA/3680896.2

15

LUMILEDS' ANSWER AND
COUNTERCLAIMS
C 07-5194 CW

1

## **DEMAND FOR JURY TRIAL**

2

      Lumileds hereby requests a trial by jury.

3

Dated: December 21, 2007                    MORGAN, LEWIS & BOCKIUS LLP

4

5

By   /s/ Michael J. Lyons

6

     Michael J. Lyons
     Attorneys for Defendant

7

     PHILIPS LUMILEDS LIGHTING
     COMPANY, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

LUMILEDS' ANSWER AND
COUNTERCLAIMS
C 07-5194 CW

1-PA/3680896.2