YITAI HU (SBN 248085) yhu@akingump.com
STEVEN D. HEMMINGER (SBN 110665) shemminger@akingump.com
SEAN DEBRUINE (SBN 168071) sdebruine@akingump.com
SANG HUI MICHAEL KIM (SBN 203491) mkim@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA  94306
Telephone:    650.838.2000
Facsimile:    650.838.2001

Attorneys for Plaintiff
EPISTAR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPISTAR CORPORATION, | Case No. C 07-5194 CW |
| Plaintiff, | **EPISTAR CORPORATION'S ANSWER TO PHILIPS LUMILEDS LIGHTING COMPANY, LLC'S COUNTERCLAIMS** |
| v. | |
| PHILIPS LUMILEDS LIGHTING COMPANY, LLC, | |
| Defendant. | |
| PHILIPS LUMILEDS LIGHTING COMPANY, LLC, | |
| Counterclaim Plaintiff, | |
| v. | |
| EPISTAR CORPORATION, | |
| Counterclaim Defendant. | |

Plaintiff/Counterclaim Defendant Epistar Corporation ("Epistar"), for its Answer to Defendant/Counterclaim Plaintiff Philips Lumileds Lighting Company, LLC's ("Lumileds") Counterclaims, denies each and every allegation of Lumileds' counterclaims except as expressly admitted below:

## PARTIES

1.      Epistar is without sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 1 of the counterclaims, and on that basis denies the same.

2.      In response to paragraph 2 of the counterclaims, Epistar admits that is it a foreign corporation organized under the laws of Taiwan, with its principal place of business in Hsinchu, Taiwan.

## JURISDICTION AND VENUE

3.      In response to paragraph 3 of the counterclaims, Epistar admits that there is complete diversity of citizenship between the parties, but lacks sufficient knowledge or information to admit or deny that the amount in controversy relating to Lumileds' counterclaims exceeds $75,000, exclusive of interest and costs, and on that basis, denies that the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

4.      In response to paragraph 4 of the counterclaims, Epistar admits, for the purpose of this action only, that the Court has personal jurisdiction over Epistar.  Epistar denies any and all remaining allegations of paragraph 4 of Lumileds' counterclaims.

5.      In response to paragraph 5 of the counterclaims, Epistar admits, for the purpose of this action only, that venue is proper in this judicial district.  Epistar denies any and all remaining allegations of paragraph 5 of Lumileds' counterclaims.

## INTRADISTRICT ASSIGNMENT

6.      In response to paragraph 6 of the counterclaims, Epistar admits that the present action is currently assigned to the San Francisco division.  Epistar denies any and all remaining allegations of paragraph 6 of Lumileds' counterclaims.

**FIRST COUNTERCLAIM**

**(Breach of Contract)**

7.     In response to paragraph 7 of the counterclaims, Epistar realleges and incorporates its responses to paragraphs 1 through 6 herein by reference.

8.     In response to paragraph 8 of the counterclaims, Epistar admits that United Epitaxy Company ("UEC") and Lumileds, among other agreements, entered into a Patent License Agreement (the "UEC/Lumileds Patent License Agreement"), but denies any and all remaining allegations of paragraph 8 of Lumileds' counterclaims.

9.     In response to paragraph 9 of the counterclaims, Epistar admits that the UEC/Lumileds Patent License Agreement included provisions relating to the payment of royalties under certain circumstances on certain absorbing substrate LED products and provisions relating to an audit.  Epistar denies any and all remaining allegations of paragraph 9 of Lumileds' counterclaims.

10.     In response to paragraph 10 of the counterclaims, Epistar admits that the merger between Epistar and UEC took effect on December 30, 2005, and as such, on December 30, 2005, UEC was dissolved and ceased to exist.  Epistar denies any and all remaining allegations of paragraph 10 of Lumileds' counterclaims.

11.     In response to paragraph 11 of the counterclaims, Epistar denies each and every allegation of paragraph 11 of Lumileds' counterclaims.

12.     In response to paragraph 12 of the counterclaims, Epistar denies each and every allegation of paragraph 12 of Lumileds' counterclaims.

13.     In response to paragraph 13 of the counterclaims, Epistar denies each and every allegation of paragraph 13 of Lumileds' counterclaims.

14.     In response to paragraph 14 of the counterclaims, Epistar denies each and every allegation of paragraph 14 of Lumileds' counterclaims.

