1   YITAI HU (SBN 248085) yhu@akingump.com
    STEVEN D. HEMMINGER (SBN 110665) shemminger@akingump.com
2   SEAN DEBRUINE (SBN 168071) sdebruine@akingump.com
    SANG HUI MICHAEL KIM (SBN 203491) mkim@akingump.com
3   **AKIN GUMP STRAUSS HAUER & FELD LLP**
    Two Palo Alto Square
4   3000 El Camino Real, Suite 400
    Palo Alto, CA  94306
5   Telephone:    650.838.2000
    Facsimile:    650.838.2001
6
    Attorneys for Plaintiff
7   EPISTAR CORPORATION

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION

11

12   EPISTAR CORPORATION,                    Case No. C 07-5194 CW

13              Plaintiff,                    **EPISTAR CORPORATION'S**
                                             **OPPOSITION TO PHILIPS**
14       v.                                  **LUMILEDS LIGHTING COMPANY,**
                                             **LLC'S MOTION TO CONTINUE**
15   PHILIPS LUMILEDS LIGHTING               **THE INITIAL CASE**
     COMPANY, LLC,                           **MANAGEMENT CONFERENCE**
16
                Defendant.
17   ─────────────────────────────
18   PHILIPS LUMILEDS LIGHTING
     COMPANY, LLC,
19
                Counterclaim Plaintiff,
20
         v.
21
     EPISTAR CORPORATION,
22
                Counterclaim Defendant.
23
24
25
26
27
28

I.    INTRODUCTION

Epistar Corporation ("Epistar") opposes Philips Lumileds Lighting Company, LLC's ("Lumileds") Motion to Continue the Initial Case Management Conference ("CMC") because Lumileds has refused to provide the basis for its Motion to Stay that would enable Epistar or this Court to assess the merits of Lumileds' claim and justify delaying this case any further.

This is not an oversight by Lumileds.  For some reason, Lumileds has elected to keep the details and law for its Motion to Stay secret.  It declined to disclose them during several discussions between counsel concerning whether Epistar would agree to continue the initial CMC and has elected to withhold its memorandum even though it has already set aside a hearing date.  Based on this record, Epistar sees no reason for delaying the progress of the case.  Indeed, the disclosures and meetings of counsel triggered by the initial CMC will help Epistar and this Court in assessing whether there is any basis to stay the case.

The Court should deny the motion.

II.    ARGUMENT

A.    Lumileds Has Withheld the Basis For Its Motion To Stay

This Court should not postpone the February 12, 2008 initial CMC and/or set aside the scheduling deadlines set forth in the Case Management Scheduling Order For Reassigned Civil Case.  Declaration of Steven D. Hemminger ("Hemminger Decl."), ¶ 2, Exh. A.  Lumileds' primary reason for continuing the initial CMC is so that the Court could grant Lumileds' pending Motion to Stay, a motion that Lumileds has provided no basis for.  Lumileds' Brief at 2-3; Hemminger Decl., ¶ 3, Exh. B.  Without knowing the basis for Lumileds' motion so the merits can be assessed, there is no reason to delay this case.

The underlying issue, namely whether or not to stay the case, first arose a month ago.  On December 28, 2007, Lumileds first proposed staying the case to Epistar, "until completion of the appeal of the ITC case [between Epistar and Lumileds]."  Hemminger

Decl., ¶ 4. On January 4, 2008, Lumileds sent a follow-up email to counsel for Epistar reiterating its request for a stay and stating that since "the Unfair Competition case has been related to the earlier cases, we think they should all be stayed until completion of the appeal of the ITC case." *Id*., ¶ 5, Exh. C.

During a teleconference to discuss the matter on January 7th, Epistar explained that the present case should not be stayed unless there was some factual or legal basis to do so. Epistar made clear that the two cases, beyond having common parties, involved different legal claims and thus this action should not be affected by the ITC action. *Id*., ¶ 6. In response to comments concerning an overlap of discovery, Epistar explained that this was not a basis to stay since any discovery taken in the present case could be used in the other case. During the teleconference, Lumileds did not provide the basis for its motion to stay except to say that the Related Case Motion provided the basis for the motion. Epistar indicated that it did not understand how those arguments applied to a motion to stay and what the legal basis for the request was. The discussion concluded that, without more detail, Epistar could not agree.

