YITAI HU (SBN 248085) yhu@akingump.com
STEVEN D. HEMMINGER (SBN 110665) shemminger@akingump.com
SEAN DEBRUINE (SBN 168071) sdebruine@akingump.com
SANG HUI MICHAEL KIM (SBN 203491) mkim@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA  94306
Telephone:    650.838.2000
Facsimile:    650.838.2001

Attorneys for Plaintiff
EPISTAR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPISTAR CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>PHILIPS LUMILEDS LIGHTING COMPANY, LLC,<br><br>        Defendant. | Case No. C 07-5194 CW<br><br>**DECLARATION OF STEVEN D. HEMMINGER IN SUPPORT OF EPISTAR CORPORATION'S OPPOSITION TO PHILIPS LUMILEDS LIGHTING COMPANY, LLC'S MOTION TO CONTINUE THE INITIAL CASE MANAGEMENT CONFERENCE** |
| PHILIPS LUMILEDS LIGHTING COMPANY, LLC,<br><br>        Counterclaim Plaintiff,<br><br>    v.<br><br>EPISTAR CORPORATION,<br><br>        Counterclaim Defendant. | |

I, Steven D. Hemminger, declare as follows:

1. I am a partner with the law firm of Akin Gump Strauss Hauer & Feld LLP, counsel to Plaintiff Epistar Corporation ("Epistar") in this action. I am a member in good standing of the State Bar of California and the bar of this Court. I have personal knowledge of the facts set forth in this declaration, except where otherwise stated, and could testify competently to such facts under oath if called as a witness.

2. The Court entered a Case Management Scheduling Order For Reassigned Civil Case on December 20, 2007. A true copy of the Case Management Scheduling Order For Reassigned Civil Case is attached as Exhibit A.

3. On January 22, 2008, Lumileds filed a Notice of Motion to Stay. A true copy of Lumileds' Notice of Motion for Motion to Stay is attached as Exhibit B.

4. On December 28, 2007, Andrew Wu, counsel for Lumileds, telephoned Epistar's counsel, Yitai Hu, and first proposed staying the case "until completion of the appeal of the ITC case [between Epistar and Lumileds]."

5. On January 4, 2008, Mr. Wu emailed Mr. Hu after the case had been reassigned stating, "now that the Unfair Competition case has been related to the earlier cases, we think they should all be stayed until completion of the appeal of the ITC case." A true copy of his January 4, 2008 email is attached as Exhibit C.

6. On January 7, 2008, during a teleconference with Mr. Wu, I explained that the present case should not be stayed unless there was some factual or legal basis to do so. Moreover, I stated that the two cases, beyond having common parties, involved different legal claims and thus this action should not be affected by the ITC action. In response to comments from Mr. Wu concerning an overlap of discovery, I explained that this was not a basis to stay since any discovery taken in the present case could be used in the other case. Mr. Wu did not provide the basis for Lumileds' Motion to Stay except to say that the Related Case Motion provided the basis for the motion. I indicated that I did not understand how those arguments applied to a motion to stay and what the legal

2

DECL. OF STEVEN D. HEMMINGER ISO EPISTAR CORP.'S OPPOSITION TO PHILIPS         Case No. C 07-5194 CW
LUMILEDS LIGHTING CO., LLC'S MOTION TO CONTINUE CMC

basis for the request was. The discussion concluded that, without more detail, Epistar could not agree to stay the action.

7. On January 9, 2008, Mr. Wu sent an email proposing for the first time to postpone the initial CMC and again reconsider staying the case. Mr. Wu stated that Lumileds' reasons for a stay were already "sufficiently set forth in Lumileds' related case motion" and that it would be "efficient" to delay the initial CMC until the Court had an opportunity to consider and rule on Lumileds' Motion to Stay. A true copy of the January 9, 2008 email is attached as Exhibit D.

8. On January 11, 2008, I responded to Mr. Wu and reiterated that I did not understand how the arguments made in Lumileds' related case motion supported a request for a stay and that unless Lumileds provided support for its motion to stay, Epistar saw no reason to continue the initial CMC. A true copy of the January 11, 2008 email is attached as Exhibit E.

9. At Lumileds' request, the parties stipulated to and the Court granted an extension of time for Lumileds to answer Epistar's Complaint. A true copy of the Joint Stipulation and Order Extending Deadline for Lumileds to Answer Complaint, dated November 26, 2007 is attached as Exhibit F.

10. I am informed that on January 23, 2008, Amy Spicer, Lumileds' counsel, telephoned Lenny Huang, counsel for Epistar, to meet and confer as required under Rules 26(f) of the Federal Rules of Civil Procedure. Counsel for both parties agreed to select mediation as the parties ADR option and discussed discovery issues including discovery request limitations, possible scheduling deadlines, and preparation of draft Joint Case Management Statements and Initial Disclosures.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 24th day of January, 2008, at Palo Alto, California.

/s/
Steven D. Hemminger