MORGAN, LEWIS & BOCKIUS LLP
Michael J. Lyons (State Bar No. 202284)
Andrew J. Wu (State Bar No. 214442)
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: 650.843.4000
Fax: 650.843.4001
mlyons@morganlewis.com
awu@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Daniel Johnson, Jr. (State Bar No. 57409)
Amy M. Spicer (State Bar No. 188399)
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
djjohnson@morganlewis.com
aspicer@morganlewis.com

Attorneys for Defendant and Counterclaimant
PHILIPS LUMILEDS LIGHTING COMPANY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPISTAR CORPORATION,<br><br>               Plaintiff,<br><br>    vs.<br><br>PHILIPS LUMILEDS LIGHTING COMPANY, LLC,<br><br>               Defendant.<br><hr>AND RELATED COUNTERCLAIMS | Case No. C 07-5194 CW<br><br>**PHILIPS LUMILEDS LIGHTING COMPANY'S NOTICE OF MOTION AND MOTION FOR STAY**<br><br>MOTION UNDER SUBMISSION PURSUANT TO COURT ORDER DATED JANUARY 29, 2008 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7628033.3

LUMILEDS' MOTION TO STAY
CASE NO. C 07-5194 CW

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
|  | A. Previous Litigation Between Lumileds and UEC | 2 |
|  | B. Previous Litigation Between Lumileds and Epistar | 3 |
|  | C. ITC Proceedings and Currently Stayed Related District Court Proceedings | 3 |
| III. | ARGUMENT | 5 |
|  | A. Staying This Action Will Streamline the Issues and Coordinate the Parallel Cases | 6 |
|  | B. Staying This Action Will Not Prejudice Epistar | 8 |
|  | C. Lumileds Will Suffer Hardship If Required to Go Forward | 9 |
| IV. | CONCLUSION | 9 |

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Clinton v. Jones*
  520 U.S. 681 (1997) ............................................................................................................. 5

*In re Princo Corp.*
  486 F.3d 1365 (Fed. Cir. 2007) ........................................................................................... 7

*Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*
  342 U.S. 180 (1952) ............................................................................................................. 5

*Landis v. North American Co.*
  299 U.S. 248 (1936) ........................................................................................................ 5, 8

*Leyva v. Certified Growers of Cal., Ltd.*
  593 F.2d 857 (9th Cir. 1979) ............................................................................................... 5

*Telectronics Proprietary, Ltd. v. Medtronic, Inc.*
  687 F. Supp. 832 (S.D.N.Y. 1988) ...................................................................................... 8

*Union Mfg. Co. v. Han Baek Trading Co.*
  763 F.2d 42 (2d. Cir. 1985) ................................................................................................. 8

**Statutes**

28 U.S.C. § 1659 .................................................................................................................... 4, 7

**Other Authorities**

Civil Local Rule 3-12(a) ............................................................................................................ 7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7628033.3            ii            LUMILEDS' MOTION TO STAY
                                        CASE NO. C 07-5194 CW

Philips Lumileds Lighting Company, LLC ("Lumileds") hereby moves the Court for an order staying all proceedings in this action pending the final resolution of a related investigation before the United States International Trade Commission, titled *In the Matter of Certain High-Brightness Light Emitting Diodes and Products Containing Same*, Inv. No. 337-TA-556, currently on appeal to the U.S. Court of Appeals to the Federal Circuit ("Federal Circuit"), Case No. 2007-1457.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

This case is the most recent in a long history of litigation between these parties. Indeed, this Court, as it may recall, has presided over several of Lumileds' previous efforts to protect its patent rights from infringement by Epistar Corporation and United Epitaxy Company ("UEC"). At the time of these previous suits, Epistar and UEC were independent companies. On December 30, 2005, however, Epistar and UEC merged into one company, now doing business as Epistar.

