CHAIRMAN



# UNITED STATES INTERNATIONAL TRADE COMMISSION

Washington, D.C. 20436

May 9, 2007

The President
The White House
Washington, DC 20500

Dear Mr. President:

On May 9, 2007, the United States International Trade Commission issued a limited exclusion order, pursuant to section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337), in USITC Investigation No. 337-TA-556, *Certain High-Brightness Light Emitting Diodes and Products Containing Same.*

The limited exclusion order prohibits importation into the United States of LEDs, packaged LEDs, and boards primarily consisting of arrays of such packaged LEDs (collectively "LED products") covered by U.S. Patent No. 5,008,718, that are manufactured abroad or imported by, or on behalf of, Epistar Corporation of Hsinchu, Taiwan, or any of its affiliated companies, parents, subsidiaries, or other related business entities, or their successors or assigns.

The Commission concluded that the statutory public interest factors enumerated in subsection (d)(1) of section 337 of the Tariff Act of 1930, as amended, (19 U.S.C. § 1337(d)(1)) do not preclude the issuance of this remedy. The Commission also determined that the excluded LED products may be imported and sold in the United States during the period of Presidential review under a bond in the amount of 100 percent of the entered value of such LED products.

Page 2 - The President.

In accordance with subsection (j) of section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337(j)) and the July 21, 2005, Memorandum for the United States Trade Representative (70 *Fed. Reg.* 43251), I am transmitting to you and to the United States Trade Representative copies of the Commission's order and opinion and the record upon which it based its determinations.

Sincerely,

Daniel R. Pearson

Enclosures

w/o confidential enclosures
ms

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C. 20436

In the Matter of

CERTAIN HIGH-BRIGHTNESS LIGHT
EMITTING DIODES AND PRODUCTS
CONTAINING SAME

Investigation No. 337-TA-556

NOTICE OF COMMISSION DECISION TO REVERSE-IN-PART AND MODIFY-IN-PART A FINAL INITIAL DETERMINATION FINDING A VIOLATION OF SECTION 337; ISSUANCE OF A LIMITED EXCLUSION ORDER; AND TERMINATION OF THE INVESTIGATION

**AGENCY:** U.S. International Trade Commission.

**ACTION:** Notice.

**SUMMARY:** Notice is hereby given that the U.S. International Trade Commission has determined to reverse-in-part and modify-in-part a final initial determination ("ID") of the presiding administrative law judge ("ALJ") finding a violation of section 337 by the respondent's products in the above-captioned investigation, and has issued a limited exclusion order directed against products of respondent Epistar Corporation ("Epistar") of Hsinchu, Taiwan.

**FOR FURTHER INFORMATION CONTACT:** Clint Gerdine, Esq., Office of the General Counsel, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone (202) 708-5468. Copies of non-confidential documents filed in connection with this investigation are or will be available for inspection during official business hours (8:45 a.m. to 5:15 p.m.) in the Office of the Secretary, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone (202) 205-2000. General information concerning the Commission may also be obtained by accessing its Internet server at *http://www.usitc.gov*. The public record for this investigation may be viewed on the Commission's electronic docket (EDIS) at *http://edis.usitc.gov*. Hearing-impaired persons are advised that information on this matter can be obtained by contacting the Commission's TDD terminal on (202) 205-1810.

**SUPPLEMENTARY INFORMATION:** The Commission instituted this investigation on December 8, 2005, based on a complaint filed by Lumileds Lighting U.S., LLC ("Lumileds") of San Jose, California. 70 *Fed. Reg.* 73026. The complaint, as amended and supplemented, alleges violations of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, in the importation into the United States, the sale for importation, and the sale within the United States after importation of certain high-brightness light emitting diodes ("LEDs") and products

containing same by reason of infringement of claims 1 and 6 of U.S. Patent No. 5,008,718 ("the '718 patent"); claims 1-3, 8-9, 16, 18, and 23-28 of U.S. Patent No. 5,376,580 ("the '580 patent"); and claims 12-16 of U.S. Patent No. 5,502,316 ("the '316 patent"). The complaint further alleges the existence of a domestic industry. The Commission's notice of investigation named Epistar, and United Epitaxy Company ("UEC") of Hsinchu, Taiwan as respondents.

On April 28, 2006, Lumileds moved to amend the complaint to: 1) remove UEC as a named respondent, 2) change the complainant's full name from Lumileds Lighting U.S., LLC to Philips Lumileds Lighting Company LLC ("Philips"), and 3) identify additional Epistar LEDs alleged to infringe one or more patents-in-suit. Neither respondent opposed the motion.

