YITAI HU (SBN 248085) yhu@akingump.com
STEVEN D. HEMMINGER (SBN 110665) shemminger@akingump.com
SEAN DEBRUINE (SBN 168071) sdebruine@akingump.com
SANG HUI MICHAEL KIM (SBN 203491) mkim@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: 650.838.2000
Facsimile: 650.838.2001

Attorneys for Plaintiff
EPISTAR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPISTAR CORPORATION,<br><br>       Plaintiff,<br><br>  v.<br><br>PHILIPS LUMILEDS LIGHTING COMPANY, LLC,<br><br>       Defendant. | Case No. C 07-5194 CW<br><br>**EPISTAR CORPORATION'S OPPOSITION TO PHILIPS LUMILEDS LIGHTING COMPANY, LLC'S MOTION FOR STAY** |
| PHILIPS LUMILEDS LIGHTING COMPANY, LLC,<br><br>       Counterclaim Plaintiff,<br><br>  v.<br><br>EPISTAR CORPORATION,<br><br>       Counterclaim Defendant. | |

## I. INTRODUCTION

Plaintiff Epistar Corporation ("Epistar"), by and through its undersigned counsel, opposes Defendant Philips Lumileds Lighting Company's ("Lumileds") Motion For Stay. Lumileds is asking this Court to stay this action until the final decision in a patent infringement proceeding between Epistar and Lumileds pending before the International Trade Commission ("ITC"), styled *In the Matter of Certain High-Brightness Light Emitting Diodes and Products Containing Same*, Inv. No. 337-TA-556 (the "ITC Action") is completed. The basis for that request is that at the same time Lumileds filed the ITC Action, it filed a patent infringement case against Epistar in this district, *Lumileds Lighting U.S., LLC v. Epistar Corp. & United Epitaxy Co., Ltd.*, Case No. 05-4521 CW (the "Patent Action").[1] That action was stayed based on 28 U.S.C. § 1659, which mandates that a district court action that has identical claims as those raised in an ITC proceeding be stayed upon the request of any party to a civil action that is also a respondent in an ITC investigation.

Lumileds' motion is based on a superficial and conclusory analysis of the issues in this action, the Patent Action, and the ITC Action. As explained more fully below, a close analysis of the claims at issue in this action reveals that with the exception of one issue, they are substantially and fundamentally different from those in the pending disputes, in the ITC Action, between the parties. Further, delaying this action would greatly prejudice Epistar by prolonging the resolution of Epistar's current claims. On the other hand, Lumileds has also failed to meet its burden of demonstrating that it would suffer any hardship or inequity if this case proceeds. More is required from the moving party than a mere statement of prejudice.

This Court should deny Lumileds' motion for a stay.

## II. SUMMARY OF THE ARGUMENT

Epistar filed the present case because of issues that arose in the latter part of 2007 as a result of the Lumileds' unfair use of the determinations by the ITC, Lumileds' breach of the covenant not to sue Epistar with regard to certain LED products and Lumileds' insistence since last summer that Epistar

---

[1] Lumileds spends a great deal of time explaining the prior litigations between the parties, and while they were relevant to the issue as to whether this case was "related" to other cases under this court's local rules, other than for understanding the agreements that are at issue, they are not relevant to the issue of whether this action should be stayed.

1

owes royalties due under an expired patent license agreement unrelated to the issues in the ITC Action or the Patent Action.

As explained below, there is only one issue that will be decided in this case that will affect the Patent Action and the ITC Action and it is an issue that should be decided as quickly as possible – namely, whether or not the covenant not to sue in the Epistar/Lumileds License Agreement[2] covers certain products accused of infringement.[3] The reason this issue needs to be decided as quickly as possible is because if Lumileds breached the Epistar/Lumileds License Agreement, then the ITC's Exclusion Order preventing the importation of these accused products currently in place can be modified accordingly. So long as the ITC's Exclusion Order is in place and preventing Epistar from importing products covered by the covenant not to sue, Epistar will continue to be damaged. It is thus no surprise that Lumileds prefers to delay resolution of this issue. In addition, an early resolution of this issue will help minimize discovery in the Patent Action. No infringement discovery or damage discovery would then be needed on those accused products, resulting in the saving of judicial and the parties' resources.[4]

As to the remaining causes of action, there should be no overlap with discovery or issues as explained below.

