# EXHIBIT B

Case 4:07-cv-05194-CW     Document 35-3     Filed 02/15/2008     Page 1 of 3

Westlaw.

Not Reported in F.Supp.2d                                                                                                                    Page 1
Not Reported in F.Supp.2d, 2007 WL 672521 (N.D.Cal.)
**(Cite as: 2007 WL 672521 (N.D.Cal.))**

Only the Westlaw citation is currently available.

United States District Court,
N.D. California.
AMERICAN HONDA MOTOR CO., INC., Plaintiff,
v.
The COAST DISTRIBUTION SYSTEM, INC.,
Defendant.
**No. C 06-04752 JSW.**

Feb. 26, 2007.

Behrooz Shariati, Jones Day, Menlo Park, CA, Kenneth R. Adamo, David Michael Maiorana, Jones Day, Cleveland, OH, John P. Kong, Ken-Ichi Hattori, Scott M. Daniels, Westerman, Hattori, Daniels & Adrian LLP, Washington, DC, for Plaintiff.

Elizabeth A. Tedesco, Kolisch Hartwell, P.C., Palo Alto, CA, Peter E. Heuser, Walter E. Karnstein, Kolisch Hartwell PC, Portland, OR, for Defendant.

**ORDER DENYING THE COAST DISTRIBUTION SYSTEM, INC.'S MOTION TO STAY**

JEFFREY S. WHITE, United States District Judge.

**INTRODUCTION**

\*1 This matter comes before the Court upon consideration of the motion to stay filed by Defendant The Coast Distribution System, Inc. ("Coast"). Having considered the parties' pleadings and relevant legal authority, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court HEREBY VACATES the hearing set for March 2, 2007 at 9:00 a.m. and HEREBY DENIES Coast's motion. **The parties are HEREBY DIRECTED to appear for the case management conference set for Friday March 2, 2007 at 1:30 p.m.**

**ANALYSIS**

Because the Court previously set forth the facts and procedural history in its Order Denying Plaintiff American Honda Motor Co., Inc's ("Honda") Motion to Dismiss, it shall not repeat them here. (*See* Docket No. 40).

**A. Legal Standard on a Motion to Stay.**

Having survived Honda's motion to dismiss, Coast has prevailed in its efforts to keep all five Honda patents at issue in this suit. Coast now seeks to stay the proceedings pending resolution of the International Trade Court ("ITC") proceedings that Honda initiated against Coasts's supplier, Wuxi Kipor Power Co., Ltd. ("Kipor").

In some circumstances, a court must stay a civil action in favor of ITC proceedings. *See* 28 U.S.C. § 1659(a). That statute does not apply in this case, however, because Coast is not a party to the ITC proceeding. *See* 28 U.S.C. § 1659(a). Although that statute does not apply, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). "The exertion of this power calls for the exercise of a sound discretion." *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir.1962). Accordingly, it is within this Court's discretion to determine whether a stay is warranted.

Some of the competing interests that a district court must weigh in deciding whether to grant a stay include: (1) "possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX,* 300 F.2d at 268 (citing *Landis,* 299 U.S. at 254-55). Finally, Coast bears the burden of proving that a stay is warranted. *Clinton v. Jones,* 520 U.S. 681, 708, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) (citing *Landis,* 299 U.S. at 255).

**B. Honda May Suffer Harm if the Litigation is Delayed.**

Coast argues that a stay will not irreparably harm Honda because Coast is no longer importing or selling any allegedly infringing products. Honda, however, asserts that any potential future infringement causes it irreparable harm because of loss of goodwill and the erosion of market share.

Not Reported in F.Supp.2d                                                                                                           Page 2
Not Reported in F.Supp.2d, 2007 WL 672521 (N.D.Cal.)
**(Cite as: 2007 WL 672521 (N.D.Cal.))**

*2 In support of its argument, Coast relies on the *CMAX* case, where the district court stayed the litigation pending resolution of a Civil Aeronautics Board proceeding. 300 F.2d at 266. On appeal, the Ninth Circuit affirmed and held that the possibility of delayed money damages from CMAX's claim of underpayment was not sufficient irreparable harm to overturn the stay entered by the district court. Id. at 269-70. In this case, however, Honda maintains that Coast is infringing its patents and seeks injunctive relief. Because it is not clear to the Court that only money damages are at issue, the Court concludes that Coast has not met its burden to show Honda would not be harmed if the litigation is delayed.

**C. Coast Has Not Shown Sufficient Hardship to Justify Staying This Proceeding.**

Coast argues that it will suffer great hardship and inconvenience because of duplicative discovery requests from Honda in the ITC proceeding and in this lawsuit. (Coast's Mot. at 6-7.) Coast "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay ... will work damage to someone else." Landis, 299 U.S. at 255. However, the hardship attendant with being forced to defend a lawsuit is irrelevant when considering whether to grant a stay. See Lockyer v. Mirant, 398 F.3d 1098, 1112 (9th Cir.2005) ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis.*"). Because Coast offers no other facts showing hardship, Coast has not met its burden of showing a stay is warranted.

**D. A Stay Does Not Further the Orderly Course of Justice.**

Coast also argues that staying these proceedings until the ITC proceeding is resolved will promote efficiency for this Court. As Coast concedes, however, ITC rulings are not binding on this Court. See Tex. Instruments, Inc. v. Cypress Semiconductor Corp., 90 F.3d 1558, 1569 (Fed.Cir.1996). Rather, this Court "can attribute whatever persuasive value to the prior ITC decision that it considers justified." *Id.* This suit involves five patents regarding engines and engine parts. While the ITC proceeding will potentially involve the same products as the current suit, the patents relate to different portions and pieces of the engine in the allegedly infringing products. (Honda Opp. at 7.) As a result, the ITC's interpretation of the '273 and '769 Patents will not necessarily inform this Court about the three additional patents. Further, any rulings regarding the other three patents will not be binding on this Court. Accordingly, the Court finds that the ITC proceeding will not help narrow any significant issues for this Court

Moreover, the ITC proceeding, is estimated to be resolved by December 2007, well before any trial date is set in this suit. As a result, the ITC proceeding record can be reviewed and considered by this Court and given whatever persuasive value it deems is justified. See Cypress, 90 F.3d at 1569. Pragmatically, staying the proceedings until completion of the ITC proceeding does not help narrow the issues for this Court or promote the orderly course of justice.

## CONCLUSION

*3 Accordingly for the reasons set forth herein, Coast's motion to stay is DENIED.

**IT IS SO ORDERED.**

Not Reported in F.Supp.2d, 2007 WL 672521 (N.D.Cal.)

END OF DOCUMENT