# EXHIBIT H

PUBLIC VERSION

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**WASHINGTON, D.C.**

Before The Honorable Sidney Harris
Administrative Law Judge

| | |
|---|---|
| In the Matter of<br><br>CERTAIN HIGH-BRIGHTNESS LIGHT EMITTING DIODES AND PRODUCTS CONTAINING SAME | Inv. No. 337-TA-556 |

**RESPONDENT EPISTAR CORPORATION'S PETITION FOR REVIEW OF THE ADMINISTRATIVE LAW JUDGE'S ORDER NO. 14: INITIAL DETERMINATION GRANTING COMPLAINANT LUMILEDS' MOTION FOR PARTIAL SUMMARY DETERMINATION TO DISMISS EPISTAR'S AFFIRMATIVE DEFENSE THAT THE '718 PATENT CLAIMS ARE INVALID**

**Counsel for Respondent**

Arthur Wineburg
Colleen M. Coyle
Tobias E. Zimmerman
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Ave, N.W.
Washington, D.C. 20036
Telephone: 202.887.4000
Facsimile: 202.887.4288

Yitai Hu*
Sean P. DeBruine
S.H. Michael Kim
AKIN GUMP STRAUSS HAUER & FELD LLP
1950 University Avenue, Suite 505
East Palo Alto, CA 94303
Telephone: 415.765.9580
Facsimile: 415.765.9501

* *California Admission Pending*

# PUBLIC VERSION

## **TABLE OF CONTENTS**

| | | | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | Concise statement of material facts | | 2 |
| | A. | The Claims, Products and Companies Involved In This Investigation | 2 |
| | B. | The Merger Of The Respondents | 2 |
| | C. | The Parties' Previous Litigation | 3 |
| | | 1. UEC's Previous Suit Against Lumileds | 3 |
| | | 2. The Previous Epistar Suit | 4 |
| III. | THE FINDING THAT EPISTAR IS COMPLETELY AND FOREVER ESTOPPED FROM LITIGATING THE VALIDITY OF THE '718 patent WAS CLEARLY ERRONEOUS AS A MATTER OF LAW | | 5 |
| | A. | The Initial Determination Is Too Broad, And Reaches Issues That Are Not Necessary To The Resolution Of This Investigation | 5 |
| | B. | Lumileds Did Not Fortuitously Gain Rights It Did Not Bargain For As A Result Of Epistar's Acquisition Of UEC | 7 |
| | | 1. The Initial Determination Incorrectly Focuses On The Agreement Of Merger Between Epistar And UEC And Not On The Truly Relevant Contracts: The Licenses Granted By Lumileds | 7 |
| | | 2. Epistar May Stand In UEC's Shoes Following The Merger, But Those Shoes Do Not Grow Any Bigger Than They Were Before The Merger | 9 |
| | |    a. Following The Merger Epistar Holds Overlapping Rights That Were Obtained Through Separate Bargains, And Epistar Does Not Surrender The Benefit Of Its Better Deal | 9 |
| | |    b. The Only Cases Cited By Either Party On This Point Dictate A Conclusion Contrary to That Reached by Judge Harris, Are Closely Analogous, And Should Be Applied Here | 10 |
| | |       (1) *Medtronic AVE* | 10 |

PUBLIC VERSION

        (2)    *Auto-Chlor Sys.* ...................................................................................... 12

        (3)    Other cases are in accord ..................................................... 13

    C.    The Public Policies Against Enforcing Invalid Patents, As Defined By The Supreme Court In *Lear v. Adkins*, Outweigh Any Attenuated Interests Of Enforcing The UEC Settlement Against Epistar In This Case ........................................................................................ 16

IV.    CONCLUSION ................................................................................................. 18

PUBLIC VERSION

## II. CONCISE STATEMENT OF MATERIAL FACTS

### A. The Claims, Products and Companies Involved In This Investigation

Lumileds filed the Complaint in this action on November 4, 2005, asserting infringement of three separate patents against two separate Taiwanese manufacturers of light emitting diodes ("LEDs"), Epistar and United Epitaxy Company ("UEC"). *See* Lumileds' Statement of Material Fact ("SMF") at ¶ 1. In its Complaint, Lumileds asserted the '718 patent, which describes a particular construction of an Aluminum-Gallium-Indium-Phosphorus ("AlGaInP") LED device against only one of UEC's product lines – the Metal Bond ("MB") products – and only against UEC. Lumileds separately claimed infringement of the other two patents, U.S. Patent No. 5,376,580 and U.S. Patent No. 5,502,316, by UEC's MB and Glue Bond ("GB") products, and against Epistar's Omnidirectional Mirror Adhesion ("OMA") products. Thus, Lumileds has only asserted the '718 patent against one UEC product that UEC had been manufacturing for more than a year before Lumileds filed its Complaint. *See* SMF ¶ 37. The Commission instituted this Investigation on December 8, 2005. *See Certain High-Brightness Light Emitting Diodes*, 70 Fed. Reg. 73,026 (USITC Dec. 8, 2005).

### B. The Merger Of The Respondents

On December 30, 2005, Epistar acquired UEC, in a merger governed by the laws of the Republic of China and UEC ceased to exist. *See* SMF ¶¶ 3 & 9. Epistar assumed all of UEC's assets, liabilities, contracts, and obligations. *See id.* at ¶ 4. Epistar has continued to manufacture UEC's MB and GB products, as well as its own OMA products. *See id.* at ¶ 5. Epistar also is developing a next generation [       ] Neither [       ] has been released yet – and Lumileds has not asserted that either product infringes the '718 patent. UEC's MB products remain the only ones accused of infringing the '718 patent. *See id.* at ¶ 37.

