# EXHIBIT I

# CASE NO. 2007-1457

In The
Court of Appeals for the Federal Circuit
Washington, DC

**EPISTAR CORPORATION,**
Appellant,

v.

**INTERNATIONAL TRADE COMMISSION,**
Appellee,

and

**PHILIPS LUMILEDS LIGHTING COMPANY,**
Intervenor.

Case No. 2007-1457

**On appeal from the United States International Trade Commission in Investigation No. 337-TA-556**

## BRIEF OF APPELLANT EPISTAR CORPORATION

Yitai Hu
Elizabeth Rader
AKIN GUMP STRAUSS HAUER & FELD LLP
2 Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: 650.838.2000
Facsimile: 650.838.2001

Thomas C. Goldstein
Colleen M. Coyle
Tobias E. Zimmerman
Sarah C. Rispin
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Ave, N.W.
Washington, D.C. 20036
Telephone: 202.887.4000
Facsimile: 202.887.4288

*Attorneys for Appellant*
*Epistar Corporation*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................... iii
STATEMENT OF RELATED CASES ...................................................................... 1
JURISDICTIONAL STATEMENT ........................................................................... 1
STATEMENT OF THE ISSUES................................................................................ 2
STATEMENT OF THE CASE.................................................................................... 3
STATEMENT OF THE FACTS ................................................................................. 5
    A.    The Underlying Technology ............................................................. 5
    B.    Lumileds' Prior Litigation against UEC and Epistar ........................ 6
    C.    The Current Suit ................................................................................ 7
SUMMARY OF THE ARGUMENT ........................................................................ 15
ARGUMENT .............................................................................................................. 16
    A.    The ALJ Erred In Concluding that Epistar Is Precluded From Arguing the Invalidity of the '718 Patent Based on UEC's Restrictive Agreement............................................................................ 16
        1.    Lumileds' Agreement with UEC Does Not Cover Non-UEC Products as a Matter of Contract Law ............................ 17
        2.    This Court's Precedent Precludes Imposing Licensee Estoppel on Epistar with respect to Epistar's Pre-Merger Products........................................................................................ 21
    B.    The Findings of Infringement Below Rest on Two Critical Errors of Claim Construction ........................................................... 24
        1.    The ALJ Erred in Construing "Transparent Window Layer" To Encompass Use of ITO as a Current-Spreading Layer. ................................................................. 26
            a.    Technical Background: The Current-Crowding Problem................................................................................... 27
            b.    The Patent, Read as a Whole, Does not Claim Use of ITO ........................................................................... 32
                (1)    The '718 patent specifically criticizes use of ITO in the prior art..................................... 34

    (2) The '718 patent does not enable use of ITO. ...........................................................42

    (3) The patent discloses an invention different from use of ITO in both materials and method. ..........................................44

    (4) The patent reads on obvious subject matter or is anticipated if construed to encompass use of ITO. ........................................49

  c. The patent is invalid as obvious, even if it is not construed to encompass ITO. ........................................51

 2. The ITC Erred in Construing the Term "Substrate" To Encompass Any Layer Below the Active Layers of the LED. .................................................................................54

CONCLUSION ...............................................................................................60

ADDENDUM

PROOF OF SERVICE

CERTIFICATE OF COMPLIANCE

Note: Language from the Confidential Settlement and License Agreements between Appellant and the Intervenor has been redacted.

instituted an investigation on December 8, 2005. *See Certain High-Brightness Light Emitting Diodes*, 70 Fed. Reg. 73,026 (Dec. 8, 2005)).

At the outset of this litigation, Lumileds only asserted a claim against *UEC* that it had infringed the '718 patent. Lumileds argued that *UEC* was precluded by its 2001 settlement agreement from contesting that patent's validity.

Notably, Lumileds did not invoke the '718 patent against *Epistar.* Instead, it asserted two other patents against Epistar's products: U.S. Patent Nos. 5,376,580 and 5,502,316.

On December 30, 2005, UEC merged into Epistar and UEC ceased to exist as a separate entity. *See* JA 999 to 1000 [Lumileds' Statement of Material Fact] ¶¶ 3 & 6. Epistar assumed all of UEC's assets, liabilities, contracts, and obligations. *See id.* ¶ 4. Since the merger, Epistar has continued to manufacture UEC's MB and GB products, as well as the products Epistar manufactured before the merger – Epistar's OMA products. Epistar has also developed new products called MB II, GB II, and OMA II. *See id.* ¶ 5.

Lumileds moved in early 2006 for a summary determination that *Epistar* – now defending both the UEC and Epistar products that Lumileds had targeted in this action – was estopped from alleging the invalidity of the '718 patent in defense of the *UEC* products. For present purposes only, that claim can be assumed to be uncontroversial, to wit: UEC had merged into Epistar, and Epistar had assumed

8

UEC's products, role in the litigation, and previous agreement with Lumileds which precluded it from asserting the '718 patent was invalid when asserted against UEC products. Lumileds also went further, claiming that the UEC-Lumileds agreement precluded *Epistar* from contesting validity *at all*, no matter which products were involved. In other words, Lumileds claimed that, by virtue of Epistar's merger with UEC, Epistar was deprived of its right to challenge validity under its own agreements with Lumileds. Lumileds cited no authority in support of its position beyond the principle that Epistar assumed UEC's obligations. *See* JA 76-78 [Lumileds' Motion for Partial Summary Determination].

On April 13, 2006, in Order No. 14, the ALJ agreed with Lumileds – *viz.*, he ruled that the *UEC*-Lumileds agreement precluded *Epistar* from contesting the validity of the '718 patent with respect to any UEC *or Epistar* product. *See* JA 159. "Epistar, like UEC, is barred from raising an invalidity defense to the assertion of infringement of the '718 patent against *any* product," because "Epistar, like UEC, would be contractually estopped from raising an invalidity defense to the '718 patent." *See* JA 175 (emphasis in original). Notably, the ALJ's ruling did not acknowledge the separate Epistar-Lumileds settlement agreement that preserved Epistar's right to challenge validity with respect to the Epistar products – a mistake that the ALJ would note later.

9

## CONCLUSION

For the foregoing reasons, the Limited Exclusion Order of the ITC should be vacated and remanded or the judgment reversed.

Dated: October 31, 2007

Respectfully submitted,

_____
Thomas C. Goldstein
Colleen M. Coyle
Tobias E. Zimmerman
Sarah C. Rispin
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Ave, N.W.
Washington, DC 20036
Telephone: 202.887.4000
Facsimile: 202.887.4288

Yitai Hu
Elizabeth Rader
AKIN GUMP STRAUSS HAUER & FELD LLP
2 Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: 650.838.2000
Facsimile: 650.838.2001

*Counsel to Appellant*
*Epistar Corporation*