1   MORGAN, LEWIS & BOCKIUS LLP
    Michael J. Lyons (State Bar No. 202284)
2   Andrew J. Wu (State Bar No. 214442)
    2 Palo Alto Square
3   3000 El Camino Real, Suite 700
    Palo Alto, CA  94306-2122
4   Tel: 650.843.4000
    Fax: 650.843.4001
5   mlyons@morganlewis.com
    awu@morganlewis.com
6
    MORGAN, LEWIS & BOCKIUS LLP
7   Daniel Johnson, Jr. (State Bar No. 57409)
    Amy M. Spicer (State Bar No. 188399)
8   One Market, Spear Street Tower
    San Francisco, CA  94105-1126
9   Tel:  415.442.1000
    Fax:  415.442.1001
10  djjohnson@morganlewis.com
    aspicer@morganlewis.com
11
    Attorneys for Defendant and Counterclaimant
12  PHILIPS LUMILEDS LIGHTING COMPANY, LLC

13                      UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                          OAKLAND DIVISION

16

17

    EPISTAR CORPORATION,                    Case No. C 07-5194 CW
18
                        Plaintiff,          **[PUBLIC] PHILIPS LUMILEDS**
19                                          **LIGHTING COMPANY'S REPLY IN**
              vs.                           **SUPPORT OF ITS MOTION FOR STAY**
20
    PHILIPS LUMILEDS LIGHTING               MOTION UNDER SUBMISSION
21  COMPANY, LLC,                           PURSUANT TO COURT ORDER DATED
                                            JANUARY 29, 2008
22                      Defendant.

23  ─────────────────────────────

24  AND RELATED COUNTERCLAIMS

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    I.    INTRODUCTION

2        Epistar's reply identifies no valid basis to deny Lumileds' motion to stay the present

3    action. Epistar cannot credibly claim that it will be irreparably harmed if its claim for breach of

4    the covenant not to sue is stayed. Indeed, Epistar chose to abandon this claim during the

5    investigation by the U.S. International Trade Commission ("ITC") in which Epistar was found to

6    infringe the patent. There is also no merit to Epistar's opposition to staying its claim to declare

7    the UEC/Lumileds License Agreement null and void, since that and other settlement agreements

8    are already before the Federal Circuit, and Epistar has admitted that it is bound by those

9    agreements. Epistar's remaining claims for unfair competition and tortious interference all relate

10    to statements concerning the scope of the ITC's final determination and exclusion order, which

11    are also before the Federal Circuit. For these and other reasons discussed below, judicial

12    economy, *res judicata*, and the interests of avoiding piecemeal litigation and potentially

13    inconsistent resolutions all weigh in favor of staying Epistar's present action against Lumileds

14    until the related ITC proceedings are resolved.

15

16    II.    **EPISTAR WILL NOT BE IRREPARABLY HARMED IF ITS CLAIM FOR BREACH OF THE COVENANT NOT TO SUE IS STAYED**

17

18        Epistar's contention that it will be irreparably harmed if the alleged breach of the covenant

19    not to sue is not resolved "as quickly as possible" (Opp. at 2) is belied by its own actions in the

20    ITC. Epistar raised the covenant not to sue as an infringement defense in the ITC, pursued that

21    defense throughout the entire discovery period in the ITC and into the evidentiary hearing before

22    the administrative law judge. Epistar then *voluntarily withdrew that defense* on the fourth day of

23    the hearing, not merely on the "fourth day of the ITC Action," as Epistar erroneously states. *See*

24    Epistar Op. at 3. Thus, the only reason "[t]here have been no rulings or decisions by the ITC as to

25    whether the OMA LED products are or are not covered by the covenant [not to sue]" (Opp. at 4)

26    is because Epistar waived this defense before the ITC could explicitly address it. Indeed, the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-WA/2930941.1                                    1                    PHILIPS LUMILEDS' REPLY IN SUPPORT OF ITS
                                                                       MOTION FOR STAY; CASE NO. 07-5194 CW

1  Administrative Law Judge noted in his decision that [[

2                                                          ]] Initial

3  Determination, at 73 n. 310.

4        Having waived its covenant not sue defense before the ITC, Epistar can no longer assert it

5  as a defense to the ITC's imposition of an exclusion order forbidding Epistar from importing any

6  of the infringing OMA products.  Moreover, the ITC's and Federal Circuit's resolution of this

7

8  contract issue, like other non-patent issues, is entitled to *res judicata* effect in this Court.  *Union*

9  *Mfg. Co. v. Han Baek Trading Co.*, 763 F.2d 42, 45-46 (2d Cir. 1985); *Telectronics Proprietary,*

10 *Ltd. v. Medtronic, Inc.*, 687 F. Supp. 832, 846-47 (S.D.N.Y. 1988).  Thus, Epistar's waiver of this

11 defense before the ITC precludes them from pursuing this defense here.

