IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPISTAR CORPORATION, | No. C 07-5194 CW |
|     Plaintiff and Counterclaim Defendant, | ORDER GRANTING IN PART, DENYING IN PART AND DEFERRING RULING IN PART ON DEFENDANT'S MOTION TO STAY |
|   v. | |
| PHILIPS LUMILEDS LIGHTING COMPANY, LLC, | |
|     Defendant and Counterclaimant. | |

    Defendant and Counterclaimant Philips Lumileds Lighting Company has filed a motion to stay this action pending the final resolution of In the Matter of Certain High-Brightness Light Emitting Diodes and Products Containing Same, Inv. No. 337-TA-566, a related investigation before the International Trade Commission (ITC).  The ITC's final determination is on appeal to the Federal Circuit.  Plaintiff and Counterclaim Defendant Epistar Corporation opposes the motion.  The motion was submitted on the papers.

Having considered all of the parties' papers, the Court grants in part, denies in part and defers ruling in part on Defendant's motion.

## BACKGROUND

This case is part of a series of disputes between the parties relating to the alleged infringement by Epistar of a light emitting diode (LED) patent, United States Patent No. 5,008,718 ('718 patent), held by Lumileds.

In September, 1999, UEC filed suit against Defendant Lumileds, Hewlett-Packard Co. and Agilent Technologies, seeking, among other things, a declaration that UEC's products did not infringe the '718 patent. UEC and Lumileds settled that litigation in 2001 and entered into two separate agreements: a settlement agreement (2001 UEC/Lumileds settlement agreement) and a patent license agreement (UEC/Lumileds patent license agreement).

In 2002, Lumileds filed a complaint against several of Epistar's customers in this Court, alleging infringement of the '718 patent (2002 suit). On January 6, 2003, Epistar filed suit in the Central District of California against Lumileds, seeking a declaration that its products did not infringe the '718 patent and that the '718 patent was invalid (2003 suit). The 2003 suit was transferred to this Court after Lumileds amended its complaint in the 2002 suit to name Epistar as a defendant and to include allegations that Epistar's products infringed the '718 patent. The cases were consolidated and were resolved when Epistar and Lumileds entered into a settlement agreement. The agreement included a covenant by Lumileds not to sue Epistar for infringement of the

2

'718 patent based on Epistar's Omnidirectional Mirror Adhesive (OMA) LED products and a license to Epistar to make, sell, use, offer to sell and import AlGaInP absorbing-substrate LEDs (2004 Epistar/Lumileds settlement agreement).

In August, 2005, Epistar and UEC finalized a merger agreement through which Epistar would acquire all of UEC's assets and operations. The merger took effect on December 30, 2005 and UEC was dissolved.

On November 4, 2005, Lumileds filed a complaint with the ITC alleging, among other things, a violation of the Tariff Act of 1930 based on the import of certain LED products that infringe the '718 patent. Epistar was one of the respondents named in Lumileds' complaint. During the course of the investigation, Lumileds alleged that Epistar's OMA products infringed the '718 patent. The ITC entered a final determination that Epistar's OMA products infringe the '718 patent and entered an exclusion order precluding Epistar from importing its OMA LED products into the United States. Epistar appealed the ITC's final determination to the Federal Circuit.

At the same time that it filed its complaint with the ITC, Lumileds filed another complaint in this Court, alleging infringement of patents including the '718 patent (2005 suit). That case was stayed at Epistar's request pending resolution of the ITC proceedings.[1]

---

[1]The 2005 suit was stayed pursuant to 28 U.S.C. § 1659, which provides,

In a civil action involving parties that are also

3

On October 10, 2007, Epistar filed the instant complaint alleging that, after the entry of the ITC final determination, Lumileds sent false and misleading letters to Epistar's existing and potential customers about the scope of the ITC's findings. Those letters, Epistar argues, improperly suggest that the ITC determined that all of Epistar's products infringe all three of the patents it considered.  Therefore, Epistar claims that the letters constitute (1) unfair competition under the Lanham Act, (2) intentional interference with Epistar's prospective economic advantage, and (3) unfair competition in violation of California Business and Professions Code § 17200.  Epistar seeks to enjoin Lumileds from continuing the allegedly misleading communications. Epistar also asserts that Lumileds breached the covenant not to sue contained in the 2004 Epistar/Lumileds settlement agreement by filing the ITC complaint and the 2005 suit alleging infringement of the '718 patent.  Finally, Epistar seeks a declaration that the 2001 UEC/Lumileds settlement agreement became null and void when Epistar acquired UEC and that the Epistar/Lumileds settlement agreement controls.

