IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LUMILEDS LIGHTING U.S. LLC,                    No. C 05-04521 CW

    v.

EPISTAR CORPORATION ET AL,
_____

EPISTAR CORP.                                  No. C 07-05194 CW

    v.                                      MINUTE ORDER AND
                                               CASE MANAGEMENT
PHILIPS LUMILEDS LIGHTING                       ORDER

_____/

Clerk: Sheilah Cahill          Reporter: Raynee Mercado
Plaintiff Attorney: Michael Lyon & Amy Spicer for Lumileds
Defendant Attorney: Steven Hemminger and Lenny Huang for Epistar

     A case management conference was held on: 5/6/08.  The Case
Management Statement and Proposed Order filed by the parties is hereby
adopted by the Court as the Case Management Order for the case, except
as may be noted below.  The Court's standard Order for Pretrial
Preparation also applies.

The case is hereby referred to the following ADR process:
Non-binding Arbitration: ( )      Early Neutral Evaluation: ( )
Court-connected mediation: ( )      Private mediation: ( X )
Magistrate Judge settlement conference: ( )
ADR session to be held by:                                    (not set)
(or as soon thereafter as is convenient to the mediator's schedule)

Deadline to add additional parties or claims:                 (not set)
Date of next case management conference:                      (07/10/08)

Completion of Fact Discovery:                                 (not set)
Disclosure of identities and reports of expert witnesses:     (not set)
Completion of Expert Discovery:                               (not set)

Motion for judgment on pleadings to be heard at 2:00 P.M.:    (07/10/08)
Final Pretrial Conference at 2:00 P.M. on:                    (not set)
A day  Trial will begin at 8:30 A.M. on:                      (not set)

Additional Matters:  Copy of Court's Order for Pretrial Preparation
given to attys in court.  Counsel to include in briefs whether
Epistar waived their license defense or both sides agreed to defer
it.  **A Further Case Management Conference will be held on 7/10/08
at 2:00 p.m. whether or not motion for judgment on pleadings is
filed (or on whatever date motion is set).**

IT IS SO ORDERED.

Dated:   5/8/08

_____
CLAUDIA WILKEN
United States District Judge

Copies to:   Chambers; ADR

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>NOTICE</u>

**Case Management Conferences and Pretrial Conferences** are conducted on **Tuesdays** at 2:00 p.m.  **Criminal Law and Motion** calendar is conducted on **Wednesdays** at 2:00 p.m. for defendants in custody and 2:30 p.m. for defendants not in custody.  **Civil Law and Motion** calendar is conducted on **Thursdays** at 2:00 p.m.  Order of call is determined by the Court.  Counsel need not reserve a hearing date for civil motions; however, counsel are advised to check the legal newspapers or the Court's website at www.cand.uscourts.gov for unavailable dates.

Motions for Summary Judgment:  All issues shall be contained within one motion of 25 pages or less, made on 35 days notice. (<u>See</u> Civil L.R. 7-2).  Separate statements of undisputed facts in support of or in opposition to motions for summary judgment will not be considered by the Court.  (<u>See</u> Civil Local Rule 56-2(a)). The motion and opposition should include a statement of facts supported by citations to the declarations filed with respect to the motion.  Evidentiary and procedural objections shall be contained within the motion, opposition or reply; separate motions to strike will not be considered by the Court.  Any cross-motion shall be contained within the opposition to any motion for summary judgment, shall contain 25 pages or less, and shall be filed 21 days before the hearing.  The reply to a motion may contain up to 15 pages, shall include the opposition to any cross-motion, and shall be filed 14 days before the hearing.  (<u>See</u> Civil Local Rule 7-3).  The Court may, *sua sponte* or pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so as to give a moving party time to file a reply to any cross-motion.

All discovery motions are referred to a Magistrate Judge to be heard and considered at the convenience of his/her calendar.  All such matters shall be noticed by the moving party for hearing on the assigned Magistrate Judge's regular law and motion calendar, or pursuant to that Judge's procedures.

Pursuant to General Order 45,§ VI.G, "In all cases subject to ECF, in addition to filing papers electronically, the parties are required to lodge for chambers **no later than noon on the business day following the day that the papers are filed electronically,** one paper copy of each document that is filed electronically."

