# EXHIBIT L

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

In the Matter of

**CERTAIN HIGH-BRIGHTNESS LIGHT
EMITTING DIODES AND PRODUCTS
CONTAINING SAME**

**Inv. No. 337-TA-556**

### ORDER NO. 2:  Issuance of Ground Rules

This investigation shall be conducted in accordance with the attached ground rules.

So ORDERED.

Sidney Harris
Administrative Law Judge

Issued:   December 8, 2005

## GROUND RULES

These Ground Rules are to aid the Administrative Law Judge in the orderly conduct of a hearing pursuant to the Administrative Procedure Act (*see* 5 U.S.C. § 556(c)) and to insure compliance with the stringent time limits of section 337.

1. Additional Materials

In a patent-based case, unless they are attached as exhibits to the complaint, complainant shall, within forty (40) days after institution of the investigation or ten (10) days after the preliminary conference, whichever first occurs, serve on the Administrative Law Judge one original or photocopy of the certified Patent and Trademark Office file wrapper for each involved U.S. letters patent, and one copy of each patent and applicable pages of each technical reference mentioned in the file wrapper of each involved U.S. letters patent.

2. Discovery and Motions

a. Parties with similar interests must coordinate and consolidate depositions and all other discovery.

b. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the investigation. Information can be sought if it appears reasonably calculated to lead to discovery of admissible evidence.

c. Discovery requests and responses thereto shall be served upon all parties, including the Commission investigative attorney. Discovery documents need not be served on the Secretary's Office unless they are motions, but *one* courtesy copy of discovery requests and answers should be served on the Administrative Law Judge.

2

d. Redundant discovery requests or discovery requests intended merely to harass a party will not be permitted. If redundant or improper requests are made, the Administrative Law Judge will entertain a motion to limit discovery, *e.g.*, set a maximum number of interrogatories a party may serve upon another party.

e. Unless otherwise ordered, any party desiring to take a deposition shall give notice in writing to every other party of not less than 10 days if the deposition is to be taken of a person located in the United States, or of not less than 15 business days if the deposition is to be taken of a person located outside the United States. *See* 19 C.F.R. § 210.28(c).

f. Unless otherwise ordered, the party upon whom interrogatories have been served shall serve a copy of the answers, and any objections, within 10 days after the service of the interrogatories. *See* 19 C.F.R. § 210.29(b).

g. With respect to a request for the production of documents or things, or to permit entry upon land, unless otherwise ordered, the party upon whom a request has been served shall serve a written response within 10 business days after the service of the request. *See* 19 C.F.R. § 210.30(b)(2).

h. Unless otherwise ordered, a request for admission may be served at anytime 20 days after the date of service of the complaint and notice of investigation. *See* 19 C.F.R. § 210.31(a). Unless otherwise ordered, a party upon whom a request for admission has been served, shall serve an answer or objection within 10 days after the service of the request, otherwise the matter may be deemed admitted. *See* 19 C.F.R. § 210.31(b).

3

i. Any motion to limit or quash a subpoena shall be filed within 10 days after receipt thereof, or within such other time as the Administrative Law Judge may allow. *See* 19 C.F.R. § 210.32(d).

j. All parties shall make reasonable efforts to resolve among themselves disputes arising during discovery.

k. All discovery-related motions must include verification that the party filing the motion has made reasonable, good-faith efforts to contact and resolve the matter with opposing parties.

l. No motion stops discovery, except a timely motion to quash a subpoena.

m. A motion shall include any request to shorten the period of time during which other parties may respond to the motion. The fact that a shortened response time is requested shall be noted in the title of the motion and the motion shall include an explanation of the grounds for such a request. A request for a shortened response time shall not be made through a separate motion.

n. The confidential nature of any filing with the Commission Secretary or of any submission to the Administrative Law Judge shall be conspicuously noted on the top page of any filing or other submission. No cover letter or other document shall be stapled or otherwise attached to a filing or other submission so as to obscure the confidential marking on the top page.

o. In order to expedite discovery, the following procedure should be followed with respect to those documents for which counsel claims privilege (attorney-client or work product): If production of any document is withheld on the basis of a claim of privilege, each withheld document must be separately identified via a privileged documents list (*see Duplan Corp. v. Deering Millikin, Inc.*, 397 F. Supp. 1146, 184 U.S.P.Q. 775 (D.S.C. 1974)). The privileged

