# EXHIBIT M

PAGE 2/31 * RCVD AT 8/29/2003 10:55:54 AM Pacific Daylight Time] * SVR:/2 * DNIS:1342 * CSID:213 680 7813 * DURATION (mm-ss):09-04

1

**FILED**

IN THE UNITED STATES DISTRICT COURT

AUG 2 6 2003

FOR THE NORTHERN DISTRICT OF CALIFORNIA RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
BEFORE THE HONORABLE CLAUDIA WILKEN, JUDGE    OAKLAND

~~CERTIFIED ORIGINAL~~  103  98

```
LUMILEDS LIGHTING,              )
                               )
              Plaintiff,        )
                               )
vs.                            )   No. C-02-5077
                               )
EPISTAR CORPORATION,            )   Oakland, California
                               )
              Defendant.        )   July 11, 2003
                               )
_____)
                               )
EPISTAR CORPORATION,            )
                               )
              Plaintiff,        )
                               )
vs.                            )   No. C-03-1130
                               )
LUMILEDS LIGHTING,              )
                               )
              Defendant.        )
                               )
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For EPISTAR CORPORATION:    ROBERT C. WEISS
                            LARRY LA PORTE
                            JONES DAY
                            555 West Fifth Street
                            Suite 4600
                            Los Angeles, CA 90013-1025
                            (213) 489-3939
                            (213) 243-2539
                            rcweiss@jonesday.com
                            llaporte@jonesday.com

[APPEARANCES CONTINUED ON FOLLOWING PAGE.]

PAGE 3/31 ' RCVD AT 8/29/2003 10:55:54 AM [Pacific Daylight Time] ' SVR:2 ' DNIS:1342 ' CSID:213 680 7813 ' DURATION (mm-ss):09-04

2

APPEARANCES [CONTINUED]


For LUMILEDS LIGHTING:     ANDREW J. WU
                               AND
                          MICHAEL J. LYONS
                          PENNIE & EDMONDS LLP
                          3300 Hillview Avenue
                          Palo Alto, CA 94304-1203
                          (650) 493-4935
                          (650) 493-5556 (FAX)
                          wua@pennie.com
                          lyonsm@pennie.com



BY:  C. L. BLAKE, CSR NO. 3965
Proceedings recorded by computerized stenography,
transcript prepared on ECLIPSE System by C. L. Blake.

PAGE 4/31 · RCVD AT 8/29/2003 10:55:54 AM [Pacific Daylight Time] · SVR:J2 · DNIS:1342 · CSID:213 680 7813 · DURATION (mm-ss):09-04

3

JULY 11, 2003                                        9:00 A.M.

P R O C E E D I N G S

(Call to order of the Court.)

THE CLERK: Calling the matter of Lumileds Lighting versus Epistar Corporation, civil action number C-02-5077, and Epistar Corporation versus Lumileds Lighting, civil action number C-03-1130.

Counsel, please come forward and state your appearances for the record.

MR. WEISS: Robert Weiss of Jones Day appearing on behalf of Epistar; and with me is Larry La Porte also of Jones Day.

MR. LYONS: And I'm Mike Lyons of Pennie Edmonds, appearing on behalf of Lumileds Lighting; and I have Andrew Wu here, also from Lumileds.

THE COURT: We're going to take up the case management conference as well --

You'll all need to step up to the podium, please.

-- we're going to take up the case management conferences set for next week -- the 27th -- or two weeks from now -- since we already have your papers and there's no necessity of making another trip back here.

I'd kind of like to straighten this case up and

PAGE 5/31 • RCVD AT 8/29/2003 10:55:54 AM [Pacific Daylight Time] • SVR:/2 • DNIS:1342 • CSID:213 680 7813 • DURATION (mm-ss):09-04

4

1    make it into one case.

2         I guess Lumileds first sued Epistar here for

3    infringement.   Yes?

4         MR. LYONS:  Well, the initial suit was against a

5    customer of Epistar.

6         THE COURT:  Right, but then Epistar joined in?

7         MR. LYONS:  They intervened, and then we amended

8    our --

9         THE COURT:  And they actually sued --

10        MR. LYONS:  That's right.

11        -- and then we amended our complaint to add them.

12        THE COURT:  Okay.

13        And then, meanwhile, Epistar sued Lumileds for --

14        MR. WEISS:  Prior to --

15        THE COURT:  -- declaratory relief about

16    infringement.

17        MR. WEISS:  That's right, your Honor.

18        The way it worked was, there was a first complaint

19    that was brought by Lumileds against Citizen.

20        THE COURT:  Right.

21        MR. WEISS:  The complaint was never served.

22        Then Lumileds -- excuse me -- then Epistar in the

23    Central District brought a declaratory judgment action

24    against Lumileds.  And then after Epistar --

25        THE COURT:  Declaring that its patents were invalid

PAGE 6/31 : RCVD AT 8/29/2003 10:55:54 AM Pacific Daylight Time] : SVR:2 : DNIS:1342 : CSID:213 680 7813 : DURATION (mm-ss):09-04

1    and not infringed --

2         MR. WEISS:  Correct, your Honor.

3         THE COURT:  Meanwhile, it's being asserted against

4    you.

