MORGAN, LEWIS & BOCKIUS LLP
Michael J. Lyons (State Bar No. 202284)
Andrew J. Wu (State Bar No. 214442)
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306-2122
Tel:  650.843.4000
Fax:  650.843.4001
mlyons@morganlewis.com
awu@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Daniel Johnson, Jr. (State Bar No. 57409)
Amy M. Spicer (State Bar No. 188399)
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  415.442.1001
djjohnson@morganlewis.com
aspicer@morganlewis.com

Attorneys for Defendant and Counterclaimant
PHILIPS LUMILEDS LIGHTING
COMPANY, LLC

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPISTAR CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIPS LUMILEDS LIGHTING COMPANY, LLC,<br><br>Defendant.<br><br>―――――――――――――――<br><br>AND RELATED COUNTERCLAIMS | CASE NO. C 07-05194 CW<br><br>**REDACTED PHILIPS LUMILEDS LIGHTING COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT ON EPISTAR CORPORATION'S CLAIM FOR BREACH OF CONTRACT**<br><br>Date:  July 10, 2008<br>Time:  2:00 p.m.<br>Ctrm:  Courtroom 2, 4th Floor<br>Judge:  The Honorable Claudia Wilken |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1

**TABLE OF CONTENTS**

2

**Page**

3    I.    INTRODUCTION ......................................................................................... - 1 -

4    II.    BACKGROUND ........................................................................................... - 2 -

      A.    The Two Previous Lumileds-Epistar Litigations ................................. - 2 -

5            1.    The June 2004 Covenant Not To Sue And Its Limited Scope ................ - 2 -

6            2.    The ITC Investigation And Epistar's Covenant-Not-To-Sue
                  Defense ........................................................................................ - 4 -

7    B.    Technical Background On LEDs And The '718 Patent ........................... - 5 -

8    III.    ARGUMENT ............................................................................................... - 10 -

9    A.    Summary Judgment Standards ........................................................... - 10 -

10    B.    Epistar Is Estopped From Asserting A Claim Based On The Covenant Not
              To Sue ................................................................................................ - 11 -

11    C.    The OMA I And II LEDs Are Not Subject To The Covenant Not To Sue
              Because They Are Substantially Different From The 2004 OMA LEDs ......... - 14 -

12    IV.    CONCLUSION ............................................................................................ - 20 -

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

LUMILEDS' SUMMARY
JUDGMENT MOTION; C-07-05194 CW

# TABLE OF AUTHORITIES

Page

**Cases**

*Augustine Medical, Inc. v. Progressive Dynamics, Inc.*
194 F.3d 1367, 1370 (Fed. Cir. 1999)..................................................- 11 -

*Deutsch v. Flannery*
823 F.2d 1361, 1365 n.2 (9th Cir. 1987)..............................................- 13 -

*Epistar Corp. v. International Trade Commission*
Case No. 07-1457 (Fed. Cir.)..............................................................- 4 -

*Foster v. Hallco Mfg. Co.*
947 F.2d 469, 478 (Fed. Cir. 1991).....................................................- 11 -

*Hallco Mfg. Co. v. Foster*
256 F.3d 1290, 1294-95 (Fed. Cir. 2001) ..................................- 11 -, - 12 -

*Hewlett-Packard Co. v. United Epitaxy Co.*
Case No. C 00-2518 (N.D. Cal.) (June 14, 2001) ...............................- 5 -

*International Nutrition Co. v. Horphag Research, Ltd.*
220 F.3d 1325, 1328 (Fed. Cir. 2000)..................................................- 11 -

*Jet, Inc. v. Sewage Aeration Sys.*
223 F.3d 1360, 1362 (Fed. Cir. 2000)..................................................- 11 -

*Lumileds Lighting U.S., LLC v. Epistar Corp.*
Case No. 02-5077 CW (N.D. Cal.) .......................................................- 2 -

*Nasalok Coating Corp. v. Nylok Corp.*
522 F.3d 1320, 1323 (Fed. Cir. 2008)..........................................- 11 -, - 12 -

