Michael J. Lyons  (CA Bar No. 202284)
Andrew J. Wu  (CA Bar No. 214442)
Stacey E. Stillman (CA Bar No. 197459)
Dieter H. Hellmoldt  (CA Bar No. 221498)
PENNIE & EDMONDS LLP
3300 Hillview Avenue
Palo Alto, California 94304
Telephone: (650) 493-4935
Facsimile: (650) 493-5556

Attorneys for Plaintiff,
LUMILEDS LIGHTING U.S., LLC

Robert C. Weiss (CA Bar No. 39929)
Lawrence R. LaPorte (CA Bar No. 130003)
Omer Salik (CA Bar No. 223056)
JONES DAY
555 West Fifth Street, Suite 4600
Los Angeles, California  90013-1025
Telephone: (213) 489-3939
Facsimile:  (213) 243-2539

Attorneys for Defendant,
EPISTAR CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

LUMILEDS LIGHTING U.S., LLC,

                    Plaintiff,

    v.

EPISTAR CORPORATION,

                    Defendant.

CASE NO. C 02-05077 CW (PVT)

**STIPULATED PROTECTIVE ORDER**

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed

1  and reflects the standards that will be applied when a party seeks permission from the court to

2  file material under seal.

3      2. DEFINITIONS

4      2.1 Party: any party to this action, including all of its officers, directors, employees,

5  consultants, retained experts, and outside counsel (and their support staff).

6      2.2 Disclosure or Discovery Material: all items or information, regardless of the medium

7  or manner generated, stored, or maintained (including, among other things, testimony,

8  transcripts, or tangible things) that are produced or generated in disclosures or responses to

9  discovery in this matter.

10     2.3 "Confidential" Information or Items:  information (regardless of how generated,

11 stored or maintained) or tangible things that qualify for protection under standards developed

12 under F.R.Civ.P. 26(c).

13     2.4 "Highly Confidential - Attorneys' Eyes Only" Information or Items:  extremely

14 sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty

15 would create a substantial risk of serious injury that could not be avoided by less restrictive

16 means.

17     2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a

18 Producing Party.

19     2.6 Producing Party:  a Party or third-party that produces Disclosure or Discovery

20 Material in this action.

21     2.7 Designating Party: a Party or third-party that designates information or items that it

22 produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential -

23 Attorneys' Eyes Only."

24     2.8 Protected Material: any Disclosure or Discovery Material that is designated as

25 "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

26     2.9 Outside Counsel:  attorneys who are not employees of a Party but who are retained to

27 represent or advise a Party in this action.

28     2.10 House Counsel:  attorneys who are employees of a Party.

2.11 Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12 Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

The parties agree to treat as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY" any information produced by a third party which is properly designated pursuant to the terms of this Stipulated Protective Order.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or third-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party or third-party must take care to designate for protection only those parts of

1  material, documents, items, or oral or written communications that qualify – so that other

2  portions of the material, documents, items, or communications for which protection is not

3  warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or

4  routinized designations are prohibited. Designations that are shown to be clearly unjustified, or

5  that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case

6  development process, or to impose unnecessary expenses and burdens on other parties), expose

7  the Designating Party to sanctions. If it comes to a Party's or a third-party's attention that

8  information or items that it designated for protection do not qualify for protection at all, or do not

9  qualify for the level of protection initially asserted, that Party or third-party must promptly notify

10  all other parties that it is withdrawing the mistaken designation.

11          5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see,

12  e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material

13  that qualifies for protection under this Order must be clearly so designated before the material is

14  disclosed or produced. Designation in conformity with this Order requires:

15          (a) for information in documentary form (apart from transcripts of depositions or other

16  pretrial or trial proceedings), that the Producing Party or third-party affix the legend

17  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each

18  page that contains protected material. If only a portion or portions of the material on a page

19  qualifies for protection, the Producing Party or third-party also must clearly identify the

20  protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

21  each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

22  CONFIDENTIAL – ATTORNEYS' EYES ONLY"). A Party or third-party that makes original

23  documents or materials available for inspection need not designate them for protection until after

24  the inspecting Party has indicated which material it would like copied and produced. During the

25  inspection and before the designation, all of the material made available for inspection shall be

