ORIGINAL

RECEIVED
DEC 22 2000
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NDCA

JAN 10  4 17 PM '01

RECEIVED
DEC 22 2000
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NDCA

RECEIVED
by: PATRICIA V. TRUMBULL
JAN 02 2001

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED EPITAXY COMPANY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY and DOES 1 - 10, inclusive,<br><br>Defendants. | CASE NO. C 00-2518 CW (PVT)<br><br>PROTECTIVE ORDER |
| HEWLETT-PACKARD COMPANY, AGILENT TECHNOLOGIES, INC. and LUMILEDS LIGHTING U.S., LLC,<br><br>Counterclaimants,<br><br>v.<br><br>UNITED EPITAXY COMPANY, LTD.,<br><br>Counter Defendant. | |

PROTECTIVE ORDER
Case No. C 00-2518 CW (PVT)           -1-                                    CA1 - 253828.4

# PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties hereby stipulate to the following Protective Order to govern the disclosure of confidential discovery materials and testimony.

1. In connection with the discovery in this action, the parties may designate any materials including electronic files, documents, things, testimony or other information derived therefrom, as "CONFIDENTIAL" (hereinafter "Confidential Material") under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential Material is information which has not been made public and may include but is not limited to: (1) the method of manufacture of any past, present, or future product of a party; (2) the construction, development, function, or operation of any past, present, or future product of a party; (3) pricing, income, profits, losses, expenses, costs, overhead, royalty rates or sales quantities relating to any past, present, or future product of a party; (4) contractual relationships with third parties, including, but not limited to, agreements in settlement of litigation; (5) business, financial, or marketing plans, projections, or data of a party; (6) the accounting methods of a party, including methods of allocating costs and overhead; (7) the identification of customers or suppliers of a party; (8) research and development materials of a party, including both product and market research; (9) patent applications; or (10) any such information of a third party, the disclosure of which information may have the effect of causing harm to the third party. Before designating materials "CONFIDENTIAL," a party must make a good faith determination that the level of protection is warranted under Rule 26(c) of the Federal Rules of Civil Procedure.

2. Confidential Material produced pursuant to this Order may be disclosed or made available only to: (i) the Court; (ii) outside counsel of record assisting in the preparation and presentation of this action (including the paralegal, clerical, and secretarial staff employed by such counsel); (iii) counsel at Lee, Tsai & Partners assisting in the preparation and presentation of this action; (iv) the parties, including present and former officers, directors, in-house legal counsel, employees and agents involved in the preparation and presentation of this action; (v)

1  experts, consultants, translators, interpreters and independent contractors (including the
2  necessary supporting staff of those experts, consultants, translators, and independent contractors),
3  to the extent reasonably necessary to assist in the preparation and presentation of this action; (vi)
4  court reporters and their necessary clerical assistants; and (vii) any other person as to whom all of
5  the parties agree in a writing signed by the parties or their representatives.

6    3.   The parties may further designate certain discovery materials or testimony relating
7  to, for example, research and development, processing, manufacturing, customer lists, licenses,
8  sales and other financial information deemed by either party to be highly confidential and/or
9  proprietary in nature as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" (hereinafter
10 "Attorney's Eyes Only Material"). Before designating materials "CONFIDENTIAL -
11 ATTORNEY'S EYES ONLY," a party must make a good faith determination that the level of
12 protection is warranted under Rule 26(c) of the Federal Rules of Civil Procedure. Attorney's
13 Eyes Only Material, and the information contained therein, may be disclosed only to: (i) the
14 Court; (ii) outside counsel of record for the parties assisting in the preparation and presentation
15 of this action (including the paralegal, clerical, and secretarial staff employed by such counsel);
16 (iii) one designated attorney at Lee, Tsai & Partners, identified in a letter to opposing counsel;
17 (iv) three designated in-house counsel for each party, identified in a letter to opposing outside
18 counsel, provided that the designated in-house attorneys are not presently and will not for three
19 years from the date of this Order prosecute patent applications relating to AlInGaP LED
20 technology; (v) experts, consultants, translators, interpreters and independent contractors
21 (including the necessary supporting staff of those experts, consultants, translators, and
22 independent contractors), who are not employed by any party, and who are assisting counsel in
23 the preparation and presentation of this action, subject to paragraph 5 below; (vi) court reporters
24 and their necessary clerical assistants; and (vii) any other person as to whom all of the parties
25 agree in a writing signed by the parties or their representatives. Attorney's Eyes Only Material
26 shall not be disclosed to any party or to any officer, director, or employee of any party, unless
27 otherwise agreed in writing or ordered by the Court.
28

4.  Confidential Material shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Attorney's Eyes Only Material shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL – ATTORNEY'S EYES ONLY." Stamping the legend "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as Attorney's Eyes Only Material or Confidential Material, respectively, unless otherwise indicated by the producing party.

