# EXHIBIT 4

**Certain High-Brightness Light   No. 337-TA-556 (O/C) (Vol 4)   August 7, 2006**

**Page 811 to Page 1071**

CONDENSED TRANSCRIPT AND CONCORDANCE
PREPARED BY:

HERITAGE REPORTING CORPORATION
1220 L Street, N.W.
Suite 600
Washington, DC   20005
Phone:   202-628-4888

Page 811

```
( 1)                    BEFORE THE
( 2)        UNITED STATES INTERNATIONAL TRADE COMMISSION
( 3)
( 4) - - - - - - - - - - - - - - - - - x
( 5) In the Matter of:              : Investigation No.
( 6) CERTAIN HIGH-BRIGHTNESS LIGHT   : 337-TA-556
( 7) EMITTING DIODES AND PRODUCTS   :
( 8) CONTAINING SAME                :
( 9) - - - - - - - - - - - - - - - - - x
(10)                     Hearing Room A
(11)
(12)                     United States
(13)                     International Trade Commission
(14)                     500 E Street, Southwest
(15)                     Washington, D.C.
(16)
(17)                     Monday, August 7, 2006
(18)                     Volume 4
(19)
(20)      The parties met, pursuant to the notice of
(21) the Judge, at 9:30 a.m.
(22)
(23)         BEFORE:  THE HONORABLE SIDNEY HARRIS
(24)
(25)
```

Page 812

```
( 1) APPEARANCES:
( 2)      For Complainant:
( 3)          MICHAEL LYONS, ESQ.
( 4)          ANDREW J. WU, ESQ.
( 5)          Morgan Lewis & Bockius LLP
( 6)          Two Palo Alto Square
( 7)          3000 El Camino Real, Suite 700
( 8)          Palo Alto, California  94306
( 9)          (650) 843-4000
(10)              and
(11)          DANIEL JOHNSON, JUNIOR, ESQ.
(12)          Morgan Lewis & Bockius LLP
(13)          One Market, Spear Street Tower
(14)          San Francisco, California  94105
(15)          (415) 442-1000
(16)              and
(17)          ERIC MAURER, ESQ.
(18)          CARL BRETSCHER, ESQ.
(19)          Morgan Lewis & Bockius LLP
(20)          1111 Pennsylvania Avenue, Northwest
(21)          Washington, D.C.  20004
(22)          (202) 739-3000
(23)
(24)
(25)
```

Page 813

```
( 1) APPEARANCES CONTINUED:
( 2)      For Respondents:
( 3)          SEAN DeBRUINE, ESQ.
( 4)          YITAI HU, ESQ.
( 5)          S.H. MICHAEL KIM, ESQ.
( 6)          GARY MA, ESQ.
( 7)          Akin Gump Strauss Hauer & Feld LLP
( 8)          Two Palo Alto Square
( 9)          3000 El Camino Real, Suite 400
(10)          Palo Alto, California  94306
(11)          (650) 838-2000
(12)              and
(13)          ARTHUR WINEBURG, ESQ.
(14)  :       COLLEEN M. COYLE, ESQ.
(15)          TOBIAS ZIMMERMAN, ESQ.
(16)          Akin Gump Strauss Hauer & Feld LLP
(17)          1333 New Hampshire Avenue, Northwest
(18)          Washington, D.C.  20036
(19)          (202) 887-4000
(20)
(21)
(22)
(23)
(24)
(25)
```

Page 814

```
( 1) APPEARANCES CONTINUED:
( 2)      For ITC Staff:
( 3)          THOMAS FUSCO, ESQ.
( 4)          CHRIS PAULRAJ, ESQ.
( 5)          Office of Unfair Import Investigations
( 6)          U.S. International Trade Commission
( 7)          500 E Street, Southwest
( 8)          Washington, D.C.  20436
( 9)          (202) 205-2781
(10)
(11) ALSO PRESENT:  TERESA WONG, INTERPRETER
(12)
(13)
(14)      (Index appears at end of transcript)
(15)
(16)
(17)
(18)
(19)
(20)
(21)
(22)
(23)
(24)
(25)
```

Page 815

(1) PROCEEDINGS
(2) - - - - -
(3)     JUDGE HARRIS: Mr. Lyons, are we going
(4) to start with --
(5)     MR. DeBRUINE: Your Honor, if I may,
(6) one housekeeping matter. We've had discussions
(7) with counsel over the weekend and reached an
(8) agreement that we will take the covenant not to
(9) sue issue out of this case, just became aware
(10) that it would become an evidentiary problem and
(11) a time problem with the amount of evidence both
(12) sides wanted to put on that.
(13)     And since it's a contract issue, we're
(14) going to save that issue for the District
(15) Court, rather than try and litigate a whole
(16) fraud of the inducement claim before Your
(17) Honor. So they've agreed.
(18)     JUDGE HARRIS: So you're dropping --
(19)     MR. DeBRUINE: We're not going to go
(20) forward with the argument that there's a
(21) covenant not to sue the OMA product.
(22)     MR. JOHNSON: We couldn't stop them in
(23) the first place, but we agreed that they have
(24) dropped the covenant not to sue defense, and
(25) we'll deal with it at such time as they raise

