# EXHIBIT 5

Case 4:07-cv-05194-CW    Document 62-6    Filed 06/05/2008    Page 1 of 4

**REDACTED**

----- Original Message -----
From: Daniel Johnson Jr.
Sent: 08/07/2006 08:20 AM
To: "Hu, Yitai" <yhu@AKINGUMP.com>
Subject: Re: ITC Investigation

Sean withdrew the Covenant defense but the license issues remain.
------------------
Sent from my BlackBerry Handheld.

----- Original Message -----
From: "Hu, Yitai" [yhu@AKINGUMP.com]
Sent: 08/07/2006 08:18 AM
To: djjohnson@morganlewis.com
Subject: RE: ITC Investigation

thanks.

-----Original Message-----
From: djjohnson@morganlewis.com [mailto:djjohnson@morganlewis.com]
Sent: Monday, August 07, 2006 8:17 AM
To: Hu, Yitai
Subject: Re: ITC Investigation

Yes we do.
------------------
Sent from my BlackBerry Handheld.

```
----- Original Message -----
From: "Hu, Yitai" [yhu@AKINGUMP.com]
Sent: 08/07/2006 08:10 AM
To: djjohnson@morganlewis.com
Subject: RE: ITC Investigation
```

Do we have an agreement? I'd like to know this before I get BJ Lee on the stand.

```
-----Original Message-----
From: djjohnson@morganlewis.com [mailto:djjohnson@morganlewis.com]
Sent: Monday, August 07, 2006 5:06 AM
To: Hu, Yitai
Subject: Re: ITC Investigation
```

I am getting final approval. The proposal shld be agreeable.
------------------
Sent from my BlackBerry Handheld.


```
----- Original Message -----
From: "Hu, Yitai" [yhu@AKINGUMP.com]
Sent: 08/06/2006 09:33 PM
To: djjohnson@morganlewis.com;mlyons@morganlewis.com
Subject: Re: ITC Investigation
```

We will withdraw that defense here thereby eliminating this issue from this trial. We will litigate our claim of breach of contract in district court. Is this agreeable?
------------------------------
Sent from my BlackBerry Wireless Handheld


```
-----Original Message-----
From: djjohnson@morganlewis.com
To: Hu, Yitai; mlyons@morganlewis.com
Sent: Sun Aug 06 22:31:13 2006
Subject: Re: ITC Investigation
```

How do you propose to eliminate the issue? You raised it to prove the OMA products are licensed. If you drop the defense we will not pursue the issue in the ITC. If you rely on the Covenant we have to respond. Let me know what you decide.
------------------
Sent from my BlackBerry Handheld.


```
----- Original Message -----
From: "Hu, Yitai" [yhu@AKINGUMP.com]
Sent: 08/06/2006 07:57 PM
To: djjohnson@morganlewis.com
Subject: ITC Investigation
```

Dear Dan:

As you know, there will be an issue on Monday of what, if any, evidence will be admissible on the meaning of the covenant not to sue on the OMA product. Epistar does not believe any parole evidence should be admitted on this issue, and if it is, Epistar will need further discovery from Morgan Lewis and its attorneys. We had requested information of the type in January in discovery and it was just now

produced to us this weekend. Furthermore, the production over the weekend will require us to call Andrew Wu to the stand since Lumileds seems to have decided to rely on the understanding of its attorneys in the 'fraud in the inducement' allegation. This forces us to mark additional exhibits to respond the weekend production. Certainly, if parole evidence is admitted in the hearing, the length of the hearing will be extended considerably, and Judge Harris clearly is getting concerned about time in this hearing.

The bottom line is that for us, the remedy for breach of the covenant not to sue should be in a court where discovery might be had and the remedies that we want can be granted as the Commission cannot provide damages. For Lumileds' part, if it seeks to rescind the agreement, this too is a remedy outside the jurisdiction of the Commission. Therefore, I suggest that we agree to take the covenant not to sue out of this case and pursue it in the pending district court litigation so that we can focus on the primary issues at hand.

Accordingly, please let me know if you agree with my proposal.

-Yitai

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.



IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.