# EXHIBIT 13

```
                UNITED STATES DISTRICT COURT

              NORTHERN DISTRICT OF CALIFORNIA

                     SAN JOSE DIVISION
                                              COPY

LUMILEDS LIGHTING U.S.,    )  C-02-05077 CW
LLC,                       )
                           )  SAN JOSE, CALIFORNIA
            PLAINTIFF,     )
                           )  SEPTEMBER 9, 2003
         VS.               )
EPISTAR CORPORATION,       )  PAGES 1-71
                           )
                           )
            DEFENDANT.     )
_____)


             TRANSCRIPT OF PROCEEDINGS
     BEFORE THE HONORABLE PATRICIA V. TRUMBULL
       CHIEF UNITED STATES MAGISTRATE JUDGE


A P P E A R A N C E S:

FOR THE PLAINTIFF:   PENNIE & EDMONDS
                     BY:  ANDREW J. WU,
                          MICHAEL J. LYONS AND
                          JOHN O'NEIL
                     3300 HILLVIEW AVENUE
                     PALO ALTO, CALIFORNIA   94304


FOR THE DEFENDANT:   JONES DAY
                     BY:  LAWRENCE R. LAPORTE
                     555 W. FIFTH STREET, SUITE 4600
                     LOS ANGELES, CALIFORNIA   90013



OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                         CERTIFICATE NUMBER 9595
```

1

| | |
|---|---|
| 1 | SAN JOSE, CALIFORNIA           SEPTEMBER 9, 2003 |
| 2 | P R O C E E D I N G S |
| 3 | (WHEREUPON, COURT CONVENED AND THE |
| 4 | FOLLOWING PROCEEDINGS WERE HELD:) |
| 5 | THE COURT: LUMILEDS LIGHTING VERSUS |
| 6 | EPISTAR CORPORATION, C-02-5077 CW. |
| 7 | COUNSEL, WOULD YOU PLEASE MAKE YOUR |
| 8 | APPEARANCES. |
| 9 | FIRST WHY DON'T YOU COME TO THE PODIUM |
| 10 | AND MAKE YOUR APPEARANCES? |
| 11 | FIRST LET ME APOLOGIZE TO YOU FOR THIS |
| 12 | DELAY. I'M NOT DUTY THIS MONTH, BUT WE HAVE SOME |
| 13 | MAGISTRATE JUDGES WHO ARE DUTY THAT ARE OFF DOING |
| 14 | EDUCATIONAL PROGRAMS, SO I ENDED UP WITH DUTY, AND |
| 15 | AS YOU COULD SEE WHEN YOU FIRST WALKED IN THIS |
| 16 | MORNING, IT WAS MASSIVE DISARRAY. SO I APOLOGIZE. |
| 17 | MR. WU: NO PROBLEM, YOUR HONOR. I'M |
| 18 | ANDREW WU OF PENNIE & EDMONDS REPRESENTING LUMILEDS |
| 19 | LIGHTING, AND WITH ME ARE MY COLLEAGUES MICHAEL |
| 20 | LYONS AND JOHN O'NEIL. |
| 21 | THE COURT: GOOD MORNING. |
| 22 | MR. WU: GOOD MORNING. |
| 23 | MR. LAPORTE: GOOD MORNING, YOUR HONOR. |
| 24 | LARRY LAPORTE OF JONES DAY ON BEHALF OF EPISTAR |
| 25 | CORPORATION. |

2

```
 1    WE CAN --
 2             MR. WU:  NO.  WE'D LIKE --
 3             THE COURT:  3, IDENTIFY ALL PERSONS.  SO
 4    WHAT YOU HAVE TO DO, WHAT EPISTAR HAS TO DO, IT'S
 5    GRANTED AND EPISTAR HAS TO IDENTIFY THE TECHNICAL
 6    PEOPLE FOR THE TECHNICAL ISSUES.
 7             3 -- AND THAT ISN'T A SALE QUESTION,
 8    THAT'S A TECHNICAL ISSUE, NUMBER 3; RIGHT?
 9             MR. LAPORTE:  CORRECT.
10             THE COURT:  SO NUMBER 4 IS TO IDENTIFY
11    ALL PERSONS WITH KNOWLEDGE OF AND DOCUMENTS
12    RELATING TO RESEARCH, CONCEPTION AND DESIGN.
13             MR. WU:  WELL, KNOWLEDGE OF AND DOCUMENTS
14    RELATING TO RESEARCH AND DEVELOPMENT.
15             SO 3 AND 4 ARE FAIRLY SIMILAR WHERE
16    THEY'RE BOTH SEEKING KNOWLEDGEABLE PEOPLE REGARDING
17    EPISTAR'S RESEARCH AND DEVELOPMENT PEOPLE.
18             THE COURT:  SAME THING.
19             MR. LAPORTE:  FOR IDENTIFYING PERSONS,
20    IT'S THE SAME.
21             WITH RESPECT TO DOCUMENTS, WE HAVE AN
22    OBJECTION THAT THEY'RE SEEKING DISCOVERY OF OUR
23    FUTURE PRODUCTS WHICH ARE NOT AT ISSUE IN THIS
24    CASE.
25             AND AS WE'VE RESPONDED IN OUR REPLY
```

