# EXHIBIT 17

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C. 20436

In the Matter of

CERTAIN HIGH-BRIGHTNESS LIGHT
EMITTING DIODES AND PRODUCTS
CONTAINING SAME

Investigation No. 337-TA-556

NOTICE OF COMMISSION DECISION TO REVERSE-IN-PART AND MODIFY-IN-PART A FINAL INITIAL DETERMINATION FINDING A VIOLATION OF SECTION 337; ISSUANCE OF A LIMITED EXCLUSION ORDER; AND TERMINATION OF THE INVESTIGATION

**AGENCY:** U.S. International Trade Commission.

**ACTION:** Notice.

**SUMMARY:** Notice is hereby given that the U.S. International Trade Commission has determined to reverse-in-part and modify-in-part a final initial determination ("ID") of the presiding administrative law judge ("ALJ") finding a violation of section 337 by the respondent's products in the above-captioned investigation, and has issued a limited exclusion order directed against products of respondent Epistar Corporation ("Epistar") of Hsinchu, Taiwan.

**FOR FURTHER INFORMATION CONTACT:** Clint Gerdine, Esq., Office of the General Counsel, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone (202) 708-5468. Copies of non-confidential documents filed in connection with this investigation are or will be available for inspection during official business hours (8:45 a.m. to 5:15 p.m.) in the Office of the Secretary, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone (202) 205-2000. General information concerning the Commission may also be obtained by accessing its Internet server at *http://www.usitc.gov*. The public record for this investigation may be viewed on the Commission's electronic docket (EDIS) at *http://edis.usitc.gov*. Hearing-impaired persons are advised that information on this matter can be obtained by contacting the Commission's TDD terminal on (202) 205-1810.

**SUPPLEMENTARY INFORMATION:** The Commission instituted this investigation on December 8, 2005, based on a complaint filed by Lumileds Lighting U.S., LLC ("Lumileds") of San Jose, California. 70 *Fed. Reg.* 73026. The complaint, as amended and supplemented, alleges violations of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, in the importation into the United States, the sale for importation, and the sale within the United States after importation of certain high-brightness light emitting diodes ("LEDs") and products

containing same by reason of infringement of claims 1 and 6 of U.S. Patent No. 5,008,718 ("the '718 patent"); claims 1-3, 8-9, 16, 18, and 23-28 of U.S. Patent No. 5,376,580 ("the '580 patent"); and claims 12-16 of U.S. Patent No. 5,502,316 ("the '316 patent"). The complaint further alleges the existence of a domestic industry. The Commission's notice of investigation named Epistar, and United Epitaxy Company ("UEC") of Hsinchu, Taiwan as respondents.

On April 28, 2006, Lumileds moved to amend the complaint to: 1) remove UEC as a named respondent, 2) change the complainant's full name from Lumileds Lighting U.S., LLC to Philips Lumileds Lighting Company LLC ("Philips"), and 3) identify additional Epistar LEDs alleged to infringe one or more patents-in-suit. Neither respondent opposed the motion.

On May 15, 2006, the Commission determined not to review an ID (Order No. 14) granting the complainant's motion for partial summary determination to dismiss Epistar's affirmative defense that the '718 claims are invalid.

On August 2, 2006, the still pending motion to amend the complaint was discussed with the parties during the prehearing conference, and the evidentiary hearing was held from August 2-11, 2006. On October 23, 2006, the ALJ issued an ID (Order No. 29) granting Lumileds' motion to amend the complaint, and further ordering that the Notice of Investigation be amended to identify Philips as the complainant and to remove UEC as a named respondent. On November 13, 2006, the Commission published its notice that it had determined not to review Order No. 29. 71 *Fed. Reg.* 66195.

On December 13, 2006, the Commission determined not to review an ID (Order No. 31) extending the target date for this investigation to May 8, 2007, and the deadline for the ALJ's final initial determination to January 8, 2007.

On January 8 and 11, 2007, the ALJ issued his final ID and recommended determinations on remedy and bonding, respectively. The ALJ found a violation of section 337 based on his findings that the respondent's accused products infringe one or more of the asserted claims of the patents at issue. On January 22, 2007, the complainant and the respondent each filed a petition for review of the final ID. On January 29, 2007, all parties, including the Commission investigative attorney, filed responses to the petitions for review.

On February 22, 2007, the Commission determined to review-in-part the ID. Particularly, the Commission determined to review claim construction of the terms "substrate" and "semiconductor substrate" in claims 1 and 6 of the '718 patent, and claim construction of the term "wafer bonding" in claims 1-3, 8-9, 16, 18, 23-25, 27 and 28 of the '580 patent and claims 12-14 and 16 of the '316 patent. With respect to violation, the Commission requested written submissions from the parties relating to the following issue: the ALJ's addition of the limitation "must also be a material that provides adequate mechanical support for the LED device" to the construction of the term "substrate," and the implications of this addition for the infringement analysis. Further, the Commission requested written submissions on the issues of remedy, the public interest, and bonding.

2

On March 5 and March 12, 2007, respectively, the complainant Philips, the respondent Epistar, and the IA filed briefs and reply briefs on the issues for which the Commission requested written submissions.

