# EXHIBIT A

Westlaw.

Slip Copy  
Slip Copy, 2008 WL 902110 (N.D.Cal.)  
**(Cite as: 2008 WL 902110 (N.D.Cal.))**

Page 1

C  
Liebb v. Daly  
N.D.Cal.,2008.  
Only the Westlaw citation is currently available.  
United States District Court,N.D. California.  
Stephen LIEBB, Plaintiff,  
v.  
C. DALY, Board of Parole Hearings Commissioner, Defendant.  
**Nos. C 04-950 CW (PR), C 04-4213 CW (PR).**  
**Docket Nos. 17, 19, 21, 22.**

March 31, 2008.

Stephen Liebb, San Quentin, CA, pro se.  
Virginia Irene Papan, California Attorney General's Office, San Francisco, CA, for Defendant.

ORDER (1) DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND REQUEST TO STAY PROCEEDINGS; (2) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION; (3) REFERRING CASE TO A MAGISTRATE JUDGE FOR DISCOVERY PURPOSES; AND (4) DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL

CLAUDIA WILKEN, District Judge.

BACKGROUND

*1 Plaintiff is a prisoner incarcerated at San Quentin State Prison (SQSP). In 2004 he filed two actions, one a civil rights action brought pursuant to 42 U.S.C. § 1983, *Liebb v. Daly,* Case No. C 04-950 CW (PR), and the other a petition for a writ of habeas brought pursuant to 28 U.S.C. § 2254, *Liebb v. Brown,* Case No. C 04-4213 CW (PR). Both actions challenged the constitutional validity of Liebb's July 17, 2003, parole suitability hearing before the California Board of Parole Hearings (Board),[FN1] and the procedures the Board relies upon to grant or deny parole to prisoners serving indeterminate sentences for murder.

FN1. The Board of Prison Terms was abolished effective July 1, 2005, and replaced with the Board of Parole Hearings. Cal.Penal Code § 5075(a).

In an Order dated November 10, 2004, the Court conducted a preliminary review of both actions. With respect to the § 1983 action, the Court determined that the claims in the complaint must be raised in a federal petition for a writ of habeas corpus and dismissed the civil rights action without prejudice. In the habeas action, the Court issued an Order to Show Cause. An answer and a traverse were filed by the parties. In an Order dated August 24, 2005, the Court granted Plaintiff leave to conduct limited discovery in his habeas action. The habeas action was later referred for discovery purposes to Magistrate Judge James Larson, who has since granted some of Plaintiff's discovery requests.

Meanwhile, on June 1, 2005, Plaintiff filed a motion in the closed § 1983 action seeking leave to file an amended complaint in light of the Supreme Court's March 7, 2005 opinion in *Wilkinson v. Dotson,* 544 U.S. 74, 83-84, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), which held that prisoners could challenge the constitutionality of state parole procedures in a § 1983 action seeking declaratory and injunctive relief and were not required to seek relief exclusively under federal habeas statutes. Plaintiff filed a proposed amended complaint alleging that the Board's hearing procedures and decision-making processes to deny parole to convicted murderers did not comply with the constitutional mandates of due process.

In an Order dated February 16, 2006, the Court found that *Wilkinson* clarified that claims such as those Plaintiff raised can be brought in a § 1983 action. The Court granted Plaintiff's motion for leave to file an amended complaint in Case No. C 04-950 CW and directed the Clerk of the Court to reopen this action.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 902110 (N.D.Cal.)
**(Cite as: 2008 WL 902110 (N.D.Cal.))**

Page 2

On March 1, 2006, Plaintiff filed a request for appointment of counsel, and on June 30, 2006, Plaintiff filed a motion to compel discovery. In an Order dated March 12, 2007, the Court denied both motions. (Mar. 12, 2007 Order at 2-3.) The Court denied Plaintiff's motion to compel as premature for failing to comply with the meet and confer requirement of N.D. Cal. Local Rule 37-1 and Fed.R.Civ.P. 37(a)(2)(B).(*Id.* at 3.)

Before the Court is Defendant's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) on grounds that there is no issue of material fact and that Defendant is entitled to judgment as a matter of law.[FN2] (Mot. for Judgment on the Pleadings at 1.) Alternatively, Defendant requests that the Court stay these proceedings pending the resolution of Plaintiff's related habeas action. (*Id.* at 2.) Plaintiff has filed an opposition to Defendant's motion and has renewed his request for appointment of counsel. He has also filed a motion for reconsideration of the Court's denial of his motion to compel.

> FN2. Defendant also argues that this action should be dismissed for failure to state a claim because Plaintiff has no standing to request relief on behalf of other inmates. (Mot. for Judgment on Pleadings at 5-6.) The Court finds no merit to Defendant's argument because Plaintiff does not purport to sue on behalf of any other inmates.

*2 Having considered all of the papers filed by the parties, the Court DENIES Defendant's motion for judgment on the pleadings and request to stay proceedings. Defendant may file a motion for summary judgment under Federal Rule of Civil Procedure 56, if appropriate. The Court GRANTS Plaintiff's motion for reconsideration, REFERS the case to a magistrate judge for discovery purposes, and DENIES Plaintiff's renewed motion for appointment of counsel.

