MORGAN, LEWIS & BOCKIUS LLP
Michael J. Lyons (State Bar No. 202284)
Andrew J. Wu (State Bar No. 214442)
Ryan L. Scher (State Bar No. 244706)
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306-2122
Tel:  650.843.4000
Fax:  650.843.4001
mlyons@morganlewis.com
awu@morganlewis.com
rscher@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Daniel Johnson, Jr. (State Bar No. 57409)
Amy M. Spicer (State Bar No. 188399)
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  415.442.1001
djjohnson@morganlewis.com
aspicer@morganlewis.com

Attorneys for Defendant and Counterclaimant
PHILIPS LUMILEDS LIGHTING COMPANY,
LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPISTAR CORPORATION, | Case No. C-07-5194 CW |
| Plaintiff, | **[REDACTED] REPLY BY PHILIPS LUMILEDS LIGHTING, LLC IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO EPISTAR CORPORATION'S FIRST, THIRD, AND FOURTH CLAIMS REGARDING UNFAIR COMPETITION AND TORTIOUS INTERFERENCE** |
| v. | |
| PHILIPS LUMILEDS LIGHTING COMPANY, LLC, | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | Date:  August 7, 2008 |
| | Time:  2:00 p.m. |
| | Location:  Courtroom 2, 4th Floor |
| | Judge:  The Honorable Claudia Wilken |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20778426.1

[REDACTED] PHILIPS LUMILEDS' REPLY IN
SUPPORT OF ITS MOTION FOR JUDGMENT ON THE
PLEADINGS; C 07-5194 CW

1

# TABLE OF CONTENTS

2

Page

3   I.    INTRODUCTION ........................................................................................................ 1

4   II.   EPISTAR'S ARGUMENTS ARE PREDICATED ON FALSE AND
        MISLEADING STATEMENTS AND SHOULD REJECTED BY THIS COURT ......... 1

5         A.   Epistar's Descriptions of the ITC Investigation are False and Misleading............ 2

6         B.   Epistar's Descriptions of the Settlement Agreement and Covenant Not to
               Sue are Also Misleading ............................................................................ 3

7   III.  LUMILEDS' MOTION FOR JUDGMENT ON THE PLEADINGS IS PROPER
        AND THE COURT SHOULD RESOLVE THE CASE ON THE MERITS NOW .......... 5

8         A.   Lumileds' Letters Should be Considered in its Motion for Judgment on the
               Pleadings Because their Authenticity is Not Contested and They are

9              Crucial to Epistar's Claims ......................................................................... 5

10        B.   Epistar Should Not Be Permitted to Commence a "Fishing Expedition"
               Regarding Activities Unrelated to Its Claims .................................................. 7

11             1.   Epistar's Claims are Based on Lumileds' Letters ...................................... 7

12             2.   Epistar's Inappropriate and Late Request For Further Discovery is a
                    Delay Tactic Without Any Basis and Should Be Denied ........................... 8

13  IV.   EPISTAR'S UNFAIR COMPETITION CLAIMS ARE BARRED BY THE
        LITIGATION PRIVILEGE AS A MATTER OF LAW........................................... 9

14        A.   Epistar's Allegations are Based on Communications by Lumileds....................... 9

15        B.   Lumileds' Communications Concerned the ITC Litigation................................ 11

16        C.   Epistar Misstates the Law Regarding Litigation Privilege ............................... 11

17  V.    EVEN WITHOUT THE LITIGATION PRIVILEGE, EPISTAR'S UNFAIR
        COMPETITION CLAIMS FAIL BECAUSE LUMILEDS' ORIGINAL

18       ARGUMENTS ARE EFFECTIVELY UNOPPOSED...................................... 12

19  VI.   LEAVE TO AMEND IS INAPPROPRIATE BECAUSE EPISTAR FAILS TO
        STATE A CLAIM FOR UNFAIR COMPETITION FOR SUBSTANTIVE

20       REASONS ............................................................................................ 14

    VII.  CONCLUSION................................................................................................. 15

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20778426.1                           i              [REDACTED] PHILIPS LUMILEDS' REPLY IN
                                                        SUPPORT OF ITS MOTION FOR JUDGMENT ON THE
                                                        PLEADINGS; C 07-5194 CW

# TABLE OF AUTHORITIES

Page

**Cases**

*Abrego Abrego v. The Dow Chem. Co.*
 443 F.3d 676, 681 (9th Cir. 2006)..................................................................... 5

*Barron v. Reich*
 13 F.3d 1370, 1377 (9th Cir. 1994)..................................................................... 3

*Blanchard v. DIRECTV, Inc.*
 123 Cal. App. 4th 903, 919 (Ct. App. 2004) ................................................... 10

*Brae Transp., Inc. v. Coopers & Lybrand*
 790 F.2d 1439, 1443 (9th Cir. 1986)............................................................... 8, 9

*Bylin Heating Sys. v. M&M Gutters, LLC*
 2008 U.S. Dist. LEXIS 21253, *12-*13 (E.D. Cal. 2008) ............................... 10

*Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*
 138 F.3d 772, 779 (9th Cir. 1998)..................................................................... 8

*Costa v. Superior Court*
 157 Cal. App. 3d 673, 677 (Ct. App. 1984) ..................................................... 10

*Della Penna v. Toyota Motor Sales U.S.A., Inc.*
 11 Cal. 4th 376, 393 (1995) .............................................................................. 13

*Dent v. Cox Commc'n Las Vegas, Inc.*
 502 F.3d 1141, 1143 (9th Cir. 2007)................................................................. 5

*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*
 47 Cal. App. 4th 777, 783 (Ct. App. 1996) ..................................................... 10

*Drum v. Bleau, Fox & Associates*
 107 Cal. App. 4th 1009, 1028 (Ct. App. 2003)................................................. 10

*Estle v. Country Mut. Ins. Co.*
 970 F.2d 476, 480 (8th Cir. 1992)............................................................... 14, 15

*Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Congregational Church*
 887 F.2d 228, 230 (9th Cir. 1989)..................................................................... 1

*Hagendorf v. Brown*
 699 F.2d 478, 481 (9th Cir. 1983)..................................................................... 10

*Hal Roach Studios, Inc. v. Feiner & Co., Inc.*
 896 F.2d 1542, 1550 (9th Cir. 1989)................................................................. 5

