MORGAN, LEWIS & BOCKIUS LLP
Michael J. Lyons (State Bar No. 202284)
Andrew J. Wu (State Bar No. 214442)
Ryan L. Scher (State Bar. No. 244706)
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306-2122
Tel:  650.843.4000
Fax:  650.843.4001
mlyons@morganlewis.com
awu@morganlewis.com
rscher@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Daniel Johnson, Jr. (State Bar No. 57409)
Amy M. Spicer (State Bar No. 188399)
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: 415.442.1000
Fax:  415.442.1001
djjohnson@morganlewis.com
aspicer@morganlewis.com

Attorneys for Defendant and Counterclaimant
PHILIPS LUMILEDS LIGHTING COMPANY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPISTAR CORPORATION,<br><br>     Plaintiff,<br><br>  v.<br><br>PHILIPS LUMILEDS LIGHTING COMPANY, LLC,<br><br>     Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. C-07-5194 CW<br><br>**SUPPLEMENTAL BRIEF OF PHILIPS LUMILEDS LIGHTING COMPANY, LLC IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO EPISTAR CORPORATION'S FIRST, THIRD, AND FOURTH CLAIMS REGARDING UNFAIR COMPETITION AND TORTIOUS INTERFERENCE**<br><br>Date:<br>Time:<br>Location: Courtroom 2, 4th Floor<br>Judge:  The Honorable Claudia Wilken |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20804919.2

SUPPLEMENTAL BRIEF
ISO PHILIPS LUMILEDS' MJP
C 07-5194 CW

At the August 7, 2008 hearing, this Court indicated that Epistar's state law unfair competition claims are barred by privilege and invited Philips Lumileds Lighting Company LLC ("Lumileds") to submit a short supplemental brief regarding whether this privilege also bars Epistar's unfair competition claim under the Lanham Act. Upon further review, Lumileds agrees that the state litigation privilege does not apply to this federal claim, but respectfully submits that this claim is barred by the federal patent law immunity for patent assertions that are not "objectively baseless."

As fully briefed by both parties, the Federal Circuit has found that federal patent law imposes an additional "bad faith" requirement before finding unfair competition based on commercial statements about patents. *See Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1353 (Fed. Cir. 1999); Mot. at 20:3-21:15, Opp'n at 10:25-11:21, Reply at 13:19-14:4. This "bad faith" requirement cannot be met "in the absence of a showing that the claims asserted were objectively baseless." *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1375 (Fed. Cir. 2004). The Federal Circuit has explained that "subjective considerations of bad faith are irrelevant if the assertions are not objectively baseless." *GP Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369, 1375 (Fed. Cir. 2007).

Because of this qualified federal immunity for patent assertions, this Court need only find that Lumileds' letters were not "objectively baseless" to dismiss Epistar's Lanham Act claim. It is not enough for Epistar to assert that there is some potential basis for Epistar's claim or factual dispute concerning the accuracy of the Lumileds letters. Rather, Epistar's Lanham Act claim must be dismissed if there is any <u>objective basis</u>, even if factually in error or subjectively in bad faith, for the assertions in Lumileds' letters.

Epistar argues that because certain products are allegedly beyond the scope of the ITC order, Lumileds' statement that "<u>all</u> of Epistar's OMA, MB and GB products" were found by the ITC to infringe is misleading. *See* Opp'n at 6:10-18. This statement cannot be objectively baseless because it is a virtually verbatim quote from the ITC's opinion:

> Because we determined that Epistar's family of MB, GB, and OMA LEDs infringe the asserted claims of the '718 patent, we have issued a limited exclusion order directed to those LEDs.

1  Scher Reply Decl., Ex. A (Commission Opinion) at 22; s*ee also* Mot. at 5:20-6:20, Reply at 2:18-
2  3:11.  The ITC investigation encompassed the entire family of Epistar's OMA, MB, and GB
3  products, and the OMA I & II,  MB I & II, and GB I & II were the only products ever identified
4  by Epistar.  *See* Mot. at 4:10-5:6, Scher Decl. ¶ 12, Ex. K at 4-7.  All six of these products were
5  found to infringe.

6  For the first time ever at the oral argument, Epistar's counsel, purportedly reading from a
7  press release not previously submitted or mentioned by Epistar, suggested that Epistar had
8  developed a non-infringing MB "design-around" product.  Even though this press release came
9  months before the ITC decision, Epistar never provided any discovery or evidence on this alleged
10 product in the ITC proceeding.  To this day, Lumileds is still not aware of any such "MB III"
11 design-around product.  If such a product existed, Epistar would have established or at least
12 suggested its existence in its opposition brief.  This Court should not consider this unsupported
13 and untimely assertion.  Even if the Court considers this late evidence, such a vague press release
14 cannot support a conclusion that the Lumileds letters, based on the ITC's ruling, were objectively
15 baseless.

16 Finally, Epistar also argued that Lumileds' letters stating that all of Epistar's OMA
17 products had been found to infringe were baseless because some of Epistar's products were
18 covered by the covenant not to sue in the 2004 Settlement Agreement.  Epistar initially made this
19 same argument to the ITC, contending that certain OMA products were covered by the covenant
20 and should not be subject to an exclusion order.  But Epistar abandoned this defense at the
21 evidentiary hearing.  Even if Epistar is allowed to raise this claim here, it will have no impact on
22 the scope of the ITC's exclusion order.  Indeed, Epistar cannot possibly show that Lumileds'
23 letters characterizing the scope of the ITC decision is "objectively baseless" by relying on a
24 covenant defense that it abandoned in the ITC proceeding.

25 Accordingly, although Lumileds concedes that Epistar's federal Lanham Act claim is not
26 barred by the state litigation privilege, it is barred by the federal immunity for patent assertions
27 that are not "objectively baseless."

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20804919.2            2            SUPPLEMENTAL BRIEF
                                        ISO PHILIPS LUMILEDS' MJP
                                        C 07-5194 CW

Dated: August 11, 2008                    MORGAN, LEWIS & BOCKIUS LLP


                                          By /s/ Michael J. Lyons
                                              Michael J. Lyons
                                              Attorneys for Defendant and
                                              Counterclaimant
                                              Phillips Lumileds Lighting Company, LLC

Morgan, Lewis & Bockius LLP
Attorneys At Law
Palo Alto

DB2/20804919.2                    3                    SUPPLEMENTAL BRIEF
                                                       ISO PHILIPS LUMILEDS' MJP
                                                       C 07-5194 CW