Robert C. Weiss (State Bar No. 39929)
Lawrence R. LaPorte (State Bar No. 130003)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Attorneys for Plaintiff
EPISTAR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPISTAR CORPORATION,<br><br>    Plaintiff,<br>v.<br><br>PHILIPS LUMILEDS LIGHTING COMPANY, LLC,<br><br>    Defendant. | Case No. C 07-5194 CW<br><br>Assigned for all purposes to Honorable Claudia Wilken |
| PHILIPS LUMILEDS LIGHTING COMPANY, LLC,<br><br>    Counterclaim Plaintiff,<br>v.<br><br>EPISTAR CORPORATION,<br><br>    Counterclaim Defendant. | **SUPPLEMENTAL BRIEF OF EPISTAR CORPORATION IN OPPOSITION TO PHILIPS LUMILEDS LIGHTING COMPANY, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: August 7, 2008<br>Time: 2:00 p.m.<br>Location: Courtroom 2, 4th Floor<br>Judge: The Hon. Claudia Wilken |

After accepting the Court's offer to brief the sole issue of whether the California state litigation privilege applies to Epistar Corp.'s federal Lanham Act claim, Philips Lumileds Lighting Company, LLC (Lumileds) concedes in its Supplemental Brief that the privilege does ***not*** apply. *See Oei v. North Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1098 (C.D. Cal. 2006) (holding the California litigation privilege does not apply to federal causes of action); *Pardi v. Kaiser Foundation Hospital*, 389 F.3d 840, 851 (9th Cir. 2004).

Notwithstanding this concession and ignoring the fact that the underlying motion is for judgment on the pleadings, Lumileds proceeds to argue that Epistar's Lanham Act claim should instead be barred by an additional "bad faith" requirement. *See Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340 (Fed. Cir. 1999). First, a determination that the false statements by Lumileds (as properly alleged in the Complaint, *See, e.g.*, ¶¶ 12 and 14-20) were not in bad faith and/or objectively baseless should not be made on the basis of a motion for judgment on the pleadings, where the allegations in the pleadings are presumed to be true. Additionally, Lumileds' belated argument lacks substantive merit in that at least two of the several false and misleading statements underlying Epistar's Lanham Act claim were made by Lumileds in "bad faith." Indeed, they were also "objectively baseless."[1] Plainly, Lumileds' widely disseminated Press Releases in May and June 2007 falsely state that Epistar's products infringe all three of Lumileds' patents and that "all known versions" of Epistar's OMA, MB and GB products infringe, even

---

[1] While *Zenith* does require some showing of "bad faith," it does not hold that the asserted *federal* claims be "objectively baseless." *Zenith*, 182 F.3d at 1354-55. Both *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367 (Fed. Cir. 2004) and *GP Industries, Inc. v. Eran Industries, Inc.*, 500 F.3d 1369 (Fed. Cir. 2007), cited by Lumileds, are *dicta* in that both involved preemption of state law causes of action -- not a federal Lanham Act claim. Nonetheless, the false and misleading statements made by Lumileds in its May/June 2007 Press Releases are both "objectively baseless" and made in "bad faith."

though earlier versions of the "OMA" product are protected by a covenant not to sue and later versions of the "MB" products adopted a non-infringing design after the ITC hearing.[2]

One such "bad faith" statement contained in a June 2007 Lumileds Press Release, provided as follows:

> In particular, Epistar's high-brightness AllnGaP LEDs have been *found to infringe* Philips Lumileds' U.S. Patent 5,008,718 ('718 patent) *and are also infringing* other Philips Lumileds patents on the use of wafer bonding to manufacture transparent-substrate and mirrored-substate AllGaP LEDs (U.S. Patent Nos. 5,376,580 and 5,502,316).

This misleading statement is "objectively baseless" because the ITC never found infringement of either the '580 or the '316 patents. To the contrary, both patents were found *not* infringed by Epistar's OMA, MB and GB products.