15.     In response to paragraph 15 of the counterclaims, Epistar denies each and every allegation of paragraph 15 of Lumileds' counterclaims.

## SECOND COUNTERCLAIM

### (Unfair Competition Under Cal. Bus. & Prof. Code § 17200 *et seq.*)

16.     In response to paragraph 16 of the counterclaims, Epistar incorporates and realleges its responses to paragraphs 1 through 15 herein by reference.

17.     In response to paragraph 17 of the counterclaims, Epistar admits that on November 4, 2005, Lumileds filed a complaint with the International Trade Commission ("ITC") asserting a violation of Section 337 of the Tariff Act of 1930 as a result of the importation of certain LED products that allegedly infringed certain patents owned by Lumileds, including U.S. Patent No. 5,008,718 (the "'718 patent").  Epistar admits that Epistar was named as one of the respondents.  Epistar admits that the ITC instituted an investigation styled *In the Matter of Certain High-Brightness Light Emitting Diodes and Products Containing Same*, Investigation No. 337-TA-556.  Epistar admits that on January 8, 2007, the Administrative Law Judge of the ITC entered an Initial Determination finding that certain of Epistar's products infringed the '718 patent.  Epistar admits that the ITC issued a limited exclusion order precluding Epistar from importing certain Epistar LED products into the United States.  Epistar denies any and all remaining allegations of paragraph 17 of Lumileds' counterclaims.

18.     In response to paragraph 18 of the counterclaims, Epistar denies each and every allegation of paragraph 18 of Lumileds' counterclaims.

19.     In response to paragraph 19 of the counterclaims, Epistar denies each and every allegation of paragraph 19 of Lumileds' counterclaims.

20.     In response to paragraph 20 of the counterclaims, Epistar denies each and every allegation of paragraph 20 of Lumileds' counterclaims.

21.     In response to paragraph 21 of the counterclaims, Epistar denies each and every allegation of paragraph 21 of Lumileds' counterclaims.

22.     In response to paragraph 22 of the counterclaims, Epistar admits that the September 29, 2007 press release is no longer accessible from Epistar's web site.

Epistar denies any and all remaining allegation of paragraph 22 of Lumileds' counterclaims.

23.    In response to paragraph 23 of the counterclaims, Epistar denies each and every allegation of paragraph 23 of Lumileds' counterclaims.

24.    In response to paragraph 24 of the counterclaims, Epistar denies each and every allegation of paragraph 24 of Lumileds' counterclaims.

25.    In response to paragraph 25 of the counterclaims, Epistar denies each and every allegation of paragraph 25 of Lumileds' counterclaims.

26.    In response to paragraph 26 of the counterclaims, Epistar denies each and every allegation of paragraph 26 of Lumileds' counterclaims.

27.    In response to paragraph 27 of the counterclaims, Epistar denies each and every allegation of paragraph 27 of Lumileds' counterclaims.

## AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

Epistar asserts the following defenses to Lumileds' counterclaims. Epistar reserves the right to supplement or amend such defenses if and when further information concerning the allegations in Lumileds' counterclaims becomes available.

## FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

28.    Lumileds fails to state a claim for relief against Epistar in its Counterclaims.

## SECOND AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

29.    Lumileds' counterclaims are barred in whole or in part because Lumileds would be unjustly enriched if allowed to benefit from its conduct and thus recover any of the relief sought in its claims for damages.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

30.    Lumileds' counterclaims are barred in whole or in part by the doctrine of unclean hands because Lumileds engaged in unfair, deceptive, and injurious conduct relating to matters alleged in Lumileds' counterclaims.

## FOURTH AFFIRMATIVE DEFENSE
### (Unenforceable Contract)

31.    All of Lumileds' allegations fail because each thereof relies on the assumed existence of a valid and enforceable Patent License Agreement between UEC and Lumileds, but the UEC/Lumileds Patent License Agreement on which Lumileds relies as a binding contract is not an enforceable contract.

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

32.    Lumileds' counterclaims are barred in whole or in part because the alleged damage to Lumileds was not proximately caused by the alleged wrongful acts of Epistar.

## SIXTH AFFIRMATIVE DEFENSE
### (Lack of Injury/Damages)

33.    Each cause of action is barred in whole or in part because Lumileds has not suffered any injury or damage as a result of any action taken by Epistar, and thus Lumileds is barred from asserting any causes of action against Epistar.