In an e-mail communication on January 9th, Lumileds first asked Epistar to agree to postpone the initial CMC and reconsider staying the case restating that its reasons for a stay were already "sufficiently set forth in Lumileds' related case motion" and that it would be "efficient" to delay the initial CMC until the Court had an opportunity to consider and rule on Lumileds' Motion to Stay. *Id*., ¶ 7, Exh. D. On January 11, 2008, Epistar informed Lumileds that it did not understand how the arguments made in Lumileds' related case motion supported a request for a stay and that, unless Lumileds provided support for its motion to stay, Epistar saw no reason to continue the initial CMC. *Id*., ¶ 8, Exh. E. On January 18, 2008, Lumileds filed its Motion for Continuance and its Notice of Motion to Stay.

Setting aside the merits of the Motion to Stay, the question for the current motion is whether conducting the initial CMC will be beneficial or cause inefficiencies. As explained below, proceeding with the initial CMC will not only be helpful but will allow

3

1    this Court and the parties to efficiently manage the progress of this action and the other

2    action when the stay is lifted.

3    **B.    Having the Initial Case Management Conference As Scheduled Would
     Not Be a Waste of Judicial Resources**

4

5         Postponing the initial CMC any further would not conserve judicial resources, but

6    would only serve to delay the progress of this case and disrupt the schedule already set

7    forth by the Court.  Lumileds, without any explanation or elaboration, concludes that a

8    "brief" 6-week continuance of the initial CMC "will promote judicial economy and will

9    preserve party resources," without any explanation.  Lumileds' Brief at 2.  In reality,

10   while the hearing on Lumileds' motion is set to be heard in six weeks, the resetting of

11   the initial CMC will take another several weeks after the hearing and subsequent

12   decision.  Thus, the actual delay to the Court and the parties is approximately a

13   minimum of two or more months.  Furthermore, the Complaint was filed October 10,

14   2007 and served on November 1, 2007.  Among other things, Lumileds asked for and

15   was given a 30 day extension of time to answer.  Hemminger Decl., ¶ 9, Exh. F.  If

16   having the motion heard before the CMC was so important, there is no reason that

17   Lumileds could not have filed its motion to stay much earlier.

18        Lumileds' claim that the "parties will be required to expend considerable time and

19   effort" under the currently scheduled initial CMC is not supported by any facts.

20   Lumileds' Brief at 3.  The amount of effort in moving forward with the initial CMC is

21   not great.  The purpose of the initial CMC is the trigger for the parties to conduct initial

22   discussions regarding the scheduling, ADR, and discovery issues, as well as to establish

23   deadlines and to schedule dates for future hearings.  *See* Local Rule 16.1.  These

24   preliminary/organizational issues will not be affected by pending motions before the

25   Court and continuing the initial CMC would only create an unnecessary delay in the

26   parties exchanging information about the issues in this case and issues pertinent to the

27   yet to be filed Motion to Stay.

28

1  In this case, Epistar and Lumileds have already held preliminary discussions on

2  discovery issues in their Rule 26(f) meet and confer earlier this week, including

3  discovery request limitations, preparing a draft Joint Case Management Statement and

4  Initial Disclosures.  Hemminger Decl., ¶ 10.  Allowing the parties to hold further

5  discussions on discovery issues, exchange information through Initial Disclosures,

6  prepare a Joint Case Management Statement and remain on its current course toward the

7  scheduled initial CMC would facilitate mediation of the case.  The benefit from the

8  parties exchanging information and maintaining its current track certainly exceeds the

9  detriment of postponing the initial CMC for several months based on an unfiled motion.

10 **III.    CONCLUSION**

11      For the foregoing reasons, Plaintiff Epistar respectfully requests the Court to deny

12 Defendant's Motion to Continue the Initial Case Management Conference.

13

14 Dated:  January 24, 2008          AKIN GUMP STRAUSS HAUER & FELD LLP

15

16                              By:_____/s/_____
                                       Yitai Hu

17                              Attorneys for Plaintiff
                                EPISTAR CORPORATION

18

19

20      Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest

21 under penalty of perjury that concurrence in the filing of this document has been

22 obtained from Yitai Hu.

23

24 Dated:  January 24, 2008          _____/s/_____

25                                      Steven D. Hemminger

26                                      (SBN 110665)

27

28

5