Of particular significance here, two of the previous suits settled and resulted in Epistar and UEC individually obtaining limited licenses to certain of Lumileds' patents, including U.S. Patent No. 5,008,718 (the "'718 patent"). One other case – *Lumileds Lighting U.S., LLC v. Epistar Corp. & United Epitaxy Co., Ltd.*, Case No. 05-4521 CW (the "Lumileds/Epistar 2005 Litigation") – is currently stayed pending the final resolution of a companion investigation instituted by the United States International Trade Commission ("ITC"), titled *In the Matter of Certain High-Brightness Light Emitting Diodes and Products Containing Same*, Inv. No. 337-TA-556. On December 17, 2007, this Court determined that the present case is related to the stayed Lumileds/Epistar 2005 Litigation in view of the overlapping factual and legal issues.

Lumileds now requests that the Court stay the entirety of the proceedings in this case, in conjunction with the related Lumileds/Epistar 2005 Litigation, until final resolution of the ITC proceedings. The requested stay is for a determinate period of time – the ITC has entered its final determinations, and Epistar's appeal to the United States Court of Appeals for the Federal Circuit is almost completely briefed and will probably be argued by summer. In addition, a stay of this litigation until the resolution of the ITC proceedings will streamline and coordinate the two

intertwined cases pending before this Court, thereby promoting judicial economy and the efficient disposition of this litigation between the parties.

## II. STATEMENT OF FACTS

Lumileds is the owner and assignee of U.S. Patent No. 5,008,718 (the "'718 patent"), entitled "Light-Emitting Diode with an Electrically Conductive Window," which issued April 16, 1991. The '718 patent is the foundational patent that made possible today's commercial light-emitting diodes or "LEDs" in the red, orange, and amber color ranges. Epistar (and the former UEC) is a company involved in the manufacture and fabrication of electronic chips and materials used for making electronic components.

### A. Previous Litigation Between Lumileds and UEC

In September 1999, UEC filed suit against Lumileds[1] seeking, among other things, a declaratory judgment that UEC's products did not infringe Lumileds' '718 patent and that the '718 patent was invalid. Lumileds countersued for patent infringement of the '718 patent. *See United Epitaxy Co., Ltd. v. Hewlett-Packard Co., et al.*, Case No. C 00-2518 CW. In May 2001, this Court issued a *Markman* order that largely adopted Lumileds' proposed construction of the disputed claim terms. (*Id.*, Docket No. 310.) Based on the Court's claim construction, the Court granted Lumileds' motion for summary judgment that the '718 patent claims were not anticipated, indefinite, or unenforceable. (*Id.*, Docket No. 340.) At the same time, the Court denied UEC's cross-motion for summary judgment of non-infringement, obviousness, inequitable conduct, and misjoinder of an inventor. (*Id.*) In August 2001, UEC and Lumileds settled the litigation and entered into three separate agreements: a Settlement Agreement and Mutual Release (the "UEC/Lumileds Settlement Agreement"), a Patent License Agreement (the "UEC/Lumileds Patent License Agreement"), and a Stipulated Consent Judgment. (*Id.*, Docket No. 441.) Pursuant to the UEC/Lumileds Patent License Agreement, UEC was given a license to practice the '718 patent limited to the field of absorbing-substrate LED products. This very Court entered the Stipulated Consent Judgment and dismissed the UEC/Lumileds action.

---

[1] Lumileds was originally a division of Hewlett-Packard Company, but was spun off as a joint venture between Philips and Agilent, and is now a subsidiary of Philips Lighting based in San Jose, California.

### B. Previous Litigation Between Lumileds and Epistar

On October 18, 2002, Lumileds filed suit against Citizen Electronics Co. and Cecol, Inc. alleging infringement of the '718 patent as a result of their use of infringing Epistar products. Before either party responded to the complaint, Epistar moved to intervene for the purposes of staying or transferring the case. In response, Lumileds amended its complaint to add Epistar as a defendant and to add allegations of infringement of the '718 patent against Epistar. *See Lumileds Lighting U.S., LLC v. Citizen Electronics Co., Ltd., et al.*, Case No. C 02-5077 CW.