On May 15, 2006, the Commission determined not to review an ID (Order No. 14) granting the complainant's motion for partial summary determination to dismiss Epistar's affirmative defense that the '718 claims are invalid.

On August 2, 2006, the still pending motion to amend the complaint was discussed with the parties during the prehearing conference, and the evidentiary hearing was held from August 2-11, 2006. On October 23, 2006, the ALJ issued an ID (Order No. 29) granting Lumileds' motion to amend the complaint, and further ordering that the Notice of Investigation be amended to identify Philips as the complainant and to remove UEC as a named respondent. On November 13, 2006, the Commission published its notice that it had determined not to review Order No. 29. 71 *Fed. Reg.* 66195.

On December 13, 2006, the Commission determined not to review an ID (Order No. 31) extending the target date for this investigation to May 8, 2007, and the deadline for the ALJ's final initial determination to January 8, 2007.

On January 8 and 11, 2007, the ALJ issued his final ID and recommended determinations on remedy and bonding, respectively. The ALJ found a violation of section 337 based on his findings that the respondent's accused products infringe one or more of the asserted claims of the patents at issue. On January 22, 2007, the complainant and the respondent each filed a petition for review of the final ID. On January 29, 2007, all parties, including the Commission investigative attorney, filed responses to the petitions for review.

On February 22, 2007, the Commission determined to review-in-part the ID. Particularly, the Commission determined to review claim construction of the terms "substrate" and "semiconductor substrate" in claims 1 and 6 of the '718 patent, and claim construction of the term "wafer bonding" in claims 1-3, 8-9, 16, 18, 23-25, 27 and 28 of the '580 patent and claims 12-14 and 16 of the '316 patent. With respect to violation, the Commission requested written submissions from the parties relating to the following issue: the ALJ's addition of the limitation "must also be a material that provides adequate mechanical support for the LED device" to the construction of the term "substrate," and the implications of this addition for the infringement analysis. Further, the Commission requested written submissions on the issues of remedy, the public interest, and bonding.

On March 5 and March 12, 2007, respectively, the complainant Philips, the respondent Epistar, and the IA filed briefs and reply briefs on the issues for which the Commission requested written submissions.

Having reviewed the record in this investigation, including the ID and the parties' written submissions, the Commission has determined to reverse-in-part and modify-in-part the ID. Particularly, the Commission has modified the ALJ's claim construction of the term "substrate" in claims 1 and 6 of the '718 patent to be "the supporting material in an LED upon which the other layers of an LED are grown or to which those layers are attached" and includes the case in which the supporting material functioning as the substrate is grown on top of, or attached to, the other layers. Also, the Commission has modified the ALJ's claim construction of the term "semiconductor substrate" to be the above-mentioned "substrate" construction where additionally, "at least one layer of the supporting material functioning as the substrate includes a non-metallic solid that conducts electricity by virtue of excitation of electrons across an energy gap, or by introduced materials, such as dopants, that provide conduction electrons." Further, the Commission has reversed the ALJ's ruling of non-infringement of the '718 patent by GB I, GB II, OMA I, and OMA II LEDs and determined that those products infringe claims 1 and 6 under the ALJ's original claim construction of "substrate" and the modified construction of "semiconductor substrate".

Also, the Commission has modified the ALJ's claim construction of "wafer bonding" in claims 1-3, 8-9, 16, 18, 23-25, 27 and 28 of the '580 patent and claims 12-14 and 16 of the '316 patent. Particularly, the Commission has modified the claim construction of this term to be "the bringing of two wafer surfaces into physical contact such that a mechanically robust, largely optically transparent bond forms between them, but does not include Van der Waals bonding." This modification does not affect the ID's finding of non-infringement of the '316 and '580 patent claims.

Further, the Commission has made its determination on the issues of remedy, the public interest, and bonding. The Commission has determined that the appropriate form of relief is a limited exclusion order prohibiting the unlicensed entry of LEDs that infringe claims 1 or 6 of the '718 patent that are manufactured by or on behalf of Epistar, its affiliated companies, parents, subsidiaries, licensees, contractors, or other related business entities, or successors or assigns. The Commission has also determined to prohibit the unlicensed entry of packaged LEDs containing the infringing LEDs and boards primarily consisting of arrays of such packaged LEDs.

The Commission further determined that the public interest factors enumerated in section 337(d)(1) (19 U.S.C. § 1337(d)(1)) do not preclude issuance of the limited exclusion order. Finally, the Commission determined that the amount of bond to permit temporary importation during the period of Presidential review (19 U.S.C. § 1337(j)) shall be in the amount of 100 percent of the value of the LEDs or board containing the same that are subject to the order. The

3

Commission's order and opinion was delivered to the President and to the United States Trade Representative on the day of its issuance.