### III.  ARGUMENT

#### A.  Legal Standard

Lumileds bears the burden of proving that a stay is warranted and "must make out a clear case of hardship or inequity in being required to go forward." Declaration of Lenny Huang ("Huang Decl."), ¶ 3, Ex. B (*Am. Honda Motor Co. v. The Coast Distribution Sys.,* 2007 WL 672521, at *2 (N.D. Cal. 2007) (citing *Clinton v. Jones,* 520 U.S. 681, 708 (1997))); *Landis v. North American Co.,* 299 U.S. 248, 255 (1936); *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1109 (9th Cir. 2005); *see*

---

[2] There are actually three separate agreements that are relevant. Each will be explained below.

[3] Complaint, Second Cause of Action.

[4] Indeed, Epistar plans to move to stay the patent case at the conclusion of the ITC Action pending resolution of this issue. Such a delay would cause no prejudice to Lumileds since the Exclusion Order prevents the entry of the accused products into the United States, leaving only past damages as the issue to be resolved.

2

EPISTAR CORP.'S OPPOSITION TO PHILIPS                                                                             Case No. C 07-5194 CW
LUMILEDS LIGHTING CO., LLC'S MOTION FOR STAY

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1066 (9th Cir. 2007). In other words, while the District Courts have broad discretion to stay proceedings, a case should only be stayed if the moving party can establish a clear case of hardship or inequity in going forward. *Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis,* 299 U.S. 248 (1936), Huang Decl., ¶ 4, Ex. C (*Dister v. Apple-Bay East, Inc.*, 2007 WL 4045429, *2 (N.D. Cal. 2007)).

In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer,* 398 F.3d at 1110 (citing *CMAX Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962)). These interests include: 1) the possible damage which may result from the granting of a stay, 2) the hardship or inequity which a party may suffer in being required to go forward, and 3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.*, Huang Decl., ¶ 4, Ex. C (*Dister*, 2007 WL 4045429, *2)*.

**B.    A Stay Will Prejudice Epistar**

It is important to understand the manner in which three agreements, the Epistar/Lumileds License Agreement, the UEC/Lumileds Patent License Agreement, and the UEC/Lumileds Settlement Agreement, impact the various claims in this action, the Patent Action, and the ITC Action.

The second cause of action in this case is for breach of the Epistar/Lumileds License Agreement. That license agreement includes a covenant that Lumileds will not sue Epistar for infringement of certain LEDs, referred to as OMA LED products. The License Agreement included a list of specific model numbers that were covered by the covenant. That same list includes products that Lumileds accused Epistar of infringement in the ITC Action. In defense of this charge, Epistar argued that these products cannot infringe because of the Epistar/Lumileds License Agreement.[5] On the fourth day of the ITC Action, Lumileds and Epistar agreed that the issue of whether the products were covered by the Epistar/Lumileds License Agreement or not would be tried separately in district court. Huang Decl., ¶ 2, Ex. A at 815 (Aug. 7, 2006 Hr'g Tr., *In the Matter of Certain High-Brightness Light Emitting Diodes and Products Containing Same*, U.S.I.T.C. Inv. No. 337-TA-556).

---

[5] Epistar did not bring a separate claim for breach of the agreement in the ITC because the matter arose during the proceeding and because the ITC does not resolve breach of contract issues.

3

Thus, this issue, by agreement, is going forward in this Court. There have been no rulings or decisions by the ITC as to whether the OMA LED products are or are not covered by the covenant.

Since the accused products covered by covenant are included within the scope of the exclusion order entered by the ITC, every day that these products are excluded causes irreparable harm in terms of lost opportunities, market share and customers.[6] Lumileds' estimate, that the Federal Circuit decision on Epistar's appeal may be rendered in as little as six months, is just an estimate. Depending on the Federal Circuit's calendar and docket, a decision from that Court may well exceed six months. Further, it is unknown how the Federal Circuit will decide and, as such, uncertain whether or not the matter will be appealed to the Supreme Court. Since the issues deal with due process, it is possible that the matter may be appealed by either Lumileds or Epistar. If it is appealed, the appeal process could take well over a year or more.