PUBLIC VERSION

C.  **The Parties' Previous Litigation**

   1.  **UEC's Previous Suit Against Lumileds**

The issue presented here arises out of a settlement of prior litigation over the '718 patent. In *United Epitaxy Co. v. Hewlett-Packard Co., et al*, No. 00-2518 (CW) (N.D. Cal.), Lumileds alleged that UEC's then current products infringed the '718 patent. UEC alleged that the patent was invalid. In May 2001, after *Markman* and summary judgment rulings, the parties elected to settle their disputes. *See generally* SMF ¶¶ 12-29.

The UEC's and Lumileds' settlement consisted of three separate agreements. First, the parties negotiated a Consent Judgment ("the Consent Judgment," attached hereto as Exhibit A), which the court subsequently entered. Second, the parties signed a "Settlement Agreement and Mutual Release" governing the terms of the settlement ("the UEC Settlement," attached hereto as Exhibit B). Finally, as a part of the UEC Settlement, the parties negotiated a license of the '718 patent, which was memorialized in a "Patent License Agreement" between them ("the UEC License," attached hereto as Exhibit C).

The monetary terms of the UEC License were [

] Of particular interest to the issue presented here, in the Consent Judgment and UEC Settlement Agreement, UEC also agreed to waive certain rights to challenge the validity of the '718 patent in future disputes between it and Lumileds.

[

3

PUBLIC VERSION

### B. Lumileds Did Not Fortuitously Gain Rights It Did Not Bargain For As A Result Of Epistar's Acquisition Of UEC

In any event, Judge Harris reached the <u>wrong</u> conclusion when he found that <u>Epistar</u> is estopped from ever challenging the validity of the '718 patent regardless of what products are at issue and whether they are products developed by Epistar or inherited from UEC.

The Initial Determination errs in two ways: first, it focuses unduly on whether or not Epistar succeeded to the rights, liabilities, and obligations of UEC without analyzing just what those rights, liabilities, and obligations were and how they interrelate with Epistar's preexisting right to assert invalidity, which Epistar negotiated with Lumileds and preserved under the Epistar License. Second, the Initial Determination summarily dismisses the only cases that either party offered that are even remotely on point – *Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc.*, 247 F.3d 44, 55-56, 58 U.S.P.Q.2d 1596 (3d Cir. 2001) *and Auto-Chlor Sys. of Minn., Inc. v. JohnsonDiversey*, 328 F. Supp. 2d 980, 1001 (D. Minn. 2004) – which support the conclusion that Lumileds may not gain a "windfall" by disregarding the Epistar License in favor of UEC's agreement not to challenge the validity of the '718 patent when <u>Epistar</u> refused to provide any such waiver in its bargained-for exchange with Lumileds.

#### 1. The Initial Determination Incorrectly Focuses On The Agreement Of Merger Between Epistar And UEC And Not On The Truly Relevant Contracts: The Licenses Granted By Lumileds

After deciding that UEC was precluded from challenging validity regardless of the product at issue, Judge Harris then turned to an analysis of the effect of the Epistar/UEC Merger under Chinese law. This question, however, is a red herring. Indeed Epistar agrees that, under whatever law (Republic of China, California, or just general contract/merger law), it assumed all of the rights, duties, and obligations of UEC. But that is not the issue; the issue is what were those rights and obligations vis-à-vis Lumileds.

PUBLIC VERSION

countervailing policy in favor of settlements, *Lear v. Adkins* should rule the day, and any estoppel should be read as narrowly as possible so as to preserve the important public interest in not enforcing invalid patents. This result compliments the Commission's mission of promoting fair competition through the enforcement of valid patents.

## IV. CONCLUSION

For the foregoing reasons, Epistar respectfully requests that the Commission review Order No. 14, the Initial Determination dismissing Epistar's affirmative defense of invalidity of the '718 patent, for the purpose or clarifying the scope of that ruling. Neither Judge Harris nor the Commission has any need to rule on the preclusive effects of UEC's previous agreements with Lumileds insofar as those agreements might arise in a future dispute between Lumileds and Epistar concerning Epistar products. Thus, the Commission should make it clear that it has not reached any conclusion on that issue, and that it's holdings in this Investigation are not intended to decide speculative issues regarding future disputes. Alternatively, if the Commission believes it necessary and appropriate to reach a conclusion on the applicability of the UEC Settlement to Epistar's products, it should make clear that UEC could not have bargained away Epistar's rights and that, merger or no merger, Epistar still enjoys the benefit of the bargain that it made with Lumileds, in which it preserved its own right to challenge the validity of the '718 patent.

Dated: April 20, 2006

Respectfully submitted,

Arthur Wineburg
Colleen M. Coyle
Tobias E. Zimmerman
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Ave, N.W.
Washington, D.C. 20036
Telephone: 202.887.4000
Facsimile: 202.887.4288

18

PUBLIC VERSION

Yitai Hu*
Sean P. DeBruine
S.H. Michael Kim
AKIN GUMP STRAUSS HAUER & FELD LLP
1950 University Avenue, Suite 505
East Palo Alto, CA 94303
Telephone: 415.765.9580
Facsimile: 415.765.9501

*California Admission Pending*

*Counsel to Respondent*
*Epistar Corporation*