12       Epistar's professed desire to avoid "irreparable harm" also rings hollow because this

13 Court cannot grant Epistar the relief it seeks.  Epistar claims that the covenant issue must be

14 resolved quickly so that "the ITC's Exclusion Order preventing the importation of these accused

15 products currently in place can be modified accordingly."  Epistar's Opp. at 2.  This Court,

16

17 however, has no jurisdiction to review or modify the ITC's exclusion order, or to issue a writ of

18 mandamus ordering the ITC to make such a modification.  *Ashlow Ltd. v. Morgan Constr. Co.*,

19 672 F.2d 371, 375 (4th Cir. 1982); *Meditech Int'l Co. v. Minigrip, Inc.*, 648 F. Supp. 1488, 1493-

20 94 (N.D. Ill. 1986).  Epistar must seek such relief from the ITC itself or the Federal Circuit, as

21 appropriate.  Yet having withdrawn that very issue from the ITC, Epistar is estopped from raising

22 it again in that forum.

23

24       Epistar also distorts the understanding of the parties on this matter.  As Lumileds' counsel,

25 Mr. Johnson, made clear at the evidentiary hearing, Epistar's decision to abandon its defense was

26 beyond the control of Lumileds: "We couldn't stop them in the first place, but we agreed that

27 they have dropped the covenant not to sue defense ...."  *See* Exh. A to the Declaration of Lenny

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-WA/2930941.1                          2          PHILIPS LUMILEDS' REPLY IN SUPPORT OF ITS
                                                   MOTION FOR STAY; CASE NO. 07-5194 CW

1   Huang in Support of Epistar Corporation's Opposition to Philips Lumileds Lighting Company,

2   LLC's Motion for Stay, at 815:22-24. Mr. Johnson concluded, "[A]nd we'll deal with it at such

3   time as they raise it again." *Id*. at 815:24 – 816:1. Lumileds simply agreed that the defense had

4   been dropped, and that the consequences of that decision would be addressed if and when Epistar

5   tried to raise it again. This claim can easily be dealt with in this matter because Epistar's

6   abandonment of this defense before the ITC precludes them from pursuing this defense here. In

7   any event, Lumileds certainly did not agree that the issue could be resurrected in an entirely new

8   litigation, nor did it waive its right to move to stay such a proceeding or take any other

9   appropriate action.

10  Even if Epistar were permitted to pursue its covenant-not-to-sue defense in this matter,

11  this would only provide a further justification for a stay because both this defense and the patent

12  infringement charge require an analysis of the structure of the OMA product.  [[

13

14

15

16

17

18

19

20

21

22

23

24

25  ]]  This inquiry overlaps substantially with the technical discovery and analysis that is

26  required to prove infringement, an issue common to both the ITC action and the Lumileds/Epistar

27  2005 Patent Litigation.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-WA/2930941.1                              3                    PHILIPS LUMILEDS' REPLY IN SUPPORT OF ITS
MOTION FOR STAY; CASE NO. 07-5194 CW

1    Given these common issues, as well as the absence of any irreparable harm to Epistar, the

2    present action should be stayed pending resolution of the appeal from the ITC investigation in

3    order to avoid piecemeal litigation, simplify the issues, and promote judicial economy.

4    **III.    THE PENDING APPEAL WILL DIRECTLY AFFECT EPISTAR'S CAUSE OF**
5    **ACTION TO VOID THE UEC/LUMILEDS LICENSE AGREEMENT**

6    Equally baseless is Epistar's claim that the so-called UEC/Lumileds Patent License

7    Agreement "is not at issue in the ITC Action or at issue in the Patent Action." Epistar's Opp. at

8    4. Epistar admitted in the ITC that the UEC/Lumileds Patent License Agreement is but one part

9    of the same settlement package that contains the UEC/Lumileds Settlement Agreement [[

10

11

12

13    ]]). In fact, the UEC/Lumileds License Agreement and [[                    ]]

14    are, respectively, Exhibits A and B to the UEC/Lumileds Settlement Agreement, which Epistar

15    admits was before the ITC and is now being considered as part of the appeal. Lyons Decl. ¶ 5.

16    The Commission, moreover, considered all of those documents, as well as the

17    Epistar/Lumileds License Agreement, when it determined that Epistar is bound by UEC's

18    agreement not to challenge the validity of the '718 patent in any future litigation with Lumileds.