## DISCUSSION

It is well-established that "the power to stay proceedings is

---

parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission.

4

1 incidental to the power inherent in every court to control the
2 disposition of the cases on its docket with economy of time, effort
3 for itself, for counsel, and for litigants." <u>Landis v. North Amer.</u>
4 <u>Co.</u>, 299 U.S. 248, 254 (1936); <u>see also</u> <u>Ethicon, Inc. v. Quigg</u>, 849
5 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to
6 manage their dockets and stay proceedings.")  As the Ninth Circuit
7 instructs,

>   A trial court may, with propriety, find it is efficient
>   for its own docket and the fairest course for the
>   parties to enter a stay of an action before it, pending
>   resolution of independent proceedings which bear upon
>   the case.  This rule applies whether the separate
>   proceedings are judicial, administrative, or arbitral in
>   character, and does not require that the issues in such
>   proceedings are necessarily controlling of the action
>   before the court.

13 <u>Leyva v. Certified Grocers of Cal., Ltd.</u>, 593 F.2d 857, 863-64 (9th
14 Cir. 1979).

15      "In determining whether to grant a stay, courts generally
16 consider whether doing so would cause undue prejudice or present a
17 clear tactical disadvantage to the non-moving party." <u>ASCII Corp.</u>
18 <u>v. STD Entm't USA, Inc.</u>, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994).
19 Courts may also consider the stage in litigation, whether
20 substantial discovery has already taken place, and whether the
21 matter has been set for trial. <u>Id.</u>  The party seeking a stay "must
22 make out a clear case of hardship or inequity in being required to
23 go forward, if there is even a fair possibility that the stay for
24 which he prays will work damage to some one else." <u>Landis</u>, 299
25 U.S. at 255.

26      Lumileds seeks a stay of this action pending the final
27 resolution of its claim before the ITC.  Lumileds argues that the

5

stay's duration would be finite and that the instant claims could then be litigated along with the 2005 suit. Moreover, Lumileds argues that there is significant overlap between this case, the ITC claim and the 2005 suit.

I.    Breach of contract claim based on the covenant not to sue

Lumileds asserts that Epistar's likely defenses to the infringement claims in the 2005 suit are substantially intertwined with Epistar's current breach of contract claim. Lumileds predicts that Epistar will raise as a defense to the infringement claim, the covenant not to sue contained in the 2004 Epistar/Lumileds settlement agreement. This would be the converse of Epistar's present breach of contract claim. Epistar does not dispute that there is overlap between its breach of contract claim in this case and the patent issues in the ITC proceeding and the 2005 suit. Instead Epistar argues, "For efficient and orderly litigation however, the issue of whether the license defense is successful should preferably be decided first." Opposition at 6.

In addition to the overlap between the breach of contract claim and the infringement claim in the stayed 2005 suit and the potential for judicial economy in consolidating those claims, Lumileds argues that Epistar will not be prejudiced if this claim is stayed but Lumileds will be prejudiced if it is forced to litigate the same issues twice. First, Lumileds asserts that Epistar cannot argue that it will be prejudiced by a stay of this suit because it is Epistar that requested a stay of the 2005 suit. Epistar responds that it would be prejudiced because the ITC exclusion order covers products that it claims are included in the

6

covenant not to sue contained in the 2004 Epistar/Lumileds settlement agreement.  Therefore, Epistar asserts that staying this claim will prolong the time for which it is wrongfully prevented from importing products it is permitted to import under the terms of the 2004 settlement agreement.  Lumileds responds that Epistar originally raised the covenant not to sue as a defense in the ITC proceeding, but elected to abandon it on the fourth day of the hearing before the ITC and therefore has now waived it.