(rev. 10/10/07)

<u>ORDER FOR PRETRIAL PREPARATION</u>

<u>PRETRIAL CONFERENCE</u>

1.  Not less than 30 days prior to the pretrial conference, counsel shall **<u>exchange</u>** (but not file or lodge) the papers described in Civil L.R. 16-10(b)(7),(8),(9), and (10), and their motions in limine.

2.  At least 20 days before the final pretrial conference, lead counsel who will try the case shall meet and confer with respect to:

      (a)  Preparation and content of the joint pretrial conference statement;

      (b)  Resolution of any differences between the parties regarding the preparation and content of the joint pretrial conference statement and the preparation and exchange of pretrial materials to be served and lodged pursuant to this Order for Pretrial Preparation. To the extent such differences are not resolved, parties will present the issues in the pretrial conference statement so that the judge may rule on the matter during the pretrial conference; and

      (c)  Settlement of the action.

3.  Not less than 10 days prior to the pretrial conference, counsel shall submit the following.

      (a)  Pretrial Conference Statement.  The parties shall file a joint pretrial conference statement containing the following information:

      (1)  The Action.

      (A) Substance of the Action.  A brief description of the substance of claims and defenses which remain to be decided.

      (B)  Relief Prayed.  A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed.

      (2)  The Factual Basis of the Action.

United States District Court
For the Northern District of California

(A)  Undisputed Facts.  A plain and concise statement of all relevant facts not reasonably disputed.

(B)  Disputed Factual Issues.  A plain and concise statement of all disputed factual issues which remain to be decided.

(C)  Agreed Statement.  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(D)  Stipulations.  A statement of stipulations requested or proposed for pretrial or trial purposes.

(3)  Disputed Legal Issues.  Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief.

(4)  Further Discovery or Motions.  A statement of all remaining discovery or motions.

(5)  Trial Alternatives and Options.

(A)  Settlement Discussion.  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

(B)  Consent to Trial Before a Magistrate Judge.  A statement whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

(C)  Bifurcation, Separate Trial of Issues.  A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(6)  Miscellaneous.  Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

(b)  Exhibit List and Objections.  The exhibit list shall list each proposed exhibit by its number (see Civil L.R. 30-2(b)), description, and sponsoring witness, followed by blanks to accommodate the date on which it is marked for identification and the date on which it is admitted into

evidence.  **No party shall be permitted to offer any exhibit in
its case-in-chief that is not disclosed in its exhibit list
without leave of the Court for good cause shown.**  Parties
shall also deliver a set of premarked exhibits to the
Courtroom Deputy.  The exhibit markers shall each contain the
name and number of the case, the number of the exhibit, and
blanks to accommodate the date admitted and the Deputy Clerk's
initials.  (Appropriate sample forms are available on the
Court's website at www.cand.uscourts.gov).  Any objections to
exhibits which remain after the pretrial meeting shall be
indicated in the pretrial statement.

     (c)  Witness List.  In addition to the requirements
of FRCivP 26(a)(3)(A), a brief statement describing the
substance of the testimony to be given by each witness who may
be called at trial.  **No party shall be permitted to call any
witness in its case-in-chief that is not disclosed in its
pretrial statement without leave of Court for good cause
shown.**

     (d)  Use of Discovery Responses.  In addition to the
requirements of FRCivP 26(a)(3)(B), a designation of any
excerpts from interrogatory answers or from responses for
admissions intended to be offered at trial.  Counsel shall
indicate any objections to use of these materials and that
counsel have conferred respecting such objections.

     (e)  Trial briefs.  Briefs on all significant
disputed issues of law, including foreseeable procedural and
evidentiary issues, which remain after the pretrial meeting.

     (f)  Motions in Limine.  Any motions in limine that

**United States District Court**
For the Northern District of California

1    could not be settled at the pretrial meeting shall be filed

2    with the pretrial statement.  All motions in limine shall be

3    contained within one document, limited to 25 pages pursuant to

4    Civil L.R. 7-2(b), with each motion listed as a subheading.

5    Opposition to the motions in limine shall be contained within

6    one document, limited to 25 pages, with corresponding

7    subheadings, and filed five (5) days thereafter.

8         (g)  Joint Proposed Voir Dire.  The attached voir

9    dire questionnaire will be given to the venire members, and

10   copies of the responses will be made available to counsel at

11   the beginning of voir dire.  Counsel may submit a set of

12   additional requested voir dire, to be posed by the Court, to

13   which they have agreed at the pretrial meeting.  Any voir dire

14   questions on which counsel cannot agree shall be submitted

15   separately.  Counsel may be allowed brief follow-up voir dire

16   after the Court's questioning.