4

document list need not be supplied until 10 days after objections based on privilege to the underlying document requests are due.

p. Subpoenas under Rule 210.32 should follow form (sample available) with a copy served on other parties. Generally, subpoenas are necessary only to compel third parties to testify or produce documents. Subpoenas have been issued to parties to the investigation, but it is preferred that they be used only when there is reason to believe that the party whose appearance is sought may not appear. Communication between counsel should facilitate this process and thereby reduce reliance on subpoenas which may be time-consuming.

q. No later than the date to be ordered by the Administrative Law Judge in the prehearing schedule, parties who anticipate using an expert(s) at the hearing shall serve on all other parties a written identification of their experts, which shall describe the expert's qualifications and disclose the general nature of the subject matter on which the expert is expected to testify. The identification need not be filed with the Secretary's Office, but two copies shall be provided to the Administrative Law Judge.

r. To be entitled to receive confidential submissions, attorneys must file with the Secretary's Office (an original and six copies) a letter or notice consenting to be bound by the provisions of Order No. 1 (Protective Order), and serve the same on the Administrative Law Judge (two copies), and on all other parties.

s. A party who has responded to a request for discovery with a response that was complete when made is under a duty seasonably to supplement his response to include information thereafter acquired. 19 C.F.R. § 210.27(c).

t. The deposition testimony of a witness shall be continuous, except as provided in the

5

following paragraph. Once the testimony has begun, there shall be no consultation with the witness concerning prior or subsequent testimony, either in off-the-record breaks, or in recesses, until the deposition is completed.

With respect to witnesses designated by a company to testify on its behalf, such individuals may consult with company counsel and other company employees during a deposition for the limited purpose of securing additional information to respond more completely to deposition questions.

u. If a witness testifying at a deposition is instructed by his attorney not to answer a question (on any basis other than a claim of privilege), and the question is not withdrawn, the parties shall contact the Administrative Law Judge by telephone so that the matter can be presented to the Administrative Law Judge for an immediate ruling.

3. Filing of Documents; Copy Requirement

a. While the investigation is before the Administrative Law Judge, all documents filed with the Secretary must include one (1) original and six (6) copies. 19 C.F.R. § 210.4(f)(2).

b. Documents to be filed with the Secretary's Office include all motions and responses thereto, prehearing statements, and post-hearing briefs. Copies of these papers shall be served on all other parties, including the Commission investigative attorney, and *two* (2) copies shall be served concurrently on the Administrative Law Judge at his chambers.

In the case of any filing of 10 pages or more (excluding attachments), or in the case of any filing that contains lengthy quotations from a patent, transcript, treatise or other document: the printed copies delivered to the Administrative Law Judge shall, if possible, be accompanied by a diskette containing a version of the filing in WordPerfect for Windows, or a compatible

6

format.

c. Discovery requests and responses thereto shall be served upon all parties including the Commission investigative attorney. No copies need be served on the Secretary's Office, but one (1) courtesy copy should be served on the Administrative Law Judge at his chambers.

d. All documents to be served on the Secretary and the Administrative Law Judge must be *received* on the date upon which they are due, *not* mailed on that day.

e. Unless otherwise ordered, all *responses to motions are due in the Office of the Secretary and the Administrative Law Judge's office within 10 days* after service of the motion on the responding party. The date of service on a party is the date of mailing, if mailed, or the date of delivery, if hand-delivered. The additional time provided under 19 C.F.R. § 201.16(d) after service by mail *does not apply*, unless mailing is to a person in a foreign country, in which event the additional time allowed for responses to motions shall be as follows: (i) ten (10) calendar days where service is by regular airmail; (ii) five (5) calendar days where service is by an express-type mail or courier service. *See* 19 C.F.R. § 210.6.

f. Computation of time for responding to motions shall be in accordance with 19 C.F.R. § 201.14, *i.e.*, computation begins with the first *business* day following the date the responding party is served with the motion, and includes the last day of the period, unless it is a Saturday, Sunday, or Federal legal holiday, in which event the period runs until the end of the next business day.

g. Parties are encouraged to agree upon a method of service so that the parties will receive all documents at the same time the documents are received by the Commission.

h. Documents are not to be telecopied to the Administrative Law Judge without his prior

7

approval.