5         MR. WEISS:  That's right.

6         And then --

7         THE COURT:  Or it ultimately got asserted against

8    you?

9         MR. WEISS:  -- and then after that, Lumileds

10   amended its complaint to name -- amended its complaint in

11   the Northern District to name Epistar --

12        THE COURT:  At your request.

13        And then Epistar L.A. case got transferred up

14   here --

15        MR. WEISS:  That's correct.

16        THE COURT:  -- all right?

17        So basically we just have one dispute of you suing

18   them for infringement and you defending on invalidity,

19   noninfringement and making various counterclaims.

20        MR. WEISS:  That is correct.

21        THE COURT:  We don't really have two lawsuits here.

22        MR. LYONS:  That's correct.

23        MR. WEISS:  That's correct.

24        THE COURT:  So let's make it into one lawsuit.

25        Let's start with your lawsuit, your original first

PAGE 7/31 * RCVD AT 8/29/2003 10:55:54 AM Pacific Daylight Time] * SVR:2 * DNIS:1342 * CSID:213 680 7813 * DURATION (mm-ss):09-04

6

1  lawsuit.  Does that say everything about them that you want

2  to say about them, or would you need to amend your complaint

3  to bring in anything else that turned up only in the second

4  lawsuit?

5          MR. LYONS:  No.  That has -- all of our allegations

6  against them are in the case we originally filed here.

7          THE COURT:  Good.

8          Then what I'm going to end up doing with both of

9  the motions today is telling you some things about them but

10 ultimately giving you the chance to try again to bring

11 whatever legitimate claims you may have against Lumileds.

12         So what I'll do, then, is have you do a new answer

13 which answers the original complaint and it asserts all

14 counterclaims that you want to, against them.

15         And once you've done that, then I'm going to

16 dismiss this second lawsuit, and we're going to proceed only

17 with the first lawsuit, and have things a little tidier.

18         MR. WEISS:  Okay.

19         THE COURT:  If that's all right with you.

20         MR. WEISS:  That's fine, your Honor.

21         THE COURT:  Okay.

22         MR. WEISS:  The only thing is from a procedural

23 standpoint, we assert that because we were the original

24 plaintiff in the declaratory judgment action, that we should

25 be entitled to go first in any proceedings.

PAGE 8/31 * RCVD AT 8/29/2003 10:55:54 AM Pacific Daylight Time] * SVR:/2 * DNIS:1342 * CSID:213 680 7813 * DURATION (mm-ss):09-04

7

1    THE COURT:  Yes.  Well, I don't buy that.

2    MR. WEISS:  All right.

3    THE COURT:  So we're going to stick with Lumileds

4    as the patentholder being the sort of traditional first

5    person likely to sue or whatever.

6    Okay.  So with respect to the counterclaims that

7    you want to make, my general feeling is that the

8    contract — or relationship, I guess I should say — between

9    Epistar and Citizen is not an enforceable contract that

10   required Citizen to do things, and that thus could be

11   interfered with by Lumileds.

12   I think it is, as Lumileds interprets it, some

13   things that Citizen had to do in order — if it wished to

14   assert its right to get indemnified by you, but not a

15   contract that it was required to do, regardless.

16   And thus, I don't think that the claims that depend

17   on interference with contract, or some sort of bad,

18   erroneous action with regard to suing or settling the

19   lawsuit against Citizen is going to be the basis for any

20   actionable counterclaims.

21   Unless, as I say, I will give you leave to make one

22   more attempt at reasserting all these things in the light of

23   what I'm going to say.

24   But you ought to think about that one pretty hard,

25   and amend it only if there's some way to get around what

PAGE 9/31 * RCVD AT 8/29/2003 10:55:54 AM [Pacific Daylight Time] * SVR:2 * DNIS:1342 * CSID:213 680 7813 * DURATION (mm-ss):09-04

8

1    I've said.

2         MR. WEISS:  Your Honor, may I respond?

3         THE COURT:  No, let me just tell you the whole

4    thing first.

5         MR. WEISS:  Okay.

6         THE COURT:  So that would apply not only to the

7    contract claim, but also to the extent that's the basis for

8    your misfeasance patent claim, I don't think it's a

9    legitimate basis.

10        As long as it's a good faith lawsuit -- in other

11   words, not a lawsuit that's frivolous or based on a patent

12   known to be invalid, for example, or based on clear lack of

13   infringement.

14        As long as it's at least an arguably valid lawsuit

15   against you and/or your customers, I don't see that as

16   patent misuse.  Nor do I see settling such a -- at least the

17   color of the lawsuit — to be unclean hands or patent

18   misuse.

19        With regard to the litigation privilege -- well --

20   let's put that at the end.

21        The abuse of process I don't think applies to

22   filing a lawsuit under California law, and the settling of

23   the lawsuit is not process either.  So I don't see an abuse

24   of process claim here, at least not one based on filing or

25   the settling a lawsuit.