*Nevada v. United States*
463 U.S. 110, 129-30 (1983)................................................................- 12 -

*Semitool, Inc. v. Dynamic Micro Sys. Semiconductor Equipment GmbH*
444 F.3d 1337, 1341 (Fed. Cir. 2006)..........................................- 10 -, - 11 -

*Telectronics Proprietary, Ltd. v. Medtronic, Inc.*
687 F. Supp. 832, 845-47 (S.D. N.Y. 1988) .......................................- 13 -

*Texas Instruments, Inc. v. United States International Trade Commission*
851 F.2d 342, 344 (Fed. Cir. 1988)......................................................- 13 -

**Other**

*Certain High-Brightness Light Emitting Diodes And Products Containing Same*
Inv. No. 337-TA-556 ...............................................................- 1 -, - 4 -

FED. R. CIV. P. 56(c).............................................................................- 10 -

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

ii

1   PLEASE TAKE NOTICE THAT on July 10, 2008, at 2:00 p.m. in the Courtroom of the

2   Honorable Claudia Wilken, located at U.S. Courthouse, 1301 Clay Street, Courtroom 2,

3   4th Floor, Oakland, California, or as soon thereafter as counsel may be heard, Philips Lumileds

4   Lighting Co., LLC ("Lumileds") will and hereby does move the Court for summary judgment on

5   Epistar Corporation's ("Epistar's") second cause of action that Lumileds allegedly breached the

6   covenant not to sue in the parties' June 2004 Settlement Agreement.

7   Specifically, Lumileds requests that the Court enter summary judgment that:

8   (1) Pursuant to the doctrine of claim preclusion, Epistar is estopped from asserting its

9   claim for breach of the covenant not to sue because Epistar raised that very issue as a defense to

10  infringement in the U.S. International Trade Commission ("ITC" or "Commission"), but

11  voluntarily withdrew it on the fourth day of the evidentiary hearing, and such defense was

12  "extinguished" when the ITC entered a final determination on the merits in that investigation; or

13  (2) In the alternative, Lumileds did not breach the covenant not to sue as matter of law

14  because the Epistar OMA I and II products at issue in the ITC are substantially different from

15  Epistar's 2004 OMA LEDs and, thus, beyond the scope of the covenant not to sue.

16  **I.      INTRODUCTION**

17  The doctrine of claim preclusion bars Epistar from bringing its claim for breach of the

18  covenant not to sue in this action.  Epistar admits that this claim involves the same parties,

19  products, and operative facts that were previously before the ITC in its investigation of *Certain*

20  *High-Brightness Light Emitting Diodes And Products Containing Same*, Inv. No. 337-TA-556.

21  Complaint, ¶¶ 9, 11, 21-28.  In that investigation, Epistar asserted the covenant not to sue as an

22  affirmative defense to Lumileds' claim that Epistar's OMA I and II LEDs infringe the '718

23  patent.  Epistar, however, voluntarily withdrew that defense on the fourth day of the evidentiary

24  hearing, before the administrative law judge or the ITC had the opportunity to consider it, let

25  alone rule on it.  As a result, Epistar's covenant-not-to-sue defense was "extinguished" once the

26  ITC issued its final determination, and its attempt to repackage that defense as a claim for breach

27  of contract is an improper collateral attack on the ITC's infringement determination.  While

28  Lumileds had agreed, "If you [Epistar] drop the defense we will not pursue the issue in the ITC"

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-WA/2985957.1                     - 1 -                     REDACTED LUMILEDS' SUMMARY
JUDGMENT MOTION; C-07-05194 CW

1 (Exh. 5), Lumileds never agreed to waive its claim preclusion defense or any other objection it

2 may have to such a claim.

3     Even if Epistar is not precluded from bringing this claim, summary judgment should be

4 granted in favor of Lumileds.

5

6

7

8

9

10

11     Thus, summary judgment should be entered that Epistar's OMA I

12 and II LEDs are specifically excluded from the covenant not to sue and, accordingly, Lumileds

13 did not breach the covenant by successfully asserting a claim in the ITC that those products

14 infringe the '718 patent.