26  deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting

27  Party has identified the documents it wants copied and produced, the Producing Party or third-

28  party must determine which documents, or portions thereof, qualify for protection under this

STIPULATED PROTECTIVE ORDER
Case No. C 02-05077 CW (PVT)

CA1: 362756.1

- 4 -

1    Order, then, before producing the specified documents, the Producing Party or third-party must

2    affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

3    ATTORNEYS' EYES ONLY") on each page that contains Protected Material. If only a portion

4    or portions of the material on a page qualifies for protection, the Producing Party or third-party

5    also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

6    margins) and must specify, for each portion, the level of protection being asserted (either

7    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

8         (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

9    Party or third-party offering or sponsoring the testimony identify on the record, before the close

10    of the deposition, hearing, or other proceeding, all protected testimony, and further specify any

11    portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

12    ONLY." When it is impractical to identify separately each portion of testimony that is entitled to

13    protection, and when it appears that substantial portions of the testimony may qualify for

14    protection, the Party or third-party that sponsors, offers, or gives the testimony may invoke on

15    the record (before the deposition or proceeding is concluded) a right to have up to 20 days after

16    the reporter sends written notice that the transcript is available for review to identify the specific

17    portions of the testimony as to which protection is sought and to specify the level of protection

18    being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

19    ONLY"). Only those portions of the testimony that are appropriately designated for protection

20    within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

21    Transcript pages containing Protected Material must be separately bound by the court reporter,

22    who must affix to each such page the legend "CONFIDENTIAL" or "HIGHLY

23    CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty

24    offering or sponsoring the witness or presenting the testimony. Counsel receiving such notice

25    shall be responsible for destroying any copies of the improperly designated transcript or portion

26    thereof in their possession or control upon the availability of the properly designated transcript

27    from the court reporter.

28

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party or third-party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party or third-party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's or third-party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging

1  Party may proceed to the next stage of the challenge process only if it has engaged in this meet

2  and confer process first.

3      6.3 Judicial Intervention. A Party that elects to press a challenge to a confidentiality

4  designation after considering the justification offered by the Designating Party may file and

5  serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

6  applicable) that identifies the challenged material and sets forth in detail the basis for the

7  challenge. Each such motion must be accompanied by a competent declaration that affirms that

8  the movant has complied with the meet and confer requirements imposed in the preceding

9  paragraph and that sets forth with specificity the justification for the confidentiality designation

10  that was given by the Designating Party in the meet and confer dialogue.  The burden of

11  persuasion in any such challenge proceeding shall be on the Designating Party. Until the court

12  rules on the challenge, all parties shall continue to afford the material in question the level of

13  protection to which it is entitled under the Producing Party's designation.

14      7. ACCESS TO AND USE OF PROTECTED MATERIAL

15      7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or

16  produced by another Party or by a third-party in connection with this case only for prosecuting,

17  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only

18  to the categories of persons and under the conditions described in this Order. When the litigation

19  has been terminated, a Receiving Party must comply with the provisions of section 11, below

20  (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving

21  Party at a location and in a secure manner that ensures that access is limited to the persons

22  authorized under this Order.

23      7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

24  the court or permitted in writing by the Designating Party or third-party, a Receiving Party may

25  disclose any information or item designated CONFIDENTIAL only to:

26      (a) the Receiving Party's Outside Counsel of record in this action, as well as employees

27  of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

28

STIPULATED PROTECTIVE ORDER
Case No. C 02-05077 CW (PVT)                                    CA1: 362756.1

- 7 -

1    (b) up to seven (7) officers, directors, or employees of the Receiving Party to whom

2    disclosure is reasonably necessary for this litigation, who have signed the "Agreement to Be

3    Bound by Protective Order" (Exhibit A);

4    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

5    reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by

6    Protective Order" (Exhibit A), and as to whom the procedures set forth in paragraph 7.4, below,

7    have been followed;

8    (d) the Court and its personnel;

9    (e) court reporters and their staffs;

10    (f) translators, interpreters, professional vendors and their staffs to whom disclosure is

11    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

12    Protective Order" (Exhibit A);

13    (g) during their depositions, witnesses in the action to whom disclosure is reasonably

14    necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

15    Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

16    Material must be separately bound by the court reporter and may not be disclosed to anyone

17    except as permitted under this Stipulated Protective Order.