5.  Prior to disclosing any Attorney's Eyes Only Material or Confidential Material to any individual listed in paragraphs 2(v) and 3(v) above, the following approval procedure must be used:

(a) The party seeking approval shall provide all other parties (via overnight mail) with:

(i) the name of the proposed individual;

(ii) the present employer and title of said individual;

(iii) a résumé or curriculum vitae (including full work history) of said individual; and

(iv) a written acknowledgment, in the form of Exhibit A attached hereto, signed by the individual for whom approval is sought. Written acknowledgment by the individual's necessary supporting staff is not required.

(b) Within ten (10) calendar days after receipt of the information and written acknowledgment described in subparagraph (a), any party may object to the person proposed for approval if facts available to the objecting party give it a genuine reason to believe that there is a reasonable likelihood that the proposed individual may use Attorney's Eyes Only Material or Confidential Material for purposes other than for the prosecution, defense or settlement of this case. Objections must be based upon a good-faith belief in the likelihood of such unauthorized use and shall not be made for

purposes of delaying approval of said proposed individual. Failure to object within ten (10) calendar days to a person proposed shall be deemed approval, but shall not preclude a party from objecting to continued access by that person where facts suggesting a basis for objection are subsequently learned by a party. No party shall disclose Attorney's Eyes Only Material or Confidential Material when there is an outstanding objection, until such objection is resolved by the Court or the parties or the twenty-eight (28) day period set forth in subparagraph 5(c) has expired.

(c) If a party objects to an individual proposed for approval, the parties shall, within seven calendar (7) days from the date of the receipt of notice of objection (mailed via overnight delivery), confer and attempt to resolve the dispute. At that conference, the objecting party shall inform the other parties of its reasons for objecting to the proposed individual. If the parties cannot resolve the dispute, or if the conference does not take place, then the objecting party may move the Court, within twenty-eight (28) days from the date of the receipt of notice of objection, for an order that access to Attorney's Eyes Only Material or Confidential Material be denied to the proposed individual. The time periods are not to restrict either party from moving for a court order earlier if the circumstances so require.

(d) The parties agree that the information identified above in subparagraph 5(a) shall constitute sufficient information from which to approve or object to said proposed individual.

6. In the event that a party inadvertently fails to stamp or otherwise designate a document or other information "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" at the time of its production, that party shall have ten (10) business days after such party knows or should have known of the improper designation to so designate the document or other information by notifying the opposing party in writing of the specific

1  document or information. In such case, the opposing party shall mark all known copies of such
2  materials as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" and
3  shall treat such materials as provided by the terms of this Order.

4    7. Testimony taken at a deposition, conference, hearing or trial may be designated as
5  "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" by making a
6  statement to that effect on the record at the deposition or other proceeding. Arrangements shall
7  be made with the court reporter taking and transcribing such proceeding to separately bind such
8  portions of the transcript containing information designated as "CONFIDENTIAL –
9  ATTORNEY'S EYES ONLY" or "CONFIDENTIAL," and to label such portions appropriately.

10    8. A party may also designate information disclosed at a deposition as either
11  "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" by notifying all
12  parties in writing, within thirty (30) days of receipt of the transcript, of the specific pages and
13  lines of the transcript which are designated as "CONFIDENTIAL – ATTORNEY'S EYES
14  ONLY" or "CONFIDENTIAL." Each party shall attach a copy of such written statement to the
15  face of the transcript and each copy thereof in its possession, custody or control. Until the fifteen-
16  day period lapses or until such a designation has been made, whichever occurs sooner, all
17  information contained in the transcript shall be treated as Attorney's Eyes Only Material.

18    9. Materials designated as Attorney's Eyes Only Material or Confidential Material
19  under this Order, the information contained therein, and any summaries, copies, abstracts, or
20  other documents derived in whole or in part therefrom shall be used only for the purpose of the
21  prosecution, defense, or settlement of this action, and for no other purpose. Prohibited uses
22  include, but are not limited to, patent prosecution (presently or hereafter), product development,
23  business, financial or other purposes.

24    10. Nothing herein shall impose any restrictions on the use or disclosure by a party of
25  material obtained by such party independent of activities pertaining to this action, or from
26  disclosing its own Attorney's Eyes Only Material or Confidential Material as it deems
27  appropriate. Nothing herein shall prevent a party from disclosing any document designated as
28  "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL," or its contents, to