Page 816

(1) it again.
(2)     MR. FUSCO: Your Honor, I understood
(3) there was a separate licensing defense. I just
(4) wanted to find out what the status of that was.
(5)     MR. DeBRUINE: The UEC license is
(6) separate and apart, the express license
(7) provision is separate and apart from the
(8) covenant not to sue.
(9)     MR. FUSCO: So that's still in.
(10)     MR. DeBRUINE: This covers the
(11) covenant not to sue.
(12)     JUDGE HARRIS: All right.
(13)     MR. LYONS: Good morning, Your Honor.
(14) If we could call Dr. Dupuis back to the stand?
(15)     (Whereupon, the trial proceeded in
(16) confidential session.)

Page 817

(1) C O N F I D E N T I A L S E S S I O N
(2) DIRECT EXAMINATION (Resumed)
(3)     JUDGE HARRIS: Yes, Mr. Lyons.
(4) Whereupon--
(5) DR. RUSSELL DUPUIS
(6) a witness, called for examination, having been
(7) previously duly sworn, was examined and testified
(8) further as follows:
(9) BY MR. LYONS:
(10) Q. I'd like to have the joint claim chart
(11) on the screen, page four, please. And if you'd
(12) look at Lumileds' proposed construction from
(13) the joint claim chart and – actually, that's
(14) not the right definition, the wafer bonding.
(15) Dr. Dupuis, do you have an opinion
(16) about the definition of wafer bonding as that
(17) term is used in the '580 patent?
(18) A. Yes, I agree with this definition.
(19) Q. Now, could you explain the basis for
(20) your definition, please?
(21) A. First of all, in the '580 patent,
(22) there are several references to the issue of
(23) the bonded interface and the resulting device,
(24) the needing to be mechanically robust, so it's
(25) clearly one of the important elements in

Page 818

(1) achieving a product that will both be
(2) manufacturable and will sustain operational
(3) conditions of temperature and current operation
(4) of currents.
(5) Clearly, also within the file history
(6) of the patent, there is a rather extensive
(7) discussion of what robust means and how it
(8) should be applied in these patents. And also
(9) in the file history, there's a specific
(10) discussion of Van der Waals as being
(11) inadequate, and in fact, also, that's discussed
(12) in the patent itself.
(13) So while in general, Van der Waals
(14) bonding is a type of wafer bonding, it's not
(15) considered wafer bonding in light of the claims
(16) of '580 and 316.
(17) Q. Can we look at CX-71 and,
(18) specifically, the definition provided in here?
(19) Dr. Dupuis, could you explain what, if any,
(20) effect this definition has on your opinion?
(21) A. Well, as you saw from the title of
(22) this book, it's a Dictionary of Electronics
(23) published by IEEE, and under bonding, the
(24) second definition is, "The joining of metallic
(25) or nonmetallic materials by soldering,

Page 1071

(1) CERTIFICATION OF TRANSCRIPTION
(2)    TITLE:   Certain High-Brightness Light
       INVESTIGATION NO.:   337-TA-556
(3)    HEARING DATE:   August 7, 2006
       LOCATION:   Washington, D.C.
(4)    NATURE OF HEARING:   Hearing
(5) I hereby certify that the
    foregoing/attached transcript is a true, correct and
(6) complete record of the above-referenced proceeding(s)
    of the U.S. International Trade Commission.
(7)
       DATE:   8/7/06
(8)    SIGNED:   CYNTHIA R. SIMMONS OTT

(9) Signature of the Contractor or the Authorized
    Contractor's Representative
(10) 1220 L Street, N.W., Suite 600
    Washington, D.C. 20005
(11)
    I hereby certify that I am not
(12) the Court Reporter and that I have proofread the
    above-referenced transcript of the proceeding(s) of
(13) the U.S. International Trade Commission, against the
    aforementioned Court Reporter's notes and recordings,
(14) for accuracy in transcription in the spelling,
    hyphenation, punctuation and speaker identification,
(15) and did not make any changes of a substantive nature.
    The foregoing/attached transcript is a true, correct
(16) and complete transcription of the proceeding(s).
(17)    SIGNED:   JOHN D. LASHER
    Signature of Proofreader
(18)
    I hereby certify that I reported the
(19) above-referenced proceeding(s) of the U.S.
    International Trade Commission and caused to be
(20) prepared from my tapes and notes of the proceedings a
    true, correct and complete verbatim recording of the
(21) proceeding(s).
(22)    SIGNED:   CYNTHIA R. SIMMONS OTT
    Signature of Court Reporter
(23)
(24)
(25)