1  BRIEF, WE'VE AGREED TO LIMIT THIS TO PRODUCTS THAT
2  EPISTAR EXPECTS TO BRING TO MARKET BEFORE THE TRIAL
3  DATE, WHICH IS CURRENTLY SCHEDULED FOR NOVEMBER
4  2004, AND THOSE PRODUCTS ARE RELEVANT TO, YOU KNOW,
5  A NUMBER OF DIFFERENT ISSUES.
6           MR. LAPORTE:  THEY'RE NOT AT ISSUE, YOUR
7  HONOR.  THEY'RE NOT BEING SOLD.  THERE'S NOTHING
8  WRONG.  THERE HAS BEEN NO OFFER TO SELL UNDER THE
9  PATENT LAWS.  THEY HAVEN'T BEEN OFFERED TO BE SOLD
10 UNDER THE PATENT LAWS.
11          THE COURT:  SO THEY COME TO SALE -- THEY
12 COME TO MARKET BEFORE THE TRIAL AND THEN THERE'S AN
13 AMENDMENT TO THE COMPLAINT TO ADD THEM BEFORE THE
14 TRIAL OR THERE'S A NEW LAWSUIT FILED AT THAT POINT?
15          MR. LAPORTE:  CORRECT.
16          MR. WU:  WHY NOT GET DISCOVERY NOW AND
17 THEN WE WILL FIND OUT?  WE'LL BE ABLE TO KNOW WHAT
18 THE PRODUCTS ARE AND WHETHER THEY SHOULD BE
19 RESOLVED IN THIS LAWSUIT OR IN A DIFFERENT LAWSUIT.
20          AND MORE IMPORTANTLY, THEY ARE AT ISSUE.
21 EPISTAR SOUGHT A DECLARATORY JUDGMENT THAT THEIR
22 PRODUCTS DO NOT INFRINGE AND THESE PRODUCTS WILL BE
23 OUT BEFORE TRIAL, BEFORE A DECISION ON THIS CASE.
24          THE COURT:  REMIND ME WHEN THE TRIAL DATE
25 IS SCHEDULED AT THE MOMENT.

1    MR. WU: IT'S CURRENTLY NOVEMBER 2004.

2    THE COURT: 2004?

3    MR. WU: YES.

4    THE COURT: OKAY.

5    MR. WU: EVEN ASIDE FROM WHETHER THESE

6    PRODUCTS INFRINGE, THEY'RE ALSO RELEVANT TO WHETHER

7    THERE ARE NONINFRINGEMENT ALTERNATIVES.

8    IF EPISTAR, AS WE EXPECT THAT THEY ARE,

9    IS TRYING TO DESIGN AROUND THE '718 PATENT, THEIR

10   EFFORTS TO DO THAT, SUCCESSFUL OR UNSUCCESSFUL, ARE

11   RELEVANT.

12   MR. LAPORTE: YOUR HONOR, THAT IS, IN MY

13   HUMBLE OPINION, TOTALLY IRRELEVANT FOR A PATENT

14   CASE.

15   PROSPECTIVE PRODUCTS STILL IN

16   DEVELOPMENT, NOT ACCUSED OF INFRINGEMENT, NOT SOLD

17   IN THE U.S., NOT OFFERED FOR SALE, IT'S NOT

18   APPROPRIATE DISCOVERY. IT'S JUST NOT.

19   IT'S A HYPOTHETICAL THAT THESE PRODUCTS

20   WILL BE BROUGHT TO -- THAT ANY DECISION HAS BEEN

21   MADE WHETHER THESE PRODUCTS WILL BE BROUGHT FOR

22   SALE IN THE UNITED STATES. THERE'S NO RELEVANCE,

23   NONE, TO THIS LAWSUIT.

24   THE COURT: IT'S GRANTED AS TO THE --

25   IT'S GRANTED AS TO THE PROSPECTIVE TO 11-04.

24

```
 1   THAT'S IT.  NOT ONE MINUTE PAST NOVEMBER.  30 DAYS
 2   HAS SEPTEMBER -- IT'S LIMITED TO NOVEMBER-04, WHICH
 3   MEANS I'M DISAGREEING WITH EPISTAR, BUT THAT'S THE
 4   LIMITATION.
 5           IF THE TRIAL GETS KICKED OFF ANOTHER SIX
 6   MONTHS OR IT GETS KICKED OFF A YEAR, IT DOESN'T GO
 7   WITH THE TRIAL DATE.  THAT'S THE POINT I'M PICKING.
 8   I THINK THERE'S SUFFICIENT RELEVANCE THEY SHOULD
 9   GIVE THAT.
10           NOW, OBVIOUSLY YOU HAVE A GOOD PROTECTIVE
11   ORDER IN PLACE; RIGHT?
12           MR. LAPORTE:  NO.
13           MR. WU:  NOT YET.
14           THE COURT:  NO?
15           MR. LAPORTE:  WE ARE AT ISSUE WITH
16   RESPECT TO THE PROTECTIVE ORDER, YOUR HONOR,
17   BECAUSE THE REMAINING GENERAL REMAINING ISSUE IS
18   WHETHER OR NOT EPISTAR CAN SHOW OUR NEW -- OUR
19   TRADE SECRET PRODUCT INFORMATION TO THEIR
20   EMPLOYEES, WHICH IS WHAT THEY SEEK.
21           THE COURT:  OKAY.  WELL, THIS DOESN'T
22   APPLY.  PROSPECTIVE DOESN'T APPLY UNTIL YOU HAVE A
23   PROTECTIVE ORDER IN PLACE.
24           MR. WU:  WHAT WE HAVE RIGHT NOW IS AN
25   AGREEMENT, UNTIL THE PROTECTIVE ORDER IS IN PLACE,
```