Having reviewed the record in this investigation, including the ID and the parties' written submissions, the Commission has determined to reverse-in-part and modify-in-part the ID. Particularly, the Commission has modified the ALJ's claim construction of the term "substrate" in claims 1 and 6 of the '718 patent to be "the supporting material in an LED upon which the other layers of an LED are grown or to which those layers are attached" and includes the case in which the supporting material functioning as the substrate is grown on top of, or attached to, the other layers. Also, the Commission has modified the ALJ's claim construction of the term "semiconductor substrate" to be the above-mentioned "substrate" construction where additionally, "at least one layer of the supporting material functioning as the substrate includes a non-metallic solid that conducts electricity by virtue of excitation of electrons across an energy gap, or by introduced materials, such as dopants, that provide conduction electrons." Further, the Commission has reversed the ALJ's ruling of non-infringement of the '718 patent by GB I, GB II, OMA I, and OMA II LEDs and determined that those products infringe claims 1 and 6 under the ALJ's original claim construction of "substrate" and the modified construction of "semiconductor substrate".

Also, the Commission has modified the ALJ's claim construction of "wafer bonding" in claims 1-3, 8-9, 16, 18, 23-25, 27 and 28 of the '580 patent and claims 12-14 and 16 of the '316 patent. Particularly, the Commission has modified the claim construction of this term to be "the bringing of two wafer surfaces into physical contact such that a mechanically robust, largely optically transparent bond forms between them, but does not include Van der Waals bonding." This modification does not affect the ID's finding of non-infringement of the '316 and '580 patent claims.

Further, the Commission has made its determination on the issues of remedy, the public interest, and bonding. The Commission has determined that the appropriate form of relief is a limited exclusion order prohibiting the unlicensed entry of LEDs that infringe claims 1 or 6 of the '718 patent that are manufactured by or on behalf of Epistar, its affiliated companies, parents, subsidiaries, licensees, contractors, or other related business entities, or successors or assigns. The Commission has also determined to prohibit the unlicensed entry of packaged LEDs containing the infringing LEDs and boards primarily consisting of arrays of such packaged LEDs.

The Commission further determined that the public interest factors enumerated in section 337(d)(1) (19 U.S.C. § 1337(d)(1)) do not preclude issuance of the limited exclusion order. Finally, the Commission determined that the amount of bond to permit temporary importation during the period of Presidential review (19 U.S.C. § 1337(j)) shall be in the amount of 100 percent of the value of the LEDs or board containing the same that are subject to the order. The

Commission's order and opinion was delivered to the President and to the United States Trade Representative on the day of its issuance.

The authority for the Commission's determination is contained in section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337), and in sections 210.42, 210.45, and 210.50 of the Commission's Rules of Practice and Procedure (19 C.F.R. §§ 210.42, 210.45, 210.50).

By order of the Commission.

Marilyn R. Abbott
Secretary to the Commission

Issued: May 9, 2007

| CERTAIN HIGH-BRIGHTNESS LIGHT-EMITTING DIODES AND PRODUCTS CONTAINING SAME | 337-TA-556 |
|---|---|

## CERTIFICATE OF SERVICE

I Marilyn R. Abbott, hereby certify that the attached **NOTICE OF COMMISSION DECISION TO REVERSE-IN-PART AND MODIFY-IN-PART A FINAL INITIAL DETERMINATION FINDING A VIOLATION OF SECTION 337; ISSUANCE OF LIMITED EXCLUSION ORDER; AND TERMINATION OF THE INVESTIGATION** has been served on upon the Commission Investigative Attorney Thomas S. Fusco, Esq., and all parties via first class mail and air mail where necessary on May 10, 2007.

Marilyn R. Abbott, Secretary
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436

**ON BEHALF OF COMPLAINANT LUMILEDS LIGHTING U.S., LLC:**

Michael J. Lyons, Esq.
Andrew J. Wu, Esq.
Mitchell M. Blakley, Esq.
Gary M. Gex, Esq.
**MORGAN, LEWIS & BOCKIUS LLP**
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
P-650-843-4000
F-650-843-4001

Daniel Johnson, Jr., Esq.
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1126
P-415-442-1000
F-415-442-1001

Eric J. Maurer, Esq.
Mary Jane Boswell, Esq.
Todd P. Taylor, Esq.
Mark W. Taylor, Esq.
Jason E. Getleman, Esq.
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004
P-202-739-3000
F-202-739-3001

**ON BEHALF OF RESPONDENTS EPISTAR CORPORATION AND UNITED EPITAXY COMPANY:**

Yitai Hu, Esq.
Sean P. DeBruine, Esq.
S.H. Michael Kim, Esq.
Earl D. Brown, Esq.
Gary C. Ma, Esq.
Ming-Tao Yang, Esq.
Hsin-Yi Cindy Feng, Esq.
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2 Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA 94306
P-650-838-2000
F-650-838-2001

Louis H. Iselin, Esq.
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1111 Louisiana Street
44th Floor
Houston, TX 77002-5200
P-713-220-5800
F-713-236-0822

Colleen Coyle, Esq.
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564
P-202-887-4000
F-202-887-4288