DISCUSSION

I. Defendant's Motion for Judgment on the Pleadings

It is well-settled that the standard applied to Rule 12(c) motions is the same as that applied to Rule 12(b)(6) motions. *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir.1990). That is, judgment on the pleadings is appropriate only when the moving party clearly establishes eligibility for judgment as a matter of law and that there is no material issue of fact on the face of the pleadings. *Id.* As with Rule 12(b)(6) motions, judgment on the pleadings is improper if a court must go beyond the pleadings to resolve an issue. *Id.* Such a proceeding must be brought in the form of a motion for summary judgment. *Id.*

Judgment on the pleadings is inappropriate in this action. Defendant's argument that Plaintiff's amended complaint "criticizes the Board's hearing procedures and decision-making processes for inmates in conclusory terms" is unavailing. It is clear in his amended complaint that Plaintiff is seeking relief for the "violation of his due process rights at his July 17, 2003 parole suitability hearing" at which Defendant presided. (Am. Compl. at 1.) The Court cannot decide this case on the pleadings because it must consider matters outside the pleadings, such as how long Plaintiff had been incarcerated prior to his parole hearing and the factors the Board considered before finding Plaintiff unsuitable for parole, including whether Plaintiff's commitment offense weighed heavily in the Board's determination.

Accordingly, the Court DENIES Defendant's motion for judgment on the pleadings. Defendant's request to stay proceedings is also DENIED. Defendant may file a motion for summary judgment. The parties shall abide by the briefing schedule outlined below.

II. Plaintiff's Motion for Reconsideration

In his motion for reconsideration, Plaintiff has

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

shown that he has satisfied the "meet and confer" requirements of N.D. Cal. Local Rule 37-1 and Fed.R.Civ.P. 37(a)(2)(B). (Mot. for Recons. Attach. 1-7.) Accordingly, the Court GRANTS Plaintiff's motion for reconsideration.

Pursuant to Local Rule 72-1, Plaintiff's Motion to Compel (docket no. 15) and *all further discovery motions* filed in the above-captioned case are referred to a Magistrate Judge Larson, who handled the discovery matters in Plaintiff's habeas action.

III. Plaintiff's Renewed Motion for Appointment of Counsel

On March 1, 2006, Plaintiff claimed that he was unable to litigate the present action on his own behalf because he did not have the ability effectively to manage and prosecute the discovery requests he sought. The Court denied Plaintiff's first request for appointment of counsel as premature because it was too early to assess the existence of exceptional circumstances which would warrant appointing counsel. (Mar. 12, 2007 Order at 2.) In doing so, the Court noted Plaintiff's ability adequately to articulate his claims in light of the complexity of the issues. *See Agyeman v. Corr. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir.2004). However, the Court did not preclude Plaintiff from filing a renewed motion for appointment of counsel at a later date. (March 12, 2007 Order at 3.)

*3 In his opposition to the motion for judgment on the pleadings, Plaintiff renews his motion for appointment of counsel. (Opp'n at 6 .) He argues that his "efforts to obtain needed discovery from the Defendant have been met with indifference and lack of cooperation."(*Id.*) Nevertheless, in light of the Court's order referring this case to Magistrate Judge Larson for discovery purposes, the Court DENIES Plaintiff's renewed motion for appointment of counsel. However, Plaintiff may renew his appointment of counsel motion after Defendant has filed a summary judgment motion. If the Court finds that appointment of counsel is warranted, it will seek volunteer counsel to represent Plaintiff.

CONCLUSION

1. Defendant's motion for judgment on the pleadings and request to stay proceedings (docket no. 19) is DENIED.

2. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than *ninety (90) days* from the date of this Order, Defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to Defendant's dispositive motion shall be filed with the Court and served on Defendant no later than *thirty (30) days* from the date Defendant's motion is filed. The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

**\*4** *See Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir.1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's dispositive motion. Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c. If Defendant wishes to file a reply brief, Defendant shall do so no later than *thirty (30) days* after the date Plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

e. All communications by Plaintiff with the Court must be served on Defendant's counsel.

f. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

g. Extensions of time are not favored. A party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than *ten (10) days* prior to the deadline sought to be extended.

3. Plaintiff's motion for reconsideration (docket no. 17) is GRANTED. The Court REFERS Plaintiff's Motion to Compel (docket no. 15) and *all further discovery motions* filed in the above-captioned case to Magistrate Judge Larson for discovery purposes pursuant to Local Rule 72-1.

4. The Court DENIES Plaintiff's renewed motion for appointment of counsel (docket no. 21).

5. Plaintiff's requests that the Court take judicial notice of the findings by the Santa Clara County Superior Court in *In re Viet Mike Ngo On Habeas Corpus* (Case No. 127611), *In re Donnell E. Jameison On Habeas Corpus* (Case No. 71194), and *In re Arthur Criscione On Habeas Corpus* (Case No. 71614), and by the California Court of Appeal in *In re Sandra David Lawrence On Habeas Corpus* (Case No. B190874) (docket nos. 21, 22) are GRANTED.

6. This Order terminates Docket nos. 17, 19, 21 and 22.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy    Page 5
Slip Copy, 2008 WL 902110 (N.D.Cal.)
**(Cite as: 2008 WL 902110 (N.D.Cal.))**

IT IS SO ORDERED.

N.D.Cal.,2008.
Liebb v. Daly
Slip Copy, 2008 WL 902110 (N.D.Cal.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.