*Healy v. Tuscany Hills Landscape & Recreation Corp.*
 137 Cal. App. 4th 1, 6 (Ct. App. 2006)............................................................. 12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20778426.1

ii

# TABLE OF AUTHORITIES
## (continued)

Page

*Heliotrope Gen., Inc. v. Ford Motor Co.*
189 F.3d 971, 981 (9th Cir. 1999).................................................................................. 3

*In the Matter of Certain High-Brightness Light Emitting Diodes and Products Containing Same*
USITC Inv. No. 337-TA-556 ........................................................................................ 1

*Kashian v. Harriman*
98 Cal. App. 4th 892, 920 (Ct. App. 2002).................................................................. 12

*Kimmel v. Goland*
51 Cal. 3d 202, 210, 212 (1990) ................................................................................. 10

*Kupiec v. American Int'l Adjustment Co.*
235 Cal. App. 3d 1326, 1333 (Ct. App. 1991)............................................................ 11

*Lerette v. Dean Witter Org., Inc.*
60 Cal. App. 3d 573, 576 (Ct. App. 1976)................................................................... 10

*LiMandri v. Judkins*
52 Cal. App. 4th 326, 347 (Ct. App. 1997)................................................................. 10

*Mansell v. Otto*
108 Cal. App 4th 265, 267 (Ct. App. 2003)................................................................ 10

*Microsoft Corp. v. A-Tech Corp.*
855 F. Supp. 308, 314 (C.D. Cal. 1994) .................................................................... 10

*Monolithic Power Sys. v. O2 Micro Int'l Ltd.*
2007 U.S. Dist. LEXIS 22556, *20 (N.D. Cal. 2007) ............................................... 12

*Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma*
42 Cal. 3d 1157, 1170 (1986) .................................................................................... 11

*Parrino v. FHP, Inc.*
146 F.3d 699, 706 (9th Cir. 1998)............................................................................. 5, 6

*Religious Tech. Ctr. v. Netcom On-Line Commc'n. Servs.*
907 F. Supp. 1361, 1381 (N.D. Cal. 1995) ................................................................ 14

*Rothman v. Jackson*
49 Cal. App. 4th 1134, 1141 (Ct. App. 1996).............................................................. 9

*Sharper Image Corp. v. Target Corp.*
425 F. Supp. 2d 1056, 1079 (N.D. Cal. 2006) ........................................................... 10

*Sosa v. DIRECTV, Inc.*
437 F.3d 923, 925 (9th Cir. 2006)............................................................................... 6

*Sprewell v. Golden State Warriors*
266 F.3d 979, 988 (9th Cir. 2001)............................................................................... 1

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3    *Swierkiewicz v. Sorema N.A.*
       534 U.S. 506, 512 (2002)..................................................................... 7

4    **Other**

5    Cal. Bus. & Prof. Code § 17200 ......................................................... 7

6
     California Penal Code § 632 ............................................................. 10

7
     Fed. R. Civ. P. 12(d) .................................................................... 7, 14

8
     Fed. R. Civ. P. 56(f) ........................................................................ 8

9
     Fed. R. Civ. P. 8(a)(2) ................................................................. 7, 14

10
     Fed. R. Evid. 201(b), (c) & 803(8).................................................... 3

11
     Milton I. Shadur & Mary P. Squiers, 2-12 Moore's Federal Practice § 12.38 ................. 14

12
     N.D. Cal. Civ. Local Rules 7-2, 7-3................................................... 9

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20778426.1                          iv        [REDACTED] PHILIPS LUMILEDS' REPLY IN
                                                  SUPPORT OF ITS MOTION FOR JUDGMENT ON THE
                                                  PLEADINGS; C 07-5194 CW

## I.    INTRODUCTION

Epistar responds to Lumileds' Motion by mischaracterizing the actions of the International Trade Commission ("ITC" or "Commission") and the Settlement Agreement, ignoring entire arguments made by Lumileds, and attempting to direct the Court's attention away from the substance of Lumileds' arguments by seeking unidentified discovery to rescue its claim. All of these responses fail to undermine the merits of Lumileds' Motion and judgment on the pleadings should be granted in Lumileds' favor.

## II.   EPISTAR'S ARGUMENTS ARE PREDICATED ON FALSE AND MISLEADING STATEMENTS AND SHOULD REJECTED BY THIS COURT

Lumileds agrees with Epistar's statement that "[i]n ruling on a motion for judgment on the pleadings, '[a]ll allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party.'"[1]  However, this well-established principle does not require the court to blindly accept every allegation put forward by the non-moving party. Indeed, "[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."[2]  Because Epistar's Opposition relies heavily on misleading and untrue statements regarding both the ITC Investigation[3] and the Settlement Agreement, its arguments should be rejected by this Court.

The primary thrust behind Epistar's arguments is that Lumileds acted in "bad faith" when it communicated with potential importers of Epistar's products about the ITC's Exclusion Order. Epistar supports its bad faith allegation with only two assertions: *First*, that Lumileds' letters are "false and misleading,"[4] "brimming with inaccuracies,"[5] and "riddled with misleading inaccuracies"[6] because the letters state that the ITC found that "'**all** of Epistar's OMA, MB and

---

[1] Opp'n at 3:8-11 (quoting *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989)).
[2] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).
[3] *In the Matter of Certain High-Brightness Light Emitting Diodes and Products Containing Same*, USITC Inv. No. 337-TA-556.
[4] Opp'n at 11:10.
[5] Opp'n at 9:23.
[6] Opp'n at 11:14.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1    [REDACTED] PHILIPS LUMILEDS' REPLY IN
SUPPORT OF ITS MOTION FOR JUDGMENT ON THE
PLEADINGS; C 07-5194 CW

1    GB LED products infringe Philips Lumileds' '718 patent.'"[7]  Lumileds' statement is inaccurate,

2    according to Epistar, because "the ITC determined that six Epistar products at issue were

3    expressly found not to infringe Lumileds' '718 patent."[8]  *Second*, Epistar argues that Lumileds'

4    letters are false and sent in bad faith because "Lumileds knew that the Settlement Agreement

5    included a license under the '718 patent to make, use, offer to sell and import LEDs as well as a

6    covenant by Lumileds not to sue Epistar."[9]  Neither one of these positions bears any resemblance

7    to the actual facts.

8         **A.    Epistar's Descriptions of the ITC Investigation are False and Misleading**

9         Throughout its Opposition, Epistar blatantly misstates the underlying facts of the ITC's

10   Investigation.  Contrary to Epistar's assertions, and in effort to correct the record, the indisputable

11   facts are as follows.