A second and even more egregious "bad faith" statement, contained in the May 24, 2007 letter from Lumileds' counsel attached to the Press Release, provided as follows:

> Further, the ITC ruled that **all of Epistar's accused products, including <u>all known versions</u> of Epistar's OMA, MB, and GB AlGaInP LEDs, infringe Philips Lumileds' '718 patent.**

This false statement is also plainly "objectively baseless" because Lumileds' counsel knew that OMA versions covered by the covenant not to sue (which they previously negotiated) did not infringe and further knew (through at least a January 23, 2007 Epistar press release) that Epistar had revised the design of its MB products to avoid any issues of infringement. While Lumileds' brief now feigns ignorance of this January 23rd Press Release, Lumileds certainly had enough knowledge of it to include it as the basis for its Second Counterclaim for Unfair Competition filed in this case, at paragraph 18 ("On January 23, 2007, Epistar

---

[2] Lumileds' Supplemental Brief does not directly address either of these false and misleading statements.

1  issued a press release [including] statements that 'only older versions of [its] MB
2  products' are found to have infringed....")  Thus, Lumileds was well aware of
3  Epistar's successful efforts to develop "MB" products which designed around the
4  single '718 patent it was found to infringe.  Lumileds and its counsel also certainly
5  knew that at least a dozen of Epistar's prior OMA products were protected by the
6  covenant not to sue contained within the 2004 Settlement Agreement.  Contrary to
7  Lumileds' assertion in its Supplemental Brief (p. 2), Epistar never "abandoned this
8  defense," as the parties agreed to litigate the contract issues, including issues
9  relating to the covenant not to sue, in this District Court litigation.

10         Thus, because false statements in the Lumileds' Press Release and the
11  attached May 24th letter were known by Lumileds to be demonstratively incorrect,
12  they are both "objectively baseless" and made in bad faith.  Indeed, statements of
13  this type are tantamount to an assertion that Epistar cannot or did not design around
14  Lumileds' patents, and are therefore inherently suspect, thereby making the "bad
15  faith element" much easier to satisfy.  *See Zenith*, 182 F.3d at 1354-55
16  ("[S]tatements to the effect that a competitor is incapable of designing around are
17  **inherently suspect**...because most patents can be designed around [and] such a
18  statement appears nearly **impossible** to confirm *a priori*.") (Emphasis in bold;
19  italics in original.)

20         The statements in the Press Release and letter not only establish the requisite
21  level of "bad faith" necessary to maintain Epistar's federal Lanham Act claim, they
22  also establish that the California litigation privilege is inapplicable to Epistar's state
23  law causes of action for unfair competition and intentional interference as well.
24  *See, e.g., Monolithic Power Systems, Inc. v. O2 Micro International, Ltd.*, 2007
25  U.S. Dist. LEXIS 225566 at **23-24 (N.D. Cal. 2007) (holding that pre-litigation
26  communications that are objectively baseless are **not** immune under the California
27  litigation privilege).  In the *O2 Micro* case, this Court held that similar unfair
28  competition claims fall outside the California privilege.

Accordingly, Lumileds' motion for judgment on the pleadings should be denied in its entirety or, alternatively, that Lumileds' motion for judgment on the pleadings be denied as to the federal Lanham Act claim and that Epistar be granted leave to amend the state law claims.

Dated:   August 12, 2008

JONES DAY

By: /s/ Lawrence R. LaPorte
Lawrence R. LaPorte

Attorneys for Plaintiff and
Counterclaim Defendant
EPISTAR CORPORATION

## PROOF OF SERVICE

I, Yolanda G. Ybuan, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300. On August 12, 2008, I served a copy of the within document(s):

**SUPPLEMENTAL BRIEF OF EPISTAR CORPORATION IN OPPOSITION TO PHILIPS LUMILEDS LIGHTING COMPANY, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS**

[x] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

[ ] by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

> Michael J. Lyons, Esq.
> Andew J. Wu, Esq.
> 2 Palo Alto Square
> 3000 El Camino Real, Suite 700
> Palo Alto, CA 94306-2121
> **Fax No.:** 650.843.4001

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 12, 2008, at Los Angeles, California.

*/s/ Yolanda G. Ybuan*
_____
Yolanda G. Ybuan

LAI-2964487v1

SUPPLEMENTAL BRIEF
C 07-5194 CW