## SEVENTH AFFIRMATIVE DEFENSE
### (Termination)

34.    The obligations that Lumileds alleges UEC breached terminated prior to any of the breaches alleged in Lumileds' counterclaims.

EPISTAR CORP.'S ANSWER TO PHILIPS                                    Case No. C 07-5194 CW
LUMILEDS LIGHTING CO., LLC'S COUNTERCLAIMS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EIGHTH AFFIRMATIVE DEFENSE

### (License and Authorization)

35.　Epistar has a fully paid up license and Lumileds covenanted not to sue for the products for which Lumileds claims that royalties are due.

## NINTH AFFIRMATIVE DEFENSE

### (Truth)

36.　All of the statements in the press releases referred to in Lumileds' counterclaims are true.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

37.　Lumileds' counterclaims are barred in whole or in part by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

38.　Lumileds has, by its conduct and inaction, and both, expressly and impliedly, waived and abandoned any and all claims it now purports to assert against Epistar in Lumileds' counterclaims.

## TWELFTH AFFIRMATIVE DEFENSE

### (Estoppel)

39.　By virtue of Lumileds' acts, conduct, and/or omissions, Lumileds is estopped from asserting that it is entitled to any recovery with respect to any of the purported claims alleged in Lumileds' counterclaims.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Excuse)

40.    At all times and places alleged in Lumileds' counterclaims, Epistar performed and discharged each and every obligation owed to Lumileds, if any, except such obligations as Epistar was excused from performing as a result of Lumileds' conduct and failure to properly perform its obligations.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Lumileds' Bad Faith)

41.    As a separate and additional affirmative defense to Lumileds' counterclaims, and each and every cause of action alleged therein, Epistar asserts that Lumileds' counterclaims are barred in whole or in part because Lumileds is prosecuting its counterclaims in bad faith and for an improper purpose.  Lumileds' counterclaims are frivolous and entitle Epistar to an award of attorney fees and costs.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

42.    Lumileds is not entitled to equitable relief because the injury or damage suffered by Lumileds, if any, would be adequately compensated in an action for law or damages.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Assignment of Contractual Rights)

43.    In regard to the UEC/Lumileds Patent License Agreement, Epistar is under no contractual obligation to Lumileds because there was no assignment of any contractual rights or obligations from UEC to Epistar.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Contractual Relationship)

44.    No contractual relationship exists between Lumileds and Epistar with regard to the UEC/Lumileds Patent License Agreement.

## EPISTAR'S PRAYER FOR RELIEF

WHEREFORE, Epistar prays for judgment as follows:

1. Dismiss Lumileds' counterclaims on the merits and with prejudice and order that Lumileds take nothing as a result of the counterclaims.

2. Declare that Epistar has not breached the parties' agreement and deny any award of damages to Lumileds.

3. Deny Lumileds' prayer for injunctive relief.

4. Deny Lumileds' prayer for any and all damages.

5. Deny Lumileds' prayer for interests and costs.

6. Deny Lumileds' prayer for attorney fees, expenses and cost incurred in this action.

7. Award Epistar its reasonable attorney fees, expenses and costs incurred in Lumileds' counterclaims.

8. Grant Epistar further relief as the Court deems just and proper or that Epistar may be entitled to as a matter of law and equity.


Dated:  January 10, 2008          AKIN GUMP STRAUSS HAUER & FELD LLP


By:_____/s/_____
                  Yitai Hu

Attorneys for Plaintiff
EPISTAR CORPORATION

EPISTAR CORP.'S ANSWER TO PHILIPS                    Case No. C 07-5194 CW
LUMILEDS LIGHTING CO., LLC'S COUNTERCLAIMS

1

## JURY DEMAND

2      Plaintiff/Counterclaim Defendant Epistar Corporation hereby demands a trial by

3  jury on Defendant/Counterclaim Plaintiff Philips Lumileds Lighting Company, LLC's

4  Counterclaims.

5

6  Dated:  January 10, 2008          AKIN GUMP STRAUSS HAUER & FELD LLP

7

8                                    By:_____/s/_____
                                                  Yitai Hu

9                                    Attorneys for Plaintiff
10                                   EPISTAR CORPORATION

11

12     Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest

13  under penalty of perjury that concurrence in the filing of this document has been

14  obtained from Yitai Hu.

15

16  Dated:  January 10, 2008              _____/s/_____
                                                  Steven D. Hemminger
17                                                (SBN 110665)

18

19

20

21

22

23

24

25

26

27

28

9