On January 6, 2003, Epistar filed suit against Lumileds in the United States District Court for the Central District of California seeking a declaratory judgment that Epistar's products did not infringe the '718 patent and that the '718 patent was invalid. The Central District transferred the case to the Northern District, at which point this Court related it to both the earlier UEC/Lumileds action and the earlier Lumileds/Epistar action, and consolidated the two Lumileds/Epistar actions. *See Epistar Corp. v. Lumileds Lighting U.S., LLC*, Case No. C 03-1130 CW (N.D. Cal. transferred from C.D. Cal. March 17, 2003). In 2004, the parties settled the litigation and entered into a Settlement Agreement (the "Epistar/Lumileds Settlement Agreement"). Under the terms of the Agreement, Epistar was given a license under the '718 patent to make, use, sell, and import absorbing-substrate LED products and a covenant not to sue regarding one specific LED product, as defined in the Agreement.

Notwithstanding Lumileds' good faith effort to resolve the parties' disputes, both Epistar and UEC began making and selling infringing products that were not covered under their respective licenses.

### C. ITC Proceedings and Currently Stayed Related District Court Proceedings

On November 4, 2005, Lumileds filed a complaint before the ITC alleging, among other things, that UEC and Epistar were violating section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, by importing, selling for importation, and selling within the United States after importation products that infringe Lumileds' patents, including the '718 patent. *See In the Matter of Certain High-Brightness Light Emitting Diodes and Products Containing Same*, Inv. No. 337-TA-556. Lumileds additionally filed a related patent infringement suit against UEC and Epistar

in this Court – the Lumileds/Epistar 2005 Litigation. *See Lumileds Lighting U.S., LLC v. Epistar Corp. & United Epitaxy Co., Ltd.*, Case No. 05-4521 CW (filed Nov. 4, 2005). UEC and Epistar moved to stay the district court action pending the outcome of the ITC investigation, pursuant to 28 U.S.C. § 1659.[2] (*Id.*, Docket No. 24.) The Honorable Ronald M. Whyte of this Court granted the motion and the case remains stayed to this day. (*Id.*, Docket No. 31.)

On December 8, 2005, the ITC issued a Notice of Investigation formally instituting Investigation No. 337-TA-556, and naming Epistar and UEC as respondents.[3] *See* 70 Fed. Reg. 73026 (Dec. 8, 2005). During the ITC proceedings, Lumileds moved for partial summary determination to dismiss Epistar's affirmative defense that the asserted claims of the '718 patent are invalid. Lumileds' motion included the following three arguments (among others): (1) the UEC/Lumileds Patent Settlement Agreement resolving the UEC/Lumileds district court litigation prohibited UEC from challenging the validity or enforceability of the '718 patent in any other future litigation with Lumileds, including the ITC investigation; (2) UEC stipulated to the validity and enforceability of the '718 patent as part of this Court's Stipulated Consent Judgment, which has *res judicata* and issue- and claim-preclusive effect in the ITC investigation and any other litigation between the parties; and (3) Epistar, by virtue of its merger with UEC and unequivocal assumption of these agreements, is likewise precluded from raising an invalidity defense to the '718 patent. In making his determination, Administrative Law Judge Sidney Harris invested substantial time examining the settlement agreements and the Epistar-UEC merger agreement, along with declarations from the parties' experts in Taiwanese law, which governs the effects of the Epistar-UEC merger. In the end, ALJ Harris granted Lumileds' motion in full and concluded that the merged company, Epistar, was bound by the UEC/Lumileds Agreements (ITC Order No. 14). (Declaration of Andrew J. Wu ("Wu Decl.") ¶¶ 4 & 8, Exhs. B at 8 & F at 14-15.) The

---

[2] Upon the request of any party to a civil action who is also a respondent in an ITC investigation, the Court "shall stay, until determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission." 28 U.S.C. § 1659.