The authority for the Commission's determination is contained in section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337), and in sections 210.42, 210.45, and 210.50 of the Commission's Rules of Practice and Procedure (19 C.F.R. §§ 210.42, 210.45, 210.50).

By order of the Commission.

Marilyn R. Abbott
Secretary to the Commission

Issued: May 9, 2007

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C. 20436

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN HIGH-BRIGHTNESS LIGHT EMITTING DIODES AND PRODUCTS CONTAINING SAME** | Investigation No. 337-TA-556 |

## LIMITED EXCLUSION ORDER

The Commission has determined that there is a violation of section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337) in the unlawful importation, sale for importation, and sale after importation by Epistar Co., Ltd. ("Epistar") of high-brightness light emitting diodes that infringe claims 1 and 6 of U.S. Patent No. 5,008,718.

Having reviewed the record in this investigation, including the written submissions of the parties, the Commission has made its determination on the issues of remedy, the public interest, and bonding. The Commission has determined that the appropriate form of relief is a limited exclusion order prohibiting the unlicensed entry of covered high-brightness light emitting diodes manufactured by or on behalf of Epistar, packaged LEDs containing the infringing high-brightness light emitting diodes, and boards primarily consisting of arrays of such packaged LEDs.

The Commission has determined that the public interest factors enumerated in 19 U.S.C. § 1337(d) do not preclude issuance of the limited exclusion order and that the

bond during the Presidential review period shall be in the amount of 100% of the entered value of each LED whether imported singly, packaged, or as part of a board.

Accordingly, the Commission hereby ORDERS that:

1. High-brightness light emitting diodes that are covered by one or more of claims 1 and 6 of U.S. Patent No. 5,008,718 and are manufactured abroad or imported by or on behalf of Epistar or any of its affiliated companies, parents, subsidiaries, contractors, or other related business entities, or their successors or assigns, including packaged LEDs containing the infringing LEDs and boards primarily consisting of arrays of such packaged LEDs, are excluded from entry for consumption into the United States, entry for consumption from a foreign-trade zone, or withdrawal from a warehouse for consumption, for the remaining term of the patent except under license of the patent owner as provided by law.

2. High-brightness light emitting diodes, including those incorporated into packaged LEDs, and boards primarily consisting of arrays of such packaged LEDs, described in paragraph 1 of this Order are entitled to entry for consumption into the United States, entry for consumption from a foreign-trade zone, or withdrawal from a warehouse for consumption, under bond in the amount of one hundred (100) percent of entered value for covered high-brightness light emitting diodes imported separately, in packages, or within boards, pursuant to subsection (j) of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337(j), and the Presidential Memorandum for the United States Trade Representative of July 21, 2005 (70 *Fed. Reg.* 43251), from the day after this

Order is received by the United States Trade Representative until such time as she notifies the Commission that she approves or disapproves this action but, in any event, not later than sixty (60) days after the date of receipt of this action.

3. At the discretion of U.S. Customs and Border Protection ("CBP") and pursuant to procedures it establishes, persons seeking to import high-brightness light emitting diodes, packaged LEDs or boards primarily consisting of arrays of such packaged LEDs that are potentially subject to this Order may be required to certify that they are familiar with the terms of this Order, that they have made appropriate inquiry, and thereupon state that, to the best of their knowledge and belief, the products being imported are not excluded from entry under paragraph 1 of this Order. At its discretion, CBP may require persons who have provided the certification described in this paragraph to furnish such records or analyses as are necessary to substantiate the certification.

4. In accordance with 19 U.S.C. § 1337(l), the provisions of this Order shall not apply to high-brightness light emitting diodes, packaged LEDs and boards primarily consisting of arrays of such packaged LEDs that are imported by and for the use of the United States, or imported for, and to be used for, the United States with the authorization or consent of the Government.

5. The Commission may modify this Order in accordance with the procedures described in Rule 210.76 of the Commission's Rules of Practice and Procedure, 19 C.F.R. § 210.76.

6. The Secretary shall serve copies of this Order upon each party of record in this investigation and upon the Department of Health and Human Services, the Department of Justice, the Federal Trade Commission, and Customs and Border Protection.

7. Notice of this Order shall be published in the *Federal Register*.

By Order of the Commission.

Marilyn R. Abbott
Secretary to the Commission

Issued: May 9, 2007

4