The other agreement at issue in this case is the UEC/Lumileds Patent License Agreement.[7] That agreement is not at issue in the ITC Action or at issue in the Patent Action. By way of background, as part of the settlement of the earlier suit between Lumileds and UEC, Lumileds granted UEC a royalty bearing license to continue to sell absorbing-substrate LEDs. That agreement by its terms was not assignable without consent. When UEC merged with Epistar, UEC was dissolved and ceased to exist. UEC never sought and, more importantly, Lumileds never consented to the assignment of the patent license to Epistar or anyone else. Thus, for at least this reason alone, when UEC ceased to exist, the rights and obligations of the patent license agreement were extinguished and Epistar gained no rights and acquired no obligations under the UEC/Lumileds Patent License Agreement. As such, Epistar cannot owe Lumileds any royalties. This issue has nothing to do with any issues presented in the ITC Action and has nothing to do with any issues related to the Patent Action. While Epistar believes that it will owe nothing, if after trial a jury finds that money is owed, Lumileds will

---

[6] Any argument by Lumileds that the harm is the result of Epistar's decision not to raise the covenant not to sue in the ITC is misplaced. The fact of the harm is indisputable if products covered by the covenant not to sue are covered by the Exclusion Order. Epistar elected to go forward in the District Court, but it did not agree to stay the district court action.

[7] The Fifth Cause of Action of the Complaint.

4

EPISTAR CORP.'S OPPOSITION TO PHILIPS  
LUMILEDS LIGHTING CO., LLC'S MOTION FOR STAY

Case No. C 07-5194 CW

most likely ask for pre-judgment interest. To the extent that the final award is delayed, the interest will be greater. Since the delay could be as much as a year, the amount could be substantial.

The third and last agreement, the UEC/Lumileds Settlement Agreement, is the one that is being argued in the ITC Action. This agreement is not the subject of any claim in this case and to Epistar's knowledge unrelated to any of the claims in this case. The UEC/Lumileds Settlement Agreement will impact the Patent Action.[8] That action, however, is currently stayed so the problems that Lumileds raises are already covered by the stay of the Patent Action.

The Federal and State Unfair Competition claims[9] and the tortious interference claim[10] have nothing do with the issues in the Patent Action or the ITC Action and were, quite simply, ignored by Lumileds in its moving papers. These causes of action call for an injunction to stop Lumileds from interfering with Epistar's customers and disseminating misleading information. Obviously the longer it takes to get the injunction, the greater the irreparable harm.

### C.    Furtherance of the Orderly Course of Justice

Lumileds offers little explanation, other than mere conclusory statements, as to how staying the current action until the ITC Action and the Patent Action against Epistar are resolved would be in furtherance of the orderly course of justice. Contrary to these conclusory arguments made by Lumileds, the staying of this case will not result in any efficiencies and the only issue that is related to the prior filed pending patent case in this case should, in fact, be decided *before* the patent case proceeds to avoid the need for unnecessary discovery.

Lumileds argues that it is more efficient to delay this action until after the ITC Action is finally determined and the stay in the Patent Action is lifted because not doing so would force Lumileds to "litigate overlapping issues in two separate actions before different forums at the same time." Brief at 9. This is disingenuous. As explained above, the parties agreed to move forward with the breach of

---

[8] To the extent the ITC Action may have an effect on the parties' disputes, the Patent Action and not this current action, would be affected by the patent determinations in the ITC. Epistar does not believe that the ITC Action would have any *res judicata* effect in this proceeding.

[9] The First and Fourth Causes of Action, respectively.

[10] The Fifth Cause of Action.

5

EPISTAR CORP.'S OPPOSITION TO PHILIPS                                                                                    Case No. C 07-5194 CW
LUMILEDS LIGHTING CO., LLC'S MOTION FOR STAY

the Epistar/Lumileds License Agreement in this forum and removing it from the ITC Action. Thus, there is no duplication. None of the other claims are being litigated in the ITC Action.

In short, proceeding with the litigation months from now is not as efficient as proceeding today. Because Lumileds has not made a showing that the stay furthers the orderly course of justice, this Court should deny its motion.