19    *See* Declaration Of Andrew J. Wu In Support Of Philips Lumileds Lighting Company's Motion

20    To Stay ("Wu Decl.") ¶¶ 4, 7, 8, Lumileds' Exh. B at 8, Exh. E, Exh. F at 14-15. Those

21    determinations are presently before the Federal Circuit, and its resolution of those issues will be

22    binding on this Court. *Telectronics*, 687 F. Supp. at 846-47 (ITC's determination on a license

23    matter is entitled to *res judicata*); *Union Mfg.*, 763 F.2d at 45-46 (ITC determinations on non-

24    patent matters are entitled to *res judicata*). There is no basis, then, to artificially divide the

25    UEC/Lumileds License Agreement from the [[            ]] or Settlement Agreement, or

26    to claim that the License was not before the ITC or Federal Circuit when it is admitted that the

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-WA/2930941.1                    4                    PHILIPS LUMILEDS' REPLY IN SUPPORT OF ITS
MOTION FOR STAY; CASE NO. 07-5194 CW

1    other two agreements were submitted for their consideration.

2            Epistar's present opposition, not to mention the declaratory judgment claim itself, is also

3    undermined by the fact that Epistar expressly and repeatedly admitted before the ITC and the

4    Federal Circuit that it "assumed *all* of UEC's assets, liabilities, contracts, and obligations,"

5    including the UEC/Lumileds Settlement Agreement, as a result of its merger with UEC in

6    December 2005. *See, e.g.*, Lyons Decl. ¶¶ 4, 6, Exh. H at 2, 7, Exh. I at 8-9 (emphasis added).

7    The Commission likewise found that Epistar had voluntarily assumed "all" of UEC's obligations,

8    including its settlement agreements, when the companies merged in December 2005. *See* Wu

9    Decl. ¶¶ 4, 8, Exh. B at 8, Exh. F at 9, 15, 20, 26-27, 32-33.

10           Thus, Epistar's opposition to the stay requires a complete reversal of the positions that

11   Epistar has previously taken before the ITC and the Federal Circuit. Epistar seeks to accomplish

12   this legerdemain by mischaracterizing its transaction with UEC as an "assignment," even though

13   Epistar has already admitted, and the ITC has found, that Epistar voluntarily assumed those

14   agreements when it merged with UEC. Such an assumption did not require Lumileds' consent

15   and, thus, it could not even theoretically void the agreement. There is no reason to deny

16   Lumileds' motion to stay and permit Epistar to pursue this baseless claim, particularly while the

17   appeal from the ITC investigation is still pending before the Federal Circuit.

## IV.    THE UNFAIR COMPETITION CLAIMS OF BOTH LUMILEDS AND EPISTAR ARE DIRECTLY RELATED TO THE ITC EXCLUSION ORDER CURRENTLY UNDER APPEAL

             As for its remaining claims for unfair competition and tortious interference, Epistar

ignores the fact that all of those claims focus on the very ITC decision that is presently on appeal.

Epistar claims that Lumileds disseminated allegedly "misleading information" about the scope of

the ITC's infringement determination and its exclusion order, and seeks to enjoin Lumileds from

making such alleged misrepresentations. Complaint, ¶¶ 12, 16, 20, 30, 37, 39, 41; Epistar's Opp.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-WA/2930941.1                                5                    PHILIPS LUMILEDS' REPLY IN SUPPORT OF ITS
                                                                   MOTION FOR STAY; CASE NO. 07-5194 CW

1    at 5. The scope and propriety of the exclusion order is now before the Federal Circuit. *See, e.g.,*

2    Wu Decl. ¶ 4, Exh. B at 23-34 (describing the scope of the remedy, now on appeal).

3    Accordingly, Epistar's unfair competition and tortious interference claims should be stayed

4    pending resolution of the appeal from the ITC investigation.

5

6    **V.    CONCLUSION**

7         For the foregoing reasons, this Court should grant Lumileds' motion to stay this litigation

8    and all deadlines currently in effect pending the resolution of the related ITC proceedings.

9

10   Dated: February 22, 2008                    Respectfully submitted,

11                                                MORGAN, LEWIS & BOCKIUS LLP

12                                                By:   /s/ Michael J. Lyons
                                                         Michael J. Lyons
13

14                                                Attorneys for Defendant and
                                                  Counterclaimant
15                                                PHILIPS LUMILEDS LIGHTING
                                                  COMPANY, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-WA/2930941.1                        6                    PHILIPS LUMILEDS' REPLY IN SUPPORT OF ITS
                                                           MOTION FOR STAY; CASE NO. 07-5194 CW