Epistar replies that the parties agreed that Epistar's defense that Lumileds breached the covenant not to sue "would be tried separately in district court."  It is not clear whether the parties agreed to this, or, if not, whether Epistar has waived either its claim or defense based on the covenant not to sue.  This could be resolved by motion, now or later.  In any event, the scope of the covenant not to sue necessarily requires an analysis of which products are properly classified as OMA products that are subject to the covenant.  Lumileds argues that this is a technical issue that is substantially related to the stayed patent suit.

The Court tentatively grants Lumileds' motion to stay with respect to the breach of contract claim.  The parties shall come to the May 6, 2008 case management conference prepared to discuss the factual issues necessary for the Court to rule on this question.

II. Declaratory relief claim regarding the UEC/Lumileds patent license agreement

Lumileds also argues that Epistar's claim for a declaration that it is not bound by the UEC/Lumileds patent license agreement, entered into as part of the settlement of the 2001 suit between UEC

7

and Lumileds, should be stayed pending the resolution of the ITC claim because Epistar has addressed this issue in its defense of the ITC action. Epistar counters that it has only relied upon the UEC/Lumileds consent judgment and the 2001 UEC/Lumileds settlement agreement, not the UEC/Lumileds patent license agreement. Lumileds responds that one of Epistar's own briefs before the ITC recognizes that these three documents were part of the settlement of the 2001 suit. Moreover, Lumileds points out that the UEC/Lumileds patent license agreement and the consent judgment are themselves exhibits to the 2001 UEC/Lumileds settlement agreement. Therefore, Lumileds asserts that the patent license agreement is necessarily at issue in the ITC proceeding and not properly before this Court.

The ITC found that Epistar is precluded from raising an invalidity defense to Lumileds' claims because Epistar is bound by the UEC/Lumileds consent judgment and the 2001 UEC/Lumileds settlement agreement. The ITC also found that under the terms of the UEC-Epistar merger agreement and Taiwanese law, under which the merger agreement was executed, Epistar has assumed all of UEC's rights and obligations and is therefore UEC's successor. Based on these findings, the ITC concluded that Epistar was bound by an agreement not to challenge the validity of the '718 patent contained in the UEC/Lumileds settlement agreement and dismissed Epistar's invalidity affirmative defense. This is one of the issues Epistar appealed to the Federal Circuit. In its brief to the Federal Circuit, the ITC states that "Epistar, now standing in UEC's shoes is barred from raising an invalidity defense to the assertion of infringement of the '718 patent against any product,

8

including 'future products.'"  Wu Decl., Ex. F at 15.

None of Lumileds' exhibits demonstrate that the ITC considered the UEC/Lumileds patent license agreement.  In fact, the ITC specifically states that it considered the UEC/Lumileds consent judgment and the 2001 UEC/Lumileds settlement agreement but does not mention the patent license agreement.  Nonetheless, it is quite clear that the interpretation of the UEC-Epistar merger agreement is at issue in the ITC.  The meaning of the merger is one of the key questions that will need to be determined before deciding whether Epistar is bound by the UEC/Lumileds patent license agreement.  Therefore, the Court grants Lumileds' motion to stay with respect to this claim.

III. Claims for injunctive relief

Finally, Epistar argues that the injunctive relief it seeks on its claims for unfair competition and intentional interference with prospective economic advantage weigh against granting the stay. These claims assert that Lumileds has improperly represented to Epistar's customers the scope of the ITC's exclusion order. Lumileds counters that the scope and propriety of the exclusion order remain in question and are presently on appeal to the Federal Circuit.  However, the Federal Circuit's decision will not impact claims related to the manner in which Lumileds has represented and continues to represent the ITC's exclusion order.  Epistar claims that it has and will continue to suffer harm based on the alleged misrepresentations.  Therefore, the Court denies Defendant's motion to stay with respect to these claims.

9

CONCLUSION

For the foregoing reasons, the Court GRANTS in part, DENIES in part and DEFERS ruling in part on Defendant's motion to stay (Docket No. 30). As stated above, the parties shall come to the May 6, 2008 case management conference prepared to discuss the extent of the technical issues raised by the question of which products are properly classified as OMA products subject to the covenant not to sue.

IT IS SO ORDERED.

Dated: 4/2/08

CLAUDIA WILKEN
United States District Judge