17        (h)  Joint Proposed Jury Instructions.  As

18   applicable, jury instructions §1.1A, §1.1C, §1.2 through

19   §1.17, §1.19, §2.1 through §2.13, §3.1 through §3.3 from the

20   Manual of Model Civil Jury Instructions for the Ninth Circuit

21   (2007 Edition) will be given absent objection.  Counsel shall

22   jointly submit one set of additional proposed jury

23   instructions, to which they have agreed at the pretrial

24   meeting.  The instructions shall be ordered in a logical

25   sequence, together with a table of contents.  Any instruction

26   on which counsel cannot agree shall be marked as "disputed,"

27   and shall be included within the jointly submitted

28   instructions and accompanying table of contents, in the place

1   where the party proposing the instruction believes it should

2   be given.   Argument and authority for and against each

3   disputed instruction shall be included as part of the joint

4   submission, on separate sheets directly following the disputed

5   instruction.          Whenever possible, counsel shall deliver

6   to the Courtroom Deputy a copy of their joint proposed jury

7   instructions on a computer disk in WordPerfect or ASCII

8   format.   The disk label should include the name of the

9   parties, the case number and a description of the document.

10          (i)   Proposed Verdict Forms, Joint or Separate.

11          (j)   Proposed Findings of Fact and Conclusions of

12  Law (Court Trial only).   Whenever possible, counsel shall

13  deliver to the Courtroom Deputy a copy of their proposed

14  findings of fact and conclusions of law on a computer disk in

15  WordPerfect or ASCII format. The disk label should include the

16  name of the parties, the case number and a description of the

17  document.

18  JURY SELECTION

19      The Jury Commissioner will summon 20 to 25 prospective

20  jurors.   The Courtroom Deputy will select their names at

21  random and seat them in the courtroom in the order in which

22  their names are called.

23      Voir dire will be asked of sufficient venire persons so

24  that eight (or more for a lengthy trial) will remain after all

25  peremptory challenges and an anticipated number of hardship

26  dismissals and cause challenges have been made.

27      The Court will then take cause challenges, and discuss

28  hardship claims from the individual jurors, outside the

**United States District Court**
For the Northern District of California

1   presence of the venire.  The Court will inform the attorneys

2   which hardship claims and cause challenges will be granted,

3   but will not announce those dismissals until the process is

4   completed.  Each side may then list in writing up to three

5   peremptory challenges.  The attorneys will review each other's

6   lists and then submit them to the Courtroom Deputy.

7      Then, from the list of jurors in numerical order, the

8   Court will strike the persons with meritorious hardships,

9   those excused for cause, and those challenged peremptorily,

10  and call the first eight people in numerical sequence

11  remaining.  Those people will be the jury.

12      All jurors remaining at the close of the case will

13  deliberate.  There are no alternates.

14  <u>SANCTIONS</u>

15      Failure to comply with this Order is cause for sanctions

16  under Federal Rule of Civil Procedure 16(f).

17      IT IS SO ORDERED.

18

19  Dated: _____     _____

20                                   CLAUDIA WILKEN
                                      UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print
clearly.  Since we want to make copies for the attorneys and
the Court, do not write on the back of any page.  If you need
more room, continue at the bottom of the page.  Thank you for
your cooperation.

1.    Your name:
_____

2.    Your age:
_____

3.    The city where you live:
_____

4.    Your place of birth:
_____

5.    Do you rent or own your own home?
_____

6.    Your marital status: (circle one)

      single    married    separated    divorced    widowed    live with partner

7.    What is your occupation, and how long have you worked in
      it?  (If you are retired, please describe your main
      occupation when you were working).

_____

_____

8.    Who is (or was) your employer?

_____

9.    How long have you worked for this employer? _____

10.   Please list the occupations of any adults with whom you
      live.

_____

11.   If you have children, please list their ages and sex and,
          if they are employed, please give their occupations.

_____

_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

12.  Please describe your educational background:

Highest grade completed: _____

College and/or vocational schools you have attended:

_____

_____

_____

_____

Major areas of study:_____

13.  Have you ever served on a jury before? _____   How many

times?_____

If yes:  State/County Court _____   Federal Court _____

When? _____

Was it a civil or criminal case? _____

Did the jury(ies) reach a verdict? _____

(rev. 10/10/07)

**United States District Court**
For the Northern District of California