4. Prehearing Statement

Each party who desires to participate in the final hearing in this investigation must file on or before the date to be ordered in the prehearing schedule a prehearing statement containing the following information:

a. The names of all known witnesses, their addresses, whether they are fact or expert witnesses (and their area of expertise), and a brief outline of each witness' testimony. In the case of expert witnesses, a copy of the expert's report and curriculum vitae should accompany this submission.

b. A list of all exhibits which the parties will seek to introduce at the hearing.

c. A list of proposed stipulations on which the parties are reasonably certain they can agree.

d. A statement of the issues to be considered at the hearing that sets forth *with particularity* a party's contentions on each of the proposed issues, including citations to legal authorities in support thereof. Any contentions not set forth in detail as required herein shall be deemed abandoned or withdrawn, except for contentions of which a party is not aware and could not be aware in the exercise of reasonable diligence at the time of filing the prehearing statement.

e. A proposed agenda for the prehearing conference.

f. Estimated duration of the hearing.

g. Certification regarding good faith efforts to settle. *See infra.*

5. Evidence

a. Only factual material and expert opinion shall be received into evidence. Legal argument should be presented in the briefs.

8

b.  Legal experts may only testify as to procedures of the U.S. Patent and Trademark Office.

c.  All testimony of expert witnesses and "disputed" fact witnesses shall be live.

d.  The testimony of a witness at a hearing shall be continuous.  Once the testimony has commenced, there shall be no consultation with the witness concerning his testimony until it is completed.

e.  The rule of exclusion shall be followed; that is, fact witnesses shall be excluded from the hearing until they are called to testify, except that each party may have present at the hearing one corporate representative to be announced at the beginning of the hearing.

f.  Written exhibits (including a list of the exhibits) shall be served on the opposing parties on or before the date to be ordered in the prehearing schedule.  Physical samples and demonstrative displays are excepted.

6.  <u>Exhibits</u>

a.  All exhibits shall be exchanged on or before the due date to be ordered in the prehearing schedule.  The Administrative Law Judge shall receive an original set containing each exhibit, and another full set of exhibits in binders.  Clear photocopies may be used instead of original documents in the original set delivered to the Administrative Law Judge.

In order to facilitate the optical scanning of the exhibits, the exhibits in the original set shall consist of loose sheets (which may be clipped but not stapled) in folders (file folders, accordion folders, etc.).

If any portion of an exhibit contains confidential business information, the entire exhibit shall be treated as confidential.  For certain lengthy exhibits of which only portions are confidential, the parties may be asked to submit a public version of the exhibit.  Confidential exhibits and public exhibits shall be placed in separate boxes which are clearly marked as

9

containing either confidential or public exhibits.

In each of the boxes, the folders containing the exhibits shall be placed in numerical order. *See* Ground Rule 6(c). Because public and confidential exhibits are to be placed in separate boxes, numerical gaps may appear in each box, *e.g.*, the public box may contains exhibits CX-1, CX-2 and CX-4, while the confidential box contains CX-3C and CX-5C. However, exhibit lists shall include public and confidential exhibits, and shall list all exhibits together in numerical order, *e.g.*, CX-1, CX-2, CX-3C, CX-4, CX-5C, etc. *See* Ground Rules 6(c), 6(k) and 10.

The parties shall deliver one (1) additional copy of all except withdrawn exhibits to the Administrative Law Judge no later than five (5) calendar days after the submission of reply briefs, with rejected exhibits submitted under separate cover and so marked.

b. In examining witnesses, counsel shall provide the administrative law judge, his attorney-advisor, and opposing counsel just prior to the commencement of the examination of each witness, a binder containing all exhibits to be used in the direct or cross-examination of the witness. The exhibits in each binder shall be separated by tabs. Each binder shall be labeled on its spine to indicate the witness and the party providing the binder.

c. Written exhibits shall be marked serially commencing with the number "1" and preceded by the prefix "CX" for complainant's exhibits, "RX" for respondents' and "SX" for the Commission investigative attorney's. If an exhibit contains confidential business information a "C" shall be placed after the exhibit number. Furthermore, exhibits containing business confidential information should be so designated pursuant to the Protective Order. In addition, on any exhibit list submitted, exhibits which contain business confidential information shall be denoted by placing a "C" after the exhibit number in the listing. No exhibit list shall contain confidential information; all exhibits lists shall be public documents.