1    The unfair competition claims seem to depend on the

2   underlying claims, so to the extent there's nothing more to

3   them, then their fate would follow, the fate of the claims

4   upon which they relied.

5        The litigation privilege argument, then, really is

6   somewhat moot, although I tend to think that litigation

7   privilege would not apply to the settlement of the lawsuit,

8   although it might apply to the bringing of the lawsuit.

9        So the patent misuse claim, to the extent it's

10   based on an at least colorable lawsuit, I don't think it

11   lies.  But again, I'll let you amend, and then, for example,

12   if you were to allege an actual bad faith objectively

13   unreasonable lawsuit against yourself or customers -- and

14   I'm not encouraging to do that -- because as the Federal

15   Circuit says, that's certainly a plague on the patent system

16   when they're made without a good basis to do so, but if you

17   really think you had a good basis to do so, that would be

18   one I could imagine; and I don't know if you have any other

19   bases for an unclean hands claim, apart from a claim of

20   interference.

21        So those are my thoughts.  You may address them if

22   you like.

23        MR. WEISS:  Thank you, your Honor.

24        First of all, with regard to your statement that

25   there does not appear to be an enforceable contract, it

PAGE 11/31 * RCVD AT 8/29/2003 10:55:54 AM [Pacific Daylight Time] * SVR:/2 * DNIS:1342 * CSID:213 680 7813 * DURATION (mm-ss):09-04

1    seems to me that's a fact issue here.  And in view of the

2    contemporaneous documents that were written by Citizen, it's

3    clear that there was a contract.

4         THE COURT:  Well, I don't think so.

5         It's clear that Citizen believed it had a right to

6    get indemnified by you if it complied with certain

7    conditions.

8         But Citizen doesn't say, for example, "We

9    understand that we are obliged by the contract to allow you

10   to settle our case for us even if we don't want you to, and

11   even if we don't take advantage of our right to be

12   indemnified by you.  But none of the letters indicate that

13   that's Citizen's understanding.

14        MR. WEISS:  Well, your Honor, I would differ with

15   that.

16        THE COURT:  Okay.  Fine.

17        MR. WEISS:  -- Citizen does say, "You go ahead and

18   take care of the settlement of this lawsuit pursuant to

19   the contracts that we entered into.  That was what they told

20   us.

21        THE COURT:  That's a paraphrase that I don't think

22   is quite accurate.

23        MR. WEISS:  Well, I can --

24        THE COURT:  Why don't you read me your best shot.

25        MR. WEISS:  This is a document that's attached to

PAGE 12/31 ' RCVD AT 8/29/2003 10:55:54 AM [Pacific Daylight Time] ' SVR:2 ' DNIS:1342 ' CSID:213 680 7813 ' DURATION (mm-ss):09-04

11

1    the declaration of Lawrence La Porte in support of Epistar's

2    opposition to the motion for judgment on the pleadings.

3            And in one of the letters -- there's actually two

4    letters -- one is dated August 30th, 2002.  Another one is

5    dated July 2nd 2002.

6            And in the second paragraph, Citizen in its letter

7    to the president of Epistar says, "Epistar Corporation and

8    Citizen Electronics have agreed that in case of patent

9    disputes with a third party, Epistar should be responsible

10   to deal and settle with them on the basis of the purchase

11   agreement, dated July 10th, 2000, the intellectual property

12   warranty, dated May 30th, 2002, and the mutual consent

13   between us, on June 14th.

14           And then it goes on in the next paragraph, "We

15   would like to confirm you will undertake to deal with

16   Lumileds to settle this problem."

17           So it's our position, your Honor, there was a

18   contract, the contemporaneous documents indicate there was a

19   contract, and that Citizen passed on to Epistar the control

20   of the settlement.

21           These are -- at best it's a factual issue which

22   should not be decided at this stage of the pleadings -- of

23   the proceedings.

24           THE COURT:  Okay.  Anything else on any of the

25   other points?

PAGE 13/31 ∗ RCVD AT 8/29/2003 10:55:54 AM Pacific Daylight Time] ∗ SVR:2 ∗ DNIS:1342 ∗ CSID:213 680 7813 ∗ DURATION (mm-ss):09-04

12

1          MR. WEISS:  Yes, your Honor.

2          I agree with you that the mere filing of a lawsuit

3   is not an abuse of process, nor is the mere settlement of a

4   lawsuit, an abuse of process.  But that's not what happened

5   in this case.

6          First, there were multiple lawsuits, your Honor.

7   This was not a single lawsuit --

8          THE COURT:  One is not -- I'm not sure more than

9   one is enough either because -- but go ahead.

10         MR. WEISS:  Well, I think it is, your Honor.

11         THE COURT:  I mean, there's a tort of malicious

12  prosecution.

13         MR. WEISS:  The problem with the tort of malicious

14  prosecution, as you must remember here, your Honor, that the

15  prosecution is against a third party.