15 **II.    BACKGROUND**

16     **A.    The Two Previous Lumileds-Epistar Litigations**

17     Epistar's current claim for breach of contract lies at the intersection of two previous

18 lawsuits regarding infringement of Lumileds' '718 patent (U.S. Patent No. 5,008,718). The first

19 lawsuit resulted in the parties' covenant not to sue; the second lawsuit involved Lumileds'

20 successful assertion of the '718 patent against the OMA I and II LEDs in the ITC. These cases

21 are discussed below.

22     **1.    The June 2004 Covenant Not To Sue And Its Limited Scope**

23     In the first lawsuit, which was before this very Court, Lumileds (then Lumileds Lighting

24 U.S., LLC) accused Epistar of infringing its '718 patent. *See Lumileds Lighting U.S., LLC v.*

25 *Epistar Corp.*, Case No. 02-5077 CW (N.D. Cal.). During that lawsuit, Epistar concealed the

26 existence of its 2004 OMA LEDs, despite a motion to compel by Lumileds and a September 9,

27 2003, order from the Court directing Epistar to provide discovery on all LEDs it expected to

28 release by November 2004. *See* Exh. 13 at 24:5-25:9, 27:6-8 (hearing on Lumileds' first motion

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1  to compel); Exh. 14 at 1-8 (Lumileds' third motion to compel); Exh. 16 at 1-6 (reply in support of

2  motion).  Even Epistar admitted in its opposition to Lumileds' motion that it did not begin to

3  provide discovery on the 2004 OMA LEDs until January 2004 introducing those products, when

4  it provided deposition testimony on those products.  Exh. 15 at 6; *see also* Exh. 16 at 4 (alleging

5  that Epistar did not identify its 2004 OMA LEDs in its earlier interrogatory responses).  Epistar

6  then waited several more weeks before providing detailed descriptions of the 2004 OMA LEDs in

7  its *Sixth* Supplemental Responses to Lumileds' Interrogatory No. 1, which it served on February

8  23, 2004 (Exh. 6 at 20:22-22:6).  *See also* Exh. 14 at 2; Exh. 16 at 1, 3-4, 6.[1]

9  In June 2004, the parties executed a Settlement Agreement,

10  Exhibit 1, ¶ 4.2; Complaint, ¶¶ 2,

11  9, 21-28.



21  Exh. 1, ¶ 4.2 (emphasis added).

_____

[1] In March 2004, Lumileds filed a third motion to compel discovery relating to the 2004 OMA products, but the parties settled the case before the motion was decided.  *See* Exhs. 14-16.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

2.    **The ITC Investigation And Epistar's Covenant-Not-To-Sue Defense**

In November 2005, Lumileds sued Epistar in the ITC for infringing the '718 patent and other patents on high-brightness LED technology. *See In the Matter of Certain High-Brightness Light Emitting Diodes And Products Containing Same*, USITC Inv. No. 337-TA-556. Epistar's accused products included what became known in that investigation as the OMA I LEDs and the OMA II LEDs.[2] The ITC ultimately determined that those products infringe the '718 patent and ordered them excluded from entry into the United States.[3]  Exh. 17.

During that investigation, Epistar provided detailed, layer-by-layer descriptions of its OMA I and II products in response to Lumileds' interrogatories. As discussed in more detail in a later section, a comparison between Epistar's interrogatory responses in the ITC investigation and the previous district court action reveals numerous differences between its OMA I/II LEDs and its 2004 OMA LEDs. *Cf.* Exh. 6 at 20:22-22:6 (describing 2004 OMA LEDs) *to* Exh. 7 at 4-6 (describing the OMA I and II LEDs); *see also* Exh. 8 (summary table).



[2] Lumileds originally asserted the '718 patent against other LEDs, but subsequently amended its complaint to assert the '718 patent against the OMA I and II LEDs after acquiring discovery concerning the structure and operation of those products that established that they are substantially different from the 2004 OMA LEDs.