18    (h) the author of the document or the original source of the information.

19    7.3 Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

20    Information or Items. Unless otherwise ordered by the court or permitted in writing by

21    the Designating Party, a Receiving Party may disclose any information or item designated

22    "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

23    (a) the Receiving Party's Outside Counsel of record in this action, as well as employees

24    of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

25    (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for

26    this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit

27    A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

28    (c) the Court and its personnel;

1    (d) court reporters and their staffs;

2    (e) translators, interpreters, professional vendors and their staffs to whom disclosure is

3    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

4    Protective Order" (Exhibit A); and

5    (f) the author of the document or the original source of the information.

6    7.4 Procedures for Approving Disclosure of "CONFIDENTIAL" and "HIGHLY

7    CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or items to "Experts"

8    (a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a

9    Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that

10    has been designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL - ATTORNEYS'

11    EYES ONLY" first must make a written request to the Designating Party that (1) identifies the

12    specific CONFIDENTIAL or HIGHLY CONFIDENTIAL information that the Receiving Party

13    seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city

14    and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4)

15    identifies the Expert's current employer(s), (5) identifies each person or entity from whom the

16    Expert has received compensation for work in his or her areas of expertise or to whom the expert

17    has provided professional services at any time during the preceding five years, and (6) identifies

18    (by name and number of the case, filing date, and location of court) any litigation in connection

19    with which the Expert has provided any professional services during the preceding five years.

20    (b) A Party that makes a request and provides the information specified in the preceding

21    paragraph may disclose the subject Protected Material to the identified Expert unless, within ten

22    (10) days of delivering the request, the Party receives a written objection from the Designating

23    Party. Any such objection must set forth in detail the grounds on which it is based.

24    (c) A Party that receives a timely written objection must meet and confer with the

25    Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

26    agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert

27    may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule

28    79-5, if applicable) within seven (7) calendar days from the date of serving the written objections

STIPULATED PROTECTIVE ORDER
Case No. C 02-05077 CW (PVT)

CA1: 362756.1

- 9 -

1 seeking permission from the court to do so. Any such motion must describe the circumstances
2 with specificity, set forth in detail the reasons for which the disclosure to the Expert is
3 reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any
4 additional means that might be used to reduce that risk. In addition, any such motion must be
5 accompanied by a competent declaration in which the movant describes the parties' efforts to
6 resolve the matter by agreement (i.e., the extent and the content of the meet and confer
7 discussions) and sets forth the reasons advanced by the Designating Party for its refusal to
8 approve the disclosure. In any such proceeding the Party opposing disclosure to the Expert shall
9 bear the burden of proving that the risk of harm that the disclosure would entail (under the
10 safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to
11 its Expert.

12      8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
13 OTHER LITIGATION.

14      If a Receiving Party is served with a subpoena or an order issued in other litigation that
15 would compel disclosure of any information or items designated in this action as
16 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the
17 Receiving Party must so notify the Designating Party, in writing (by fax, if possible)
18 immediately and in no event more than three court days after receiving the subpoena or order.
19 Such notification must include a copy of the subpoena or court order. The Receiving Party also
20 must immediately inform in writing the Party who caused the subpoena or order to issue in the
21 other litigation that some or all the material covered by the subpoena or order is the subject of
22 this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated
23 Protective Order promptly to the Party in the other action that caused the subpoena or order to
24 issue. The purpose of imposing these duties is to alert the interested parties to the existence of
25 this Protective Order and to afford the Designating Party in this case an opportunity to try to
26 protect its confidentiality interests in the court from which the subpoena or order issued. The
27 Designating Party shall bear the burdens and the expenses of seeking protection in that court of
28

1  its confidential material - and nothing in these provisions should be construed as authorizing or

2  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

3      9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

5  Material to any person or in any circumstance not authorized under this Stipulated Protective

6  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

7  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

8  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

9  this Order, and (d) request such person or persons to execute the "Acknowledgment and

10  Agreement to Be Bound" that is attached hereto as Exhibit A.

11      10. FILING PROTECTED MATERIAL.

12      Without written permission from the Designating Party or a court order secured after

13  appropriate notice to all interested persons, a Party may not file in the public record in this action

14  any Protected Material. A Party that seeks to file under seal any Protected Material must comply

15  with Civil Local Rule 79-5.