1  any individual identified on the face of the document as the originator, author or a recipient of
2  the document, or to any person whose testimony prior to being shown the document clearly and
3  unambiguously reveals that he or she has seen the document, or to any person as to whom
4  someone else has clearly and unambiguously testified that he or she previously provided the
5  document to that person. Nothing herein shall prevent a party from disclosing any document
6  designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL," or its
7  contents, to any employee of the party which produced the document during such employee's
8  deposition.
9          11.     If Attorney's Eyes Only Material or Confidential Material, including any
10 designated portion of a deposition transcript, is included in any papers to be filed in Court, such
11 papers shall be labeled "Confidential – Subject to Court Order" and filed under seal *pursuant to LR 79.5* until further
12 order of this Court.
13         12.     In the event that any Attorney's Eyes Only Material or Confidential Material is
14 used in any court proceeding in this action, it shall not lose its confidential status through such
15 use, and the party using such material shall take steps reasonably available to protect its
16 confidentiality during such use.
17         13.     This Order shall be without prejudice to the rights of the parties (i) to bring before
18 the Court at any time the question of whether any particular document or information is
19 Attorney's Eyes Only Material or Confidential Material or whether its use should be restricted,
20 or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order
21 as to any particular document or information, including restrictions differing from those specified
22 herein. This Order shall not be deemed to prejudice the parties in any way in any future
23 application for modification of this Order.
24         14.     Nothing herein shall be construed as a waiver of the right of any party to object to
25 the taking of or the admissibility of any testimony or other evidence where such objection
26 involves Attorney's Eyes Only Material or Confidential Material. The inadvertent or
27 unintentional disclosure of Attorney's Eyes Only Material or Confidential Material shall not be
28

PROTECTIVE ORDER
Case No. C 00-2518 CW (PVT)                    -7-                                    CA1 - 253828.4

deemed a waiver in whole or in part of a party's claim of confidentiality as to the specific information disclosed.

15. Nothing herein shall be construed to effect an abrogation, waiver or limitation of any kind on the right of the parties to assert attorney-client privilege, work-product privilege, or any other applicable discovery or trial privilege.

16. In the event of a disclosure of material designated by another as Attorney's Eyes Only Material or Confidential Material other than in the manner authorized by this Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to prevent further disclosure by, among other steps, retrieving all such disclosed materials and copies of such materials and having any unauthorized persons to whom disclosure was made sign the written acknowledgment, in the form of Attachment A hereto. The Court may, upon noticed motion, order such further and additional relief as it deems necessary and just.

17. The recipient of any Attorney's Eyes Only Material or Confidential Material that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own highly confidential and/or proprietary information.

18. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and, in the course thereof, relying in a general way upon his examination of Attorney's Eyes Only Material or Confidential Material produced or exchanged herein; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not violate this Order by disclosing the contents of or the source of any Attorney's Eyes Only Material or Confidential Material produced by the other party herein and designated by such producing party as being "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL," unless otherwise permitted by this Order.

19. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court

PROTECTIVE ORDER
Case No. C 00-2518 CW (PVT)                -8-                                              CA1 - 253828.4

1 unnecessarily in the process. Nothing in this Order nor the production of any information or
2 document under the terms of this Order nor any proceedings pursuant to this Order shall be
3 deemed to have the effect of an admission or waiver by either party or of altering the
4 confidentiality or non-confidentiality of any such document or information or altering any
5 existing obligation of any party or the absence thereof.

6     20.    This Order shall survive the final termination of this action, to the extent that the
7 information contained in Attorney's Eyes Only Material or Confidential Material is not or does
8 not become known to the public. However, any and all retained Attorney's Eyes Only Materials
9 or Confidential Materials which have remained confidential up to the final termination of the
10 litigation shall remain protected in accordance with the provisions of this Order. Upon final
11 termination of this case, counsel for the parties shall each be permitted to retain one copy of the
12 pleadings, the transcripts of any hearings or trials, and the exhibits introduced or otherwise used
13 in any such hearings or trials. Counsel for the parties shall destroy or assemble and return to
14 each other all other documents, material and deposition transcripts designated as Attorney's Eyes
15 Only Material or Confidential Material and all copies or summaries of the same. The Court shall
16 retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder
17 for a period of six months subsequent to the termination of this action.

19 SO ORDERED this 9th day of ~~December~~ January, 200~~0~~9.

21 _____
PATRICIA V. TRUMBULL
22 United States Magistrate Judge

PROTECTIVE ORDER
Case No. C 00-2518 CW (PVT)    -9-    CA1 - 253828.4

EXHIBIT A

CONFIDENTIALITY UNDERTAKING

I, _____, do solemnly swear or affirm that:

1. My address is: _____.

2. My present employer is: _____.

3. My present occupation or job description is: _____.

4. I am fully familiar with the terms of the Stipulated Protective Order (the "Order") entered in United Epitaxy Company, Ltd. v. Hewlett-Packard Company, United States District Court for the Northern District of California, Case No. C 00-2518 CW (PVT). I hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

5. I understand that I am to retain all copies of any materials that I receive which have been designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" in a manner sufficient to secure the confidentiality of such materials from all others, including any co-workers, employees, supervisors, agents or other acquaintances. I specifically agree to maintain such materials in a container, drawer, room or other safe place in a manner consistent with the Stipulated Protective Order, and all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon all copies are to be returned or destroyed as specified in the Order. I acknowledge that the return or subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

Dated:_____        By:_____