1   THAT DOCUMENTS DESIGNATED BY OTHER PARTIES AS
2   CONFIDENTIAL WILL BE TREATED AS ATTORNEY'S EYES
3   ONLY AND THAT WILL ALLAY ANY CONCERNS ABOUT
4   CONFIDENTIALITY UNTIL WE GET THE PROTECTIVE ORDER
5   IN PLACE.
6            THE COURT:  YOU'VE BEEN FIGHTING ABOUT A
7   PROTECTIVE ORDER FOR A YEAR.  THIS IS AN '02 CASE.
8   THAT'S THE FIRST THING THAT WE DO IS PROTECTIVE
9   ORDERS IN THESE CASES.  AM I DOING IT?  IS JUDGE
10  WILKIN DOING IT?
11           MR. WU:  MY EXPECTATION IS WE WILL BE
12  SUBMITTING IT TO YOU, YOUR HONOR.
13           THE COURT:  THIS HAS TO HAPPEN.
14           MR. LAPORTE:  WE AGREE.  WE'VE USED
15  STANDARD PROTECTIVE ORDERS WE'VE USED IN PRIOR
16  CASES, WHICH ALLOW US --
17           THE COURT:  AND WE NOW HAVE ONE ON THE
18  WEB, ON OUR WEB SITE, TOO, AN UPDATE.
19           MR. LAPORTE:  WE'LL HAVE TO TAKE A LOOK
20  AT IT.
21           THE COURT:  TAKE A LOOK AT IT.  IT'S
22  SOPHISTICATED.
23           MR. WU:  WHAT WE'VE PROPOSED IS A
24  TWO-TIER PROTECTIVE ORDER WHERE THE INFORMATION
25  THAT THEY FIND WHERE THE DISCLOSURE OF MATERIAL

1  WILL AFFECT THE BUSINESS, COMMERCIAL, FINANCIAL
2  INTERESTS, THAT THEY CAN DESIGNATE AS ATTORNEY'S
3  EYES ONLY.
4           THE COURT:  I'M NOT GOING TO DEAL WITH A
5  PROTECTIVE ORDER AT THIS POINT.
6           WHAT I'M SAYING TO YOU IS YOUR MOTION IS
7  GRANTED AS TO THE PROSPECTIVE UP TO 11-30-04 WITH
8  THE CONDITION THAT YOU HAVE A PROTECTIVE ORDER.
9           SO IT'S PREMATURE FOR THEM TO GIVE YOU
10 ANYTHING ON THE FUTURE ITEMS UNTIL YOU GET A
11 PROTECTIVE ORDER IN PLACE.
12          MR. WU:  EVEN IN THE INTERIM IF WE HAVE
13 AN AGREEMENT THAT THE PARTIES WILL MAINTAIN
14 EVERYTHING AS ATTORNEY'S EYES ONLY?
15          THE COURT:  YOU NEED THE PROTECTIVE
16 ORDER.  IF YOU CAN DO EVERYTHING WITHOUT THE
17 PROTECTIVE ORDER, FINE.  SO RESOLVE THE PROTECTIVE
18 ORDER.
19          THE TECHNICAL PEOPLE ON THE TECHNICAL
20 ISSUES, AND PROSPECTIVE, TOO, I FIND IT
21 SUFFICIENTLY RELEVANT THAT IT SHOULD GO OUT TO
22 11-04, BUT YOU NEED A PROTECTIVE ORDER BEFORE YOU
23 GET THAT WHICH IS NOT YET ON THE MARKET.
24          OKAY?
25          MR. WU:  OKAY.

1  IN WAITING FOR THE CRIMINAL CALENDAR.
2           MR. LAPORTE:  THANK YOU FOR YOUR TIME,
3  YOUR HONOR.
4           MR. WU:  THANK YOU.
5           (WHEREUPON, THE PROCEEDINGS IN THIS
6  MATTER WERE CONCLUDED.)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED TRANSCRIPTION TO THE BEST OF MY ABILITY.

*[signature]*

LEE-ANNE SHORTRIDGE, C.S.R.
CERTIFICATE NUMBER 9595