12        On November 4, 2005, Lumileds filed a complaint before the ITC alleging that Epistar

13   was violating Section 337, by importing, selling for importation, and selling within the United

14   States after importation certain high-brightness light-emitting diodes ("LEDs") and products

15   containing those LEDs that infringe three of Lumileds' patents.[10]  Six (and only six) of Epistar's

16   products were at issue in that investigation: Epistar's OMA, OMA II, MB, MB II, GB, and GB II

17   LEDs.[11]

18        On May 9, 2007, the Commission "determined that Epistar's family of MB, GB, and

19   OMA LEDs infringe the asserted claims of the '718 patent, [and] issued a limited exclusion order

20   directed to those LEDs," including *all six* of Epistar's products at issue.[12]  To protect Lumileds

21   from unfair competition by Epistar's infringement, the Commission issued the Exclusion Order

22   "prohibiting the unlicensed entry of covered high-brightness light emitting diodes manufactured

23   by or on behalf of Epistar, packaged LEDs containing the infringing high-brightness light

24

25   [7] Opp'n at 6:11-12.
     [8] Opp'n at 6:24-26.
26   [9] Opp'n at 6:26-7:1; *see also, e.g.*, Opp'n at 11:17-19, 12:17-21.
     [10] *See* Declaration of Ryan Scher in Support of Lumileds' Motion for Judgment on the Pleadings
27   ("Scher Decl.") ¶ 2, Ex. A ¶ 1 (ITC Complaint).
     [11] *See* Declaration of Ryan Scher in Support of Lumileds' Reply to Motion for Judgment on the
28   Pleadings ("Scher Reply Decl.") ¶ 2, Ex. A 5 (Commission Opinion).
     [12] *See* Scher Reply Decl. ¶ 2, Ex. A 22 (Commission Opinion).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20778426.1

2

[REDACTED] PHILIPS LUMILEDS' REPLY IN
SUPPORT OF ITS MOTION FOR JUDGMENT ON THE
PLEADINGS; C 07-5194 CW

1    emitting diodes, and boards primarily consisting of arrays of such packaged LEDs."[13]

2         Inexplicably, Epistar argues to this Court that "the ITC determined that six Epistar

3    products at issue were expressly found *not* to infringe Lumileds' '718 patent."[14] Quite clearly,

4    this statement is not true. All six Epistar products were found to infringe the '718 patent, and no

5    products were found not to infringe as Epistar asserts. Epistar further misleads the Court by

6    insinuating that the ITC's holding was limited to its OMA LEDs: "The ITC entered a Final

7    Determination, which is currently on appeal, finding that Epistar's OMA products infringed the

8    '718 patent and entered a limited exclusion order precluding Epistar from importing its OMA

9    LEDs into the United States."[15] Once again, Epistar's statements to the Court are not true. There

10   is no debate that the ITC's exclusion order applied to all six products including, not only the

11   OMA I and II, but also the MB I and II, and GB I and II.

12        Contrary to Epistar's misrepresentations, Lumileds' statements in its letters are absolutely

13   *truthful* and supported by the Commission Opinion, which may be properly judicially noticed.[16]

14   Once the actual outcome in the ITC is appreciated, Epistar's running theme of bad faith conduct

15   based on Lumileds' letters disintegrates.

16      **B.    Epistar's Descriptions of the Settlement Agreement and Covenant Not to Sue
               are Also Misleading**

17        Epistar misleads the Court by stating that ███████████████████████

18   ████████████████████████████████████████████████████████

19   ████████████████████[17] Contrary to this broad description, ███████████

20   ███████████ and the ITC has already *ruled* that none of the products at issue are

21   subject to this license: ██████████████████████████████████████

22   ████████████████████████████████████████████████████████

23   ████████████████████████████████████████████████████████

24   ---
     [13] Scher Decl. ¶ 3, Ex. B 1 (Exclusion Order).
     [14] Opp'n at 6:24-26 (emphasis added). *See also, e.g.,* Opp'n at 11:14-17.
     [15] Opp'n at 1:21-24

25   [16] It is the law of this Circuit that "[w]hen considering a motion for judgment on the pleadings,

26   [the] court may consider facts that 'are contained in materials of which the court may take judicial
     notice.'" *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999) (quoting

27   *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)). *See also* Fed. R. Evid. 201(b), (c) &
     803(8).

28   [17] Opp'n at 6:26-7:1; *see* Declaration of Ryan Scher in Support of Lumileds' Motion for
     Summary Judgment ("Scher Decl. I/S/O Mot. Summ. J.") ¶ 2, Ex. 1 (Settlement Agreement).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

                                                      [REDACTED] PHILIPS LUMILEDS' REPLY IN
                                                      SUPPORT OF ITS MOTION FOR JUDGMENT ON THE
                                                      PLEADINGS; C 07-5194 CW

1    ███████████████████████████████████[8] Epistar never

2    asked the Commission to review this ruling.

3    ████████████████████████████████████████

4    ████████████████████████████████████████

5    █████████[19]███████████████████████████

6    ████████████████████████████████████████

7    ████████████████████████████████████████

8    ████████[20] Thus, Epistar's sweeping statement that ██████

9    █████████████████████████████████████████

10   █████████████████████████ is extremely misleading. [21]

11   More to the point, the Settlement Agreement, ████████████ are entirely *irrelevant*

12   to the issue of whether Lumileds' letters were truthful and sent in good faith. As Epistar admits

13   in its Opposition, Lumileds' letters "were sent because Lumileds only 'sought to notify importers

14   of Epistar products of the Exclusion Order,' and 'advised the recipients of Lumileds' intellectual

15   property rights, the results of the Epistar ITC proceeding, and the potential effect of the Exclusion

16   Order on the recipients of the letter.'"[22] The ITC found that the products were *not* licensed,[23] and

17   the covenant was not even at issue in the ITC because Epistar abandoned that defense on the

18   fourth day of the evidentiary hearing.[24] Lumileds had no duty to inform the recipients of its

19   letters of either a defense that Epistar *lost*, or a defense that Epistar *abandoned* and was never

20   tried. And once again, without its misrepresentations for support, Epistar's arguments and

21   allegations that Lumileds acted in bad faith collapse.

---

[18] Scher Reply Decl. ¶ 3, Ex. B 78 ("Initial Determination").