[3] Lumileds subsequently amended its ITC complaint to reflect the December 30, 2005 merger of UEC and Epistar into one company, owned and controlled by Epistar. The ITC likewise amended its Notice of Investigation.

1  Commission subsequently declined to review the ALJ's order and thereby adopted it in full. (Wu
2  Decl. ¶ 7, Exh. E.)

3  In May 2007, the ITC issued a final determination in favor of Lumileds, finding, among
4  other things, that Epistar assumed the UEC/Lumileds Patent License Agreement through its
5  merger with UEC, and that Epistar's products infringe the '718 patent. (Wu Decl. ¶ 4, Exh. B at
6  8, 22-23.) The ITC further issued an exclusion order barring importation of the infringing
7  products as well as certain downstream products. (Wu Decl. ¶¶ 5 & 6, Exhs. C & D.) *See also* 72
8  Fed. Reg. 38101 (July 12, 2007).

9  Epistar is currently appealing the ITC's final judgments entered against it. *See Epistar*
10  *Corp. v. ITC*, Case No. 2007-1457 (Fed. Cir.).

11  **III.   ARGUMENT**

12  District courts have broad inherent authority to stay proceedings before them. This
13  authority stems from their power to control their own docket and to resolve cases with economy
14  of time and effort for themselves and for the litigants. *Clinton v. Jones*, 520 U.S. 681, 706-07
15  (1997). The power to stay proceedings permits district courts to avoid piecemeal, duplicative
16  litigation, and potentially conflicting results. *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*,
17  342 U.S. 180 (1952). To further this important goal, the court's authority to stay "applies
18  whether the separate proceedings are judicial, administrative, or arbitral in character." *Leyva v.*
19  *Certified Growers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). Moreover, a court may
20  grant a motion to stay even in the absence of "issues in such proceedings [that] are necessarily
21  controlling of the action before the court." *Id.*

22  In exercising its discretion to grant a stay, this Court should consider (1) the orderly
23  course of justice measured in terms of the simplifying or complicating issues, proof, and
24  questions of law which could be expected to result from a stay, (2) possible damage which may
25  result from the granting of a stay, and (3) the hardship or inequity that a party may suffer in being
26  forced to go forward. *Landis v. North American Co.*, 299 U.S. 248, 255-56 (1936). Applying
27  these criteria, a stay of the present litigation is plainly warranted.

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

1-SF/7628033.3                        5                         LUMILEDS' MOTION TO STAY
                                                                CASE NO. C 07-5194 CW

### A. Staying This Action Will Streamline the Issues and Coordinate the Parallel Cases

A stay of this litigation until the resolution of the ITC proceedings will promote judicial economy and the efficient disposition of the two related cases pending before this Court. There is significant overlap between the latest complaint filed by Epistar, the currently stayed Lumileds/Epistar 2005 Litigation, and the on-going ITC proceedings. Epistar cannot credibly argue that the three proceedings are not alike in subject matter, their claims, or defenses.

Among the causes of action asserted by Lumileds in its 2005 Complaint is Epistar's infringement of Lumileds' '718 patent. This claim is substantially intertwined with at least two of the claims in Epistar's current complaint. Epistar's second cause of action in the newly-filed complaint alleges that Lumileds breached the Epistar/Lumileds Settlement Agreement (specifically, the covenant not to sue) by filing the patent infringement complaints before the ITC and this Court in the Lumileds/Epistar 2005 Litigation. (Complaint ¶¶ 21-28.) Epistar's fifth cause of action in the new complaint asks this Court to declare the UEC/Lumileds Patent License Agreement null and void as a result of the UEC-Epistar merger and therefore declare that Epistar is not obligated to pay royalties for its products covered by the '718 patent. (Complaint ¶¶ 42-46.) Both of these claims overlap with Epistar's defenses in the Lumileds/Epistar 2005 Litigation. In particular, Epistar's breach of contract claim overlaps entirely with the covenant-not-to-sue defense Epistar will raise in response to Lumileds' claim of infringement in the Lumileds/Epistar 2005 Litigation.