### 1. The Statutorily Stayed Patent Action Only Involves Patent Claims

The Patent Action involves Lumileds' assertion of U.S. Patent No. 5,008,718, U.S. Patent No. 5,376,580 and U.S. Patent No. 5,502,316 ("patents-in-suit") against certain Epistar and UEC LED products. Like any other patent infringement litigation, resolution of the Patent Action would require that the Court and the parties go through the typical steps which include conducting discovery of the accused products and patents-in-suit and claim constructions for each of the patent claims being asserted. The Court in the Patent Action would have to go through those same issues since it is a straight-forward patent infringement case. More importantly, that litigation would mostly involve legal and factual issues that are distinguishable from the contract-related, unfair competition and tortious interference issues present in this case.

While the majority of the issues in this case are unrelated to those found in the patent infringement case, certain issues in both litigations can potentially overlap since this action is related to the patent licenses. As explained above, Epistar will assert a license defense for certain of the products. For efficient and orderly litigation, however, the issue of whether the license defense is successful should preferably be decided first.

Other than the two issues mentioned above, the contract-related, unfair competition and tortious interference claims in the present case are plainly distinct from the claims in the Patent Action and, as explained below, this case should be allowed to proceed without unnecessary delay.

### 2. The Claims in This Action and Those in the Patent Action Requires This Court to Address Contrasting Issues

Staying the present case will not promote judicial economy because there are multiple causes of action in this case that are not related to the Patent Action. Lumileds argues that this litigation should be stayed because two causes of action, namely the second cause of action (breach of contract) and the

fifth cause of action (declaratory relief) are "substantially intertwined" and staying the case "will promote judicial economy and the efficient disposition of the two related cases pending before this Court." Brief at 6. This superficial and conclusory statement is not supported by the facts and there is no reason why this case should not be allowed to proceed.

         a)      Federal and state unfair competition claims and tortious interference claims are independent of any patent-related issues

First, there are few, if any, parallels between the patent infringement claims in the Patent Action and the federal and state unfair competition claims and intentional interference with prospective economic advantages claims in this Patent Action. As explained above, the Patent Action is a patent infringement case and requires that the Court determine the validity of the patents-in-suit and, if they are valid, whether the allegedly infringing products manufactured by UEC and Epistar fall within the scope of the claims of the patents-in-suit.

The legal issues that this court needs to address in unfair competition or tortious interference causes of action, however, are in stark contrast to those in patent claims such as the Patent Action. Unfair competition causes of action concern fraudulent, deceptive or dishonest trade practices prohibited by federal or state law. Tortious interference claims require that the plaintiff prove elements such as the existence of a business relationship or contract, the defendant's knowledge of the relationship or contract, the defendant's intent to prevent contract formation, procure contractual breach or terminate existing business relationship without justification and damages. Indeed, this action calls for Epistar to prove elements that are vastly different from those Lumileds must prove in its patent infringement litigation.

While the causes of action are different in this action compared to the Patent Action, that is not to say the two actions are completely unrelated. Some factual issues will likely be relevant in this litigation along with the Patent Action and ITC Action. The advantage of any overlap, however, is that progress in advancing the case now will save the parties from having to do their work later. With respect to the discovery process for the unfair competition and tortious interference causes of action, allowing the parties to proceed with discovery in this case may prove beneficial since some discoverable material exchanged now could save the parties time and resources from having to repeat

7

their discovery requests for the Patent Action once its stay has been lifted. Similarly, information obtained through discovery now for the contract-related causes of action could also be used later in the Patent Action.

                b)      The contract-related claims are independent of any patent infringement or invalidity issues

Discovery related to the breach of contract claims is very different from those related to a patent case. In breach of contract claims, a court would need to determine elements such as whether there was a valid formation of contract between the parties, whether the defendant breached the contract by failing to perform as specified by the contract, and whether the plaintiff's damages were a result of the breach. These elements are vastly different from those that are addressed in a patent litigation. Here, discovery would entail depositions of individuals with knowledge of the negotiations between Epistar and Lumileds as well as discovery requests for information related to the agreements. On the other hand, parties in a patent infringement litigation would seek different information such as information about the research and development of the invention and accused products. Therefore, the Court should allow the parties to proceed and avoid needless delay in this litigation.