10

If possible, each exhibit shall be marked by placing a label bearing the exhibit's number (*e.g.*, CX-3C or RX-5) in the upper right portion of the exhibit's first page.

Respondents shall coordinate their numbering to avoid duplication in numbering. If possible, the parties shall coordinate exhibits to avoid unnecessary duplication (*e.g.*, patents; file wrappers).

d.  Physical exhibits shall be numbered in a separate series commencing with "1" preceded by the prefixes "CPX," "RPX," and "SPX," for complainant, respondents, and the Commission investigative attorney, respectively.  Confidential exhibits shall be denoted with the letter "C" as in the case of documentary exhibits.  All exhibits or copies of exhibits shall be clear and legible.  The parties are encouraged to provide the Administrative Law Judge with 2 copies of key demonstrative exhibits (*e.g.*, charts, drawings, etc.) reduced to 8½" x 11".  These copies need not be submitted as separate exhibits, but should be marked with the number of the physical exhibit to which they correspond.

e.  If it is appropriate, exhibits shall cite sources of information and methods employed in formulating accounting, economic or other types of data.

f.  Rebuttal exhibits, if submitted, shall refer specifically to exhibits being rebutted.

g.  The title, number, and sponsoring witness for each exhibit shall be listed in the prehearing statement.

h.  Each exhibit shall have a principal title stating precisely what it contains and may also include a statement of the purpose for which the exhibit is offered.  Such titles and statements, however, will not be considered as part of the evidentiary record.

i.  All documents that appear to be regular on their face shall be deemed to be authentic, unless it is shown by particularized evidence that the document is a forgery or is not what it purports to be.

11

j. Except in an investigation in which there is no participating respondent, if a party believes evidence to be non-controversial and to be appropriate for receipt in evidence without a sponsoring witness, that party may present with each such exhibit at or before the due date to be ordered in the prehearing schedule (1) an affidavit that the affiant or affiants prepared or someone under their direction prepared the exhibits and (2) a request that the exhibit be received in evidence without a witness at the hearing. Any party who wishes to cross-examine the affiants may object in writing at or before the date of the prehearing conference, specifying whom the party intends to examine. In the absence of objections the exhibit shall be received without a witness subject to the right of objection on other grounds.

k. Each party must submit with its post-hearing brief and proposed findings of fact, a final revised exhibit list, which reflects the status of all exhibits as "admitted," "withdrawn" or "rejected" during the hearing in this investigation.

7. Cross-Examination

Cross-examination in the discretion of the Administrative Law Judge will be limited to the scope of the direct examination and to witnesses whose testimony is adverse to the party desiring to cross-examine, thereby prohibiting "friendly cross-examination." Respondents shall coordinate cross-examination through one attorney as far as practicable to avoid duplication. In order to expedite cross-examination, counsel cross-examining a witness should be prepared to provide the witness with copies of exhibits which will be used in questioning.

8. Settlement

All parties shall explore reasonable possibilities for settlement of all or any of the contested issues that could be the basis for a motion to terminate under 19 C.F.R. §

210.21(b)-(c).  All parties shall certify in their prehearing statements that good faith efforts were undertaken to settle the remaining issues.

9.  Briefs

A reasonable page limitation will be established for the post-hearing briefs of the parties after further development of the issues in the investigation and conferences with counsel.

10.  Proposed Findings of Fact

Following the close of the hearing, each party will submit proposed findings of fact with its post-hearing brief and a final revised exhibit list.  The following is a suggested format for the proposed findings of fact:

a.  The proposed findings of fact should be in the form of numbered paragraphs.  The findings should reflect all section 337 elements, all issues outlined in the notice of investigation, and any other issues that arose during the course of the investigation.  Section headings may be used to set off paragraphs that relate to particular section 337 elements or issues.

b.  To be accepted without alteration, a proposed finding of fact must be an assertion of fact only (*i.e., without argument* more appropriately placed in the post-hearing brief).

c.  Each proposed finding of fact *must* be followed with citations to supporting authority in the evidence.  Examples of commonly used citations are as follows:

Transcript:  Smith, Tr. 895 [Witness Name, Transcript page]

Exhibits:    CX 3; RX 5; SPX 2

Pleadings:   Complaint ¶ 4, at 2; XYZ Corp. Response to Complaint ¶ 5, at 3.