16         So Epistar, who was not prosecuted -- and malicious

17  prosecution requires a favorable termination -- favorable to

18  the party that was prosecuted -- Epistar would never have

19  any standing under a malicious prosecution action to go

20  after what we contend is an abuse of process.

21         In addition to the mere filing of the lawsuit, what

22  this was, these were lawsuits designed to coerce the

23  competitors to enter into an onerous license agreement with

24  Lumileds or face the loss of their customers.

25         And it's not a mere settlement, your Honor.

PAGE 14/31 * RCVD AT 8/29/2003 10:55:54 AM [Pacific Daylight Time] * SVR:/2 * DNIS:1342 * CSID:213 680 7813 * DURATION (mm-ss):09-04

13

1     If it had been a settlement that was consistent

2  with the objectives of the litigation, that would have been

3  one thing.  But it was not.

4     It's a settlement that goes beyond the scope of the

5  patent.  In other words, what the settlement agreements and

6  the consent judgment that were entered into with Citizen and

7  RGA do, is they prevent any purchase of the AlGaInN LED's

8  from Lumileds' competitors.

9     They're not restricted to the patent, because in

10  the agreements, Lumileds gets to be the judge and jury with

11  regard to what products can be purchased and what products

12  cannot be purchased.

13     THE COURT:  Yes.  I have to say I don't really --

14  I'm not persuaded by that argument either.  And I'll

15  anticipate your outside-of-the-life of a patent argument.

16     You characterize it the way you do, but the way I

17  see it is simply the legitimate monopoly of a patentholder

18  to -- that's what a patent is -- is a lawful monopoly for 17

19  years -- and the patentholder is allowed to protect its

20  sanctioned monopoly.

21     And if it sues you, that's what it's entitled to

22  do.  If it sues your customers because they're using

23  infringing items, that's what it's entitled to do.  If in so

24  doing, it prevents your customers from buying infringing

25  things from you, then that's what it's entitled to do.

PAGE 15/31 · RCVD AT 8/29/2003 10:55:54 AM [Pacific Daylight Time] · SVR:2 · DNIS:1342 · CSID:213 680 7813 · DURATION (mm-ss):09-04

14

1    Yes, it has to do it in good faith.  Yes, it can't

2  do it in an objectively unreasonable fashion, but that --

3  but unless that is what it is, then it's what it's entitled

4  to do.

5    And I also don't think that it goes beyond the life

6  of the patent, because, again, it has to be in good faith;

7  and noone would say that a lawsuit on a patent that's

8  expired is in good faith.

9    MR. WEISS:  But, Your Honor, perhaps I am not

10  making myself clear.

11    THE COURT:  You know, the monopoly can be misused,

12  with tying, with pooling, things like that.  But simply in

13  good faith asserting one's patent against the manufacturer

14  or customers is just what it's all about.

15    MR. WEISS:  But that's not the point I am trying to

16  make, your Honor.

17    But the point is here.  In effect they say, not to

18  the customers, "You can no longer buy infringing product."

19  What they say is, "You can't deal with our competitors."

20    THE COURT:  Oh, they say you can't buy infringing

21  product from them -- what they're saying --

22    MR. WEISS:  No -- no.

23    THE COURT:  -- you can't buy ceiling fans.

24    MR. WEISS:  No -- no, because, your Honor, they

25  decide what infringes and --

PAGE 16/31 * RCVD AT 8/29/2003 10:55:54 AM [Pacific Daylight Time] * SVR:/2 * DNIS:1342 * CSID:213 680 7813 * DURATION (mm-ss):00-04

15

1    THE COURT:  Well, they make a decision --

2    MR. WEISS:  -- and there's no limitation.

3    THE COURT:  -- not to be in good faith.

4    MR. WEISS:  But --

5    THE COURT:  And one can never say you can only --

6    you can't buy them unless a Federal District court affirmed

7    by the Federal Circuit has ruled that they're infringing.

8    Someone has to decide what is close enough to infringing

9    that they can't do it.

10    MR. WEISS:  Someone has to decide, that's correct.

11    Someone like a Court, not someone like Lumileds, to simply,

12    arbitrarily make that decision.  And that's the problem

13    here, because this is the type of agreement that stifles

14    competition because it allows Lumileds to be the judge of

15    what products they can buy and what they can't buy, and

16    there's no limitations on them.

17    Even if you add a good faith limitation, that's

18    entirely subjective.

19    And so, your Honor, that's the argument with regard

20    to the settlement.  It's not merely entering into a

21    settlement agreement or entering into a settlement agreement

22    that's commensurate with the scope of the patent.  It is

23    designed to sever the relationship between Epistar and the

24    other competitors, with its customers, by encompassing all

25    AlGaInN LED's.

PAGE 17/31 ' RCVD AT 8/29/2003 10:55:54 AM Pacific Daylight Time] ' SVR:2 ' DNIS:1342 ' CSID:213 680 7813 ' DURATION (mm-ss):09-04

16

THE COURT:  Okay.