[3] The Commission's final determination is presently on appeal to the U.S. Court of Appeals for the Federal Circuit. Oral argument is scheduled for June 6, 2008. *See Epistar Corp. v. International Trade Commission*, Case No. 07-1457 (Fed. Cir.).

1    Despite the unequivocal admissions of its witnesses that the OMA I and II LEDs were

2    substantially different from the 2004 OMA LEDs, Epistar initially persisted in arguing that the

3    OMA I and II LEDs were covered by the covenant not to sue. Exh. 2 at 17-20. Lumileds

4    rebutted that argument by identifying the many differences between the OMA I and II LEDs and

5    the 2004 OMA LEDs and quoting testimony from Epistar's own corporate and expert witnesses

6    ███████████████████████████████████████    Exh. 3 at 32-35.

7    On the fourth day of the evidentiary hearing, Epistar's counsel informed the presiding

8    administrative law judge that they were "not going to go forward with the argument that there's a

9    covenant not to sue the OMA [I/II] product" in the ITC, but were "going to save that issue for the

10   District Court ...." Exh. 4 (Hr'g Tr.) at 815:5-21. Lumileds' counsel replied: "We couldn't stop

11   them [from withdrawing that defense] in the first place, but we agreed that they have dropped the

12   covenant not to sue defense, and we'll deal with it at such time as they raise it again." *Id.* at

13   815:22-816:1. During a preceding e-mail exchange with opposing counsel, Lumileds also agreed,

14   "If you [Epistar] drop the defense we will not pursue the issue in the ITC," meaning Lumileds

15   would not press for a ruling on the merits from the ITC on that issue. *See* Exh. 5 (D. Johnson e-

16   mail of 08/06/06). However, Lumileds never agreed to waive its rights to raise an estoppel

17   defense or any other objection to Epistar's attempted resurrection of such a claim in a district

18   court. *See* Exhs. 4, 5.

19   **B.    Technical Background On LEDs And The '718 Patent**

20   This Motion does not require a detailed discussion of the '718 patent or LED technology.

21   To the extent such a discussion may assist the Court in deciding this Motion, the Court's own

22   summary judgment order from the earlier case is instructive. *See* Order Granting Defendants'

23   Motion for Summary Judgment In Part And Denying Plaintiff's Cross-Motion For Summary

24   Judgment in *Hewlett-Packard Co. v. United Epitaxy Co.*, Case No. C 00-2518 (N.D. Cal.) (June

25   14, 2001), attached hereto as Exh. 18. As this Court explained:

26
           The subject of the '718 patent is a "light-emitting diode" or "LED." LEDs
27         convert electrical current into light and are used in place of traditional light bulbs
           in indicator lights and displays. The '718 patent concerns a LED using an
28         "AlGaInP" semiconductor alloy. "AlGaInP" is a composite of the abbreviated

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-WA/2985957.1                    - 5 -                    REDACTED LUMILEDS' SUMMARY
                                                          JUDGMENT MOTION; C-07-05194 CW

terms for the elements aluminum, gallium, indium, and phosphorus. When voltage is applied to a typical LED, positively-charged (or "p-type") "holes" travel downward from a top electrode, while negatively-charged (or "n-type") electrons travel upward from a bottom electrode. When the positively-charged holes collide (or recombine) with the negatively-charged electrons in the "active layer," light is generated.

\*    \*    \*

Although AlGaInP is highly desirable for use in LEDs because of the brightness of the light an AlGaInP LED can generate, it also has a significant disadvantage, namely "current-crowding."

Exhibit 18 at 2:6-17, 24-26. The '718 patent describes this current-crowding problem:

Efficient operation of the LED depends on current injected from the metal front contact 14 spreading out laterally to the edges of the LED chip so that light is generated uniformly across the p-n junction. If the sheet resistance of the top layer of semiconductor, namely, the upper p-type confining layer 13, is not low enough, the current does not spread sufficiently and tends to flow directly down beneath the front contact toward the back contact. This type of "current crowding" results in most of the light being generated under the opaque front contact. Much of the light generated in this region is blocked and absorbed within the LED chip, thereby severely limiting the efficiency of the device.