16      In applications and motions to the Court, all submissions of Designated Material shall be

17  filed with the Court pursuant to Civil L.R. 79-5 in sealed enclosures on which shall be affixed

18  the title of the particular action, an indication of the nature of their contents, the word

19  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and a

20  statement substantially in the following form:

21      THIS ENVELOPE CONTAINS CONFIDENTIAL MATERIALS SUBJECT TO A

22  PROTECTIVE ORDER ENTERED IN THIS ACTION.  IT IS NOT TO BE OPENED NOR

23  ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY

24  ORDER OF THE COURT.

25      11. FINAL DISPOSITION.

26      Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

27  after the final termination of this action, each Receiving Party must return all Protected Material

28  to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies,

1  abstracts, compilations, summaries or any other form of reproducing or capturing any of the

2  Protected Material. With permission in writing from the Designating Party, the Receiving Party

3  may destroy some or all of the Protected Material instead of returning it. Whether the Protected

4  Material is returned or destroyed, the Receiving Party must submit a written certification to the

5  Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

6  deadline that identifies (by category, where appropriate) all the Protected Material that was

7  returned or destroyed and that affirms that the Receiving Party has not retained any copies,

8  abstracts, compilations, summaries or other forms of reproducing or capturing any of the

9  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

10  copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

11  work product, even if such materials contain Protected Material. Any such archival copies that

12  contain or constitute Protected Material remain subject to this Protective Order as set forth in

13  Section 4 (DURATION), above.

14      12. MISCELLANEOUS

15      12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to

16  seek its modification by the Court in the future.

17      12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order

18  no Party waives any right it otherwise would have to object to disclosing or producing any

19  information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

20  no Party waives any right to object on any ground to use in evidence of any of the material

21  covered by this Protective Order.

22      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

23      DATED: *3 December 2003*

24      _____

25      Attorneys for Plaintiff

26      DATED: *12/3/03*

27      *Lawrence R. LaPorte/es*

28      Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____

_____
Hon. Patricia Trumbull
United States Chief Magistrate Judge

1  EXHIBIT A

2  ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3  I, _____ [print or type full name], of _____

4  [print or type full address], declare under penalty of perjury that I have read in its entirety and

5  understand the Stipulated Protective Order that was issued by the United States District Court for

6  the Northern District of California on _____ in the case of *Lumileds Lighting U.S., LLC*

7  *v. Epistar Corp.*, No. C02-5077 CW (PVT) (N.D. Cal.). I agree to comply with and to be bound

8  by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure

9  to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

10 promise that I will not disclose in any manner any information or item that is subject to this

11 Stipulated Protective Order to any person or entity except in strict compliance with the

12 provisions of this Order.

13    I further agree to submit to the jurisdiction of the United States District Court for the

14 Northern District of California for the purpose of enforcing the terms of this Stipulated

15 Protective Order, even if such enforcement proceedings occur after termination of this action.  I

16 hereby appoint _____ [print or type full name] of

17 _____ [print or type full address and telephone

18 number] as my California agent for service of process in connection with this action or any

19 proceedings related to enforcement of this Stipulated Protective Order.

20    Date: _____

21    City and State where sworn and signed: _____

22    Printed name: _____

23    Signature: _____

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No. C 02-05077 CW (PVT)

CA1: 362756.1

- 14 -

## PROOF OF SERVICE

I, Omer Salik, declare:

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 555 West Fifth Street, Suite 4600, Los Angeles, California  90013-1025.  On December 3, 2003, I served a copy of the within document(s):

STIPULATED PROTECTIVE ORDER

☒    by transmitting via email the document(s) listed above to the email addresses set forth below on this date.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for overnight delivery.

☐    by having the document(s) listed above personally delivered to the person(s) at the address(es) set forth below.

Michael J. Lyons, Esq.
Andrew J. Wu, Esq.
Deiter H. Hellmoldt
PENNIE & EDMONDS LLP
3300 Hillview Avenue
Palo Alto, CA  94304
lyonsm@pennie.com, wua@pennie.com,
        dhellmoldt@pennie.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this 3rd day December 2003, at Los Angeles, California.


By: /s/ Omer Salik
    Omer Salik