█████████████████████████████████████████

[19] *See* Scher Decl. I/S/O Mot. Summ. J. ¶ 2, Ex. 1 ¶ 4.2 ███████████ Lumileds' Mot.
Summ. J. at 3:9-25. ███████

[20] *See* Mot. Summ. J. at 14-20.
[21] Opp'n at 6:26-7:1.
[22] Opp'n at 15:4-7 (citing Mot. J. Plead. at 3).
[23] Scher Reply Decl. ¶ 3, Ex. B 78 ("Initial Determination").
[24] Mot. Summ. J. at 5:7-10; Scher Decl. I/S/O Mot. Summ. J. ¶ 5, Ex. 4 815:5-21 (Hearing Transcript).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

[REDACTED] PHILIPS LUMILEDS' REPLY IN
SUPPORT OF ITS MOTION FOR JUDGMENT ON THE
PLEADINGS; C 07-5194 CW

**III.    LUMILEDS' MOTION FOR JUDGMENT ON THE PLEADINGS IS PROPER AND THE COURT SHOULD RESOLVE THE CASE ON THE MERITS NOW**

In an attempt to salvage its case, Epistar directs the Court away from the substance of Lumileds' Motion. Epistar first asserts that the Court should not consider the letters that are at the heart of its claims, but does not challenge the authenticity of the letters or the letters themselves. Epistar then tries to delay any judgment by asking for unspecified discovery to save its claim. The Court should disregard both of these arguments.

**A.    Lumileds' Letters Should be Considered in its Motion for Judgment on the Pleadings Because their Authenticity is Not Contested and They are Crucial to Epistar's Claims**

Epistar's first, third, and fourth claims regarding unfair competition and tortious interference all necessarily rely on "the letters that Lumileds distributed and disseminated to Epistar's customers and potential customers."[25] Because Epistar does not contest the authenticity of these letters, Lumileds' letters should be considered in conjunction with its motion for judgment on the pleadings.

In its Opposition, Epistar cites to a 1989 case in which the Ninth Circuit found that the district court improperly "went beyond the pleadings" by relying on a declaration and a S-1 Registration Statement in deciding a 12(c) motion.[26] This stringent approach to Rule 12 motions was expressly *abandoned* by the Ninth Circuit in 1998 in *Parrino v. FHP, Inc.*, cited by Lumileds in its Motion.[27] In *Parrino*, the Ninth Circuit held that "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies."[28] The *Parrino* holding applies to motions to dismiss as well as motions for judgment on the pleadings.[29] The Ninth Circuit emphasized that the underlying policy of the rule is to "prevent[] plaintiffs from surviving a Rule 12(b)(6) motion by

---

[25] Complaint ¶ 12; *see also* Complaint ¶¶ 16, 17, 30, 33.
[26] Opp'n at 7:13-16 (citing *Hal Roach Studios, Inc. v. Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989)). Note that the phrase "went beyond the pleadings in reaching its decision as to the motion for judgment on the pleadings," as quoted by Epistar, does not appear in this decision.
[27] *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *see* Mot. J. Pl. at 9:4-7 n.4.
[28] *Parrino*, 146 F.3d at 706.
[29] *See, e.g., Dent v. Cox Commc'n Las Vegas, Inc.*, 502 F.3d 1141, 1143 (9th Cir. 2007).

1    deliberately omitting references to documents upon which their claims are based."[30]  Likewise, in

2    the present case, Lumileds should not be punished by Epistar's attempt to survive a Rule 12(c)

3    motion by deliberately omitting the letters upon which their Unfair Competition Claims are

4    based.

5          The *Parrino* court observed that where "an attached document is integral to the plaintiff's

6    claims and its authenticity is not disputed, the plaintiff obviously is on notice of the contents of

7    the document and the need for a chance to refute evidence is greatly diminished."[31]  Not only is

8    Epistar "obviously" on notice of the contents of Lumileds' letters by the fact that they are integral

9    to Epistar's claims, Epistar *physically attached* these letters as exhibits to its Motions to Stay in

10    its appeal of the ITC's exclusion order.[32]

11          Letters and mailings, such as those at issue here, are directly within the purview of this

12    rule.  In *Sosa v. DIRECTV, Inc.*, DIRECTV sent "tens of thousands" of demand letters to

13    recipients who were allegedly illegally accessing DIRECTV's signal.[33]  Plaintiffs, a class of

14    recipients of these letters, sued DIRECTV, "claiming that DIRECTV violated . . . RICO . . . by

15    mailing the presuit demand letters."[34]  DIRECTV filed a 12(b)(6) motion to dismiss and lodged

16    copies of the letters with the district court.[35]  The Ninth Circuit explained, "Although the letter

17    constitutes extrinsic evidence, the district court's consideration of it did not convert DIRECTV's

18    12(b)(6) motion into a motion for summary judgment, as the letter's authenticity was not

19    contested and the letter was crucial to Sosa's claims."[36]

20          In keeping with *Parrino* and *Sosa*, this Court should consider Lumileds' letters in

21    deciding its Motion for Judgment on the Pleadings.  Alternatively, the Federal Rules expressly

22    allow the Court to transform Lumileds' Motion for Judgment on the Pleadings to a motion for

---

[30] *Parrino*, 146 F.3d at 706.
[31] *Parrino*, 146 F.3d at 706 n.4 (internal quotation marks and citation omitted).
[32] *See* Mot. J. Pl. at 3:18-19 n.10; Scher Decl. ¶ 6, Ex. E (Exhibits N & P to Epistar's Mots. to Stay) (exhibit lettering from original filing maintained).  With regard to Epistar's commentary about the faulty redactions in Exhibit E (Opp'n at 2 n.1), Lumileds notes that "Exhibit E is a true and correct copy of Exhibits N and P" to Epistar's Motion to Stay.  Scher Decl. ¶ 6.  All redactions in this Exhibit were performed by Epistar, not Lumileds.
[33] *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 925 (9th Cir. 2006).
[34] *Sosa*, 437 F.3d at 926.
[35] *Sosa*, 437 F.3d at 927.
[36] *Sosa*, 437 F.3d at 927 (citing *Parrino*, 146 F.3d at 706).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

28

DB2/20778426.1

6

[REDACTED] PHILIPS LUMILEDS' REPLY IN
SUPPORT OF ITS MOTION FOR JUDGMENT ON THE
PLEADINGS; C 07-5194 CW

1    summary judgment.[37]