Indeed, as detailed above, Epistar previously asserted its breach of contract claim as a covenant-not-to-sue defense during the ITC proceedings. Epistar's declaratory judgment claim hinges on whether Epistar assumed the obligations of the Lumileds-UEC agreements – an issue that the Federal Circuit will be addressing in connection with its determination of whether Epistar is precluded from challenging the validity of the '718 patent. That issue was resolved in Lumileds' favor when the ITC granted Lumileds' motion for summary judgment, and will arise during the Lumileds/Epistar 2005 Litigation. In fact, during the ITC proceedings, Epistar *conceded* that it was bound by the UEC/Lumileds Patent License Agreement, but took the

position that the Agreement only applied to those products previously made and sold by the former UEC. (Wu Decl. ¶ 8, Exh. F at 26-27.) That issue is one of the subjects of Epistar's appeal to the Federal Circuit, and will be dramatically impacted by the Federal Circuit's ruling on the appeal. (*Id.*) In any event, it is undeniable that there is significant overlap between Epistar's current claims and the issues and defenses that will arise when the stay is lifted in the Lumileds/Epistar 2005 Litigation.

Epistar's remaining three causes of action all stem from essentially the same allegation – that Lumileds allegedly misrepresented the ITC's findings on infringement. These statements are necessarily intertwined with the on-going ITC proceedings. Epistar has appealed the ITC's infringement findings to the Federal Circuit; thus, the scope of the remedy is also before the Federal Circuit. As such, there is a strong correlation among the issues involved in the concurrent cases. A stay of this entire case is therefore appropriate until the ITC's judgment and exclusion order becomes final.

Lumileds' requested stay makes good sense practically and is entirely reasonable, in part because it is limited in duration. Both the requested stay of this latest piece of litigation between the parties and the stayed previously granted in the Lumileds/Epistar 2005 Litigation are for a finite and determinate period of time. The ITC issued its final determination in May 2007, and Epistar filed its notice of appeal to the Federal Circuit in July 2007. Epistar has already filed its principal brief, and the ITC and Lumileds have filed their respective opposition briefs. All that remains to be filed are Epistar's reply brief (due February 11) and the appendix (due one week thereafter), followed by oral argument and the Federal Circuit's decision. Once the Federal Circuit rules and the ITC's determination becomes final, the statutory stay in the Lumileds/Epistar 2005 Litigation will be lifted. *See* 28 U.S.C. § 1659; *In re Princo Corp.*, 486 F.3d 1365 (Fed. Cir. 2007). The two related cases before this Court – the 2005 Litigation and the current 2007 Litigation – will then be in a similar posture, essentially at the inception of litigation, and will be ripe for the Court to coordinate their overlapping legal and factual issues.[4]

---

[4] The Court's prior determination that the two cases are related, as defined by the Civil Local Rules, strongly supports Lumileds' arguments in favor of staying the case. Civil Local Rule 3-12(a) defines related cases as: actions that "concern substantially the same parties, property,

1    Efficient resolution of the parties' intertwined disputes and the avoidance of needless

2 duplicative litigation counsels toward granting a stay.  The claims in Epistar's new complaint

3 should proceed in conjunction with, and at the same time as, the claims in the Lumileds/Epistar

4 2005 Litigation.  This first factor weighs in favor of staying these proceedings alongside the

5 Lumileds/Epistar 2005 Litigation while the parties focus on concluding the ITC proceedings.

6    **B.    Staying This Action Will Not Prejudice Epistar**

7    Because *Epistar* moved to stay the Lumileds/Epistar 2005 Litigation in its entirety shortly

8 after Lumileds filed its complaint, Epistar cannot be heard to complain now that it will suffer

9 prejudice if this substantially-related companion case is likewise stayed.  Similarly, because

10 Epistar voluntarily abandoned its breach of contract claim during the trial in the ITC, it cannot

11 demonstrate any substantive harm that will result if that claim is stayed while the ITC

12 proceedings are completed.