The declaratory judgment claim in this action provides further support that the stay should be denied because there are no overlaps with the patent infringement or invalidity issues in the Patent Action. The declaratory judgment seeks declaratory determination regarding whether or not the Lumileds/UEC License is still in full force and effect or null and void after UEC ceased to exist and does not involve issues of invalidity of a patent. Epistar's claim is that Epistar did not breach the Epistar/Lumileds Agreement by not paying royalties to Lumileds. It is thus plainly evident that the issues in this claim are sufficiently different that it is independent from the patent litigation.

Most of the issues in the contract-related claims are unrelated to the issues that the Court will face once the Patent Action recommences. Inevitably, the parties will have to face these claims because they are independent of whatever outcome is reached in the Patent Action. Therefore, the Court should avoid any further delay by denying Lumileds' motion for stay and proceeding with this action.

8

EPISTAR CORP.'S OPPOSITION TO PHILIPS  
LUMILEDS LIGHTING CO., LLC'S MOTION FOR STAY  
                                                          Case No. C 07-5194 CW

### 3. The ITC Action Is Unrelated to the Present Case

Lumileds argues that this Court should grant a stay so that the "parties [can] focus on concluding the ITC proceedings" and proceed with the Patent Action in conjunction with this action. Brief at 8. Like the Patent Action, the ITC Action at its core is a patent infringement case and the adjudication process involves the determination of whether Epistar and UEC products infringe Lumileds' patents. The current action involves contract-related claims, unfair competition and tortious interference claims, not patent infringement claims such as those in the Patent Action or the ITC Action.

Moreover, in the ITC Action, the UEC/Lumileds Settlement Agreement is at issue, not the Epistar/Lumileds License Agreement or the UEC/Lumileds Patent License Agreement that are at issue in this current litigation. Therefore, even if the parties do not continue with the current litigation now, they will eventually have to face these claims because they will not be addressed in the Patent Action nor the ITC Action.

**D.  The Balance of Hardship or Inequity Favors Epistar**

"[The moving party] 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay ... will work damage to someone else.'" Huang Decl., ¶ 3, Ex. B (*Am. Honda*, 2007 WL 672521, at *2 (citing *Landis*, 299 U.S. at 255.)) "'Being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis.'" *Id.* (citing *Lockyer,* 398 F.3d at 1112.) In *Lockyer*, the Court held that, considering the interest of consumers of Northern California, the balance of hardship between the parties did not favor the defendants simply because they were required to "defend a suit." *Lockyer*, 398 F.3d at 1112. In *American Honda*, the Court held that "duplicative discovery requests from [the plaintiff] in the ITC proceeding and [the] lawsuit" did not satisfy the defendant's "burden of showing [that] a stay is warranted." Huang Decl., ¶ 3, Ex. B (*Am. Honda,* 2007 WL 672521, at *2).

Lumileds stated that this action should be stayed so that it would not be "forced to litigate overlapping issues in two separate actions before different forums at the same time." The Defendant has not, however, shown how defending the very lawsuit for which they seek a stay of proceedings tips the balance of hardship in their favor, considering Epistar's ongoing and future harm due to further

9

EPISTAR CORP.'S OPPOSITION TO PHILIPS  
LUMILEDS LIGHTING CO., LLC'S MOTION FOR STAY

Case No. C 07-5194 CW

delays in the proceedings. Most of the causes of action in the present case involve different issues from those in the other actions between the parties and thus proceeding with this case would not affect the other cases. For the claims that overlap with the Patent Action, the parties would benefit from proceeding with the current case so that this case could catch up with the Patent Action. Indeed, Lumileds would not need to litigate claims twice since the Patent Action is a patent infringement case and this action is mainly a contractual dispute litigation. Therefore, the balance of hardship is in favor of Epistar and the Court should deny Lumileds' motion for stay.

## IV.    CONCLUSION

Epistar therefore respectfully requests this Court to deny Lumileds' Motion for Stay.

Dated: February 15, 2008          Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____/s/_____
                Yitai Hu

Attorneys for Plaintiff
EPISTAR CORPORATION

Pursuant to General Order No. 45, Section X(B) regarding signatures, I, Lenny Huang, attest that concurrence in the filing of this document has been obtained from Yitai Hu.

Dated:   February 15, 2008                  _____/s/_____
                                                                    Lenny Huang