11.  Order of Trial

The order of trial is the following (subject to alteration at the prehearing conference or other changes in the discretion of the Administrative Law Judge):

a. Complainant's Case-in-Chief.

b. Respondent's Defense Case.

> In the event there is more than one respondent, the order of presentation will be determined at the prehearing conference. Respondents where possible should avoid unnecessary duplication of effort.

c. Commission Investigative Attorney's Case.

d. Complainant's Rebuttal.

> Complainant's rebuttal in the discretion of the Administrative Law Judge shall be limited to the scope of respondent's defense case.

e. Closing Arguments.

> Closing arguments at the discretion of the Administrative Law Judge are in the following order:
>
> > (1) Complainant
> >
> > (2) Respondent
> >
> > (3) Commission Investigative Attorney
> >
> > (4) Complainant's Rebuttal.

Normal trial hours are 9:30 a.m. to 5:00 p.m. with a luncheon recess, subject to the immediate circumstances and the needs of the parties and Administrative Law Judge.

12. Use of Translators at Trial

If a translator will be used at trial, the parties are responsible for obtaining one qualified, neutral translator upon whom counsel can agree. It is suggested that the translator be chosen from a list of approved translators, such as may be kept by various federal district courts or federal agencies.

14

13. Cooperation

The statutory time limits put special responsibility on each of the parties and their counsel, as officers of the Court, to cooperate in order to facilitate this proceeding and to avoid any delay. Counsel should resolve by stipulation or negotiated agreement any procedural problems encountered, including those relating to coordination and consolidation of discovery and submissions of evidence. To assure the proper cooperative spirit in this adversary proceeding, continuing good faith communications between counsel for the parties is essential and will be expected.

14. Telephone Conferences

The Administrative Law Judge is available for phone conferences, in the appropriate circumstances, providing the following criteria are met:

a.      there is a proposed agenda for the conference;

b.      all parties wanting to participate are represented on the line;

c.      those on the line are authorized to speak and act on behalf of the person they represent;

d.      there is a reporter present;

e.      the Administrative Law Judge is provided with a copy of the transcript of the conference; and

f.      a copy of the conference transcript is filed with the Commission in the Office of the Secretary.

15. Ex Parte Contacts

There should be no *ex parte* contacts with the Administrative Law Judge. A law clerk is available for technical or procedural assistance.

15

**CERTAIN HIGH-BRIGHTNESS LIGHT,**
**EMITTING DIODES AND PRODUCTS**
**CONTAINING SAME**

**Inv. No. 337-TA-556**

## CERTIFICATE OF SERVICE

I, Marilyn R. Abbott, hereby certify that the attached Order has been served on upon Thomas S. Fusco, Esq. and upon the following parties via first class mail, and air mail where necessary on ___December 8, 2005___ .

Marilyn R. Abbott, Secretary
U.S. Int. Trade Commission
500 E. Street, S.W.
Washington, D.C. 20436

## COUNSEL FOR COMPLAINANT:

R Tyler Goodwyn, IV, Esq.
Carl P. Bretscher, Esq.
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

## COUNSEL FOR RESPONDENT:

Epistar Corporation
5 Li-Hsin 5th Road
Science-Based Industrial Park, Hsinchu,
Taiwan, R.O.C.

United Epitary Company
9F, No.10, Li-Hsin Road
Science-Based Industrial Park, Hsinchu,
Taiwan, R.O.C.

**CERTAIN HIGH-BRIGHTNESS LIGHT,**        Inv. No. 337-TA-556
**EMITTING DIODES AND PRODUCTS**
**CONTAINING SAME**

## PUBLIC MAILING LIST

Sherry Robinson
LEXIS-NEXIS
8891 Gander Creek
Drive
Miamisburg, OH 45342


Ronnita Green
West Group
901 Fifteenth Street, N.W.
Suite 230
Washington, D.C. 20005


**(PARTIES NEED NOT SERVE COPIES ON LEXIS OR WEST PUBLISHING)**