Did you want to respond?

MR. LYONS:  Just very briefly, your Honor.

First of all, I agree with the points the Court has made.

I did want to comment.  Counsel referred --- extensively read from some letters that were sent from Citizen to Epistar.  I just wanted to point out that those letters were months before an actual lawsuit was filed.  So there were some negotiations, but there was absolutely no pending lawsuit.

There was no discussion about who would defend the lawsuit, because there was no lawsuit yet to defend.

Also, Counsel doesn't refer to other, later correspondence.  This was the correspondence that was subject to our motion for leave to file a supplemental brief in which Epistar very clearly took the position where they agreed with the interpretation the Court has suggested; an interpretation that Lumileds had for the agreement, that they never felt that they had surrendered their right to defend themselves.  They just had an indemnity agreement.  Wasn't a complicated agreement.

And in fact, the correspondence refers to the purchase agreement which is nothing more than that Epistar will cooperate with Citizen, the exact opposite of what

PAGE 18/31 * RCVD AT 8/29/2003 10:55:54 AM [Pacific Daylight Time] * SVR:2/2 * DNIS:1342 * CSID:213 680 7813 * DURATION (mm-ss):09-04

AUG.29.2003    9:32AM

17

1    they're trying to do.

2           They're trying to take over the case and dictate to

3    them the terms on which they would settle the case.

4           I'll just very briefly comment on the arguments

5    made in connection with the — what they've described as the

6    overly broad settlement agreements.  As the Court points out

7    by its own terms, it's limited to infringement.

8           Now, they say, "Well, but who determines

9    infringement?"

10          It's not a Court.  Unless a Court decides

11   infringement, it's misuse.  Well, they're defining settling

12   a lawsuit as patent misuse.  That's basically what they're

13   saying.

14          Every time you have a settlement, the parties have

15   to negotiate, "Well, what does the patent cover?  Does it

16   covertly try to tie it to the patent?

17          And if they go beyond that, that can be patent

18   misuse.  But you don't have the benefit of judicial

19   determination in a settlement, so there's no way you can do

20   that.

21          The contracts that Lumileds entered into

22   specifically require them to exercise good faith.  There's

23   no more you can ask of a party in settling a case.

24          Lumileds does nothing more than pursue the monopoly

25   that's been given them by the grant of the patent.  They're

AUG.29.2003   9:33AM

16

1    allowed to sue infringements.

2        Whether those infringements are customers or not,

3    they have a right to stop people from infringing their

4    patents, and that's all that's happened.

5        THE COURT:  Did you want to reply briefly?

6        MR. WEISS:  Well, first of all, your Honor, I think

7    this reference to multiple documents in order to try to

8    interpret this contract simply points out that this is a

9    factual issue which cannot be resolved at this stage of the

10   proceedings.

11       THE COURT:  Well, I'm not really considering those

12   responsive documents.

13       I'm considering the face of the contract which

14   you've attached to your -- I shouldn't call it a contract --

15   the face of the thing that you point to as the contract

16   which you attached to your complaint, and thus I can

17   legitimately construe that on the course of the motion for

18   judgment on the pleadings.

19       You then want to supplement that with some

20   correspondence, which I did consider, and I don't that that

21   correspondence renders the ambiguity in the documents that

22   you attached, leading me to believe that they might be a

23   contract.  And I won't go beyond that additional document

24   now.

25       MR. WEISS:  It's my understanding, however, your

PAGE 19/31 ' RCVD AT 8/29/2003 10:55:54 AM [Pacific Daylight Time] ' SVR:2 ' DNIS:1342 ' CSID:213 680 7813 ' DURATION (mm-ss):09-04

19

1    Honor, that are you giving us leave to amend.

2         THE COURT:  I'm giving you leave to file a brand

3    new answer which is going to be your total answer and

4    counterclaims to what is now going to be their only

5    complaint or their only pleading against you.

6         So you can exercise your discretion in light of

7    what I've just said to make the counterclaims that you think

8    you can legitimately make, if any, as a result of my

9    comments and my ruling on the ones that you've made so far.

10        In other words, I'm granting the motion for

11   judgment on the pleadings with respect to your existing

12   counterclaims; and I'm granting it with leave to amend.

13        MR. WEISS:  Okay.

14        THE COURT:  And I'm granting the motion to amend to

15   add the patent misuse and unclean hands; however, cautioning

16   you that you may not add them if they're based only on the

17   things that we've discussed here this morning that I have

18   found not to be legitimate grounds for such.

19        So given that, you may look at it and find that

20   there is no counterclaim that you can bring anymore, in

21   which case you shouldn't try to bring one.

22        But if you can plead around what I said and you've

23   got something else, you may include that.

24        MR. WEISS:  All right.

25        Your Honor, I think the primary basis of course for

PAGE 20/31 : RCVD AT 8/29/2003 10:55:54 AM [Pacific Daylight Time] : SVR:/2 : DNIS:1342 : CSID:213 680 7813 : DURATION (mm-ss):09-04

1    the motion for judgment on the pleadings was the litigation

2    privilege.