Exh. 22 at 1:33-46. This Court described the claimed solution of the '718 patent:

The '718 patent addresses the current-crowding problem by introducing a "transparent window layer" of a material different from AlGaInP between the top electrode and the active layer. To be transparent the window layer must also have a greater bandgap than the active layer. The window layer has a lower resistivity than AlGaInP, which allows the current to spread out across the LED before it reaches the active layer. Thus, when the current reaches the active layer, light is generated across the entire active layer.

Exh. 18 at 2:6-3:19. *See also* Exh. 3 at 12-16 (general background on current-crowding and the '718 patent).

What is important for this Motion is that the active layers, current-spreading window layer, and other LED structures are constructed of various materials layer-by-layer. During the ITC investigation, Epistar provided depictions of its OMA products.[4] Although these depictions

---

[4] These diagrams of the OMA I and II are reproduced from Epistar's demonstrative exhibits RDX 500 and RDX 501 (*see* Exh. 19), which Epistar presented during the evidentiary hearing in the ITC. During discovery, Epistar also provided somewhat simpler diagrams of the OMA I and II. *See* Exh. 7 at 5-6. During the previous litigation before this court, Epistar's Rule 30(b)(6)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-WA/2985957.1                              - 6 -                    REDACTED LUMILEDS' SUMMARY
JUDGMENT MOTION; C-07-05194 CW

1    are schematic and include self-serving mischaracterizations of certain features,[5] they are adequate

2    for purposes of this Motion to illustrate some of the differences between the various OMA LEDs.

3

4

5

6

7

8

9

10

11

12

13

14

15                                              **REDACTED**

16

17

18

19

20

21

22

23

24

25

26   corporate witness Mr. M.J. Jou provided a handwritten sketch of the 2004 OMA LEDs, which is
     attached hereto as Exhibit 20 and identified in Exh. 21 (Jou Dep. Tr.) at 172:1-19.

27   [5] For example, Epistar mischaracterizes what the ITC found to be an ITO "window layer" as an

28   ITO "▮▮▮▮▮▮."

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1

2

3

4

5

6

7          **REDACTED**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-WA/2985957.1                          - 8 -                          REDACTED LUMILEDS' SUMMARY
                                                                       JUDGMENT MOTION; C-07-05194 CW

**REDACTED**

**REDACTED**

Epistar's interrogatory responses reveal many other changes to its OMA I and II LEDs compared to its earlier 2004 OMA LEDs ███████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████ These differences can be seen in the table in Exhibit 8, which is a summary of the descriptions in Exhibits 6 and 7. ███████████████████████████████████████████████████████

Morgan, Lewis &
Bockius LLP
Attorneys At Law
New York

REDACTED LUMILEDS' SUMMARY
JUDGMENT MOTION; C-07-05194 CW



### III.    ARGUMENT

#### A.    Summary Judgment Standards

Summary judgment should be entered when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Semitool, Inc. v. Dynamic Micro Sys. Semiconductor Equipment GmbH*, 444 F.3d 1337, 1341 (Fed. Cir. 2006). The material facts in this Motion are undisputed, as they are drawn from the testimony of Epistar's own Rule 30(b)(6) corporate witness and technical expert, as well as its certified

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-WA/2985957.1                    - 10 -                    REDACTED LUMILEDS' SUMMARY
JUDGMENT MOTION; C-07-05194 CW

1    responses to Lumileds' interrogatories. The only remaining issues, then, are to determine the

2    estoppel effects of Epistar's decision not to pursue its covenant-not-to-sue defense in the ITC and,

3    if necessary, to determine whether the covenant not to sue can be extended to cover the later

4    OMA I and II LEDs, which Epistar's own witnesses admit are substantially different from the

5    2004 OMA LEDs. Both of these issues are questions of law, which are amenable to summary

6    judgment. *See Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1362 (Fed. Cir. 2000) (on claim

7    preclusion); *Semitool*, 444 F.3d at 1341 (on settlement agreements); *Augustine Medical, Inc. v.*

8    *Progressive Dynamics, Inc.*, 194 F.3d 1367, 1370 (Fed. Cir. 1999) (same).