2    **B.    Epistar Should Not Be Permitted to Commence a "Fishing Expedition"**
     **Regarding Activities Unrelated to Its Claims**
3

4          **1.    Epistar's Claims are Based on Lumileds' Letters**

5    Epistar also attempts to forestall judgment by claiming that its Unfair Competition Claims

6    are based not only the letters, but also on "other activities," which involve "triable issues of

7    fact."[38] But Epistar has not alleged a single "other activity" in its Complaint or Opposition, thus

8    depriving Lumileds of fair notice and opportunity to respond to these allegations.[39]

9          Epistar relies on *three words* in its Complaint – "among other things"[40] – to support its

10   contention that "Epistar's basis for its unfair competition claims does not simply include letters to

11   third parties but also includes *other activities*."[41] In fact, the phrase "among other things," located

12   in the Complaint's "Background" section, is the *only* even arguable allegation of "other

13   activities" in Epistar's Complaint. The specific allegations regarding Epistar's Unfair

14   Competition Claims only discuss Lumileds' letters and make no mention of any other

15   "activities."[42]

16   [37] Fed. R. Civ. P. 12(d).
     [38] *See* Opp'n at 8:5-9:2.
17   [39] *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (explaining that Fed. R. Civ. P.
     8(a)(2) requires a complaint to "give the defendant fair notice of what the plaintiff's claim is and
18   the grounds upon which it rests"); *see also Bell Atlantic v. Twombly*, __ U.S. __, 127 S.Ct. 1955,
     1964-65 (2007) (explaining that "a plaintiff's obligation to provide the grounds of his entitlement
19   to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a
     cause of action will not do").
20   [40] *See* Complaint ¶ 12.
     [41] Opp'n at 8:5-6 (emphasis added); *see* Opp'n at 1:25-26 ("Lumileds began, *among other things*,
21   sending letters . . . .") (emphasis added), 5:16-17 ("Epistar has pled that Lumileds engaged in bad
     faith conduct to advance its products over Epistar's products, including, *among other things*,
22   sending misleading letters . . . .") (emphasis added), 8:12 ("Lumileds began, *among other things*,
     sending letters . . . .") (emphasis added), 8:14-15 ("Lumileds, through activities that included,
23   *among other things*, sending misleading letters . . . .") (emphasis added), 2:12 ("Lumileds bad
     faith noncommunicative conduct, *including* the letters sent . . . .") (emphasis added), 4:1-2
24   ("Epistar alleges conduct . . . *including* the sending of misleading letters . . . .") (emphasis added),
     7:3-4 ("Lumileds nevertheless proceeded with its bad faith conduct against Epistar, which
25   *included* sending out the letters . . . .") (emphasis added), 11:20-21 ("Lumileds' bad faith conduct,
     *including* its misleading letters . . . .") (emphasis added), 12:17 ("Lumileds proceeded with
26   communications, *including* written letters . . . .") (emphasis added), 14:12 ("Lumileds'
     communications, *including* letters . . . .") (emphasis added), 8:20 ("other bad faith activities").
27   [42] *See* Complaint ¶¶ 15 (Lanham Act), 16 (Lanham Act), 30 (Intentional Interference), 33
     (Intentional Interference), 39 (referring to the conduct described in the Lanham Act and
28   Intentional Interference sections to support allegations regarding Cal. Bus. & Prof. Code
     § 17200).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20778426.1                    7                    [REDACTED] PHILIPS LUMILEDS' REPLY IN
                                                       SUPPORT OF ITS MOTION FOR JUDGMENT ON THE
                                                       PLEADINGS; C 07-5194 CW

In fact, Epistar expressly *admits* later in its Opposition that it "bases its unfair competition claims on acts by Lumileds, *i.e.* sending out letters to Epistar's existing customers and potential customers, which caused injury."[43] Even if the Court were to view the reference to "among other things" as the pleading of facts, the Court should grant judgment on the pleadings due to Epistar's failure to provide Lumileds with fair notice of its claims regarding the "other activities."

### 2. Epistar's Inappropriate and Late Request For Further Discovery is a Delay Tactic Without Any Basis and Should Be Denied

In arguing that Epistar's Unfair Competition Claims are based on "other activities," Epistar complains that it has not been afforded the appropriate discovery in order to "investigate" Lumileds' "activities."[44] But Epistar makes this complaint without alleging or identifying a single "other activity" engaged in by Lumileds on which it has grounds to "investigate." Epistar should not be permitted to commence a fishing expedition in an effort to save its claims. Lumileds has already provided Epistar with representatives of all the letters at issue, as well as a declaration in support thereof. No further discovery is needed.

Epistar's request also fails to set forth the particular facts expected in discovery as required by the Federal Rules.[45] The Ninth Circuit has explained that:

> "References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f)." [citation omitted]. Rather, Rule 56(f) requires litigants to submit affidavits setting forth the particular facts expected from further discovery. We have stated that "failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment."[46]

Because Epistar has not complied with the requirements of Rule 56(f), Epistar's informal request for further discovery should be denied.

Moreover, Epistar has had the ability to conduct discovery on this topic for over two months and has done nothing in that regard. On May 6, 2008, this Court granted Epistar the opportunity to commence written discovery during the parties' Case Management Conference.

---

[43] Opp'n at 16:13-14 (emphasis altered from original).
[44] Opp'n at 8:21-27.
[45] Fed. R. Civ. P. 56(f).
[46] *Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (quoting *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986)).

1    During the Conference, the Court also established the briefing schedule for Lumileds' Motion for

2    Judgment on the Pleadings following a discussion with counsel for both parties.  On June 5, 2008,

3    pursuant to the Court's order, Lumileds filed its Motion for Judgment on the Pleadings, making

4    Epistar's Opposition due on June 19, 2008.[47]  At *Epistar's request*, Lumileds entered a joint

5    stipulation affording Epistar an additional *three weeks* to file its opposition to the present Motion.

6    By the time Epistar filed its Opposition on July 10, 2008, *over two months* had passed since the

7    Court invited Epistar to serve written discovery, and *over one month* had passed since Lumileds

8    filed its Motion for Judgment on the Pleadings.  In all of this time, Epistar has not served a single

9    interrogatory or request for production on Lumileds.  In fact, Epistar has not even bothered to

10   serve any discovery in the two weeks *after* it filed its Opposition in which it *requested* discovery.