13    Moreover, because the parties are actively litigating related issues before the ITC and now

14 the Federal Circuit, Epistar will not be unduly prejudiced by a stay of this action.  Indeed, at least

15 some of the issues in Epistar's current complaint have already been resolved by the ITC in that

16 pending litigation.  For example, as discussed above, Epistar's new complaint seeks a declaration

17 that Epistar is not obligated to pay royalties under the UEC/Lumileds Patent License Agreement

18 because, according to Epistar's Complaint, "Epistar did not acquire the UEC/Lumileds Patent

19 License rights and obligations."  (Complaint ¶¶ 13, 45.)  The ITC has already expressly ruled that

20 Epistar *is* bound by the UEC/Lumileds Agreements by virtue of the express language in the UEC-

21 Epistar merger agreement.  (Wu Decl. ¶¶ 4 & 8, Exhs. B at 8 & F at 14-15.)  Since that issue is

22 the subject of Epistar's appeal, there is no reason to litigate it here again concurrently with the

23 appeal.

24    These decisions rendered by the ITC are entitled to *res judicata* effect in this proceeding.

25 *See Union Mfg. Co. v. Han Baek Trading Co.*, 763 F.2d 42, 45-46 (2d. Cir. 1985); *see also*

26 *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 687 F. Supp. 832, 846 (S.D.N.Y. 1988).  Of

---

27 transaction or event" where "it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."
28 These factors closely resemble the *Landis* elements.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7628033.3                                8                         LUMILEDS' MOTION TO STAY
                                                                        CASE NO. C 07-5194 CW

1  greater import to this motion, the prior resolution of these claims negates any assertion of

2  prejudice by Epistar arising from a delay in the current litigation.

3      The absence of any resulting harm to Epistar weighs in favor of granting a stay.

4      **C.**     **Lumileds Will Suffer Hardship If Required to Go Forward**

5      Conversely, Lumileds will suffer hardship if this action is allowed to proceed because it

6  will be forced to litigate overlapping issues in two separate actions before different forums at the

7  same time. In addition, if this action is not stayed alongside the Lumileds/Epistar 2005 Litigation

8  Lumileds will be forced to litigate many of the same issues twice. During the ITC proceedings,

9  Epistar provided a preview of its defense to Lumileds' patent infringement claim in the

10 Lumileds/Epistar 2005 Litigation – an attempted shell game of the various patent license and

11 settlement agreements. These are the very agreements and claims Epistar now affirmatively

12 asserts in its current complaint. A stay will promote an efficient resolution of all claims regarding

13 Epistar's infringement of the '718 patent and its purported defenses thereto. Moreover, it will

14 avoid duplicative litigation that would unduly burden the Court and the parties.

15     This third factor, therefore, also weighs in favor of granting a stay.

16 **IV.**     **CONCLUSION**

17     For the foregoing reasons, Lumileds respectfully requests that the Court grant its motion

18 to stay this litigation pending the resolution of the related ITC proceedings and that all deadlines

19 currently in effect be suspended until the conclusion of those proceedings.

20

21 Dated: January 31, 2008                                         MORGAN, LEWIS & BOCKIUS LLP

22                                                                By:   /s/ Michael J. Lyons
                                                                      Michael J. Lyons

23                                                                       Attorneys for Defendant and
                                                                      Counterclaimant

24                                                                       PHILIPS LUMILEDS LIGHTING
                                                                      COMPANY, LLC

25

26

27

28

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Amy M. Spicer, am the ECF user whose ID and password are being used to file Philips Lumileds Lighting Company's Motion to Stay.  In compliance with General Order 45.X.B., I declare under the penalty of perjury under the laws of the United States of America that Michael J. Lyons has concurred in this filing.

Executed this 31st day of January 2008, at San Francisco, California.

        /s/ Amy M. Spicer        .
           Amy M. Spicer

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7628033.3

10

LUMILEDS' MOTION TO STAY
CASE NO. C 07-5194 CW