3            And of course, our position is that this does not

4    involve communications which is what is protected by the

5    litigation privilege, and the cases that they cited involve

6    communications.  This involves conduct.

7            THE COURT:  Right.

8            And I'm not ruling in their favor based on the

9    litigation privilege with respect to the settlement.

10           I do think the litigation privilege applies to

11   their filing of the complaints.  It doesn't protect them

12   with respect to the settlement, but there are other

13   arguments which do protect them with respect to the

14   settlements, and those are the fact that there is no

15   contract that was violated, that the settlements are not

16   abuse of process, et cetera, all the other things that we've

17   been discussing.

18           So, yes, I do believe you're right on one of your

19   litigation privilege arguments, but it doesn't solve the

20   problem.

21           With respect to the case management -- and I'm

22   sorry to spring this on you -- but I hope -- I don't think

23   it's too complicated -- so I think we can just go ahead and

24   do this -- and save you another trip.

25           You had a dispute about discovery, and I will go

PAGE 21/31 * RCVD AT 8/29/2003 10:55:54 AM [Pacific Daylight Time] * SVR:22 * DNIS:1342 * CSID:213 680 7813 * DURATION (mm-ss):09-04

21

1   with Epistar's position which is your depositions will be as

2   limited in the Federal rules; and if anyone wants more than

3   that, they can either get an agreement or move for it.

4        The one exception is that I do think that Lumileds'

5   position with respect to depositions that need interpreters

6   is well taken, and you should add 50 percent to any time on

7   a deposition that has to be taken by way of an interpreter.

8        With respect to who gets to go first at the claim

9   construction, I'm going to go with Lumileds on that.

10  Although, you'll find that I do the claim construction

11  hearings in a somewhat more informal fashion.

12       If I decide I have more questions for one side than

13  the other, I may start with those questions.

14       With respect to a claim construction prehearing

15  conference, I don't do those, so we won't have one.

16       With respect to the briefing schedule on the claims

17  construction, I'll follow your agreed to schedule, and you

18  get up to the -- you're agreed on everything up to the point

19  of filing the brief, and with respect to the briefing

20  schedule, I will go with Lumileds' schedule because I prefer

21  to have seriatim briefs, rather than simultaneous briefs.

22       And the date you've given for claims construction

23  hearing is okay, all the other dates are okay, except when

24  you get down to your deadline for dispositive motions

25  followed by your pretrial and trial, you've got your filing

PAGE 22/31 ' RCVD AT 8/29/2003 10:55:54 AM [Pacific Daylight Time] ' SVR:2 ' DNIS:1342 ' CSID:213 680 7813 ' DURATION (mm-ss):09-04

1   of dispositive motions on the 14th.   That's a Saturday.   We

2   have to do it on the 13th.

3           And we would have six weeks from the 13th for the

4   hearing, because again, I would want cross motions, as

5   opposed to simultaneous motions.   So that means a six week

6   schedule to involve a surreply.

7           That would give you a hearing date on the 24th of

8   September.   And then as you know, with a November trial

9   date, you'd be starting to submit your witness lists on the

10  first of October.

11          I might not rule from the bench, and then you'd

12  find yourself having to submit witness lists without knowing

13  which claims were even in the lawsuit, which I don't think

14  you'd been happy with once you got them.

15          So you're going to need to either make your case

16  dispositive motion date earlier or your trial date later --

17  and you're probably going to have to make your trial date at

18  least somewhat later -- because I'm pretty booked in

19  November of '04.   Actually, I have some dates in October,

20  oddly enough.   But November -- well, I guess late November I

21  could do it.   I'll compromise between you and call it an

22  eight day trial.

23          I could actually give you the 15th of November.

24  But even that would be pushing it, I think, with respect to

25  a late September dispositive motion cutoff.

PAGE 23/31 ' RCVD AT 8/29/2003 10:55:54 AM [Pacific Daylight Time] ' SVR:/2 ' DNIS:1342 ' CSID:213 680 7813 ' DURATION (mm-ss):09-04

23

1        So do you want to go later on your trial date, or

2    do you want to go earlier on your dispositive motion date?

3        MR. WEISS:  I would think we would want to go

4    earlier on our dispositive motion.

5        MR. LYONS:  Yes, I would concur in that.

6        THE COURT:  Okay.  Do you want to make that —

7    well, why don't you just talk it a bit over amongst

8    yourselves and come up with a different schedule.

9        I could give you a trial date of November 15th.

10   You're not going to be happy with that either because the

11   second week is going to be Thanksgiving week, so you eight

12   days would run you into the Monday after Thanksgiving.

13       But if you want that date, you can have it.  No one

14   else wants it.

15       Or you could go into December, early December,

16   which isn't popular either.