9    **B.    Epistar Is Estopped From Asserting A Claim Based On The Covenant Not To**
     **Sue**

10
11   All of the requirements for claim preclusion are present with respect to Epistar's claim for

12   breach of the covenant not to sue: (i) the same parties, Epistar and Lumileds, involved in the

13   present litigation were also involved in the earlier ITC investigation; (ii) the ITC rendered a final

14   judgment on the merits, in which it found that the OMA I and II products infringe the '718 patent

15   and ordered those products excluded from the U.S. market; and (iii) Epistar's present claim for

16   breach of contract is based on the same covenant not to sue, OMA I/II product designs, and other

17   operative facts that underlay the covenant-not-to-sue defense that Epistar asserted in the ITC but

18   later withdrew. *See* Complaint, ¶¶ 21-28; *International Nutrition Co. v. Horphag Research, Ltd.*,

     220 F.3d 1325, 1328 (Fed. Cir. 2000).

19
20   It is well-settled that "when a final judgment is rendered on the merits, another action may

21   not be maintained between the parties on the same 'claim,' and defenses that were or could have

22   been raised in that [first] action are extinguished." *Hallco Mfg. Co. v. Foster*, 256 F.3d 1290,

23   1294-95 (Fed. Cir. 2001) (citing Restatement (Second) of Judgments, §§ 18-19); *see also Foster*

24   *v. Hallco Mfg. Co.*, 947 F.2d 469, 478 (Fed. Cir. 1991) ("In its simplest construct, *res judicata*

25   precludes the relitigation of a claim, or cause of action, or any possible defense to the cause of

26   action which is ended by a judgment of the court."); *Nasalok Coating Corp. v. Nylok Corp.*, 522

27   F.3d 1320, 1323 (Fed. Cir. 2008) ("Claim preclusion refers to the effect of foreclosing any

28   litigation of matters that never have been litigated, because of a determination that they should

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-WA/2985957.1                          - 11 -                          REDACTED LUMILEDS' SUMMARY
                                                                        JUDGMENT MOTION; C-07-05194 CW

1   have been advanced in an earlier suit") (internal quotes omitted), *citing inter alia Nevada v.*

2   *United States*, 463 U.S. 110, 129-30 (1983) (a final judgment is "a finality as to the claim or

3   demand in controversy ... not only as to every matter which was offered and received to sustain

4   or defeat the claim or demand, but as to any other admissible matter which might have been

5   offered for that purpose") (quotes omitted).

6       In this case, the covenant not to sue was not merely a speculative defense that "could have

7   been raised" in the ITC – it actually *was* raised by Epistar and *fully briefed* by both parties prior to

8   the evidentiary hearing. Exh. 2 at 17-20; Exh. 3 at 32-35.   Epistar's voluntary withdrawal of that

9   defense weeks later, on the fourth day of the hearing, does not erase that fact. *See* Exh. 4 at

10  815:5-816:12.  Thus, once the ITC issued its final determination that the OMA I and II LEDs

11  infringe the '718 patent, Epistar's covenant defense was "extinguished," and it cannot be

12  resurrected in this action. *See Hallco*, 256 F.3d at 1294-95.  Of course, if Epistar had prevailed in

13  the ITC action on its other defenses, then no such claim preclusion would have arisen and Epistar

14  would have been free to raise its covenant-not-to-sue defense in any subsequent district court

15  patent case on the OMA I or II LEDs.