11   Epistar has had every opportunity to take advantage of the Court's invitation to commence

12   discovery, and it "cannot complain if it [has] fail[ed] to pursue discovery diligently."[48]  Epistar's

13   current request for additional discovery on issues not relevant to its claims is merely a dilatory

14   tactic that should be disregarded.

15   **IV.    EPISTAR'S UNFAIR COMPETITION CLAIMS ARE BARRED BY THE
         LITIGATION PRIVILEGE AS A MATTER OF LAW**

16
17            At the heart of Epistar's Unfair Competition Claims are allegations concerning Lumileds'

18   communications to Epistar's customers and potential customers about the ITC's Exclusion Order.

19   Because Lumileds' communications were "(1) made in judicial or quasi-judicial proceedings; (2)

20   by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and

21   (4) . . . have some connection or logical relation to the action," they are absolutely protected by

22   California's litigation privilege.[49]

23            **A.    Epistar's Allegations are Based on Communications by Lumileds**

24            According to Epistar, "its unfair competition claims [are based] on *acts* by Lumileds, i.e.,

25   *sending out letters* to Epistar's existing customers and potential customers, which *caused*

26   injury."[50]  Contrary to Epistar's assertions, the act of "sending out letters" is communicative in its

---

[47] *See* Case Mgmt. Order at 1, Dkt. No. 41; N.D. Cal. Civ. Local Rules 7-2, 7-3.
[48] *Brae Transp.*, 790 F.2d at 1443.
[49] *Rothman v. Jackson*, 49 Cal. App. 4th 1134, 1141 (Ct. App. 1996).
[50] Opp'n at 16:13-14 (emphasis in original).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

28

27

DB2/20778426.1

[REDACTED] PHILIPS LUMILEDS' REPLY IN
SUPPORT OF ITS MOTION FOR JUDGMENT ON THE
PLEADINGS; C 07-5194 CW

1  nature and, therefore, privileged conduct immunized from litigation by section 47(b).[51]  Courts

2  routinely apply the litigation privilege to letters.  As explained in Lumileds' Motion, this Court

3  did so in *Sharper Image Corp. v. Target Corp.*, and other courts have as well.[52]

4      Epistar fails to allege any specific noncommunicative conduct by Lumileds in either its

5  Complaint or Opposition.[53]  Instead, it argues, without support, that because its injuries arise from

6  letters sent out by Lumileds, these communications are transformed into "noncommunicative

7  acts" and therefore not afforded the protection of the litigation privilege.

8      The litany of cases Epistar cites are inapposite to the present case.  The "acts" at issue in

9  those cases are *not* "similar" to the conduct alleged here, as contended by Epistar.[54]  Rather those

10  cases address: wrongful levying on property pursuant to a writ of execution;[55] unauthorized

11  reading of confidential mental health records;[56] securing Security's lien rights;[57] illegal recording

12  of telephone conversations in violation of California Penal Code § 632;[58] and abuse of asset

13  freeze procedures.[59]  In fact, the only case cited by Epistar that *is* on point finds the "acts" at issue

14  [51] *See* Opp'n at 2:11-14 ("Epistar will show that (1) Lumileds' bad faith *noncommunicative conduct*, including the *letters sent* to Epistar's existing and potential customers . . . .") (emphasis added); Opp'n at 4:1-3 ("Lumileds cannot meet this stringent standard because Epistar alleges *conduct* (not barred by the litigation privilege), including the *sending of misleading letters* to Epistar's existing customers and potential customers.") (emphasis added).

[52] *See* Mot. J. Pl. at Section IV; *Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1079 (N.D. Cal. 2006) (Wilken, J.) (finding that the litigation privilege applies as an absolute bar to defendant's counterclaims based on letters); *see also*, e.g., *Hagendorf v. Brown*, 699 F.2d 478, 481 (9th Cir. 1983) (affirming that an attorney's letter "was absolutely privileged under California law"); *Blanchard v. DIRECTV, Inc.*, 123 Cal. App. 4th 903, 919 (Ct. App. 2004) (explaining that "[t]he privilege has been broadly applied to demand letters and other prelitigation communications by attorneys"); Scher Reply Decl. ¶ 4, Ex. C (*Bylin Heating Sys. v. M&M Gutters, LLC*, 2008 U.S. Dist. LEXIS 21253, *12-*13 (E.D. Cal. 2008) (finding that letters sent to distributors with a substantial interest in the outcome of pending litigation is absolutely protected by the litigation privilege)); *Costa v. Superior Court*, 157 Cal. App. 3d 673, 677 (Ct. App. 1984) (granting summary judgment because plaintiff's claim was based on a letter protected by the litigation privilege); *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App. 4th 777, 783 (Ct. App. 1996) (affirming the trial court's demurrer without leave to amend based on its finding that defendant's letter was a privileged communication); *Lerette v. Dean Witter Org., Inc.*, 60 Cal. App. 3d 573, 576 (Ct. App. 1976) (holding that the defendant's letter was absolutely privileged).

[53] *See* discussion *supra* Section III.B.

[54] Opp'n at 16:16-19.

[55] *Drum v. Bleau, Fox & Associates*, 107 Cal. App. 4th 1009, 1028 (Ct. App. 2003).

[56] *Mansell v. Otto*, 108 Cal. App 4th 265, 267 (Ct. App. 2003).

[57] *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 347 (Ct. App. 1997).

[58] *Kimmel v. Goland*, 51 Cal. 3d 202, 210, 212 (1990).

[59] *Microsoft Corp. v. A-Tech Corp*, 855 F. Supp. 308, 314 (C.D. Cal. 1994).  Epistar also relies on *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma*, 42 Cal. 3d 1157, 1170

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

10

1    to be *privileged communications*: misstatements made by an insurance adjuster allegedly made to

2    carry out a plan to delay a lawsuit and avoid liability.[60]  Epistar's attempt to strip Lumileds'

3    letters of their litigation privilege protection fails as a matter of law.