17       MR. WEISS:  Not for a jury trial, your Honor.

18       THE COURT:  Pardon?

19       MR. WEISS:  Not for a jury trial.

20       THE COURT:  Right.

21       Or you can look at January of '04

22       MR. WEISS:  January of '05?

23       THE COURT:  I really hate to go that far.

24       Why don't you go ahead and take November.  It won't

25   be so bad.  Maybe you'll settle anyway.  November 15th, and

PAGE 24/31 * RCVD AT 8/29/2003 10:55:54 AM [Pacific Daylight Time] * SVR:/2 * DNIS:1342 * CSID:213 680 7813 * DURATION (mm-ss):09-04

24

1    then a pretrial conference, November 5th, at 1:30.

2          And then we'll -- let's see -- I think you should

3    have your case dispositive motion hearing, I'd say, in

4    August at the latest -- August 20th, and move back your

5    filing date six weeks before that.

6          I'd like to have the plaintiff file six weeks

7    before that.  Move on anything you want to move on, like

8    none -- like infringement, validity.

9          And then you can file an opposition and cross

10   motion; and if there's something that they don't raise that

11   you want to raise, you can raise it.  Like, if they don't

12   move on validity, and you want to move on invalidity, put it

13   in at that point.  Then we'd have a reply and a surreply.

14         Now, pronounce that thing again.  The LED is an --

15         MR. WEISS:  "AlGalnN."

16         MR. LYONS:  "AlGalnN."

17         THE COURT:  Now, that isn't really how it's

18   spelled.  And I had another case about AlGalnNs.

19         Have you looked this up?

20         MR. LYONS:  Sometimes --

21         THE COURT:  It might have been HP versus UEC, that

22   it had some of these AlGalnNs in it, although maybe it was a

23   slightly a different LED.

24         MR. WEISS:  It's the same thing.  It's sort of an

25   abbreviation.

PAGE 25/31 · RCVD AT 8/29/2003 10:55:54 AM Pacific Daylight Time] · SVR:2 / VR:2 · DNIS:1342 · CSID:213 680 7813 · DURATION (mm-ss):09-04

25

1    When it's printed out, they put the metals in a

2  different order, so it doesn't come out to be "AlGaInN." But

3  people -- it's easier to refer to it as "AlGaInN."

4    THE COURT:  Oh, so it's the same LED that I had

5  before.

6    MR. LYONS:  It's the same patent.  It's the same

7  LED, the same technology.  You've already construed the

8  patent once before, addressed summary judgment.

9    THE COURT:  I thought it sounded familiar.  And

10 what case was this?

11    MR. LYONS:  This should be familiar.  The UEC case

12 was before you.

13    THE COURT:  And what case was that, UEC versus

14 Circuit Board or --

15    MR. LYONS:  Originally, this was Hewlett-Packard

16 was the company that developed this technology, but the

17 technology, now that group at Hewlett-Packard is now part of

18 an another company called Lumileds Lighting.  But it's the

19 same people --

20    THE COURT:  So it was HP versus UEC, was that the

21 case?

22    MR. LYONS:  Well, it actually was -- actually HP,

23 Agilent and Lumileds all were all parties to the case --

24    THE COURT:  And what happened?

25    MR. LYONS:  We did a claim construction, we did

PAGE 26/31 * RCVD AT 8/29/2003 10:55:54 AM [Pacific Daylight Time] * SVR:2 * DNIS:1342 * CSID:213 680 7813 * DURATION (mm-ss):09-04

26

1  summary judgment.  You issued summary judgment decisions,

2  and shortly thereafter we settled, and UEC is now -- has a

3  license to disseminate patent.

4      MR. WEISS:  One significant difference is that the

5  accused devices in that case were considerably different

6  than the accused devices in this case, and the

7  interpretation of the claims as a result focused on things

8  that related to those accused devices, as opposed to some of

9  the issues that we'll be addressing.

10     THE COURT:  Okay.  But at least it will sound

11 familiar.

12     MR. WEISS:  Yes, it should.

13     MR. LYONS:  Your Honor, you can imagine we actually

14 think a lot of your constructions are very relevant.

15     THE COURT:  Sure.

16     MR. LYONS:  So you'll hear more about that.

17     THE COURT:  You've got the complaint, so we'll need

18 a time for you to file your answer.  I guess maybe -- I

19 guess I should put out an order first, and let you take a

20 look at that, and then file your answer say 20 days from the

21 date the order comes out.

22     MR. WEISS:  Okay.

23     THE COURT:  And then you'll -- I suppose if there

24 are counterclaims, you'll want to either answer them or move

25 to dismiss them, again.

PAGE 27/31 * RCVD AT 8/29/2003 10:55:54 AM Pacific Daylight Time] * SVR:2 * DNIS:1342 * CSID:213 680 7813 * DURATION (mm-ss):09-04

1   Meanwhile, your other dates will --

2   MR. LYONS:  I assume we'll be able to proceed with

3   the patent case.