16      The change in Epistar's status from respondent (defendant) in the ITC action to plaintiff in

17  this action does not alter this result.  A defendant in a first action is precluded from raising a

18  claim or defense in a second action if that "claim or defense represents what is essentially a

19  collateral attack on the first judgment." *Nasalok*, 522 F.3d at 1324 (citing *inter alia* Restatement

20  (Second) of Judgments § 18(2)).  Epistar's breach of contract claim amounts to just such a

21  collateral attack on the ITC's final determination.  A necessary part of Epistar's claim is its

22  allegation that the covenant not to sue covers the OMA I and II products at issue in the ITC. *See*

23  Complaint, ¶¶ 24-25. If Epistar were to prevail on that claim, it could use that ruling in an

24  attempt to undermine the ITC's final determination that the OMA I and II products infringe the

25  '718 patent and its order excluding those products from the U.S. market.  Having voluntarily

26  withdrawn that issue from consideration by the ITC, Epistar is now estopped from reasserting the

27  covenant defense as a cause of action in this forum.  Moreover, Lumileds, as the prevailing party

28  in the ITC, should not now be forced to relitigate an issue that it had already briefed and was

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-WA/2985957.1        - 12 -        REDACTED LUMILEDS' SUMMARY
JUDGMENT MOTION; C-07-05194 CW

1   prepared to argue in the ITC, nor should it be forced to defend the ITC's final determination

2   against such an untimely, collateral attack.

3          It is also important to bear in mind that had the ITC been allowed to rule on the covenant

4   not to sue, its determination on that non-patent issue would have been binding on this Court.[6] *See*

5   *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 687 F. Supp. 832, 845-47 (S.D. N.Y. 1988)

6   (granting summary judgment in favor of license defense because previous ITC determination on

7   that issue was *res judicata*). Thus, when Lumileds agreed that "we will not pursue the issue in

8   the ITC" if Epistar dropped that defense, Lumileds was only agreeing not to press the ALJ or the

9   Commission to rule on that issue on the merits. *See* Exh. 5.

10         Lumileds thus bore the risk that it might not prevail before the ITC and, without a decision

11  on the merits of the covenant-not-to-sue defense, would have been unable to prevent Epistar from

12  raising this defense here. Epistar took the risk that if Lumileds prevailed in the ITC, then the

13  covenant-not-to-sue defense would be precluded. Epistar must now live with the consequences of

14  the deal it struck. Rather than accept the preclusion of its covenant-not-to-sue defense, Epistar

15  now seeks to change the agreement to include a non-existent waiver of this preclusion.

16         In addition, Lumileds never agreed to waive its right to assert a defense of claim

17  preclusion or any other objection should Epistar attempt to resurrect that claim. *See* Exhs. 4, 5.

18  In this case, as in *Deutsch v. Flannery*, 823 F.2d 1361, 1365 n.2 (9th Cir. 1987), there was "no

19  mention of [claim] preclusion" in any of the e-mails between the parties or their representations to

20  the ALJ and, thus, "no waiver" of that defense by Lumileds in any subsequent action. *See* Exhs.

21  4, 5. Such a fictitious waiver would have made no sense because Lumileds had already briefed

22  the covenant-not-to-sue issue, was prepared to present evidence and argument on it in the ITC,

23  and could have obtained from the ITC a dispositive ruling on the issue on its merits had it not

24  been withdrawn, only to have to face the same issue all over again in the district court after

25  having prevailed in the ITC. *See Deutsch*, 823 F.2d at 1365 n.2 (rejecting defendant's alleged

26

27  [6] In contrast, the ITC's determinations on issues of patent law (*e.g.*, claim construction,
    infringement, validity, and enforceability) are not binding on a district court. *Texas Instruments,*

28  *Inc. v. United States International Trade Commission*, 851 F.2d 342, 344 (Fed. Cir. 1988).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-WA/2985957.1                    - 13 -                    REDACTED LUMILEDS' SUMMARY
                                                           JUDGMENT MOTION; C-07-05194 CW

1  waiver of preclusion defense as "improbable"). Instead, Lumileds "was simply confirming the

2  uncontroversial legal proposition" (*id.*) that "we agreed that they [Epistar] have dropped the

3  covenant-not-to-sue defense and we'll deal with it at such time as they raise it again." Exh. 4 at

4  815:22-816:1.

5        Epistar is therefore estopped from bringing its breach of contract claim, and summary

6  judgment should be entered dismissing that claim as a matter of law.