4           **B.    Lumileds' Communications Concerned the ITC Litigation**

5           Epistar's argument that Lumileds allegedly did not contemplate *future* litigation against

6    Epistar's customers ignores the fact that Lumileds' letters relate to *actual* litigation – the ITC

7    Investigation.  As the Supreme Court of California explained in *Silberg v. Anderson*, the litigation

8    privilege "applies to any publication required or permitted by law in the course of a judicial

9    proceeding to achieve the objects of the litigation, even though the publication is made outside

10   the courtroom and no function of the court or its officers is involved."[61]  Lumileds satisfies this

11   prong: the letters directly discuss the ITC Investigation and the ITC's Exclusion Order that bars

12   importation of Epistar's infringing products by any of the recipients of Lumileds' letters.[62]

13          Contrary to Epistar's assertions, Lumileds does not argue, nor has it ever argued, that its

14   letters satisfy the first prong because they concern a contemplated *future* judicial proceeding

15   against the recipients of the letters.[63]  Thus, whether or not "there are triable issues of fact as to

16   Lumileds' good faith serious contemplation of future litigation against the local Taiwanese

17   Epistar customers" is completely irrelevant.[64]

18          **C.    Epistar Misstates the Law Regarding Litigation Privilege**

19          Neither objective baselessness nor bad faith is legally relevant to the application of the

20   litigation privilege.[65]  As explained by this Court (in a case cited by Epistar), the "privilege

---

21   (1986), however, this case is not relevant to the categorization of conduct as communicative or
22   noncommunicative.  *See* Opp'n at 17:10-14.  The court in *Oren Royal Oaks* distinguished the
     litigation privilege from evidentiary privileges: "while section 47(2) bars certain tort causes of
23   action which are predicated on a judicial statement or publication itself, the section does not
     create an evidentiary privilege for such statements.  Accordingly, when allegations of misconduct
24   properly put an individual's intent at issue in a civil action, statements made during the course of
     a judicial proceeding may be used for evidentiary purposes in determining whether the individual
     acted with the requisite intent." *Oren*, 42 Cal. 3d at 1168.
25   [60] *Kupiec v. American Int'l Adjustment Co.*, 235 Cal. App. 3d 1326, 1333 (Ct. App. 1991).
     [61] *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990)
26   [62] *See also* Complaint ¶ 12 (alleging that the letters relate to the ITC's Final Determination and
     Exclusion Order); *Silberg*, 50 Cal. 3d at 212.
27   [63] *See* Mot. J. Pl. at Section IV.A.
     [64] Opp'n at 15:14-16.
28   [65] *See* Opp'n at Section V.A.

MORGAN, LEWIS &amp;
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20778426.1

11

[REDACTED] PHILIPS LUMILEDS' REPLY IN
SUPPORT OF ITS MOTION FOR JUDGMENT ON THE
PLEADINGS; C 07-5194 CW

1    applies 'without regard to malice or evil motives.'"[66]  Other courts have reached the same

2    conclusion: "'communications made in connection with litigation do not necessarily fall outside

3    the privilege merely because they are, or are alleged to be, fraudulent, perjurious, unethical, or

4    even illegal,' assuming they are logically related to litigation."[67]

5        Even if objective baselessness and bad faith *were* relevant, Epistar's arguments would still

6    fail.  Lumileds' letters are based directly on statements from the ITC Investigation's Exclusion

7    Order, an investigation that Lumileds won on the merits.[68]

8  **V.    EVEN WITHOUT THE LITIGATION PRIVILEGE, EPISTAR'S UNFAIR**
       **COMPETITION CLAIMS FAIL BECAUSE LUMILEDS' ORIGINAL**
9      **ARGUMENTS ARE EFFECTIVELY UNOPPOSED**

10       In its Motion for Judgment on the Pleadings, Lumileds argued that Epistar's Lanham Act,

11   section 17200, and tortious interference claims fail as a matter of law independent of the litigation

12   privilege.[69]  Lumileds also argued that Epistar's claims are preempted by federal patent law.[70]

13   Because Epistar has either failed to respond to Lumileds' substantive arguments entirely, or

14   predicated its arguments on untrue facts, Lumileds' arguments are effectively unopposed and

15   should prevail.

16       *First,* Lumileds argues that Epistar's Lanham Act claim fails as a matter of law because

17   Lumileds' letters are truthful and not misleading.[71]  Epistar responds by asserting: (1) that it

18   complied with the procedural pleading requirements – an issue entirely irrelevant to the present

19   motion substantively attacking Epistar's claims as a matter of law and not for insufficient

20   pleading;[72] and (2) that Lumileds' letters are inaccurate and misleading.  This second ground is

21   based entirely on Epistar's patently *untrue* statement that "the ITC determined that six Epistar

---

[66] *Monolithic Power Sys. v. O2 Micro Int'l Ltd.,* 2007 U.S. Dist. LEXIS 22556, *20 (N.D. Cal. 2007) (Wilken, J.) (citation omitted), attached to the Huang Decl. at Exh. E.  The Court's discussion of objective baselessness in *Monolithic Power* concerned the application of *Noerr-Pennington* immunity, not litigation privilege. *Id.* at *24.

[67] *Blanchard,* 123 Cal. App. 4th at 921 (quoting *Kashian v. Harriman,* 98 Cal. App. 4th 892, 920 (Ct. App. 2002)).  *See also Healy v. Tuscany Hills Landscape & Recreation Corp.,* 137 Cal. App. 4th 1, 6 (Ct. App. 2006) (explaining that "[t]he statements in the letter are absolutely privileged, even if they were defamatory").

[68] *See* Mot. J. Pl. Section V.D.

[69] *See* Mot. J. Pl. Section V.A-C.

[70] *See* Mot. J. Pl. Section V.D.

[71] *See* Mot. J. Pl. Section V.A.

[72] *See* discussion *infra* Section VI; Opp'n at 5:11-26.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20778426.1

12

[REDACTED] PHILIPS LUMILEDS' REPLY IN
SUPPORT OF ITS MOTION FOR JUDGMENT ON THE
PLEADINGS; C 07-5194 CW

1  products at issue were expressly found not to infringe Lumileds' '718 patent."[73]  As discussed in

2  greater detail above, Epistar's false statements of fact, contradicted by the Commission Opinion,

3  and arguments on this issue should be disregarded.