4   THE COURT:  Yes.

5   Okay.

6   MR. LYONS:  Thank you, your Honor.

7   MR. WEISS:  Thank you, your Honor.

8   THE CLERK:  What about ADR?

9   THE COURT:  Oh, yes.  I'm sorry.

10   You need to have a settlement procedure.  What

11   would you like to do to try and settle the case and when

12   would you like to do it?

13   MR. LYONS:  Your Honor, I think from the

14   perspective of Lumileds, they certainly want to pursue

15   settlement, but I think it would be -- it would make most

16   sense to pursue that after more has happened in the

17   litigation.

18   The parties actually have discussed at great length

19   settlement over the course of the years.  So they feel the

20   case needs to mature before they would do it or they think

21   it would be more beneficial.  I think that would be --

22   MR. WEISS:  Your Honor, that's not our position.

23   We think that there really have not been settlement

24   discussions.

25   What there were, were cross license discussions and

PAGE 29/31 * RCVD AT 8/29/2003 10:55:54 AM [Pacific Daylight Time] * SVR:2 * DNIS:1342 * CSID:213 680 7813 * DURATION (mm-ss):09-04

28

1    then they, there was an accusation of infringement, and then

2    following that was the lawsuit that was filed against

3    Citizen.

4              So --

5              THE COURT:  Yeah, I think you should go ahead and

6    proceed to some sort of settlement process.  If it doesn't

7    work, you can always go back again after claims

8    construction -- but particularly since there is at least

9    some claims construction done already, you're not going to

10   know much more about this case until after case dispositive

11   motions which is way too late.

12             So do you want to go to a private mediator?

13             MR. WEISS:  No, your Honor.

14             I think we elected a -- either a district court

15   judge or --

16             THE COURT:  Well, have you gotten one that is

17   willing to do it for you?

18             District judges generally don't do that, and the

19   magistrate judges generally don't do them in the first

20   instance.

21             I could offer you a Court sponsored mediation which

22   would be a volunteer mediator, volunteer, or early neutral

23   evaluator, arbitration.

24             Or, if you wanted to, you could jointly pay a

25   private mediator and frankly, I won't order you to do that,

PAGE 29/31 ' RCVD AT 8/29/2003 10:55:54 AM [Pacific Daylight Time] ' SVR:2 ' DNIS:1342 ' CSID:213 680 7813 ' DURATION (mm-ss):09-04

29

1    but I will recommend that you do that because you will get

2    someone you want, and schedule when you want, at the time,

3    and have all the time you want.

4            MR. LYONS:  Your Honor, Lumileds is comfortable

5    with the private mediator.  In fact, that was the format we

6    used in the prior UEC case, and ultimately, it was during

7    the second such mediation that we were able to get the

8    settlement.

9            So, I think --

10.          THE COURT:  Oh, who did it?

11           MR. LYONS:  First, we did Judge Renfrew -- but

12    actually, it was Judge Lynch was the mediator at JAMS when

13    we settled the case, and we'd be happy to use Judge Lynch

14    again here; he was very useful.

15           THE COURT:  Well, that might be a good idea.

16           MR. WEISS:  Your Honor, why don't we discuss it

17    with the other side.

18           I thought we had reached an agreement on the

19    settlement process in the case management report, but I

20 .  don't have that in front of me.

21           So --

22           THE COURT:  I don't think it mentioned it.

23           MR. WEISS:  Okay.

24           THE COURT:  That you were willing to discuss

25    settlement, and it didn't say in what context.  And as I

30

1  say, I can't — the district judges generally don't do the

2  settlements.

3        MR. WEISS:  It may be we agreed to this in the

4  Central District case before it got transferred.

5        THE COURT:  Oh, Okay.

6        Well, let's do this.  I'll refer you to early

7  neutral evaluation, unless you can agree on a private

8  mediator and agree to splitting the costs of a private

9  mediator.  And I'd like you to do it in, let's say, in the

10  next 120 days.

11        MR. WEISS:  Okay.

12        THE COURT:  So if you would let us know whether

13  you're going to need to use our court's early neutral

14  evaluator, or if you, in fact, can agree on a private

15  mediator.

16        Why don't you let us know that within the next 30

17  days so we don't bother trying to schedule this.

18        MR. WEISS:  Okay.

19        THE COURT:  And I would think Judge Lynch would be

20  a good choice if he's already got some familiarity with the

21  subject matter of the case.  And he is a former district

22  judge, as you requested.

23        But if you want to agree on someone else, that's

24  fine, too.

25        Okay.

PAGE 31/31 : RCVD AT 8/29/2003 10:55:54 AM [Pacific Daylight Time] : SVR:2 : DNIS:1342 : CSID:213 680 7813 : DURATION (mm-ss):09-04

1    MR. WEISS:    Thank you, your Honor.

2    MR. LYONS:    Thank you, your Honor.

3              (End of Proceedings.)

4

5        I certify that the foregoing is a correct
transcript from the record of proceedings in the

6    above-entitled matter.    _August 20_ , 2003

7    _C. L. BLAKE, CSR 3965_

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25