7    **C.    The OMA I And II LEDs Are Not Subject To The Covenant Not To Sue**
8         **Because They Are Substantially Different From The 2004 OMA LEDs**

9        In the alternative, Lumileds moves for summary judgment on Epistar's claim for breach of

10  the covenant not to sue.



MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-WA/2985957.1    - 14 -    REDACTED LUMILEDS' SUMMARY
JUDGMENT MOTION; C-07-05194 CW



Exh. 11 (Lu) at 255:19-257:13 (emphasis added).  Mr. Lu's testimony is of course binding on

Epistar, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.  Indeed, Epistar

specifically designated Mr. Lu to testify on "[t]he differences, if any, between (a) Epistar's OMA

AlGaInP LEDs as of June 30, 2004, and (b) Epistar's subsequent 'OMA' AlGaInP LEDs and

'OMA II' AlGaInP LEDs."  Exh. 10, Topic 11.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-WA/2985957.1                                    - 15 -                    REDACTED LUMILEDS' SUMMARY
                                                                           JUDGMENT MOTION; C-07-05194 CW

1

2

3

4

5

6

7

8    Exh. 12 (Stringfellow) at 335:1-19 (emphasis added).

9        A comparison between Epistar's interrogatory responses in the previous district court and

10   ITC litigations reveals additional, and substantial, changes between the 2004 OMA LEDs and the

11   OMA I and II LEDs at issue in the ITC.  For example:

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-WA/2985957.1                                    - 16 -                        REDACTED LUMILEDS' SUMMARY
                                                                               JUDGMENT MOTION; C-07-05194 CW



1
2
3
4
5
6
7
8
9
10
11
12
13
14



15  *Cf.* Exh. 6 at 20:22-22:6 (describing the 2004 OMA LEDs) *to* Exh. 7 at 4-6 (describing the OMA

16  I and II LEDs); *see also* Exh. 8 (summary table).

17
18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

REDACTED LUMILEDS' SUMMARY
JUDGMENT MOTION; C-07-05194 CW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-WA/2985957.1                                                    - 18 -                    REDACTED LUMILEDS' SUMMARY
JUDGMENT MOTION; C-07-05194 CW



In sum, Epistar's own interrogatory responses and binding admissions by its witnesses provide indisputable evidence that there are significant, substantial differences between the OMA I and II OMA LEDs before the ITC and the 2004 OMA LEDs covered by the covenant not to sue. Thus, the OMA I and II LEDs are not covered by the covenant not to sue, which is limited to the products that are not substantially different from the 2004 OMA LEDs.  Exh. 1, ¶ 4.2.  Summary

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1  judgment should be entered that Lumileds, as a matter of law, could not have breached the

2  covenant not to sue by asserting the '718 patent against the OMA I and II LEDs in the ITC.

3  **IV.     CONCLUSION**

4        Summary judgment should be entered dismissing Epistar's claim for breach of the

5  covenant, either because Epistar is estopped from asserting such a claim pursuant to the doctrine

6  of claim preclusion or because Lumileds could not have breached that covenant by asserting the

7  '718 patent against the OMA I and II products, which are substantially different from the 2004

8  OMA LEDs and thus outside the scope of the covenant.

9                                              Respectfully submitted,

10

11  Date:   June 5, 2008              By:     /s/ Michael J. Lyons

12                                              Michael J. Lyons (Bar No. 202284)
                                              Andrew J. Wu (Bar No. 214442)

13                                              MORGAN, LEWIS & BOCKIUS LLP
                                              2 Palo Alto Square

14                                              3000 El Camino Real, Suite 700
                                              Palo Alto, CA  94306-2122

15                                              Telephone:  (650) 843-4000
                                              Facsimile:   (650) 843-4001

16                                              Attorneys for Defendant and

17                                              Counterclaimant
                                              PHILIPS LUMILEDS LIGHTING

18                                              COMPANY, LLC

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-WA/2985957.1                          - 20 -                    REDACTED LUMILEDS' SUMMARY
                                                         JUDGMENT MOTION; C-07-05194 CW