4      *Second*, Lumileds argues that Epistar's section 17200 claim fails as a matter of law

5  because Lumileds' letters are fair, lawful, and truthful, and accordingly do not fall within any of

6  the three section 17200 violations.[74]  Epistar opposes solely on the ground that Lumileds' letters

7  are unfair, relying again on Epistar's *untrue* statements regarding the ITC determination – an

8  argument which should be disregarded.[75]  Epistar completely fails to address Lumileds'

9  arguments on the other two prongs.[76]  Epistar goes on to further mischaracterize the letters by

10  stating that "Lumileds' letters to Epistar's customers convey the notion that *all* of Epistar's

11  products were determined by the ITC to infringe Lumileds' patent and thus, the recipients' *only*

12  'lawful alternative[] in LED technology' was to purchase from Lumileds."[77]  While Lumileds'

13  letters do state that "Philips Lumileds intends to defend its intellectual property rights

14  aggressively while offering customers lawful alternatives in LED technology," Lumileds *never*

15  states that its products are the "only" lawful alternative.[78]

16      *Third*, Lumileds argues that Epistar's tortious interference claim fails as a matter of law

17  because Lumileds did not engage in any independently wrongful conduct.[79]  Epistar offers no

18  response to this argument, and merely counters that its complaint is properly pleaded.[80]

19      *Finally*, Lumileds argues that all three of Epistar's Unfair Competition Claims are

20  preempted by federal patent law because Lumileds' letters are accurate and communicated in

21  good faith.[81]  Again, Epistar points to its *untrue* statements regarding the ITC determination in its

22

23  [73] *See* Opp'n at 6:24-26; discussion *supra* Section II.
   [74] *See* Mot. J. Pl. Section V.B.

24  [75] *See* Opp'n at 9:23-10:1; discussion *supra* Section II.
   [76] Epistar does make the conclusory statement that it "has properly pled Lumileds acted

25  unlawfully, unfairly and fraudulently, and thus in violation of Section 17200," however, it
   provides no allegations to support this statement.  Opp'n at 10:1-2.

26  [77] Opp'n at 9:23-26 (emphasis added).
   [78] *See* Scher Decl ¶ 6, Ex. E 2, 12.

27  [79] *See* Mot. J. Pl. Section V.C; *Della Penna v. Toyota Motor Sales U.S.A., Inc.*, 11 Cal. 4th 376,
   393 (1995).

28  [80] *See* Opp'n at Section IV.F.
   [81] Mot. J. Pl. Section V.D.

13

1  opposition: "As Epistar discusses in Section IV A, Lumileds had no basis to make the inaccurate

2  claims against Epistar and its products because several Epistar products were determined by the

3  ITC not to infringe Lumileds' patent."[82]  Because Epistar's entire argument is premised on an

4  untruthful statement, it should be disregarded.

5  **VI.    LEAVE TO AMEND IS INAPPROPRIATE BECAUSE EPISTAR FAILS TO
        STATE A CLAIM FOR UNFAIR COMPETITION FOR SUBSTANTIVE
6        REASONS**

7        As touched on in the foregoing discussion, Epistar misreads Lumileds' Motion as a

8  *procedural* challenge rather than a *substantive* challenge to its Unfair Competition Claims.[83]

9  Epistar's claims should be dismissed – not for failure to plead certain facts – but because the facts

10  that have been alleged, and accepted as true for purposes of this Motion, nonetheless fail to give

11  rise to liability under Section 43(a) of the Lanham Act, Section 17200 of the California Business

12  and Professions Code, or common law tortious interference.[84]  Because Lumileds' challenge is a

13  *substantive* challenge, leave to amend is inappropriate:

14            [T]he court must distinguish between failure to state a claim for
            substantive reasons and failure to state a claim for procedural
15            reasons.  When the moving party's challenge to the nonmovant's
            claim is substantive, the movant . . . is entitled to judgment on the
16            pleadings.  [footnote omitted].  On the other hand, when the
            challenge to the nonmovant's claim is procedural, the nonmoving
17            party may be afforded an opportunity to amend the pleadings,
            provided the party meets the usual requirements for amendment.[85]
18
19        Epistar's misleading citation to the Eighth Circuit case *Estle v. Country Mutual Insurance*

20  *Co.* is inapposite.[86]  In *Estle*, the Eighth Circuit found that the district court's denial of the

21  plaintiff's motion to amend her complaint to include an entirely *new* cause of action violated the

---

22  [82] Opp'n at 11:14-17.
23  [83] *See* Opp'n at 2:11-14 ("Epistar . . . has alleged sufficient facts"), 3:15-17 (describing
    requirements for notice pleading), 4:6-8 ("Epistar has alleged sufficient facts. . . ."), 4:9-10
24  (same), 4:12-13 (same), 5:11-13 ("Epistar has sufficiently pled . . . ."), 7:4-5 ("Epistar has
    properly pled . . . ."), 8:27-9:2 ("Epistar has alleged facts with reasonable particularity . . . ."),
    10:13-23 ("Epistar has also sufficiently pled all of the elements . . . .").
25  [84] *Compare* Fed. R. Civ. P. R. 8(a) *with* Fed. R. Civ. P. R. 12(c); *see Religious Tech. Ctr. v.*
26  *Netcom On-Line Commc'n. Servs.*, 907 F. Supp. 1361, 1381 (N.D. Cal. 1995) (explaining that a
    "motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is
    directed at the legal sufficiency of a party's allegations").
27  [85] MILTON I. SHADUR & MARY P. SQUIERS, 2-12 MOORE'S FEDERAL PRACTICE § 12.38, MOTION
    FOR JUDGMENT ON THE PLEADINGS (3d ed. 2007).
28  [86] Opp'n at 3:19-22 (citing *Estle v. Country Mut. Ins. Co.*, 970 F.2d 476, 480 (8th Cir. 1992)).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20778426.1

14

[REDACTED] PHILIPS LUMILEDS' REPLY IN
SUPPORT OF ITS MOTION FOR JUDGMENT ON THE
PLEADINGS; C 07-5194 CW

1    policy of Rule 15(a).[87]  The court's ruling on leave to amend was separate and distinct from its

2    discussion regarding the defendant's motion for judgment on the pleadings.

3         All of Epistar's Unfair Competition Claims fail as a matter of law and amendment of these

4    claims would be futile.  Lumileds' Motion should be granted without leave to amend.

5    **VII.    CONCLUSION**

6         For the foregoing reasons, this Court should grant Lumileds' Motion for Judgment on the

7    Pleadings.

8    Dated: July 24, 2008

       Respectfully submitted,

9           MORGAN, LEWIS & BOCKIUS LLP

10

11          By /s/ Michael J. Lyons

12             Michael J. Lyons
          Attorneys for Defendant and

13             Counterclaimant
          Phillips Lumileds Lighting Company, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[87] *Estle*, 970 F.2d at 480.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20778426.1

15